LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By: William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased,<br><br>    Plaintiffs,<br>            v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, Trustees of Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Administrators of Pension and Welfare Plans, Trustees of Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan Administrator of Pension & Welfare Plans, Insurance Plans, and Health and Welfare Benefit Plan,<br><br>    Defendants. | C.A. No. |

## COMPLAINT

COMES NOW Plaintiff, Martha Jane Toy, individually, and as Personal Representative of the Estate of Russell B. Toy, by the undersigned counsel, and as a cause of action against the above named Defendants, hereby alleges as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. Section 1132(e)(1), [Employee Retirement Income Security Act of 1974, Section 502(e)(1)], and under 28 U.S.C. Section 1331.

## VENUE

2. Venue lies in the Eastern District of Pennsylvania under and pursuant to 29 U.S.C. Section 1132(e)(1).

## PARTIES

3. Plaintiff, Martha Jane Toy ("Toy" or "Plaintiff") is the spouse of a former participant of the Plumbers and Pipefitters Local No. 74 Pension Plan, namely Russell B. Toy, deceased, ("Russell") of Hartly, Delaware. Toy is also a claimant of, and representative of Russell, a former participant in the Plumbers & Pipefitters Local 74 Pension Plan ("Plan") and an intended participant in the Local No. 74 Health and Welfare Plan ("Welfare Plan") of his Union, to include Medical and Life Insurance benefits. Both Toy's and Russell's entitlements to benefits of the Health and Welfare Plan, ("Welfare Plan"), as to the medical and life insurance, are status benefits based on his entitlements from the Plan. Local 74 is an employer within the meaning of ERISA Sec. 3(5), 29 U.S.C. Sec. 1002(5) and sponsor of the Local No. 74 Pension Plan ("Plan") and/or the "Welfare Plan," which describe and provide employee benefits to participants and/or employees and participants of Local 74. As sponsor and employer of the Plan(s), Local No. 74 is a fiduciary under ERISA Sec. 3(21)(A), and Sec. 402(a), [29 U.S.C. Sec.s 1002(21)(A) and 1102(a)].

4. Plumbers and Pipefitters Local No. 74 Pension Plan ("Plan") is a plan, fund or program of Local No. 74, relating to pension benefits described in ERISA Section 3, 29 U.S.C. Section 1002, and an employee pension benefit plan within the meaning of ERISA Section 3(2) and (3) [29 U.S.C. Sections 1002(2) and (3)], and ERISA Section 4(a) [29

U.S.C. Section 1003(a)].

5. Plumbers & Pipefitters Local No. 74, Health and Welfare Plan ("Welfare Plan") is a plan, fund or program of Local No. 74 relating to welfare benefits described in ERISA Section 3, 29 U.S.C. Section 1002, and an employee welfare benefit plan within the meaning of ERISA Section 3(1) and (3) [29 U.S.C. Sections 1002(1) and (3)], and ERISA Section 4(a) [29 U.S.C. Section 1003(a)]. Trustees of Pension Fund ("Trustees") administer the Welfare Plan.

6. Plumbers & Pipefitters Local No. 74 ("Local 74") is an employer within the meaning of ERISA Sec. 3(5), 29 U.S.C. Sec. 1002(5) and sponsor of Local No. 74 Pension Plan ("Plan") and "Welfare Plan," which describe and provide employee benefits to participates of the Plan and Welfare Plan and/or employees and participants of Local 74. As sponsor of the Plan(s), Local No. 74 is a fiduciary under ERISA Sec. 3(21)(A) and 402(a), [29 U.S.C. Sec.s 1002(21)(A) and 1102(a)].

7. Trustees of Local 74 ("Trustees") are designated as "Plan Administrator" of the Pension and Welfare Plans, and as such are within the meaning of ERISA Sec. 3(16), 29 U.S.C. 1002(16), and are fiduciaries under ERISA Sec. 3(21)(A), and Sec. 402(a), [29 U.S.C. Sec.s 1002(21)(A) and 1102(a)]. As Plan Administrator of the Plan and the Welfare Plan, Trustees also determine the qualification and eligibility of beneficiaries and entitlement to benefits to be paid to beneficiaries under the Pension Plan and the Welfare Plan for medical and insurance benefits as described in ERISA Section 3, 29 U.S.C. Section 1002, which Plan(s) are employee pension and welfare benefits plans within the meaning of

ERISA Section 3(1), (2) and (3) [29 U.S.C. Sections 1002(1), (2) and (3)], and ERISA Section 4(a) [29 U.S.C. Sections 1003(a)].

## **COUNT I - PENSION BENEFITS**

8. The above paragraphs 1 through 7 are incorporated herein as if fully restated as part of this Count I.

9. As of the time his employment ceased, Russell became disabled. His disability prevented him from employment and he was denied a pension because his vested service was not long enough to qualify him for an immediate disability pension. Through counsel, his applications for qualification were eventually granted. Prior to the final upgrade in his vested service, Russell died.

10. As of his employment cessation, Russell qualified for pension benefits under the Plan, and this qualification for pension benefits allowed his Estate to receive his benefits in the form of such payments as a lump sum.

11. At various times throughout his entitlement to receipt of benefits, Russell, and/or his Estate and his spouse (Toy) continued to apply for additional benefits under the Plan by submitting claims and appeals to the Plan Administrator(s). These claims and appeals were based on the fact that the Plan was required to grant disability qualification as of the time these disability benefits were established with the Social Security Administration ("SSA").

12. Russell, through counsel, and Toy, his personal representative for his Estate, continued to submit documentation as to his continuing disability status as of the time of his cessation of employment and qualification for SSA benefits as of 1991. The Plan, via the

Plan Administrator(s) continued to deny his disability status as of his SSA qualification date in 1991. These additional benefits running from 1991 have continued to be denied.

13. As of his final denial of benefits in August, 2003, Russell, via his Estate, continued to qualify under the Plan, the Medical Plan and the Insurance Plan by virtue of his continuing entitlement to benefits as a disabled employee, thereby meeting terms of the Plan(s) as to benefits.

14. As a result of a denial of his claims and appeals to Plan Administrators, Toy also has been denied proper spousal election benefits, such denial having been conducted without proper review by Plan Administrators, resulting in a fiduciary breach by the Plan Administrator of the terms of the Plan(s).

15. Russell has fulfilled the requirement of exhaustion of administrative remedies under ERISA by submitting the matter to the Plan Administrators and having receiving letters of denial of his appeals of his claim denial.

Wherefore, Plaintiff hereby requests that this Court:

(1) Enter judgment against Local 74, the Plan and the Plan Administrators declaring Plaintiff's entitlement to benefits, interest on the delayed payment of these benefits and directing the Plan Administrators and/or the Plan to pay such interest, together with costs and attorneys' fees incurred in this action, and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - WELFARE BENEFITS MEDICAL PLAN

16. The above paragraphs 1 through 15 are incorporated herein as if fully restated as part of this Count II.

17. As a result of Plaintiff being denied coverage under the Medical Plan to the extent of medical benefits not being granted, and as result of his Estate via his personal representative Toy attempting to obtain coverage for medical benefits pursuant to coverage under the Plan, Russell and his surviving spouse have been denied medical coverage under a related status plan of Local 74 Pension Plan (the "Plan"), nominally referred to as the Medical Plan of his former employer.

18. Due to failure to provide coverage under the Medical Plan, Russell and his Estate, by Toy, has suffered a loss of benefits due to the fiduciary breach of Defendants, and he and his surviving spouse Toy have thereby been arbitrarily and capriciously denied medical coverage.

19. As a result of the fiduciary breach of the Defendants and as a consequence of denial of payments under the Medical Plan above referred to, Plaintiff has been denied benefits under the Medical Plan.

Wherefore, Plaintiff hereby requests that this Court:

(1) Enter judgment against Local 74, the Medical Plan, Plan and the Plan Administrators declaring Plaintiff's entitlement to benefits, interest on the delayed payment of these benefits and directing the Plan Administrators and/or the Plan to pay such interest, together with costs and attorneys' fees incurred in this action, and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - WELFARE BENEFITS INSURANCE PLAN

20. The above paragraphs 1 through 19 are incorporated herein as if fully restated as part of this Count III.

21. Plaintiffs, having been denied coverage under the Plan(s), have been denied life insurance benefits. Russell, via his Estate and his personal representative Toy, has attempted to obtain coverage under the Plan(s), which coverage has been denied. Russell and his surviving spouse have thereby been denied life insurance coverage and benefits, due to Russell's death, under a related status plan of Local 74 Pension Plan (the "Plan"), nominally referred to as the Insurance Plan of Local 74, Plumbers & Pipefitters Health and Welfare Plan.

22. Due to failure of Local 74 to provide coverage under the Insurance Plan, Russell and his Estate, by Toy, has suffered a loss of benefits due to the fiduciary breach of Defendants, and Russell and his surviving spouse Toy have thereby been arbitrarily and capriciously denied insurance coverage.

23. As a result of fiduciary breach of the Defendants and as a consequence of denial of coverage under the Insurance Plan above referred to, Plaintiff(s) have been denied benefits under the Insurance Plan.

Wherefore, Plaintiffs hereby request that this Court:

(1) Enter judgment against Local 74, the Insurance Plan, Plan and the Plan

Administrators declaring Plaintiffs' entitlement to benefits, interest on the delayed payment of these benefits and direct the Plan Administrators and/or the Plan to pay such interest, together with costs and attorneys' fees incurred in this action, and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - FIDUCIARY BREACH

24. The above paragraphs 1 through 23 are incorporated herein as if fully restated as part of this Count IV.

25. As a result of the fiduciary breach of the Defendants and as a consequence of denial of status under the Plan(s) above referred to, Defendants continue to retain funds due Plaintiff and continue to be subject to restitution as appropriate equitable relief under ERISA Section 503(a)(3) [29 U.S.C. Section 1132(a)(3)] to allow transfer of said funds to and for the benefit of the Plaintiffs.

Wherefore, Plaintiff hereby requests that this Court:

(1) Enter judgment against Local 74, the Plan(s), Plan and the Plan Administrators declaring Plaintiff's entitlement to benefits, interest on the delayed payment of these benefits and direct the Plan Administrators and/or the Plan to pay such interest, together with costs and attorneys' fees incurred in this action, and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Dated:                    ____s:/William B. Hildebrand____
                                William B. Hildebrand