LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By: William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased,<br><br>    Plaintiffs,<br><br>        v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al,<br><br>    Defendants. | C.A. No. 05-1814 |

### NOTICE OF MOTION FOR RECONSIDERATION

TO:    Berle M. Schiller, J.
        United States District Court
        Eastern District of Pennsylvania
        United States Courthouse, Rm 2609
        Independence Mall West
        601 Market Street
        Philadelphia, PA 19106-1797

PLEASE TAKE NOTICE that Plaintiff, Martha J. Toy, by her attorney, William B. Hildebrand, Esq., hereby moves for reconsideration of this Court's April 21, 2005 Order dismissing this case with prejudice pursuant to the doctrine of res judicata.

PLEASE TAKE FURTHER NOTICE that Plaintiff shall rely upon the Brief and

Affidavit of William B. Hildebrand, Esq. in support of this motion.

    PLEASE TAKE FURTHER NOTICE that a proposed form of Order is submitted herewith.  Oral Argument is not requested.


Dated:                                                     By: s/ William B. Hildebrand
                                                                William B. Hildebrand

LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By:  William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased,<br><br>　　　Plaintiffs,<br><br>　　　　　　v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al,<br><br>　　　Defendants. | C.A. No. 05-1814 |

## MOTION FOR RECONSIDERATION

　　1.  Martha Jane Toy ("Plaintiff") initiated this action on April 20, 2005 by filing a Complaint against the Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al, ("Defendants"), seeking reimbursement for unpaid pension and medical benefits under ERISA.

　　2.  On April 21, 2005, the Hon. Berle M. Schiller entered an Order, dismissing the case with prejudice pursuant to the doctrine of res judicata.

　　3.  On November 1, 2004, Judge Schiller entered an Order dismissing the case of Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al, Civ. A. No. 04-4312, for

lack of jurisdiction. Plaintiff appealed that Order, and the Appeal was resolved pursuant to the terms of an Agreement of Settlement entered into by the parties. Pursuant to the terms of that Settlement Agreement, the parties agreed that the "with prejudice" portion of this Court's November 1, 2004 Order would apply *only* to Richard B. Sigmond, and not any of the other defendants. Furthermore, Defendants agreed that they would not argue that the Dismissal Order was res judicata or collateral estoppel as to any of the Defendants other than Richard B. Sigmond. A true and correct copy of the Settlement Stipulation is attached to the within Affidavit of Counsel, marked Exhibit "A".

    4. When this Court entered the April 21, 2005 Dismissal Order, it was not aware of the terms and conditions under which the parties agreed to dismiss the Appeal. Furthermore, the merits of Plaintiff's underlying claim (i.e. whether she is entitled to the additional pension and medical benefits she seeks) has not been decided. Accordingly, Plaintiff respectfully requests that this Court reconsider and vacate its April 21, 2005 Order, permitting the parties to decide the merits of Plaintiff's ERISA claims.

                                        Respectfully submitted,

Dated:                               By: s/ William B. Hildebrand
                                               William B. Hildebrand

LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By:  William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased,<br><br>　　　Plaintiffs,<br><br>　　　　　　v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al,<br><br>　　　Defendants. | C.A. No. 05-1814 |

### **ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

　　　AND NOW, this _____ day of _____, 2005, upon due consideration of

Plaintiff's Motion for Reconsideration, it is hereby ORDERED that Plaintiff's Motion is

GRANTED and that this Court's April 21, 2005 Order Dismissing the case with prejudice

pursuant to the doctrine of res judicata is hereby VACATED.


　　　　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Berle M. Schiller, J.

LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By:  William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased,<br><br>    Plaintiffs,<br>                    v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, Trustees of Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Administrators of Pension and Welfare Plans, Trustees of Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan Administrator of Pension & Welfare Plans, Insurance Plans, and Health and Welfare Benefit Plan,<br><br>    Defendants. | C.A. No. 05-1814 |

**MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION FOR RECONSIDERATION**

Local Civil Rule 7.1 (g) permits a party to move for reconsideration or re-argument of any judicial ruling within ten (10) days after entry of the applicable judgment, order or decry.  The purpose of this motion is to correct manifest errors of law or fact or to present newly discovered evidence.  Burger King Corp. v. New England Hood and Duct Cleaning Co. 2000 U.S. Dist. LEXIS 1022 (E.D. Pa. Feb. 4, 2000) (Bechtle).  A motion for

reconsideration is appropriate to raise factual or legal matters that the Court may have overlooked. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109 1122 (U.D. Pa. 1993) (Cahn).

The Court should grant a party's Motion for Reconsideration where new evidence becomes available or there is a need to correct a clear error of law or prevent manifest injustice. See, e.g., Wilson v. Halter 2001 E.S. Dist. LEXIS 4947 (E.D. Pa. April 18, 2001) (J. M. Kelly) (granting reconsideration of an order adopting a magistrate judge's report and recommendation where objections had not been transmitted from the Court's office to the judge).

Here, the Court sua sponte dismissed this case based on the doctrine of res judicata. However, the Court did not know (and could not have known) that the parties agreed to waive any res judicata or collateral estoppel defenses as a condition of dismissing the Appeal in a related case. The Court's Order circumvents this critical portion of the parties' settlement.

For these and other reasons stated within the Motion, Plaintiff, Martha Jane Toy respectfully requests that the Court reconsider and vacate their previous Order dismissing this case with prejudice pursuant to the doctrine of res judicata.


Dated:                                                   ___s/ William B. Hildebrand_____
                                                                               William B. Hildebrand

LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By: William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased,<br><br>    Plaintiffs,<br><br>            v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al,<br><br>    Defendants. | C.A. No. 05-1814 |

### AFFIDAVIT OF COUNSEL

STATE OF NEW JERSEY      :
                                    : ss.
COUNTY OF CAMDEN       :

      WILLIAM B. HILDEBRAND, of full age, hereby deposes and says:

      1. I am an attorney at law of the Commonwealth of Pennsylvania and counsel for Plaintiff, Martha Jane Toy, in this case. As such, I have personal knowledge of the facts stated herein and make this Affidavit in support of Plaintiff's Motion for Reconsideration.

      2. On November 1, 2004, this Court entered an Order dismissing the case of Toy v. Plumbers & Pipefitters Local Union 74 Pension Plan et al., Civ. A. No. 04-4312. The case was dismissed for lack of jurisdiction; the merits of Plaintiff's underlying claim were not

decided.

3. Plaintiff filed a timely Appeal from that Order, and the Appeal was assigned to mediation before the Hon. Joseph A. Torregrossa. At the mediation, the parties agreed to resolve the Appeal as follows: Plaintiff agreed to dismiss the Appeal and re-file the lawsuit against all of the same Defendants *except* Richard B. Sigmond. In exchange, Defendants agreed that portion of the Court's Order dismissing the case with prejudice would apply *only* to Mr. Sigmond. Defendants expressively agreed that they would not argue that the "with prejudice" portion of the Order was res judicata or collateral estoppel as to any Defendant *other than* Mr. Sigmond. In addition, the parties agreed that the statute of limitations applicable to Plaintiff's claims would be tolled on September 10, 2004 and ending on April 30, 2005. The intention was to permit Plaintiff to re-file the lawsuit against all Defendants *except* Richard B. Sigmond, without having to worry about any res judicata or collateral estoppel defenses based on this Court's previous Order. A true and correct copy of the Settlement Agreement is attached, marked Exhibit "A".

4. On April 20, 2005, Plaintiff re-filed its previous Complaint, omitting all references to Richard B. Sigmond.

5. The merits of Plaintiff's underlying claim remain undecided.

                                                       s/ William B. Hildebrand  
                                                       WILLIAM B. HILDEBRAND

Sworn to and subscribed  
before me this          day  
of                  , 2005.  
_____

**CERTIFICATE OF SERVICE**

I hereby certify that on the __28th___ day of April  2004, I served a copy of the foregoing motion upon the following person(s) by:

_____        Hand delivery;

__X__        U.S. Mail (First Class/Postage Prepaid)

_____ U.S. Mail (Certified/Return Receipt Requested)

TO:   Berle M. Shiller, J.
      United States District Court
      Eastern District of Pennsylvania
      US Courthouse, Rm 2609
      Independence Mall West
      601 Market Street
      Philadelphia, PA 19106-1797

                                      ___s/ William B. Hildebrand_____
                                      William B. Hildebrand