# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. Box 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WRITER'S DIRECT DIAL NUMBERS
VOICE: (302) 571-6645
FAX: (302) 576-3336
E-MAIL: tsnyder@ycst.com

GEORGETOWN OFFICE

April 4, 2005

APR 07 2005

John M. Stull, Esquire
1300 North Market Street, Suite 700
P.O. Box 1947
Wilmington, DE 19899

Richard B. Sigmond, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Fl
Philadelphia, PA 19106-3683

William B. Hildebrand, Esquire
1040 Kings Highway North
Suite 601
Cherry Hill, NJ 08034

Re: Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al.

Dear Counsel:

Attached please find a fully executed in counterparts Agreement of Settlement of Appeal in the above named matter.

Should you have any questions, please feel free to contact me.

Sincerely,

Timothy J. Snyder

cc: Heather Gray Torres, Esquire

EXHIBIT A

WP3:1099359.1

61011.1005

## AGREEMENT OF SETTLEMENT OF APPEAL

THIS AGREEMENT OF SETTLEMENT OF APPEAL is made by and between Martha Jane Toy, Individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, Plaintiff-Appellant, and Plumbers and Pipefitters Local Union No. 74 Pension Plan, Richard B. Sigmond, Plan Administrator of Pension Plan, Health and Welfare Plan, Local 74 Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Trustees of Pension Plan and Welfare Plans, Plan Administrators of Pension and Welfare Plans, Richard B. Sigmond, Individually and as Plan Administrator of Pension & Welfare Plans, Defendants-Appellees, by and through their respective counsel.

WHEREAS, on September 10, 2004, Plaintiff-Appellant filed suit against the Defendants-Appellees in the United States District Court for the Eastern District of Pennsylvania ("District Court"). Such suit was designated C. A. No. 04-4312;

WHEREAS, in an Order dated November 1, 2004, the District Court dismissed the Plaintiff-Appellant's case, with prejudice ("District Court's Order"). The District Court's Order was entered on November 3, 2004;

WHEREAS, on December 2, 2004, the Plaintiff-Appellant filed an appeal of the dismissal of her case with prejudice with the United States Court of Appeals for the Third Circuit ("Appeal"). The Appeal was designated Docket No. 04-4508;

WHEREAS, the Parties desire to resolve the Appeal prior to briefing and arguing the issues before the Court;

NOW THEREFORE, the parties agree as follows:

1. The District Court's Order dismissing the Plaintiff-Appellant's case in the District Court shall remain in effect. However, the portion of the District Court's Order that dismissed the case "with prejudice" shall apply to only the Defendant-Appellee, Richard B. Sigmond, in all capacities in which he was named as a defendant.

2. If Plaintiff-Appellant institutes new litigation against the Defendants-Appellees other than Richard B. Sigmond, the Defendants-Appellees other than Richard B. Sigmond, will not argue that the "with prejudice" portion of the District Court's Order is *res judicata* or collateral estoppel as to the Defendants-Appellees other than Richard B. Sigmond.

3. All other claims, counterclaims, defenses and affirmative defenses of the Defendants-Appellees, other than as stated in paragraph 2 above, shall be preserved.

4. Any Statute of Limitations applicable to the Plaintiff-Appellant's claims alleged in the District Court case shall be tolled during the period commencing on the date of the filing of her complaint in the District Court, September 10, 2004, and ending on April 30, 2005. This paragraph 4 shall have no effect on any Statutes of Limitation that may have expired prior

WF3:1095171.2                                                              61013.1005

to September 10, 2004 and shall not preclude the Defendants-Appellees from arguing that any Statute of Limitations expired prior to September 10, 2004.

5. Subject to the terms of this Agreement, Plaintiff-Appellant shall dismiss the Appeal by April 10, 2005.

6. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. It shall not be necessary that any single counterpart be executed by all parties hereto provided that each party shall have executed at least one counterpart.

7. This Agreement, and any of its terms, conditions and provisions may be modified, amended, altered, supplemented, added to, canceled or terminated only by mutual agreement in writing signed by all the parties hereto.

IN WITNESS WHEREOF, the Parties, through and by their respective counsel have executed this Agreement Of Settlement Of Appeal on the date(s) set forth below.

_____  
William B. Hildebrand, Esquire  
Attorney for Plaintiff-Appellant  
Date: 7/25/05

_____  
Timothy J. Snyder, Esquire  
Attorney for Defendants-Appellees  
Date: _____

_____  
John M. Stull, Esquire  
Attorney for Plaintiff-Appellant  
Date: _____

_____  
Richard B. Sigmond, Esquire  
Attorney for Defendants-Appellees  
Date: _____

WP3:1095171.2                                                                                           61011.1005

to September 10, 2004 and shall not preclude the Defendants-Appellees from arguing that any Statute of Limitations expired prior to September 10, 2004.

5. Subject to the terms of this Agreement, Plaintiff-Appellant shall dismiss the Appeal by April 10, 2005.

6. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. It shall not be necessary that any single counterpart be executed by all parties hereto provided that each party shall have executed at least one counterpart.

7. This Agreement, and any of its terms, conditions and provisions may be modified, amended, altered, supplemented, added to, canceled or terminated only by mutual agreement in writing signed by all the parties hereto.

IN WITNESS WHEREOF, the Parties, through and by their respective counsel have executed this Agreement Of Settlement Of Appeal on the date(s) set forth below.

_____
William B. Hildebrand, Esquire
Attorney for Plaintiff-Appellant

Date:_____

_____
Timothy J. Snyder, Esquire
Attorney for Defendants-Appellees

Date: 4-01-05

_____
John M. Stull, Esquire
Attorney for Plaintiff-Appellant

Date:_____

_____
Richard B. Sigmond, Esquire
Attorney for Defendants-Appellees

Date:_____

WP3:1095171.2                                                                                               81011.1005

to September 10, 2004 and shall not preclude the Defendants-Appellees from arguing that any Statute of Limitations expired prior to September 10, 2004.

5. Subject to the terms of this Agreement, Plaintiff-Appellant shall dismiss the Appeal by April 10, 2005.

6. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. It shall not be necessary that any single counterpart be executed by all parties hereto provided that each party shall have executed at least one counterpart.

7. This Agreement, and any of its terms, conditions and provisions may be modified, amended, altered, supplemented, added to, cancelled or terminated only by mutual agreement in writing signed by all the parties hereto.

IN WITNESS WHEREOF, the Parties, through and by their respective counsel have executed this Agreement Of Settlement Of Appeal on the date(s) set forth below.

---
William B. Hildebrand, Esquire
Attorney for Plaintiff-Appellant

Date:_____

*[signature]*
John M. Still, Esquire
Attorney for Plaintiff-Appellant

Date: March 30, 2005

---
Timothy J. Snyder, Esquire
Attorney for Defendants-Appellees

Date:_____

---
Richard B. Sigmond, Esquire
Attorney for Defendants-Appellees

Date:_____

WP3:1086171.2                                                       6101L.1005

to September 10, 2004 and shall not preclude the Defendants-Appellees from arguing that any Statute of Limitations expired prior to September 10, 2004.

5. Subject to the terms of this Agreement, Plaintiff-Appellant shall dismiss the Appeal by April 10, 2005.

6. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. It shall not be necessary that any single counterpart be executed by all parties hereto provided that each party shall have executed at least one counterpart.

7. This Agreement, and any of its terms, conditions and provisions may be modified, amended, altered, supplemented, added to, cancelled or terminated only by mutual agreement in writing signed by all the parties hereto.

IN WITNESS WHEREOF, the Parties, through and by their respective counsel have executed this Agreement Of Settlement Of Appeal on the date(s) set forth below.

---

William B. Hildebrand, Esquire
Attorney for Plaintiff-Appellant

Date:_____

John M. Stull, Esquire
Attorney for Plaintiff-Appellant

Date:_____

Timothy J. Snyder, Esquire
Attorney for Defendants-Appellees

Date:_____

Richard B. Sigmond, Esquire
Attorney for Defendants-Appellees

Date: 3-31-05

WP5:1095171.2                                                     6101L1005