# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | C.A. No. 05-cv-1814 |
| Plumbers & Pipefitters Local Union No. 74 Pension Plan, Trustees of Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Administrators of Pension and Welfare Plans, Trustees of Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan Administrator of Pension & Welfare Plans, Insurance Plans, and Health and Welfare Benefit Plan, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPENING BRIEF OF DEFENDANT PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, et al. IN SUPPORT OF MOTION TO: [1] DISMISS ACTION FOR FAILURE TO STATE A CLAIM, [2] DISMISS ACTION FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, [3] TRANSFER ACTION TO THE DISTRICT OF DELAWARE**

Young, Conaway, Stargatt & Taylor, LLP


s/Timothy J. Snyder
Timothy J. Snyder, Esquire (#35059)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone 302-571-6600

Jennings Sigmond, P.C.
Richard B. Sigmond, Esq. (# 02574)
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
Telephone 215-922-3524

Counsel for Defendants

Dated: July 5, 2005

61011.1005

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

NATURE AND STAGE OF THE PROCEEDING .................................................................. 6

SUMMARY OF ARGUMENT ............................................................................................... 7

STATEMENT OF FACTS ...................................................................................................... 8

ARGUMENT ........................................................................................................................... 9

    **I.**    **This Action Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted Because the Applicable Statute of Limitations Bars this Action. ............ 9**

    **II.**    **Plaintiffs' Breach of Fiduciary Duties Claims Should Also Be Dismissed. ........... 14**

    **III.**    **This Honorable Court Should Dismiss This Action Because Venue Is Improper. 15**
        A.    Venue in the Eastern District of Pennsylvania is improper under ERISA § 502(e)(2) [29 U.S.C. § 1132(e)(2)]. ...................................................................................................... 15
            i.    The Funds are administered in Delaware.................................................................. 16
            ii.    The alleged breaches occurred in Delaware. .......................................................... 17
            iii.    Defendants are not "found" in Pennsylvania because no minimum contacts can be established in Pennsylvania. ........................................................................................... 17
        B.    In The Alternative, if this Court Does Not Dismiss Plaintiffs' Complaint, the Case Should Be Transferred To The District of Delaware. ........................................................... 19

WP3:1124747.14                    61011.1005

# TABLE OF AUTHORITIES

*Cases*

*Bostic v. Ohio River Co. (Ohio Div) Basic Pension Plan*,
  517 F. Supp. 627, 631-32 (S.D.W.V. 1981) ............................................................. 20

*Cap v. Local 897*
  *Labor-Mgmt. Health Fund,*
  C.A. No. 86-3271, 1986
  U.S. Dist. LEXIS 18531, *2 ...................................................................................... 23

*DelCostello v.*
  *Int'l Brotherhood of Teamsters et al.*,
  462 U.S. 151 (1983)..................................................................................................... 10

*Gluck v. Unisys Corp.*
  960 F.2d 1168 (3rd Cir. 1992) ......................................................................13, 15, 16

*Gwaltney v. Stone*
  564 A.2d 498  (Pa. Super. Ct. 1989).......................................................................... 12

*Hanson v. Denckla*,
  357 U.S. 235, 253 (1958)............................................................................................ 22

*Hatala v. Morey's Pier, Inc.*
  C.A. No. 03-4952
  2004 U.S. Dist. LEXIS 14653
  (E.D. Pa. July 28, 2004)............................................................................................... 24

*Heft v. AAI Corp.*,
  355 F. Supp. 2d 757  (M.D. Pa. 2005) ...................................................................... 13

*Helicopteros Nacionales de Colombia, S.A.*
  *v. Hall*,
  466 U.S. 408, 416 (1984).............................................................................................. 22

*Hill v. Equitable Trust Co.*
  562 F. Supp. 1324 (D. Del. 1983)............................................................................... 11

*Holland v. King Knob Coal Co.*,
  87 F. Supp. 2d 433 (W.D. Pa. 2000)................................................................ 16, 17, 19

*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945)............................................................................................... 21, 22

*Johnston v. Exelon Corp.*
  C.A. No. 04-4040
  2005 U.S. Dist. LEXIS 4723
  (E.D. Pa. Mar. 23, 2005)......................................................................................... 17, 18

*Kaufman v. Wilson World Hotel,*
  C. A. No. 89-9317, 1989
  U.S. Dist. LEXIS 4230
  (E.D. Pa. Apr. 24, 1989) ............................................................................... 12

*Keating v. Whitmore Mfg. Co.,*
  981 F. Supp. 890 (E.D. Pa. 1997) ...........................................13, 14, 21

*Koreag, Controle et Revision S.A.,*
  961 F.2d 341, 350
  (2nd Cir. 1992) ............................................................................................ 16

*Moore v. St. Paul Cos.,*
  C.A. No. 94-1329, 1995
  U.S. Dist. LEXIS 177
  (D. N.J. Jan. 3, 1995) ................................................................................. 22

*Palka v. Theodore M. Hylwa, M.D., Inc.,*
  C. A. No. 85-2480, 1986
  U.S. Dist. LEXIS 20854
  (D.Kan. Sep. 3, 1986) ................................................................................ 20

*Post v. Hartford Life &*
  *Accident Ins. Co.,*
  C.A. No. 02-1917
  2002 U.S. Dist. LEXIS 23384
  (E.D. Pa. Dec. 6, 2002) .............................................................................. 18

*Robertson v. Seidman & Seidman*
  609 F.2d 583, 586 (2nd Cir. 1979).......................................................... 11

*Ross v. Johns-Manville Corp.*
  766 F.2d 823 (3rd Cir. 1985) ................................................................... 12

*S.D. Warren Co. v. Phasar, Inc.*
  C.A. No. 87-8340
  1988 U.S. Dist. LEXIS 5430
  (E.D. Pa. June 13, 1988) ........................................................................... 24

*Sprinzen v. Supreme Court of New Jersey,*
  478 F. Supp. 722 (S.D.N.Y. 1979) .......................................................... 19

*Stafford v. E. I. DuPont de Nemours & Co.,*
  C.A. No. 01-1289
  2002 U.S. App. LEXIS 1039
  (3rd Cir. Jan. 24, 2002) ............................................................................. 14

*Syed v. Hercules, Inc.,*
  214 F.3d 155 (3rd Cir. 2000)
  cert. denied, 531 U.S. 1148 (2001) ....................................... 10, 13, 14, 16

iv

*Turner v. CF&I Steel Corp.,*
   510 F. Supp. 537 (E.D. Pa. 1981)............................................................13, 14, 21, 22, 23

*Varsic v. United States Dist. Court*
   *for Cent. Dist. of California,*
   607 F.2d 245 (9th Cir. 1979);................................................................... 22, 23

*Wallace v. Am. Petrofina, Inc.,*
   659 F. Supp. 829 (E.D. TX 1987)............................................................ 22

**Rules**

Fed. R. Civ. P. 12(b)(3)........................................................................... 7

Fed. R. Civ. P. 12(b)(6)........................................................................... 7

**Statutes**

10 Del. C. § 8111 .................................................................................. 12

19 Del. C. § 1109(b) .............................................................................. 12

28 U.S.C. § 1406(a) ........................................................................... 7, 19

29 U.S.C. § 1132(a)(1)(B) ................................................................. 10, 15

29 U.S.C. § 1132(a)(3).......................................................................... 18

29 U.S.C. § 1132(e)(2)................................................................ 7, 15, 16, 17

42 Pa. Cons. Stat. § 5521(b) (2004)........................................................ 10

## NATURE AND STAGE OF THE PROCEEDING

This is an action arising out of the Employment Retirement Income Security Act of 1974

("ERISA").  This present action commenced on April 20, 2005 when Martha Jane Toy,

individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy,

deceased (collectively "Plaintiffs"), filed a four count complaint against Plumbers & Pipefitters

Local Union No. 74 Pension Plan ("Pension Fund"), and Plumbers and Pipefitters Local Union

No. 74 Welfare Plan ("Welfare Fund") (collectively "Funds") [1]  and the Trustees and Plan

Administrators of the Funds (collectively "Trustees")[2] alleging (1) denial of pension benefits

under the Pension Fund; (2) denial of medical benefits under the Welfare Fund; (3) denial of life

insurance benefits under the Welfare Fund; and (4) breach of fiduciary duty.  (Complaint ¶¶ 8-

25.)  This present action relates to another matter brought before and dismissed by this Court

("Related Complaint").  The Related Complaint was filed September 10, 2004, and was

designated C.A. No. 04-CV-4312.  The Related Complaint was dismissed with prejudice by this

Court during a status conference on November 1, 2004.  Plaintiffs appealed the dismissal of the

Related Complaint to the Third Circuit Court of Appeals.  Through the mediation program

established by the Third Circuit, the parties agreed that Plaintiffs would dismiss the appeal.  In

exchange, the Defendants agreed to toll the statute of limitations from the date the Related

Complaint was filed and not raise the doctrine res judicata as a defense to any subsequent

complaint.

---

[1] Plaintiffs have named as defendants an array of plans:  Plumbers & Pipefitters Local Union No.
74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan,
Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Insurance Plans,
and Health and Welfare Benefit Plan.  However, the only plans in existence and relevant to this
matter are the Plumbers & Pipefitters Local Union No. 74 Pension and Welfare Plans.  Any
benefits allegedly due to Plaintiffs would be provided by either of these two plans.  The other
named "defendant plans" simply do not exist.
[2] The Trustees are designated as the Plan Administrator.  (Complaint ¶ 7.)

WP3:1124747.14                                                                                              61011.1005

The Defendants have filed a motion to dismiss this action because Plaintiffs have failed to state a claim for which relief can be granted, and because venue is improper. In the alternative, if this Court finds dismissal is not warranted, then Defendants request this Court transfer this case to the District of Delaware. This is the opening brief of the Defendants in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(3), or, alternatively to transfer under 28 U.S.C. § 1406(a).

## SUMMARY OF ARGUMENT

1.    This action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs have failed to state a claim for which relief can be granted since the applicable statute of limitations bars Plaintiffs' claims. Applying Pennsylvania's borrowing statute to this case, Delaware's one year statute of limitations governs, and, as a result, bars Plaintiffs' claims because they were filed more than one year after Plaintiffs' claims accrued.

2.    Count IV of the Complaint should be dismissed for failure to state a claim upon which relief can be granted because Plaintiffs are barred from bringing claims for denial of benefits simultaneously with claims for a breach of fiduciary duty related to the denial of those benefits.

3.    This case should also be dismissed because venue is improper under Fed. R. Civ. P. 12(b)(3). Venue is improper in the Eastern District of Pennsylvania under ERISA § 502(e)(2) [29 U.S.C. § 1132(e)(2)] ("ERISA § 502(e)(2)") because the Funds are administered in Delaware, the alleged breaches of the Funds and fiduciary duties occurred in Delaware, and no minimum contacts exist within Pennsylvania to support the proposition that the Defendants may be "found" or reside within the state of Pennsylvania. Alternatively, if this Honorable Court should decide that dismissal under Fed. R. Civ. P. 12(b)(3) is inappropriate, the case should be transferred to the District of Delaware under 28 U.S.C. § 1406(a) because venue is improper.

WP3:1124747.14                                                                61011.1005

## STATEMENT OF FACTS

Individual plaintiff, Martha J. Toy ("Toy"), is the widow of Russell B. Toy ("Russell"). (Complaint ¶ 3.)  Russell was employed in Delaware and a member of the Plumbers & Pipefitters Local Union No. 74 ("Union").[3]  As a member of the Union, Russell was a participant in the Funds and was eligible for certain pension and welfare benefits.  (Complaint ¶ 3.)

Plaintiffs allege that Russell became disabled in 1991 and could no longer work.  As a result, Russell applied for and was granted, certain pension benefits.  (Complaint ¶ 9.)  Russell received the pension benefits payments from the Funds in Hartly, Delaware, where he resided. (Ernsberger Aff. ¶ 8; Complaint ¶ 3.)

Russell passed away and, as a result, Toy, as Russell's spouse, became eligible for certain spousal survivor's benefits from the Pension Fund.  (Complaint ¶ 3.)  Toy began receiving the spousal survivor benefits at her home in Hartly, Delaware.  (Ernsberger Aff. ¶ 8.)

While not completely clear in the Complaint, Plaintiffs allege they were entitled to additional pension plan, welfare medical, welfare insurance, as well as spousal election benefits from the Funds.[4]  (Complaint ¶¶ 11-14, 17, 21.)  Plaintiffs allege that the Trustees denied Plaintiffs' initial application and subsequent appeals for these additional benefits, with the final denial of benefits coming sometime in August 2003.  (Complaint ¶ 13.)

---

[3] In order to participate in the Union, and subsequently the Funds, an individual must be employed in Delaware. (Ernsberger Aff ¶ 2.)  Scott Ernsberger's Affidavit is attached hereto as Exhibit A.

[4] Plaintiffs claim entitlement to these benefits which are above and beyond what Plaintiffs have qualified for and have either received or are currently receiving from the Funds.  Defendants do not know what Plaintiffs mean by "spousal election benefits".

8

## ARGUMENT

**I.     *This Action Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted Because the Applicable Statute of Limitations Bars this Action.***

Plaintiffs' ERISA § 502(a)(1)(B) [29 U.S.C. § 1132 (a)(1)(B)] ("ERISA § 502(a)(1)(B)")

claims should be dismissed because the applicable statute of limitations bars the claims.  In their

Complaint, Plaintiffs seek to recover certain pension benefits governed by ERISA.  Because

these claims are barred by the applicable statute of limitations, Plaintiffs' claims must be

dismissed.

"ERISA does not provide a statute of limitations for suits brought under § 502(a)(1)(B) to

recover benefits…" *Syed v. Hercules, Inc.*, 214 F.3d 155, 159 (3rd Cir. 2000) cert. denied, 531

U.S. 1148 (2001).  As a result, where a federal civil law does not expressly provide a statute of

limitations, courts ordinarily "'borrow' the most suitable statute or other rule of timeliness from

some other source [because courts] have generally concluded that Congress intended that the

courts apply the most closely analogous statute of limitations under state law." *DelCostello v.*

*Int'l Brotherhood of Teamsters et al.*, 462 U.S. 151, 158 (1983).

In a federal question case such as this, "courts should refer to the statute of limitations of

the forum state, including any 'borrowing statute' of the forum." *Robertson v. Seidman &*

*Seidman*, 609 F.2d 583, 586 (2nd Cir. 1979); *see also Hill v. Equitable Trust Co.*, 562 F. Supp.

1324, 1333 (D. Del. 1983) (in determining the appropriate statute of limitations to apply, a court

must look to the most analogous state law, including the state borrowing statute).  As a result,

this Court should look to the law of Pennsylvania, including its borrowing statute, to determine

the appropriate statute of limitations to apply to this action.

The Pennsylvania Uniform Statute of Limitations on Foreign Claims Act provides: "[t]he period of limitation applicable to a claim *accruing outside this Commonwealth* shall be either that provided or prescribed by the law of the place *where the claim accrued* or by the law of this Commonwealth, *whichever first bars the claim*." 42 Pa. Cons. Stat. § 5521(b) (2004) (emphasis added). Referred to as Pennsylvania's "borrowing statute," it "was intended to guard against forum shopping by providing that a foreign claim cannot be maintained if it is barred by the statute of limitations of a foreign state." *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 827-828 (3rd Cir. 1985). The statute "mandates the application of a foreign statute of limitations in certain situations." *Id.* at 827. Specifically, "Pennsylvania's borrowing statute provides that for claims *accruing* outside of Pennsylvania, the period of limitations shall be prescribed by the limitations period of the place where the claim accrued or by the law of Pennsylvania, whichever is *shorter*." *Gwaltney v. Stone*, 564 A.2d 498, 501 (Pa. Super. Ct. 1989) (emphasis in original) In relying on the Pennsylvania borrowing statute to apply the shorter Tennessee statute of limitations, the *Gwaltney* Court stated: "[t]he provisions of Pennsylvania's borrowing statute unequivocally evince the legislative intent to prevent a plaintiff who sues in Pennsylvania from obtaining greater rights than those available in the state where the cause of action arose." *Id.* at 503; *see also Kaufman v. Wilson World Hotel*, C. A. No. 89-9317, 1989 U.S. Dist. LEXIS 4230 at *4 (E.D. Pa. Apr. 24, 1989) (applying the shorter of two limitations periods to an action occurring in Florida).

In order to determine whether the Pennsylvania borrowing statute applies to Plaintiffs' claims, this Court must determine whether Plaintiffs' claims accrued outside of Pennsylvania. As noted in *Heft v. AAI Corp.*, Pennsylvania district courts have applied two different tests to determine where a plaintiff's ERISA claims have accrued. 355 F. Supp. 2d 757, 771 (M.D. Pa. 2005). One line of cases have looked to the state where the decision that amounted to the alleged breach was made to determine where the cause of action accrued. *See e.g. Turner v. CF&I Steel*

10

*Corp.*, 510 F. Supp. 537, 541 (E.D. Pa. 1981)  Another line of cases look to the state where the

plaintiff is supposed to receive the benefits to determine where a claim accrues.  *See e.g.*

*Keating v. Whitmore Mfg. Co.*, 981 F. Supp. 890, 893 (E.D. Pa. 1997).  In *Keating*, the Court

posited that "ERISA benefit plans are, in a very real sense, contracts.  Thus, it is logical

that…rules of contract law [are followed] when deciding where a breach of an ERISA plan takes

place, at least when the plaintiff is suing for benefits due under the terms of the plan." *Id.* at 893.

Thus, the Court held that a contract was breached in the place it is to be performed. *Id.*  In

applying that theory, the Court held that "the alleged breach…took place where the Plaintiff was

to receive her benefits." *Id.*

     Applying either the *Turner* or *Keating* standard, Plaintiffs' ERISA claims accrued in

Delaware.  Plaintiffs' Complaint alleges the Trustees, as the Plan Administrators, denied Russell

and Toy certain benefits Plaintiffs believe they are entitled to under the Funds.  The decision to

deny Plaintiffs benefits occurred in Delaware. (Ernsberger Aff. ¶ 9.)  All Funds business are

conducted in Delaware. (Ernsberger Aff. ¶¶ 5-6.)  Therefore, applying the standard set forth in

*Turner*, Plaintiffs' claims accrued in Delaware.  Alternatively, applying the standard set forth in

*Keating*, Plaintiffs' claims accrued in Delaware because the benefits they *are* entitled are all

received in Delaware (Ernsberger Aff. ¶ 8) and any alleged breach occurred in Delaware.

     Because Plaintiffs' claims accrued in Delaware, this Court must compare the Delaware

statute of limitations for ERISA claims to that of Pennsylvania to determine whether, under

Pennsylvania's borrowing statute, Delaware would first bar Plaintiffs' claims.  A claim arising

under ERISA accrues at the time of the final denial of a plaintiff's appeal. *Stafford v. E. I.*

*DuPont de Nemours & Co.*, 2002 U.S. App. LEXIS 1039, *5-*7 (3rd Cir. Jan. 24, 2002).

Accordingly, taking the allegations in the Complaint as true, Plaintiffs' claims would have

accrued in August 2003 when the final determination on appeal was made (Complaint ¶ 13).

In the *Syed* case, the Third Circuit concluded that the Delaware statute of limitations for ERISA benefits claims is governed by 10 Del. C. § 8111, and, therefore, subject to a one year statute of limitations.[5] *Syed*, 214 F.3d 158, 161. The Third Circuit, in upholding the Delaware District Court's ruling, stated: "we recognize that the one-year statute of limitations of § 8111 is short, but we cannot say that it is inconsistent with the policy of ERISA." *Id.* at 161. The Court, in rejecting the dissent's argument that plaintiff's ERISA claim was analogous to a contract claim, posited that plaintiff's 502(a)(1)(B) claim is "squarely based on his prior employment" and that "ERISA benefits are often termed 'fringe benefits'." *Id.* In so doing, the Court noted that Delaware's Wage Payment and Collection Act, 19 Del. C. § 1109(b), "defines 'benefits' as 'compensation for employment other than wages, including, but not limited to, reimbursement for expenses, health, welfare or retirement benefits...'" *Id.* at n5. Therefore, the Court "agree[d] with the District Court that § 8111 is the best fit." *Id.* at 161. Thus, under current Delaware law, the applicable statute of limitations for a plaintiff to bring claims arising under ERISA § 502(a)(1)(B) is one year.

Conversely, the Third Circuit has not conclusively established a uniform statute of limitations for ERISA actions under Pennsylvania law. *See Gluck v. Unisys Corp.*, 960 F.2d 1168, 1180-1181 (3rd Cir. 1992). In *Gluck*, plaintiffs alleged that the defendants breached the fiduciary duties owed to plaintiffs. The Court established that different statute of limitations apply for ERISA claims, depending on the nature of the claim. *Id.* at 1181. The Court stated:

---

[5] 10 Del. C. § 8111 states in pertinent part:
> No action for recovery upon a claim of wages, salary, or overtime for work, labor or personal services performed,...or for any other benefits arising from such work, labor or personal services performed...shall be brought after the expiration of one year from the accruing of the cause of action on which such action is based.

12

when ERISA does not provide an applicable statute of limitations and the most appropriate limitations period of Pennsylvania is borrowed, the following limitations periods apply. First, claims for delinquent employer contributions or for payments past due that are most analogous to claims under the Wage Payment and Collection Law are governed by its three-year limitation, and measured from the date the delinquent payment was due. Second, claims to recover benefits that were bargained for but have not yet become payable most closely resemble contract claims for anticipatory breach, and are governed by Pennsylvania's four-year statute of limitations measured from the time when a claimant first knows that the benefit has been infringed or removed. Third, other ERISA claims, such as those seeking to reinstate an improperly removed non-bargained-for benefit or to avoid a prohibited transaction, have no counterpart in Pennsylvania law and are thus governed by Pennsylvania's general six-year statute of limitations.

*Id.* Thus, based on the *Gluck* case, at the very least, the three year statute of limitations under Pennsylvania's Wage Payment and Collection Law would apply to Plaintiffs' claims.

Applying Pennsylvania's borrowing statute to the facts of this case, it is clear that Delaware's one year statute of limitations controls because it first bars Plaintiffs' claims. In their Complaint, Plaintiffs allege that the final denial of their benefits occurred in August 2003. Under the holding in *Syed*, Plaintiffs had one year - until August 2004 - to file their ERISA claims compared to Pennsylvania's statute of limitations, under which Plaintiffs have until August 2006 to file their ERISA claims.

Plaintiffs' Complaint was filed in the Eastern District of Pennsylvania on September 10, 2004. Because this was more than one year after Plaintiffs' accrued, Plaintiffs' claims are barred by Delaware's statute of limitations and should be dismissed.

Additionally, even if the Court ignores the application of the borrowing statute, dismissal based on the Delaware statute of limitations period is still warranted. "[I]f a statute of limitations of a state other than the forum state were implicated in the litigation of a federal claim, then federal, not state, choice of law principles would govern." *Gluck v. UNISYS Corp.*, 960 F.2d 1168, 1179 (3rd Cir. 1992). Under federal choice of law analysis, "[t]he federal common law

13

choice-of-law rule is to apply the law of the jurisdiction having the greatest interest in the litigation." *In re Koreag, Controle et Revision S.A.*, 961 F.2d 341, 350 (2nd Cir. 1992). To determine which jurisdiction has the greatest interest in litigation, federal courts have focused on the underlying rights and claims of the parties as well as the conduct of the parties. *Id.* at 351. For example, in *In re Koreag*, the Court determined that New York had more interest in the litigation than Switzerland because

> New York's concerns relate to the underlying property claims at stake, the corresponding contract rights of the parties, and the conduct giving rise to this particular property dispute. These relationships are ordinarily regulated under New York law, and New York is concerned with how this law operates as to a New York corporation with its principal place of business in New York. Switzerland's interests, on the other hand, focus less upon the ownership of particular property than upon the fair and organized administration of the debtor's estate, once defined.

*Id.* at 351.

In this case, Delaware has the greatest interest in this litigation because only Union members employed in Delaware are able to participate in the Funds, the Funds are administered in Delaware, all of the decisions regarding benefits are made by the Trustees at locations exclusively in Delaware, and any contractual entitlements under the Funds were created or entered into in Delaware. As a result, as set forth above, Plaintiffs' claims are barred because they were filed more than one year from the date Plaintiffs allege their claims accrued.

## II.     *Plaintiffs' Breach of Fiduciary Duties Claims Should Also Be Dismissed.*

In Count IV of their Complaint, Plaintiffs allege a claim for breach of fiduciary duties related to the denial of benefits alleged in Counts I through III. Plaintiffs, however, may not maintain an action for a breach of fiduciary duty where adequate remedies exist under ERISA. *Johnston v. Exelon Corp.*, 2005 U.S. Dist. LEXIS 4723 (E.D. Pa. Mar. 23, 2005); *Post v.*

WP3:1124747.14

61011.1005

*Hartford Life & Accident Ins. Co.*, 2002 U.S. Dist. LEXIS 23384 (E.D. Pa. Dec. 6, 2002).  In

*Johnston*, the Court stated:

> Section 502(a)(3) authorizes suits for individualized equitable
> relief for breach of fiduciary duty and permits a beneficiary to
> sue: (A) to enjoin any action or practice which violated any
> provision of this subchapter or the terms of the plan, or (B) to
> obtain other appropriate equitable relief (I) (sic) to redress such
> violations or (ii) to enforce any provisions of this subchapter or
> the terms of the plan.  However, such relief is available only
> where a plaintiff has no alternative remedy under other provisions
> of § 502.

*Johnston*, 2005 U.S. Dist. LEXIS 4723, *13 (internal citations and quotations omitted).  In

dismissing the plaintiff's ERISA § 502(a)(3) claim, the Court in *Post* held: "it is apparent that the

claim is based upon Defendant's alleged wrongful denial of benefits.  However,…a claim for

equitable relief for an alleged simple wrongful denial of benefits cannot be maintained under §

502(a)(3)."  *Post*, 2002 U.S. Dist. LEXIS 23384, *12.

   Accordingly, Plaintiffs are unable to maintain a cause of action for breach of fiduciary duty

because Plaintiffs claims are clearly based on Defendants alleged wrongful denial of benefits.

**III.   *This Honorable Court Should Dismiss This Action Because Venue Is Improper.***

        **A.   Venue in the Eastern District of Pennsylvania is improper under ERISA § 502(e)(2) [29 U.S.C. § 1132(e)(2)].**

   Venue in the Eastern District of Pennsylvania is improper under ERISA § 502(e)(2).

Proper venue in an ERISA action is determined pursuant to § 502(e)(2) of ERISA which

provides:

> Where an action under this subchapter is brought in a district court
> of the United States, it may be brought in the district where the
> plan is administered, where the breach took place, or where a
> defendant resides or may be found, and process may be served in
> any other district where a defendant resides or may be found.

WP3:1124747.14                                                                       61011.1005

ERISA § 502(e)(2) [29 U.S.C. 1132(e)(2)].  In this case, venue is improper in the Eastern

District of Pennsylvania because the Funds are administered in Delaware, the alleged breaches of

the Funds occurred in Delaware, and no facts exist sufficient for a finding that the Funds or

Trustees may be "found" in Pennsylvania.

### i.    The Funds are administered in Delaware.

To determine where the Funds are administered, this Court must look to where the Funds

are managed or supervised.  *Holland v. King Knob Coal Co.*, 87 F. Supp. 2d 433, 439-40 (W.D.

Pa. 2000.  In accepting this definition, the Court in *Holland* adopted the reasoning set forth in

*Sprinzen v. Supreme Court of New Jersey*, 478 F. Supp. 722, 723 (S.D.N.Y. 1979).  With regards

to ERISA § 502(e)(2), the Court in *Sprinzen* adopted the general definition of "administer" to

mean "to manage."  *Id.* at 723  In ascertaining where the plan was managed, the Court in

*Sprinzen* looked to evidence of where the employees responsible for the plan worked, where the

trustees met, where the documents and records were held, where the eligibility requirements and

appeals were decided and the location identified as the place of administration with the

Department of Labor.  *Id.*; *see also Bostic v. Ohio River Co. (Ohio Div) Basic Pension Plan*, 517

F. Supp. 627, 631-32 (S.D.W.V. 1981); *Palka v. Theodore M. Hylwa, M.D., Inc.*, C. A. No. 85-

2480, 1986 U.S. Dist. LEXIS 20854, *3-*4 (D.Kan. Sep. 3, 1986).

In this case, the Trustees are the Administrators of the Funds.  As the Plan

Administrators, the Trustees hold bi-monthly meetings to conduct the business of the Funds at

various locations exclusively in Delaware.  (Ernsberger Aff. ¶ 6.)  During these bi-monthly

meetings, the Trustees make decisions on the eligibility of participants of the Funds, as well as

determinations on any appeals from the denial of Funds benefits.  (Ernsberger Aff. ¶ 6.)  The

Trustees have retained a third party administrator, GEMGroup LP, as the Fund Manager, to

manage the day to day operations of the Funds (Ernsberger Aff. ¶ 4).  The Fund Manager

16

manages the Funds from its office in Claymont, Delaware. (Ernsberger Aff. ¶ 4). Additionally, all of the Funds' documents and records are held at the Claymont, Delaware office. (Ernsberger ¶ 7.) Applying the factors adopted by the *Holland* Court, there can be no doubt that the Funds are administered in Delaware.

### ii.   *The alleged breaches occurred in Delaware.*

As set forth earlier, Pennsylvania district courts have applied two different tests to determine where a plaintiff's ERISA claims have accrued. Applying either the *Turner* or *Keating* standard, the alleged breaches by the Trustees all occurred in Delaware. Applying the *Turner* Court's standard, the breaches alleged by the Plaintiffs occurred in Delaware, where the Trustees, as the designated Plan Administrators, met in Delaware to decide whether Plaintiffs were entitled to any additional benefits under the Funds. The Trustees also met in Delaware to consider Plaintiffs' appeals from the Trustees' decision to deny Plaintiffs' request for additional benefits. Because the decisions made by the Trustees regarding Plaintiffs' entitlement to benefits under the Funds occurred in Delaware, any breach had to occur in Delaware. Therefore, venue is improper in this Court.

Similarly, even if this Court applied the standard set forth in *Keating*, the conclusion would be the same. Russell and Toy receive benefits they are entitled to in Hartly, Delaware, where Russell resided before his death and where Toy continues to reside. Thus, any alleged breaches had to occur in Delaware, thereby rendering venue in this Court improper.

### iii.   *Defendants are not "found" in Pennsylvania because no minimum contacts can be established in Pennsylvania.*

Finally, the Defendants do not reside and may not be "found" in Pennsylvania. The term "found", as prescribed by ERISA § 502(e)(2), has been consistently interpreted by courts to mean any forum where a district court could establish personal jurisdiction over a defendant

17

under the test established in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945. *See, e.g., Varsic v. United States Dist. Court for Cent. Dist. of California*, 607 F.2d 245, 248-49 (9th Cir. 1979); *Turner*, 510 F. Supp. 542 ; *Moore v. St. Paul Cos.*, C.A. No. 94-1329, 1995 U.S. Dist. LEXIS 177 at *5-6 (D. N.J. Jan. 3, 1995); *Wallace v. Am. Petrofina, Inc.*, 659 F. Supp. 829, 831 (E.D. TX 1987) . *International Shoe* and its progeny established that a forum can exert personal jurisdiction over a defendant when: (1) the litigation pertains to the defendant's contacts within the forum and those contacts exhibit a purposeful availment of the benefits of the forum's laws, *Hanson v. Denckla*, 357, U.S. 235, 253 (1958, or (2) the litigation is unrelated to the defendant's contacts, but those contacts display a substantial, continuous, and systematic linkage with the forum, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) . The Court in *Varsic* applied a three-part test to determine whether it would be "reasonable and fair" to force a party to defend himself in a particular forum based on the nature and quality of his activities. Personal jurisdiction, and accordingly venue, would be proper where: (1) a non-resident defendant does some act or consummates some transaction with the forum or performs "some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws…,(2) [t]he claims must be one which arises out of or results from the defendant's forum related activities…, and (3) [e]xercise of jurisdiction must be reasonable." *Varsic*, 607 F.2d 249; *see also Turner*, 510 F. Supp. 542 (in determining whether minimum contacts exist to maintain a claim against a defendant under "traditional notions of fair play and substantial justice," it must be determined whether the defendant's contacts are of the quality and nature as to be fair and reasonable to force him to defend himself in that state); *Cap v. Local 897 Labor-Mgmt. Health Fund*, C.A. No. 86-3271, 1986 U.S. Dist. LEXIS 18531, *2 ("[a] defendant is considered found in a district if its contacts with the district are sufficient for exercise of personal jurisdiction.").

WP3:1124747.14

61011.1005

In this case, Defendants are not found in Pennsylvania because insufficient minimum contacts exist to establish personal jurisdiction over the Defendants in Pennsylvania. Personal jurisdiction may not be exerted over the Defendants because the Funds and Trustees do not conduct any activities in Pennsylvania to invoke "the benefits and protections of its laws." The Funds are managed in Delaware. All Funds' business is conducted in Delaware. Furthermore, Plaintiffs' claims relate to decisions made by the Trustees in Delaware and do not arise out of, or result from, activities of the Defendants in Pennsylvania. Therefore, the Defendants lack the requisite minimum contacts and may not be "found" in Pennsylvania. Since the Defendants may not be "found" in Pennsylvania, venue is improper.

Because the Funds are administered in Delaware, the alleged breaches occurred in Delaware, and the Defendants are not "found" in Pennsylvania, venue is improper. Since venue is improper, this Court should dismiss the Complaint.

> **B.      In The Alternative, if this Court Does Not Dismiss
> Plaintiffs' Complaint, the Case Should Be Transferred
> To The District of Delaware.**

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2005). As discussed *supra* pp.15-19, venue is improper in the Eastern District of Pennsylvania. If this Court decides dismissal of Plaintiffs' claims is not appropriate, then Plaintiffs' case should be transferred to the District of Delaware.

Where venue is improper, courts will transfer a case to the district where the case should properly have been brought. *E.g. Hatala v. Morey's Pier, Inc.*, 2004 U.S. Dist. LEXIS 14653 (E.D. Pa. July 28, 2004); *S.D. Warren Co. v. Phasar, Inc.*, 1988 U.S. Dist. LEXIS 5430 (E.D. Pa. June 13, 1988). This case should have properly been brought in the District of Delaware. The

WP3:1124747.14                                                             61011.1005

Plaintiffs reside in Delaware and all of the Defendants' contacts exist in Delaware.  All of the witnesses work or reside in Delaware and may be beyond the reach of this Court's subpoena power.  Thus, the interests of judicial economy and convenience for both parties are best served if this case is transferred to the District of Delaware.

WP3:1124747.14

61011.1005

## CERTIFICATE OF SERVICE

I, Timothy J. Snyder, Esquire hereby certify that on this 5th day of July 2005, I caused copies of the foregoing document to be served on the following counsel of record in the manners noted below. The document is available for viewing and downloading from the ECF system.

### BY E-FILING AND FEDERAL EXPRESS

William, B. Hildebrand, Esq.
The Law Offices of William B. Hildebrand, LLC
1040 N. Kings Hwy, Suite 601
Cherry Hill, N.J. 08034

s/ Timothy J. Snyder
Timothy J. Snyder  (No. 35059)

WP3:1124747.14                                                              61011.1005