## PRELIMINARY STATEMENT

This case involves a claim for unpaid pension, medical and life insurance benefits under employee Pension and Health and Welfare Plans. Pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. Section 1331, this Court has exclusive jurisdiction to adjudicate this dispute.

On July 5, 2005, Defendants filed a Motion to Dismiss the Action for Failure to State a Claim, contending that the applicable statute of limitations bars Plaintiff's claims. Defendants also seek to dismiss the case for improper venue or, in the alternative, to transfer the case to the District of Delaware for further proceedings.

Contrary to Defendants' assertions, the statute of limitations does not bar these claims. ERISA benefit claims are governed by the most closely analogous state statutes of limitations. Federal courts in Pennsylvania have consistently applied Pennsylvania's four-year statute of limitations to claims for unpaid ERISA benefits brought in this state, running from the date Plaintiff's administrative remedies were exhausted. Plaintiff's administrative remedies were exhausted in August, 2003; therefore, Plaintiff's claims are timely.

In addition, Defendants have sufficient "minimum contacts" to support personal jurisdiction (and therefore venue) in this district. Therefore, the case should not be dismissed nor transferred to another forum.

For all these reasons, Plaintiff respectfully requests that Defendants' Motion be

denied.

## LEGAL ARGUMENT

I. PENNSYLVANIA'S FOUR-YEAR STATUTE OF LIMITATIONS APPLIES TO PLAINTIFF'S CLAIMS FOR UNPAID BENEFITS.

When considering a motion to dismiss for failure to state a claim, the Court must accept as true all facts alleged in the Complaint and view them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 *F.3d* 383, 388 (3d Cir. 2002). The Court should not dismiss the Complaint unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 *U.S.* 229, 249-50, 106 *L.Ed.2d* 195, 109 *S.Ct.* 2893 (1989). *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 *F.3d* 478, 483 (3d Cir. 1998) ("A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations.")

Defendants bear the burden of persuading the Court that no claim has been stated. *Gould Elecs., Inc. v. United States,* 220 *F.3d* 169, 178 (3d Cir. 2000).

If matters outside the pleadings are presented to and not excluded by the Court, the motion should be treated as one for summary judgment and disposed of as provided in Rule 56. In this event, all parties should be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *F.R.Civ.P.* 12(b). *See, e.g.,*

*Petty v. Merch & Co., Inc.,* 2003 *U.S. Dist. LEXIS* 6618, No. 99-CV-6555 (E.D. Pa. 2003) (denying motion to dismiss without prejudice where the record did not indicate that the parties were given a reasonable opportunity to present all material pertinent to the motion by Rule 56).

Under *Fed. R. Civ. P. 8(c),* the statute of limitations constitutes an affirmative defense.  Therefore, the defense may be raised in a Rule 12(b)(6) motion to dismiss only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.,* 570 *F.2d* 1168, 1174 (3d Cir. 1978).

As previously noted, Defendants seek to dismiss this case as barred by the applicable statute of limitations.  Even though the case is being litigated in Pennsylvania, Defendants contend that this Court should apply Delaware's much shorter one-year statute of limitations to plaintiff's claims.

The only statute of limitations found in ERISA is one for breach of fiduciary duty. Claims for benefits or to enforce other ERISA rights are governed by the most closely analogous state statutes of limitations.  *See DelCostello v. International Brotherhood of Teamsters,* 462 *U.S.* 151, 158-60, 76 *L.Ed.2d* 476, 103 *S. Ct.* 2281 (1983); *Syed v. Hercules, Inc.*, 214 *F.3d* 155, 159 (3d Cir. 2000), *cert. denied,* 531 *U.S.* 1148, 148 *L.Ed. 2d* 963, 121 *S. Ct.* 1088 (2001).

Here, Plaintiff is seeking unpaid pension and medical benefits under Defendants'

3

Pension and Welfare Plans.  Virtually all courts have applied the state statute of limitations for contract actions to these claims.  *See Syed, supra,* and cases cited therein.

Pennsylvania has a single four-year statute of limitations for breach of contract actions.  *See 42 Pa.C.S.A. § 5525.*  Courts have consistently applied this statute of limitations to ERISA claims for unpaid benefits brought in Pennsylvania.  *See, e.g., Paterson v. Metropolitan Life Ins. Co.,* 330 *F. Supp. 2d* 548, 549 (W.D. Pa. 2004) (Pennsylvania's four-year statute of limitations applies to employee's claim for additional disability benefits, running from the date all administrative remedies were exhausted); *Frazier v. Hairston,* 2001 *U.S. Dist. LEXIS* 12848 (E.D. Pa. 2001) (Pennsylvania's four-year statute of limitations applies to plaintiff's claim for the denial of pension benefits earned during his employment with the Philadelphia Fire Department); *Miller v. Aetna Healthcare,* 2001 *U.S. Dist. LEXIS* 20801 (E.D. Pa. 2001) (four-year statute of limitations governs plaintiff's contract claim for benefits allegedly due under decedent's employee benefit plan).

Furthermore, ERISA requires exhaustion of administrative remedies.  Therefore, the statute of limitations cannot begin to run until a claim for benefits has been made and formally denied.  *Hall v. National Gypsum Co.,* 105 *F.3d* 225 (5th Cir. 1997); *Daill v. Sheet Metal Workers' Local 73 Pension Fund*, 100 *F.3d* 62 (7th Cir. 1996); *Stevens v. Employer-Teamsters Joint Council No. 84 Pension Fund,* 979 *F.2d* 444, 451 (6th Cir. 1992).  The repudiation or denial of benefits must be clear, unequivocal, and continuing

4

for the claim to accrue. *Daill, supra,* 100 *F.3d* at 66; *Martin v. Construction Laborers' Pension Trust,* 947 *F.2d* 1381, 1384 (9th Cir. 1991); *Paterson v. Metropolitan Life Ins. Co.,* 330 *F. Supp. 2d* 548, 550 (W.D. Pa. 2004) (noting that the statute of limitations in a denial-of-benefits case did not begin to run until "the Defendant issued its final decision which stated that it 'constitutes completion of the full and fair review required by [the] Plan.' ").

As explained by the Court in *Paterson, supra,* this requirement:

> "carries with it a measure of fairness to the parties. By tolling the limitation period until after the final determination, both parties are encouraged to move with reasonable diligence to reach a conclusion. The Plaintiff will have to act within a time period that can be instituted within the Plan's administrative process. Meanwhile, the Defendant does not gain an advantage by delaying the appeals process since that time would not count toward the statute of limitations period."

*Id.,* 330 *F. supp. 2d* 551.

Therefore, a four-year statute of limitations applies in this case, running from the date Plaintiff's administrative remedies were exhausted. Plaintiff's administrative remedies were exhausted in August, 2003. *Complaint, para. 13*. Therefore, Plaintiff's claims are not barred by the statute of limitations.

In arguing to the contrary, Defendants rely on two cases: *Robertson v. Seidman & Seidman,* 609 *F.2d* 583 (2nd Cir. 1979) and *Hill v. Equitable Trust Co.,* 562 *F. Supp.* 1324 (D.Del. 1983). Both are over twenty years old, have been roundly criticized, and have nothing to do with ERISA. This is important, because in determining the most

5

analogous or applicable statute of limitations under ERISA, courts must consider the *purpose* of the federal statute--which is to protect and preserve the rights of participants and beneficiaries.  Thus, courts are free to devise relevant analogies that preserve the rights of participants and beneficiaries, even when other state laws interfere with this objective.

The *Robinson* and *Hill* approach of mechanically adopting a state's choice-of-law rules to determine the appropriate statute of limitations for federal claims was expressly rejected by the Third Circuit in the case of *Consolidated Express, Inc. v. New York Shipping Assoc.,* 602 *F.2d* 494 (3d Cir. 1979), vacated on other grounds 448 *U.S.* 902, 100 *S.Ct.* 3040, 65 *L.Ed.2d* 1131 (1980).   That case involved a claim under § 303(b) of the Labor Management Relations Act.  Because no federal statute imposed an express limitation upon such actions, the parties agreed that the most closely analogous state statute of limitations should apply.

Plaintiff argued that the most closely analogous statute of limitations in the forum was New Jersey's six-year statute of limitations for breach of contract actions. Defendant, on the other hand, argued that under New Jersey's choice of law rules, that state would apply the much shorter one-year statute of limitations of Puerto Rico, where Defendant was incorporated and conducted business.  *Id.,* 602 *F.2d* at 506.

The Third Circuit held that state choice-of-law rules do not apply where (as here) the cause of action arises under federal law.  Rather, "[w]hich state statute is to be

6

borrowed and how it is to be applied to a cause of action based on federal law are federal law questions, and are determined by federal statutory policy." *Id.* (citing *Holmberg v. Ambrecht,* 327 *U.S.* 392, 395, 66 *S. Ct.* 582, 90 *L.Ed.* 743 (1946). Applying federal (rather than state) choice-of-law rules avoids the possibility that "[f]ederal labor law may be thwarted by state limitations periods [which are] unduly short or discriminatory. ... State choice of law rules, geared as they are to geographical factors or state policy interests, may be insensitive to this federal concern." *Id.* at 507. "[U]pon careful reflection" the Court concluded that "as a general rule the governing statute of limitations should be that of the state in which the federal court sits, unless a party can make a compelling showing that the application of that statutory bar would seriously frustrate federal labor policy or work severe hardship to the litigants." *Id.* at 507-08.

This approach was followed by Judge Slovitor in *Roberts v. Magnetic Metals Company*, 611 *F.2d* 450, 459 (3d Cir. 1979) (Sloviter, C.J., concurring). In that case, Judge Slovitor noted that "once the federal court determines that there is more than one state statute of limitations which it can borrow, the selection of the one most appropriate to use must be made by considerations which comport with federal policy. ... [I]t is Federal law and Federal policy which is paramount, and if the federal policy leads to the state law, it is done as an application of a federal choice of law." *Id.,* 611 *F.2d* at 458-59. Accord, *Champion International Corp. v. United Paperworkers International Union,* 779 *F.2d* 328, 333 (6th Cir. 1985) (noting that "Federal law, rather than a state

7

borrowing statute" should govern the choice between the forum state's statute of limitations and that of another state because "[a] borrowing statute obviously is not tailored to further federal labor policy.")

ERISA's goal is "to protect ... the interests of participants in employee benefit plans and their beneficiaries ... by providing ... ready access to the Federal courts. 29 *U.S.C.* § 1001(b). Adopting overly-restrictive state choice-of-law rules obviously does not promote these interests.

A federal court should not adopt state choice of law rules, particularly when doing so would deprive an ERISA beneficiary of important statutory rights. Therefore, under the above principles and case law, this action is timely under Pennsylvania's four-year statute of limitations for breach of contract actions.

II.   VENUE IS APPROPRIATE IN THIS DISTRICT.

Venue in ERISA cases is governed by 29 *U.S.C.* § 1132(e)(2). This statute provides that the action may be brought [1] in the district where the plan is administered, [2] where the breach took place, or [3] where a defendant resides or may be found. A defendant "may be found" in a district if its contacts with the district are sufficient to support personal jurisdiction under the minimum contacts analysis of *International Shoe v. Washington,* 326 U.S. 310, 90 L.Ed. 95, 66 S. Ct. 154 (1945). *Varsic v. U.S. District Court*, 607 F.2d 245, 248-49 (9th Cir. 1979); *Turner v. CF&I Steel Corp.,* 510 *F.Supp.* 537, 542 (E.D. Pa. 1981).

8

These venue provisions are intended to be interpreted broadly. As previously noted, ERISA's underlying policy is "to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries ... by providing for appropriate remedies, sanctions and ready access to the Federal Courts." 29 *U.S.C. §* 1001(b).

The Committee on Education and Labor of the House of Representatives, reporting on the ERISA draft legislation stated:

> The enforcement provisions have been designed specifically to provide both the Secretary and participants and beneficiaries with broad remedies for redressing or preventing violations of the Act. *The intent of the Committee is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles* which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants. For actions in Federal Courts, nationwide service of process is provided in order to remove a possible procedural obstacle to having all proper parties before the Court ..."

H.R. Rep. No. 93-533, 93rd Cong., 1st Sess. 17 (1973), reprinted in 1974 U.S. Code Cong. & Admin. News p. 4639, 4655 (emphasis added).

Therefore, "the issue of venue must be approached with the broad Congressional policy favoring free access to federal courts in mind." *Turner v. CF&I Steel Co.,* 510 *F.Supp.* 537, 542 (E.D. Pa. 1981). See also, *Moore v. The St. Paul Companies, Inc.,* 1995 U.S. Dist. LEXIS 177 at *11 (D.N.J. 1995) (noting that Congress "clearly struck the balance in favor of liberal venue.")

9

A defendant establishes minimum contacts with a forum by purposefully availing itself of the privilege of conducting activities there, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 *U.S.* 235, 253, 78 *S.Ct.* 1228, 1240, 2 *L. Ed. 2d* 1283 (1958). These contacts must be of a type that the non-resident defendant "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 *U.S.* 462, 474, 105 *S.Ct.* 2174, 2184, 85 *L. Ed. 2d* 5228 (1985).

Several courts have had an opportunity to apply these principles. *Cap v. Local 897 Labor-Management Health Fund*, 1986 *U.S. Dist. LEXIS* 18531 (E.D. Pa. 1986) involved a suit under ERISA seeking to compel a labor-management health fund to pay certain hospital bills. Defendants filed a motion to dismiss for improper venue. The court determined that the controlling issue was whether defendants had sufficient minimum contacts with the district to support personal jurisdiction, and permitted the parties to engage in limited discovery regarding this issue. The discovery revealed that defendants regularly received money from businesses and paid benefits to pensioners in the Eastern District of Pennsylvania, and negotiated with health care providers for covered medical care in this district. Although these contacts involved only a small part of defendants' normal operations, the court determined they were sufficient to support personal jurisdiction (and therefore venue) in the district:

> "[T]he particular type of contact at issue can be anticipated to occur, although on an irregular basis. Therefore, permitting defendants to be sued in this district ... does no violence to the probable expectations of the parties."

10

*Id.,* at *3.

A similar result was reached in *Moore, supra.* In that case, the plaintiff (a New York resident) sued a Minnesota insurance company with principal offices in St. Paul, Minnesota. The Court determined that venue in New Jersey was appropriate based on the fact that over four hundred New Jersey employees were enrolled in the subject ERISA plan. Therefore the Plan received contributions from, and made payments to Seaboard and its employees in New Jersey.

> "The Court finds that these contacts were purposeful, continuous and systematic. They were sufficient to put St. Paul and the Plan on notice that they might be sued here. Other courts, on similar facts, have come to the same conclusion. The leading case, *Varsic v. U.S. District Court,* 607 *F.2d* 245 (9th Cir. 1979), held that the decision 'to undertake the fiduciary duty of receiving contributions and making payments based on work performed [within a jurisdiction] is sufficient to support in personam jurisdiction in that forum.' ... Varsic noted that an ERISA plan purposefully places itself in a fiduciary capacity with regard to its beneficiaries within a particular forum and must anticipate being sued there. ... Other courts have adopted Varsic's reasoning to hold that the presence of beneficiaries within a forum will, by itself, support a finding of personal jurisdiction over an ERISA plan."

*Id.,* at *13-*14 (citations omitted).

Defendants' reliance on the fact that the Funds are administered in Delaware, where they have offices, meetings and records, and where Plaintiff resides, therefore misses the point. The key issue is whether Defendants receive any contributions from employers or pay any benefits to employees who reside in this district. Mr. Ernsberger's Affidavit is conspicuously silent on this subject.

11

Plaintiff has reason to believe Defendants receive contributions from employers and pay benefits to employees who reside in this district. Additional discovery will be necessary, however, to confirm this.

In December, 2004, Plaintiff's personal counsel, John M. Stull, Esq., sent a letter to John J. Czerwinski, Business Manager of Local #74, requesting detailed information. regarding the nature and extent of Defendants' contacts with Pennsylvania. Unfortunately, Defendants failed to respond to this request.

Information regarding Defendants' contacts and dealings with this forum are within Defendants exclusive control. It is abundantly unfair for Defendants to file a motion to dismiss based on affidavits at the beginning of the litigation, when Plaintiff has had no opportunity to engage in any discovery whatsoever. The information on this issue which is presented to the Court should not be one-sided. Therefore, limited discovery on the nature of Defendants' contacts with this forum should be permitted. This is particularly true where (as here) Defendants have provided the Court with insufficient evidence to decide this issue on their own. This is the approach undertaken by the court in *Cap, supra*. A similar procedure should be followed here.

For all these reasons, Plaintiff respectfully requests that Defendants' motion to dismiss this case for improper venue be denied, to permit the parties to engage in limited discovery designed to determine the nature and extent of Defendants' contacts with this

district.

    III.    <u>DEFENDANTS' MOTION TO TRANSFER SHOULD BE DENIED</u>.

A plaintiff's choice of forum is of paramount concern and should not be lightly disturbed. *Shutte v. Armco Steel Corp.,* 431 *F.2d* 22, 25 (3d Cir. 1970). While district courts have discretion to decide a motion to transfer based on an individualized, case-by-case consideration of convenience and fairness "such motions are not to be liberally granted." *Dinterman v. Nationwide Mutual Ins. Co.,* 26 *F.Supp. 2d* 747, 749 (E.D. Pa. 1998). The burden of establishing the need for transfer rests with the defendant. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995).

These considerations were recently applied to deny a transfer motion in *Johnston v. Exelon Corp.,* 2005 U.S. Dist. LEXIS 4723 (E.D. Pa. 2005). That case involved a suit to recover unpaid severance payments under an ERISA plan. Plaintiff (a Florida resident) sued his former employer and the employer's severance plan (both of which were located in Chicago). In addition, defendants contended that many potential witnesses resided in Illinois, and that the breach (if any) occurred either in Chicago (where the decision to deny benefits was made) or Florida (where the benefits would have been paid).

Nevertheless, the Court concluded that venue was proper in this district (because the corporate defendant could be "found" here) and that the transfer motion should be denied:

13

> "While Illinois may be a more convenient forum for defendants' witnesses and production of documents, it does not appear from the record that the necessary witnesses and documents would be "unavailable for trial" if venue is retained in the Eastern District of Pennsylvania. See *Jumara, 55 F.3d at 879* (the convenience of witnesses and location of records are relevant 'only to the extent that the witnesses [and records] may actually be unavailable for trial in one of the fora."). Furthermore, a transfer to Illinois 'would merely shift the inconvenience associated with choice of venue from [defendants to plaintiff]. This is insufficient to warrant a transfer of venue under *28 U.S.C. § 1404(a)*."

*Id., at *7 - *8.*

Defendants' motion to transfer is based on conclusory allegations regarding witnesses and convenience, none of which are supported by any facts of record. Furthermore, Defendants have failed to demonstrate that necessary witnesses or documents would be "unavailable for trial," as required by *Jumara, supra.*

For all these reasons, Defendants' transfer motion should be denied as well.

## <u>CONCLUSION</u>

For all these reasons, Plaintiff, Margaret Troy, respectfully requests that Defendants' Motion to Dismiss the Case for Failure to State a Claim and For Improper Venue Or, In the Alternative, to Transfer the Case to the District of Delaware, be denied.

           Respectfully submitted,

           LAW OFFICES OF WILLIAM B. HILDEBRAND, LLC

           By: _____

William B. Hildebrand

Dated: 7/15/05

15

## CERTIFICATE OF SERVICE

     I, William B. Hildebrand, Esquire, hereby certify that on this 15th day of July, 2005, I caused copies of the foregoing document to be served on the following counsel of record in the manner noted below.  The document is available for viewing and downloading from the ECF system.

### BY E-FILING

     Timothy J. Snyder, Esq.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801