IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, Trustees of Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Administrators of Pension and Welfare Plans, Trustees of Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan Administrator of Pension & Welfare Plans, Insurance Plans, and Health and Welfare Benefit Plan,<br><br>Defendants. | C.A. No. 05-cv-1814 |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE
A REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

Young, Conaway, Stargatt & Taylor, LLP
Timothy J. Snyder, Esquire (#35059)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone 302-571-6600

CO-COUNSEL:

Jennings Sigmond, P.C.
Richard B. Sigmond, Esq. (#02574)
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
Telephone 215-922-3524

Attorneys for Defendants

Dated: July 19, 2005

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... 3
INTRODUCTION ..................................................................................................................... 4
ARGUMENT ............................................................................................................................. 4
CONCLUSION .......................................................................................................................... 6

DB02:5009591.1                                                                                              061011.1005

# TABLE OF AUTHORITIES

**Cases**

*Frazier v. Hairston*
   C.A. No. 01-987
   2001 U.S. Dist. LEXIS 12848
   (E.D. Pa. Aug. 23, 2001) ............................................................................................... 4

*Paterson v. Metro. Life Ins. Co.*
   330 F. Supp. 2d 548 (W.D. Pa. 2004) ........................................................................... 4

**Statutes**

29 U.S.C. § 1132(e)(2) ........................................................................................................ 5

## INTRODUCTION

Defendants Plumbers & Pipefitters Local Union No. 74, *et al.*, by and through their undersigned attorneys, hereby move the Court for leave to file a reply in support of Defendants' Motion to Dismiss the Complaint for Failure to State a Claim and Improper Venue, or, in the alternative, to Transfer the Action to the District of Delaware ("Motion to Dismiss or Transfer"). On July 16, 2005, Plaintiffs filed an answering brief in opposition of Defendants' Motion to Dismiss or Transfer. Defendants seek leave from this Honorable Court to file a reply brief because a number of Plaintiffs' arguments in their answering brief are based on either incorrect statements of law or cases easily distinguishable from and not applicable to this case. Defendants respectfully submit this brief in support of their motion for leave to file a reply brief.[1]

## ARGUMENT

In their answering brief, Plaintiffs assert certain arguments that are based on incorrect statements of law, or cite to authorities distinguishable and not applicable to this case in support of their arguments. For example, Plaintiffs argue that the Pennsylvania four year statute of limitations for breach of contract actions has been consistently applied to ERISA claims for unpaid benefits brought in Pennsylvania. Plaintiffs reliance on *Paterson v. Metro. Life Ins. Co.*, 330 F. Supp. 2d 548, 549 (W.D. Pa. 2004), and *Frazier v. Hairston*, C.A. No. 01-987, 2001 U.S. Dist. LEXIS 12848 (E.D. Pa. Aug. 23, 2001), have no relevance to this case. In *Paterson*, both parties *agreed* that the four year statute of limitations would apply to the case, and in *Frazier*, the claims accrued in Pennsylvania, and both the plaintiff and defendants were Pennsylvania

---

[1] Defendants attempted to contact Mr. William Hildebrand, Esquire, Plaintiffs' counsel of record, to ascertain whether Plaintiffs would agree to Defendants filing a reply brief. However, Defendants' counsel was informed by Mr. Hildebrand's office on Monday, July 18, 2005, that he was out of the office for the rest of the week. Defendants' counsel left a voicemail for Mr. Hildebrand, but to date, Mr. Hildebrand has not returned the phone call.

4

residents. In this case, neither Plaintiffs or Defendants are Pennsylvania residents, the Plaintiffs' claims accrued in Delaware and there is no agreement between the parties that Pennsylvania law applies to this action. These distinctions are important distinctions that need to be more fully addressed by Defendants to assist the Court in determining whether the cases cited by Plaintiffs are dispositive.

Plaintiffs also argue, in opposition to Defendants' motion to dismiss or transfer this case based on venue grounds, that the key issue in determining proper venue under ERISA § 502(e)(2) is whether there are contributions from employers or benefits paid to employees residing in the district. However, Plaintiffs fail to fully brief the Court on the current state of the law and did not properly discuss the specific facts of this case as it pertains to the current state of the law. Defendants will, if permitted to reply, establish that the authorities cited by Plaintiffs are inapposite of the existing facts and do not support venue in Pennsylvania.

Additionally, Plaintiffs' rely on Mr. Stull's letter of December 2004 for the proposition that Pennsylvania employers contribute to the Plumbers & Pipefitters Local Union No. 74 Pension Plan ("Pension Plan") and Welfare Plan ("Welfare Plan") (collectively "Plans"). Plaintiffs' mischaracterize the facts. Employers from *any* state may contribute to the Plans as long as they perform work *within* the state of Delaware. All contributions made by employers are for work commenced and completed *exclusively in the state of Delaware*. In order to fully apprise the Court of the situation, Defendants will need the opportunity to address this issue in their reply brief.

DB02:5009591.1                                                                                                                    061011.1005

# CONCLUSION

WHEREFORE, Defendants respectfully request that the Court enter the attached order granting leave to file a reply brief in support of Defendants' motion to dismiss or transfer.

Respectfully submitted,

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


 s/ Timothy J. Snyder
Timothy J. Snyder, Esquire (#35059)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone 302-571-6600

CO-COUNSEL:

Jennings Sigmond, P.C.
Richard B. Sigmond, Esq. (# 02574)
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
Telephone 215-922-3524

Attorneys for Defendants

Dated: July 19, 2005