2001 U.S. Dist. LEXIS 12848, *; 26 Employee Benefits Cas. (BNA) 2522

PHILLIP FRAZIER, Plaintiff, v. HAROLD HAIRSTON, Commissioner of the Philadelphia Fire Department, and LEOTYNE FREEMAN, Counselor of the Board of Pensions and Retirement, Defendants.

CIVIL ACTION NO. 01-987

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2001 U.S. Dist. LEXIS 12848; 26 Employee Benefits Cas. (BNA) 2522

August 23, 2001, Decided

**DISPOSITION:** [*1] Defendant's Motion to Dismiss granted; plaintiff's Complaint dismissed with prejudice.

**LexisNexis(R) Headnotes**

**COUNSEL:** PHILIP FRAZIER, PLAINTIFF, PRO SE, GRATERFORD, PA.

For HAROLD HAIRSTON, LEOTYNE FREEMAN, DEFENDANTS: FREDERICK K. PASOUR, CITY OF PHILA LAW DEPT, PHILADELPHIA, PA USA.

**JUDGES:** JAN E. DUBOIS, J.

**OPINIONBY:** JAN E. DUBOIS

**OPINION:**

### ORDER & MEMORANDUM

### ORDER

AND NOW, this 23rd day of August, 2001, upon consideration of Defendant's Motion to Dismiss (Document No. 8, filed May 23, 2001), n1 Plaintiff's Petition to Deny Defendant's Motion to Dismiss (Document No. 9, filed June 4, 2001) and Addendum to Plaintiff's Petition to Deny Defendant's Motion to Dismiss (Document No. 10, filed July 20, 2001), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendant's Motion to Dismiss (Document No. 8) is **GRANTED** and plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

n1 The Court notes that, although there are two defendants, the motion at issue is styled in the singular as "Defendant's Motion to Dismiss."

[*2]

### MEMORANDUM

### I. BACKGROUND

This case arises out the alleged denial of pension benefits and accrued back pay that plaintiff Phillip Frazier ("Frazier" or plaintiff) earned during his employment with the Philadelphia Fire Department ("PFD" or "the department").

The relevant facts, as set forth in the Complaint, are as follows:

Plaintiff was hired by the PFD on July 22, 1963 n2 and worked there until April 1983, when he was arrested and charged with murder. Shortly thereafter, during the first week of May 1983, plaintiff contacted the PFD personnel officer to request a separation from employment, cash compensation for his unused sick, holiday and vacation days, and that his pension be frozen until he turned forty-five. According to plaintiff's Complaint, he was told that certain records had to be checked, paperwork needed to be prepared, and that the department would contact him so that he could sign any necessary documents.

n2 This factual allegation is not contained in plaintiff's Complaint; it is set forth in Plaintiff's Petition to Deny Defendant's Motion to Dismiss (Document No. 9, filed June 4, 2001). As plaintiff is proceeding pro se in this case, the Court holds plaintiff to less stringent pleading standards than formal pleadings drafted by attorneys.

[*3]

Plaintiff then asked his criminal trial counsel to contact the PFD to ensure that his pension benefits had been "frozen" and to collect cash compensation for his

Case 2:05-cv-00864-BMS    Document 2-11    Filed 07/09/2005    Page 2 of 4

Page 2
2001 U.S. Dist. LEXIS 12848, *; 26 Employee Benefits Cas. (BNA) 2522

unused sick, holiday and vacation days. Approximately one month later, plaintiff's criminal defense counsel informed him that he had received a check for approximately $ 10,000 dollars from the PFD as payment for his accrued wages. Plaintiff claims that his criminal counsel assured him at that time that his pension benefits would begin at age forty-five.

In April 1986, at the age of forty-five, plaintiff contacted the PFD to instruct the personnel department where he would like his pension benefits mailed and was informed by the PFD personnel officer that he had been fired and that no pension benefits were due. Plaintiff filed a Complaint in this Court on April 18, 2001, alleging claims under *42 U.S.C. § 1983*. Although plaintiff's Complaint does not set forth the specific legal theories or statutes on which his claims are based, plaintiff argues in his response to defendant's motion to dismiss that the PFD's refusal to pay his pension benefits constitutes a deprivation of property without due process [*4] of law in violation of the Fourteenth Amendment and a violation of the Employee Retirement Income Security Act ("ERISA"), *29 U.S.C. § 1001*, et seq. Named as defendants are Harold Hairston, Commissioner of the Philadelphia Fire Department, and Leotyne Freeman, Counselor of the Board of Pensions and Retirement.

Defendants filed a motion to dismiss on May 23, 2001, arguing that plaintiff's suit is untimely as the injury alleged in this case occurred in 1986. In the alternative, defendants assert that plaintiff has failed to allege any personal involvement on the part of either defendant in the alleged deprivation. For the reasons that follow, Defendant's Motion to Dismiss is granted.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the federal rules of civil procedure provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion in response to a pleading. *Fed. R. Civ. P. 12(b)(6)*. In considering a motion to dismiss under Rule 12(b)(6), a court must take all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. See *Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, 23 L. Ed. 2d 404 (1969)*. [*5] The court must only consider those facts alleged in the complaint in considering such a motion. See *ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994)*. A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)*.

Plaintiff is proceeding pro se in this case. The Court is mindful of the instruction that it should broadly construe normal pleading requirements when addressing pro se submissions. See *Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)* (holding pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").

## III. ANALYSIS

As discussed above, the PFD personnel officer informed plaintiff in April 1986 that the PFD took the position it did not owe Frazier any pension benefits or any other monies as he had been fired from his position at the department. Defendants argue that, accordingly, plaintiff had notice of the denial of benefits that give rise to this suit [*6] in 1986 and that the suit is barred on statute of limitations grounds. The Court agrees.

### A. Accrual of Plaintiff's Causes of Action

In the context of a claim brought pursuant to § 1983, plaintiff's "claim accrued when he knew or had reason to know of the injury that constitutes the basis of this action." *Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982)* (per curiam); see also *Ballas v. City of Reading, 2001 U.S. Dist. LEXIS 657, 2001 WL 73737*, at *8 (E.D. Pa. Jan. 25, 2001) ("Federal law governs the accrual of § 1983 claims. . . . Under federal law, 'the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action.'" (quoting *Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998)*)).

A cause of action to recover ERISA benefits accrues from the time that benefits are actually denied or at the time the plan beneficiary becomes aware that benefits will be denied under the plan. See *Henglein v. Colt Indus. Operating Corp., 260 F.3d 201, 2001 U.S. App. LEXIS 18077, 2001 WL 899624*, at *8 (3d Cir. 2001) ("Where there was an outright repudiation at [*7] the time the employees' services were terminated, it is reasonable to expect that the statute of limitations began to run at that point."); *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program, 222 F.3d 643, 649 (9th Cir. 2000)* ("We hold that under federal law, an ERISA cause of action accrues either at the time benefits are actually denied . . ., or when the insured has reason to know that the claim has been denied. . . .") (citations omitted); *Gluck v. Unisys Corp., 960 F.2d 1168 (3d Cir. 1992)*.

Plaintiff states in the Complaint that he was told in April 1986 the PFD took the position he had been fired and was therefore ineligible to receive any pension benefits. That was the date on which plaintiff became aware of the injury that constitutes the basis for this

Case 2:05-cv-01864-BMS    Document 2-11-2    Filed 07/09/2005    Page 3 of 4

Page 3

2001 U.S. Dist. LEXIS 12848, *; 26 Employee Benefits Cas. (BNA) 2522

action. The Court thus concludes that plaintiff's claims accrued in April 1986. The Court now turns to the statutes of limitations that are applicable to plaintiff's claims and, for the reasons set forth below, concludes plaintiff's suit is untimely.

### B. Deprivation of Property

Plaintiff brings suit under *42 U.S.C. § 1983*, claiming that [*8] the PFD's refusal to pay his pension benefits constitutes a deprivation of property without due process of law in violation of the Fourteenth Amendment. n3 As § 1983 does not contain a statute of limitations, it is well established that the federal courts must borrow the appropriate state statute of limitations in determining whether a suit brought under § 1983 is timely. See *Wilson v. Garcia, 471 U.S. 261, 275, 105 S. Ct. 1938, 1946-47, 85 L. Ed. 2d 254 (1985)* ("We conclude that the statute is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims."). In Pennsylvania, the statute of limitations applicable to § 1983 suits is the two-year statute of limitations for personal injury actions. See *42 Pa. Cons. Stat. Ann. § 5524*; see also *Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Ballas v. City of Reading, 2001 U.S. Dist. LEXIS 657, 2001 WL 73737*, at *8 (E.D. Pa. Jan. 25, 2001). Since plaintiff's cause of action accrued in 1986 and his suit was not filed until 2001, the Court concludes that plaintiff's claim alleging a deprivation of property without due process of law, [*9] brought under § 1983, is untimely and is therefore barred.

n3 *42 U.S.C. § 1983* provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

### C. ERISA Claim

Likewise, plaintiff's ERISA claims are untimely. ERISA contains statutes of limitations for certain types of claims; n4 it does not contain statutes of limitations for all types of ERISA-based claims. See generally *29 U.S.C. § 1132* (governing ERISA civil enforcement actions). Accordingly, as in the § 1983 context, federal courts "must look to the most closely analogous state statute of limitations." *Connors v. Consolidation Coal Co., 866 F.2d 599, 603 (3d Cir. 1989)*; [*10] see also *Gluck v. Unisys Corp., 960 F.2d 1168, 1179 (3d Cir. 1992)*.

n4 For example, ERISA contains the following statute of limitations for claims based on a breach of fiduciary duty:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of --
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach of violation . . . .

*29 U.S.C. § 1113*. Accordingly, to the extent that plaintiff's allegations provide a basis for a breach of fiduciary duty claim, such a claim is time-barred by ERISA's express terms.

The Third Circuit has explained [*11] which Pennsylvania statutes of limitations apply to different types of ERISA claims as follows:

> First, claims for delinquent employer contributions or for payments past due that are most analogous to claims under the Wage Payment and Collection Law are governed by its three-year limitation, and measured from the date the delinquent payment was due. Second, claims to recover benefits that were bargained for but have not yet become payable most closely resemble contract

Case 2:05-cv-00364-BMS Document 32-11-2 Filed 07/09/2005 Page 4 of 4

Page 4

2001 U.S. Dist. LEXIS 12848, *; 26 Employee Benefits Cas. (BNA) 2522

claims for anticipatory breach, and are governed by Pennsylvania's four-year statute of limitations measured from the time when a claimant first knows that the benefit has been infringed or removed. Third, other ERISA claims, such as those seeking to reinstate an improperly removed non-bargained-for benefit or to avoid a prohibited transaction, have no counterpart in Pennsylvania law and are thus governed by Pennsylvania's general six-year statute of limitations.

*Gluck, 960 F.2d at 1181.*

As plaintiff's claim with respect to his pension involves bargained-for benefits that became due many years ago, his claim based on the PFD's refusal to pay him any pension benefits does not fall squarely [*12] into any one of the Gluck categories. Based on the Gluck rationale, however, the Court concludes that the most closely analogous statute of limitations is the Pennsylvania four-year statute of limitations for contract claims. See *42 Pa. Cons. Stat. Ann. § 5525*. With respect to plaintiff's claim regarding back wages owed for accrued sick, holiday and vacation time, the three-year statute of limitations contained in the Pennsylvania Wage Payment and Collection Law, *43 Pa. Cons. Stat. Ann. § 260.9a(g)*, is the most closely analogous statute of limitations.

In this case, as discussed above, the PFD informed plaintiff in April 1986 that he was not entitled to receive pension benefits as he had been fired from the PFD and the PFD did not owe him any additional monies. Given the Court's determination that the applicable statutes of limitations for his ERISA-based claims are three and four years, the Court concludes that plaintiff's ERISA claims are untimely. The result would be the same even if the Court applied the longest of the limitations periods applicable to an ERISA claim, a six-year period.

Having concluded that all of plaintiff's potential claims are barred under the [*13] applicable Pennsylvania statutes of limitations, the Court declines to reach defendants' argument that plaintiff's claims should be dismissed due to plaintiff's failure to allege personal involvement in the alleged deprivation on the part of each defendant.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted and plaintiff's Complaint is dismissed with prejudice.

**BY THE COURT:**

**JAN E. DUBOIS, J.**