LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By:  William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased,<br><br>    Plaintiffs,<br><br>              v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al,<br><br>    Defendants. | C.A. No. 05-1814 |

<u>**NOTICE OF MOTION FOR SANCTIONS**</u>

TO:    Curtis J. Crowther, Esq.
       Young Conaway Startgatt & Taylor, LLP
       The Brandywine Building
       1000 West Street, 17th Floor
       Wilmington, DE 19899-0391

PLEASE TAKE NOTICE that Plaintiff, Martha J. Toy, by her attorney, William B. Hildebrand, Esq., hereby moves for an Order imposing Sanctions upon Defendants and Defendants' Counsel, Curtis J. Crowther, Esq. pursuant to F.R.Civ.P.30(d)(3), F.R.C.P. 30 (g)(1) and F.R.C.P. 37(a)(2)(B).

PLEASE TAKE FURTHER NOTICE that Plaintiff shall rely upon the Brief and

Affidavit of William B. Hildebrand, Esq. in support of this motion.

PLEASE TAKE FURTHER NOTICE that a proposed form of Order is submitted herewith. Oral Argument is not requested.


Dated:                                                     s/William B. Hildebrand
                                                           William B. Hildebrand

LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By: William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased,<br><br>      Plaintiffs,<br><br>                    v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al,<br><br>      Defendants. | C.A. No. 05-1814 |

**MOTION FOR SANCTIONS**

1. Plaintiff initiated this action on April 20, 2005 by filing a Complaint against the Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al. ("Defendants") seeking reimbursement of pension and medical benefits under ERISA.

2. Defendants filed a Motion to dismiss or transfer as their initial pleading. In that Motion, Defendants argued, *inter alia,* that venue in this Court was improper because Defendant's did not have any contacts with Pennsylvania. Plaintiff disagreed, and requested discovery on this issue.

3. On July 19, 2005, this Court entered an Order granting discovery on the jurisdictional issue raised in Defendants' Motion. The Order gave the parties until Friday,

August 26, 2005 to complete this discovery. The order also directed Defendants to respond to counsel's December, 2004 letter requesting detailed information regarding the location of participants, beneficiaries and contributing employers in Pennsylvania. A true and correct copy of this Order is attached, marked Exhibit "A".

4. Plaintiff subsequently served Defendant with detailed Interrogatories regarding the jurisdiction issue. In addition, Plaintiff scheduled the deposition of Defendants' Rule 30(b)(6) representative for Friday, August 19, 2005 in Wilmington Delaware. The purpose of deposition was to obtain all the information in Defendants' possession regarding their contacts and dealings with Pennsylvania. A copy of the deposition notice is attached, marked Exhibit "B".

5. The deposition was a disaster. The deponent was not prepared to answer any questions regarding the all important jurisdictional issues raised in Defendants Motion. The deponent admitted that relevant information and materials were "readily accessible at my office," but he made no effort to obtain them prior to the deposition. Furthermore, Counsel repeatedly instructed the witness not to answer relevant questions. As a direct result of Counsel's obstructionist tactics and the witness's lack of preparation, the deposition was essentially a waste of time. A true and correct copy of the deposition transcript is attached, marked Exhibit "C".

6. I re-noticed the Rule 30 (b)(6) representative's deposition for Friday, August 26, 2005. Mr. Crowther immediately sent me a letter objecting to this discovery. As a result, a telephone discovery conference was held between counsel and the Hon. Berle Schiller on

Monday, August 22, 2005. During the conference, Judge Schiller directed that the Rule 30 (b)(6) representative answer the questions that he refused to answer at his previous deposition. A copy of the Order compelling this discovery is attached, marked Exhibit "E".

7. F.R.Civ.P. 30 (d)(3) provides that if the Court finds that any impediment, dely or other conduct has frustrated the fair examination of the deponent it may impose upon the person responsible an appropriate sanction, including the reasonable cost of attorney's fees incurred by any party as a result thereof. In addition, F.R.Civ.P. 37(a)(2)(b) provides that if a deponent fails to answer a question propounded or submitted under Rule 30, the discovering party may move for an Order Compelling the answer and, if the motion is granted, the Court shall pay to the moving party the reasonable expenses incurred in making the motion including attorney's fees.

8. As noted above, Defendant's counsel's repeated instructions not to answer relevant questions impeded, delayed and otherwise frustrated the fair examination of Defendant's Rule 30 (b)(6) representative. As a result, the deponent repeatedly refused to answer appropriate questions requesting relevant information regarding Defendant's contacts and dealings with Pennsylvania.

For all these reasons, Plaintiff respectfully requests that she be reimbursed for the reasonable cost of taking the Rule 30 (b)(6) representative's first deposition.

                                        Respectfully submitted,

Dated:

                                    BY:__s/ William B. Hildebrand_____
                                          William B. Hildebrand

Law Offices of William B. Hildebrand L.L.C.
BY: William B. Hildebrand, Esq.
1040 North Kings Highway, Suite 601
Cherry Hill, NJ 08034-1922
Attorney for Plaintiff

| | |
|---|---|
| ARNOLD FELDMAN, ESQ., <br><br> Plaintiff <br><br> v. <br><br> THE LAW OFFICES OF WILLIAM B. HILDEBRAND, L.L.C., WILLIAM B. HILDEBRAND, ESQ., Individually and FELDMAN & HILDEBRAND <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY CAMDEN COUNTY <br><br> CIVIL ACTION <br><br> DOCKET NO.: C 74-05 <br><br> **ORDER RECONSIDERING AND VACATING AUGUST 23, 2005 ORDER** |

THIS MATTER having been brought before the Court by William B. Hildebrand, Esq., attorney for Defendants, seeking an Order Reconsidering and Vacating the Court's August 23, 2005 Order directing Defendants to provide Plaintiff with an accounting, and the Court having reviewed the documents and materials submitted in support thereof and in Opposition thereto, including the certifications and arguments of counsel, good cause having been shown therefor,

IT IS this _____ day of _____ , 2005 ORDERED that Defendant's Motion is GRANTED and Paragraphs 4 and 6 of this Court's August 23, 2005 Order are hereby VACATED.

SO ORDERED:


Dated:                                                                                      _____
                                                                                                                                        J.

LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By:  William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased,<br><br>    Plaintiffs,<br><br>                    v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al,<br><br>    Defendants. | C.A. No. 05-1814 |

**AFFIDAVIT OF COUNSEL**

STATE OF NEW JERSEY         :
                            : ss.
COUNTY OF CAMDEN            :

WILLIAM B. HILDEBRAND, of full age,  hereby deposes and says:

1.  I am an attorney at law of the Commonwealth of Pennsylvania and counsel for Plaintiff, Martha Jane Toy, in this case.  As such, I have personal knowledge of the facts stated herein and make this Affidavit in support of Plaintiff's Motion for Sanctions.

2. Plaintiff initiated this action on April 20, 2005 by filing a Complaint against the Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al.  ("Defendants") seeking

reimbursement of pension and medical benefits under ERISA.

3. Subsequently the Defendant's filed a Motion to dismiss or transfer as their initial pleading. In that Motion, Defendants argued, *inter alia,* that venue in this Court was improper because Defendant's did not have any contacts with Pennsylvania. Plaintiff disagreed, and requested discovery on the jurisdiction issue.

4. On July 19, 2005, this Court entered an Order granting discovery on the jurisdictional issue raised in Defendants' Motion. The Order gave the parties until Friday, August 26, 2005 to complete this discovery. The order also directed Defendants to respond to counsel's December, 2004 letter requesting detailed information regarding the location of participants, beneficiaries and contributing employers in Pennsylvania. A true and correct copy of this Order is attached, marked Exhibit "A".

5. Plaintiff subsequently served Defendant with detailed Interrogatories regarding the jurisdiction issue. In addition, Plaintiff scheduled the deposition of Defendants' Rule 30(b)(6) representative for Friday, August 19, 2005 in Wilmington Delaware. The purpose of deposition was to obtain all the information in Defendants' possession regarding their contacts and dealings with Pennsylvania. A copy of the deposition notice is attached, marked Exhibit "B".

6. The deposition turned out to be a disaster. The deponent was not prepared to answer any questions regarding the all important jurisdictional issues raised in Defendants Motion. The deponent admitted that relevant information was "readily accessible at my office," but he made no effort to obtain it prior to the deposition. Furthermore, Counsel

repeatedly instructed the witness not to answer relevant questions. As a direct result of Counsel's obstructionist tactics and the witness's lack of preparation, the deposition was essentially a waste of time. A true and correct copy of the deposition transcript is attached, marked Exhibit "C".

7. I re-noticed the Rule 30 (b)(6) representative's deposition for Friday, August 26, 2005. Mr. Crowther immediately sent me a letter objecting to this discovery, a copy of which is attached as Exhibit "D". As a result, a telephone discovery conference was held between counsel and the Judge Berle Schiller on Monday, August 22, 2005. During the conference, Judge Schiller directed that the Rule 30 (b)(6) representative answer the questions that he refused to answer at his previous deposition. A copy of the Order compelling this discovery is attached, marked Exhibit "E".

8. I spent a total of 3.7 hours traveling and returning from Wilmington Delaware and attending the Rule 30(b)(6) deposition. In addition, I spent 1.3 hours preparing this Motion. Plaintiff is paying for my services on an hourly basis at the rate of $225.00/hour. The transcript cost $ 539.25. A copy of the bill is attached, marked Exhibit "F". Accordingly, Plaintiff is requesting that Defendants pay a total of $1,664.25, reimbursing her for the time and expense of the deposition and preparing this motion.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

Sworn to and subscribed  
before me this        day  
of              , 2005.                          ___s/ William Hildebrand_____  
_____                        WILLIAM B. HILDEBRAND

LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By:  William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased, <br><br> Plaintiffs, <br><br>               v. <br><br> Plumbers & Pipefitters Local Union No. 74 Pension Plan, Trustees of Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Administrators of Pension and Welfare Plans, Trustees of Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan Administrator of Pension & Welfare Plans, Insurance Plans, and Health and Welfare Benefit Plan, <br><br> Defendants. | C.A. No. 05-1814 |

_____
### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS
_____

                                                Law Offices of William B. Hildebrand L.L.C.
                                                1040 Kings Highway North
                                                Suite 601
                                                Cherry Hill, NJ 08034
                                                856-482-7100
                                                Attorneys for Plaintiff

On the Brief:
William B. Hildebrand

**TABLE OF CONTENTS**

                                                            **Page**
INTRODUCTION..........................................................................1
LEGAL ARGUMENT....................................................................2
CONCLUSION............................................................................4

**TABLE OF AUTHORITIES**

                                                            **Page**
<u>Cine Forty-Second Street Theater Corp.</u> v.
<u>Allied Pictures Corp.</u>, 602 F. 2d 1066 (2d Cir. 1979)...............................2, 3

## **INTRODUCTION**

      This case involves a claim for unpaid pension and medical insurance benefits under Employee Pension and Health & Welfare Plans.  On July 5, 2005, Defendants filed a motion to dismiss the action for failure to state a claim.  Defendants also sought to dismiss the case for improper venue, contending that the Defendant ERISA plans do not have any contact or dealings with Pennsylvania.  Plaintiff opposed the motion and requested discovery on the jurisdiction issue.

      On July 19, 2005, this Court entered an Order denying Defendants' motion without prejudice.  The Court granted Plaintiff's request to conduct limited discovery on the jurisdiction issue, directing that such discovery be completed by August 26, 2005.  (See Order, Exhibit "A")

      Plaintiff subsequently served Defendant with detailed Interrogatories regarding the jurisdiction issue.  In addition, Plaintiff scheduled the deposition of a Rule 30(b)(6) representative for Friday, August 19, 2005 in Wilmington Delaware.  The purpose of the deposition was to obtain all information in Defendants' possession regarding the Plans' contacts and dealings with Pennsylvania. (See Deposition Notice, Exhibit "B").

      The deposition turned out to be a disaster.  The deponent was not prepared to answer any questions regarding the jurisdiction issues raised in Defendant's Motion and produced none of the requested materials.  The deponent admitted that relevant information and materials were  "readily accessible" at his office, but that he had made no effort to obtain them prior to the deposition.  Furthermore, counsel repeatedly directed the witness not to

answer relevant questions. As a result, the deposition was a waste of time.

Plaintiff renoticed the Rule 30(b)(6) representation for Friday, August 26, 2005. Defendants' attorney immediately sent a letter, attempting to cancel the deposition. (See letter, Exhibit "D") This prompted a telephone discovery conference between all counsel and Judge Berle Schiller. As a result, Judge Schiller entered an Order permitting Plaintiff to depose a Rule 30(b)(6) representative on Monday, August 29, 2005 at 9:00 a.m. at Defendants' counsel's office. (See Order, Exhibit "E") As a result of Defendant's obstructionist tactics, Plaintiff was forced to incur the time and expense of conducting two (2) Rule 30(b)(6) depositions rather than one (1). Accordingly, Defendant should be ordered to reimburse her for the cost of the first (wasted) deposition.

## **LEGAL ARGUMENT**

Rule 37 of the Federal Rules of Civil Procedure addresses the consequences of a party's failure to cooperate during discovery. This rule authorizes the imposition of sanctions, including attorney's fees and costs, for certain discovery abuses.

Rule 37 provides a spectrum of sanctions. The mildest is an Order to reimburse the opposing party for the expenses caused by the failure to cooperate. More stringent are orders striking portions of the pleadings, prohibiting the introduction of evidence on particular points and deeming disputed issues determined adversely to the disobedient party. Harsherest of all are orders of dismissal and default judgment. Cine Forty-Second Street Theater Corp. v. Allied Pictures Corp., 602 F. 2d 1066 (2d Cir. 1979).

The Court has broad digression in determining appropriate Rule 37 sanctions. "In

view of the fact that trial court has first hand familiarity of all of the pertinent circumstances of the particular case, the decision of whether to impose sanctions, and the particular type of sanctions are matters generally entrusted to the trial court's broad discretion." 7 Moore's Federal Practice § 37.50 [1] [b] (3d. ed. 2005).

Rule 37" places the burden on the disobedient party to avoid expenses [including attorney's fee] by showing his failure is justified or that special circumstances make an award unjust." 1970 advisory committee notes to Rule 37). Thus, "expenses should ordinarily be awarded unless the court finds that the losing party acted justifiably in carrying his point to court" 1970 Advisory Committee Notes to Rule 37(a)(4).

Here, Defendant's counsel obstructionist tactics forced Plaintiff's counsel to travel to Wilmington Delaware to depose an unprepared corporate representative. Then Plaintiff's attorney was forced to participate in two (2) telephone discovery conferences with the Court in a continuing effort to obtain this discovery. Finally, relevant discovery was obtained during the second deposition on Monday, August 29, 2005.

Defendant's obstructionist tactics forced Plaintiff's attorney to conduct two (2) depositions when only one (1) deposition was necessary. For all these reasons, Plaintiff respectfully requests that this Court enter an order compelling defendant's to reimburse Plaintiff for the cost of the first (wasted) deposition.

## CONCLUSION

For all these reasons, Plaintiff, Martha Toy, respectfully request that her Motion for Sanctions be granted.

Dated:                                                          _s/ William B. Hildebrand_____
                                                                William B. Hildebrand

## CERTIFICATE OF SERVICE

I hereby certify that on the _14th_ day of September 2005, I served a copy of the foregoing motion upon the following person(s) by:

_____        Hand delivery;

  X          U.S. Mail (First Class/Postage Prepaid) and Electronically Filed with the Court

_____U.S. Mail (Certified/Return Receipt Requested)

TO:  Curtis J. Crowther, Esq.
     Young, Conaway, Stargatt & Taylor, LLP
     The Brandywine Building
     1000 West Street, 17th Floor
     Wilmington, DE 19801

                                                                _s/ William B. Hildebrand_____
                                                                William B. Hildebrand