LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By:  William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased,<br><br>    Plaintiffs,<br><br>             v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al,<br><br>    Defendants. | C.A. No. 05-1814 |

## AFFIDAVIT OF COUNSEL

STATE OF NEW JERSEY          :
                             : ss.
COUNTY OF CAMDEN             :

   WILLIAM B. HILDEBRAND, of full age, hereby deposes and says:

   1.  I am an attorney at law of the Commonwealth of Pennsylvania and counsel for Plaintiff, Martha Jane Toy, in this case.  As such, I have personal knowledge of the facts stated herein and make this Affidavit in support of Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss.

   2.  Attached as Exhibit "A" are true and correct copies of Court Orders previously

entered in this case.

    3. Attached as Exhibit "B" are Defendants Answers to Plaintiff's Interrogatories in this case.

    4. Attached as Exhibit "C" are true and correct copies of correspondence between Richard Sigmond, Esq. and John Stull, Esq., regarding the claims asserted in this case.

    5. Attached as Exhibits "D" and "E" are copies of the deposition of Scott Ernsberger taken on August 19, and 29, 2005, respectively.

                                        _s/ William B. Hildebrand_____
                                        WILLIAM B. HILDEBRAND

Sworn to and subscribed
before me this      day
of            , 2005.
_____

LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By:  William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al, <br><br> Defendants. | C.A. No. 05-1814 |

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS**

AND NOW, this _____ day of _____, 2005, upon due consideration of

Defendants' Motion to Dismiss it is hereby ORDERED that Defendant's motion is DENIED.

                                      BY THE COURT:

_____
                                      Berle M. Schiller, J.

LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By: William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> Plumbers & Pipefitters Local Union No. 74 Pension Plan, Trustees of Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Administrators of Pension and Welfare Plans, Trustees of Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan Administrator of Pension & Welfare Plans, Insurance Plans, and Health and Welfare Benefit Plan, <br><br> Defendants. | C.A. No. 05-1814 |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

                                      Law Offices of William B. Hildebrand L.L.C.
                                      1040 Kings Highway North
                                      Suite 601
                                      Cherry Hill, NJ 08034
                                      856-482-7100
                                      Attorneys for Plaintiff

On the Brief:
William B. Hildebrand

# TABLE OF CONTENTS

                                                                                                               **Page**

TABLE OF AUTHORITIES..................................................................iii  
PRELIMINARY STATEMENT.........................................................1  
LEGAL ARGUMENT.......................................................................4

    I.     VENUE IS APPROPRIATE IN THIS DISTRICT............4

    II.    THE OTHER DEFENDANTS SHOULD NOT  
           BE DISMISSED..................................................................10

CONCLUSION....................................................................................10

# TABLE OF AUTHORITIES

**Page**

*Cap v. Local 897 Labor-Management Health Fund,*
1986 U.S. Dist. LEXIS 18531 (E.D. Pa. 1986)......................................6

*Carteret Sav. Bank, F.A. v. Shushan,* 954 F.2d
141, 142 & n.1 (3d Cir. 1992)..................................................4

*Hanson v. Denckla,* 357 U.S. 462, 474, 105 S.Ct. 2174,
2184, 85 L.Ed. 2d 5228 (1985)..................................................6

*International Shoe v. Washington,* 326 U.S. 310, 90
L.Ed. 95, 66 S. Ct. 154 (1945)..................................................5

*Moore v. The St. Paul Companies, Inc.,* 1995 U.S. Dist.
LEXIS 177 at *11 (D.N.J. 1995)..............................................6, 7

*Myers v. American Dental Association,*
695 F.2d 716, 724 (3d Cir. 1982)...............................................4

*Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 368
(3d Cir. 2002)..................................................................4

*Turner v. CF&I Steel Corp.,* 510 F.Supp. 537, 542
(E.D. Pa. 1981)................................................................5

*Turner v. CF&I Steel Co.,* 510 F.Supp. 538, 542
(E.D. Pa. 1981)...............................................................5, 6

*Varsic v. U.S. District Court,* 607 F.2d 245, 248-49
(9th Cir. 1979)................................................................5

*Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88,
103 (2d Cir. 2000).............................................................4

## RULES AND REGULATIONS

**Page**

28 *U.S.C.* § 1406...............................................................9

29 *U.S.C.* § 1132(e)(2).......................................................4, 5

29 *U.S.C.* § 1001(b)...........................................................5

**PRELIMINARY STATEMENT**

This case involves a claim for unpaid pension, medical and life insurance benefits under the Plumbers & Pipefitters Local Union No. 74 Pension Plan ("Pension Plan") and the Plumbers & Pipefitters Local Union No. 74 Welfare Plan ("Welfare Plan") (collectively, "the Defendant Plans"). Pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. Section 1331, this Court has exclusive jurisdiction to adjudicate this dispute.

On July 5, 2005, Defendants filed a Motion to Dismiss or Transfer as their initial pleading. In the Motion, Defendants contended that the applicable statute of limitations barred Plaintiff's claims, and also sought to dismiss the case for improper venue or, in the alternative, to transfer the case to the District of Delaware for further proceedings. Plaintiff opposed the Motion, contending that her claims were timely, and that the Defendant Plans had sufficient "minimum contacts" to support venue in this District, and requested limited discovery on this issue.

On July 19, 2005, this Court entered an Order denying Defendants' Motion without prejudice and giving the parties until August 26, 2005 to conduct limited discovery on the "minimum contacts" issue raised by Defendants' motion. The Order also directed Defendants to reply to the discovery requests in the letter attached to Plaintiff's response (requesting detailed information the nature of Defendant's contacts with Pennsylvania), and directed them to re-file their motion no later than September 2, 2005.

Thereafter, Defendants engaged in a concerted effort to deny Plaintiff any

information regarding the nature of their contacts with Pennsylvania. On August 19, 2005, Defendants' designated Rule 30(b)(6) representative was deposed at the offices of Defendants' counsel in Wilmington, Delaware. Defendants' representative showed up totally unprepared to answer any questions regarding this nature of Defendants' contacts with Pennsylvania. He reviewed no relevant documents, and refused to answer pertinent questions regarding the nature of the Defendant Plans' contacts with Pennsylvania. This prompted two (2) telephone discovery conferences with the Court, resulting in two (2) discovery Orders directing Defendants to provide Plaintiff with the requested information. In order to give the parties time to complete this discovery, the deadline for refiling Defendants' Motion to Dismiss was extended to September 9, 2005.

On August 25, 2005, Defendants served Answers to Plaintiff's First Set of Interrogatories. The Answers revealed the following:

1. Of the 130 employers who contribute to the Defendant Plans, 48 are located in Pennsylvania ("the Pennsylvania employers"). Since 1997, the Pennsylvania employers have contributed $5,642,037.92 to the Pension Plan and $5,895,298.49 to the Welfare Plan. (See Defendants' Answer to Plaintiff's Interrogatory No. 3, & Exhibits A, B, & C).

2. During the past five (5) years, the Pension Plan has paid a total of $767,754.10 in pension benefits to Pennsylvania residents. (See Defendants' Answer to Plaintiff's Interrogatory No. 4 & Exhibit F).

3. Since 1997, the Defendant Plans have paid $46,276.97 in medical benefits to 88 healthcare providers in Pennsylvania. (See Defendants' Answer to Plaintiffs' Interrogatory

No. 7 & Exhibit I).

4. During the past three years, the Welfare Plan has paid over $8 million of claims to Pennsylvania residents. (See Defendants' Answer to Interrogatory No. 5 & Exhibit H). In addition, the Welfare Plan paid over $1.4 million dollars to Pennsylvania pharmacies during this same period. (See Defendants' Answer to Interrogatory No. 7 & Exhibit J).

5. Since 1997, the Defendant Plans paid Jennings Sigmond (a Philadelphia Law Firm) over $350,000.00 in legal fees. (See Defendants' Answer to Interrogatory No. 8 & Exhibit L). In addition, they paid over $400,000.00 to Pennsylvania actuarial firms during the same period. (See Defendants' Answer to Interrogatory No. 8 & Exhibit M).

6. Critical legal work and correspondence regarding Plaintiff's claim was performed and prepared by Richard B. Sigmond, Esquire, a Pennsylvania attorney who is not licensed to practice and has no law offices in Delaware.

On September 9, 2005, Defendant filed a second Motion to Dismiss. Unlike the first Motion, this Motion did not seek to dismiss the case for failure to state a claim under F.R.Civ.P. 12(b)(6). Rather, the motion seeks to dismiss the case for improper venue, and seeks to dismiss the case against certain alleged non-existent defendants and the individual trustees for lack of jurisdiction. The jurisdictional issues were not raised in Defendants' previous motion, and therefore were not subject to the limited discovery authorized by this Court's July 19, August 23, or August 24, 2005 Orders.

Defendants' interrogatory answers confirm that during the past several years, the Defendant Plans have had literally millions of contacts with Pennsylvania. These contacts

are both "continuous" and "substantial".  For these and the other reasons stated herein, Defendants' Motion to Dismiss should be denied.

## LEGAL ARGUMENT

     I.     VENUE IS APPROPRIATE IN THE DISTRICT.

Motions to dismiss for lack of personal jurisdiction or improper venue generally require the Court to accept as true the allegations of the pleadings. *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 368 (3d Cir. 2002); *Myers v. American Dental Association,* 695 F.2d 716, 724 (3d Cir. 1982).  Whatever the nature of the parties' submissions, the court is bound to view the facts in the light most favorable to the plaintiff. *Carteret Sav. Bank, F.A. v. Shushan,* 954 F.2d 141, 142 & n.1 (3d Cir. 1992); *Myers, supra,* 695 F.2d at 724. Defendant bears the burden of demonstrating that venue is improper. *Myers, supra,* 695 F.2d at 724.  The choice of a forum other than the one in which Plaintiff resides does not nullify the deference this choice should be accorded.  See *Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 103 (2d Cir. 2000), cert. denied, __U.S.__, 121 S.Ct. 1402, 149 L.Ed.2d 345 (2001).

Venue in ERISA cases is governed by 29 *U.S.C.* § 1132(e)(2).  This statute provides that an action may be brought [1] in the district where the plan is administered, [2] where the breach took place, or [3] where a defendant resides or may be found.  A defendant "may be found" in a district if its contacts with the district are sufficient to support personal jurisdiction under the minimum contacts analysis of *International Shoe v. Washington,* 326 U.S. 310, 90 L.Ed. 95, 66 S. Ct. 154 (1945). *Varsic v. U.S. District Court,* 607 F.2d 245,

248-49 (9th Cir. 1979); *Turner v. CF&I Steel Corp.,* 510 F.Supp. 537, 542 (E.D. Pa. 1981).

These venue provisions are intended to be interpreted broadly. ERISA's underlying policy is "to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries ... by providing for appropriate remedies, sanctions and ready access to the Federal Courts." 29 *U.S.C. §* 1001(b).

The Committee on Education and Labor of the House of Representatives, reporting on the ERISA draft legislation stated:

> The enforcement provisions have been designed specifically to provide both the Secretary and participants and beneficiaries with broad remedies for redressing or preventing violations of the Act. *The intent of the Committee is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdiction and procedural obstacles* which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants. For actions in Federal Courts, nationwide service of process is provided in order to remove a possible procedural obstacle to having all proper parties before the Court ..."

H.R. Rep. No. 93-533, 93rd Cong., 1st Sess. 17 (1973), reprinted in 1974 U.S. Code Cong. & Admin. News p. 4655 (emphasis added).

Therefore, "the issue of venue must be approached with the broad Congressional policy favoring free access to federal courts in mind." *Turner v. CF&I Steel Co.,* 510 F.Supp. 538, 542 (E.D. Pa. 1981). See also, *Moore v. The St. Paul Companies, Inc.,* 1995 U.S. Dist. LEXIS 177 at *11 (D.N.J. 1995) (noting that Congress "clearly struck the balance in favor of liberal venue."

Generally, a defendant establishes minimum contacts with a forum by purposefully

availing itself of the privilege of conducting activities there, thus invoking the benefits and protections of its laws. *Hanson v. Denckla,* 357 U.S. 462, 474, 105 S.Ct. 2174, 2184, 85 L.Ed. 2d 5228 (1985). Several courts have had an opportunity to apply these principles in the context of an ERISA benefits case. For example, *Cap v. Local 897 Labor-Management Health Fund,* 1986 U.S. Dist. LEXIS 18531 (E.D. Pa. 1986) involved a suit under ERISA seeking to compel a labor-management health fund to pay certain hospital bills. In response, Defendants filed a motion to dismiss for improper venue. The court determined that the controlling issue was whether defendants had sufficient minimum contacts with the district to support personal jurisdiction, and permitted the parties to engage in limited discovery regarding this issue. The discovery revealed that defendants regularly received money from businesses and paid benefits to pensioners in the Eastern District of Pennsylvania, and negotiated with health care providers for covered medical care in this district. Although these contacts involved only a small part of defendant's normal operations, the court determined they were sufficient to support personal jurisdiction (and therefore venue) in the district:

> "[T]he particular type of contact at issue can be anticipated to occur, although on an irregular basis. Therefore, permitting defendants to be sued in this district ... does no violence to the probable expectations of the parties."

*Id.,* at *3.

A similar result was reached in *Moore, supra.* In that case, the plaintiff (a New York resident) sued a Minnesota insurance company with principal offices in St. Paul, Minnesota. The Court determined that venue in New Jersey was appropriate based on the fact that over

four hundred New Jersey employees were enrolled in the subject ERISA plan. Therefore, the Plan received contributions from, and made payments to Seaboard and its employees in New Jersey.

> "The court finds that these contacts were purposeful, continuous and systematic. They were sufficient to put St. Paul and the Plan on notice that they might be sued here. Other courts, on similar facts, have come to the same conclusion. The leading case, *Varsic v. U.S. District Court,* 607 *F.2d 245* (9th Cir. 1979), held that the decision 'to undertake the fiduciary duty of receiving contributions and making payments based on work performed [within a jurisdiction] is sufficient to support in personam jurisdiction in that forum.' ... Varsic noted that an ERISA plan purposefully places itself in a fiduciary capacity with regard to its beneficiaries within a particular forum and must anticipate being sued there. ... Other courts have adopted Varisc's reasoning to hold that the presence of beneficiaries within a forum will, by itself, support a finding of personal jurisdiction over an ERISA plan."
>
> *Id.,* at *13-*14 (citations omitted).

Defendants' reliance on the fact that the Funds are administered in Delaware, where they have offices, meetings and records, and where Plaintiff resides, therefore misses the point. The key issue is whether Defendants receive any contributions from employers or pay any benefits to employees who reside in this district. Defendants' Interrogatory Answers reveal that they do. Of the 130 employers who contribute to the Defendant Plans, 48 are located in Pennsylvania. Since 1997, these Pennsylvania employers have contributed $5,642,037.92 to the Pension Plan and $5,895,298.49 to the Welfare Plan. (See Defendants' Answer to Plaintiff's Interrogatory No. 3, & Exhibits A, B, & C).

During the past five (5) years, the Pension Plan has paid a total of $767,754.10 in pension benefits to Pennsylvania residents. (See Defendants' Answer to Plaintiff's

Interrogatory No. 4 & Exhibit F).  Since 1997, the Defendant Plans have paid $46,276.97 in medical benefits to 88 healthcare providers in Pennsylvania.  (See Defendants' Answer to Plaintiffs' Interrogatory No. 7 & Exhibit I).

During the past three years, the Welfare Plan has paid over $8 million of claims to Pennsylvania residents.  (See Defendants' Answer to Interrogatory No. 5 & Exhibit H).  In addition, the Welfare Plan paid over $1.4 million dollars to Pennsylvania pharmacies during this same period.  (See Defendants' Answer to Interrogatory No. 7 & Exhibit J).

Since 1997, the Defendant Plans paid Jennings Sigmond (a Philadelphia Law Firm) over $350,000.00 in legal fees.  (See Defendants' Answer to Interrogatory No. 8 & Exhibit L).  In addition, they paid over $400,000.00 to Pennsylvania actuarial firms during the same period.  (See Defendants' Answer to Interrogatory No. 8 & Exhibit M).

Critical legal work and correspondence regarding Plaintiff's claim was performed and prepared by Richard B. Sigmond, Esquire, a Pennsylvania attorney who is not licensed to practice and has no law offices in Delaware.  For example, on July 1, 2002, Mr. Sigmond wrote to Plaintiff's attorney, John M. Stull, Esq., advising that his March 15, 2002 letter to the Pension Plan regarding Mr. Toy's claim for disability benefits "has been referred to me for reply."  On November 25, 2003, Mr. Sigmond advised Mr. Stull that the Trustees asked him "to respond as counsel" to his October 9, 2003 correspondence regarding Mr. Toy's benefits claim.  This evidence demonstrates that the Defendant Plans' contacts with Pennsylvania were clearly "continuous" and "substantial".

Defendants claim that the fact that the Defendant Plans received over $11 million

from Pennsylvania employers is irrelevant, because all of the contributions were "for work performed exclusively in Delaware." (Defendant's Brief, p. 17). However, nowhere is there any record evidence supporting this assertion. This information is absent from Scott Ernsberger's affidavit, who in any event, cannot have personal knowledge of where the work was performed.

Next, Defendants claim that the fact that the Funds have substantial assets in Pennsylvania bank accounts is irrelevant, because the accounts are managed by the GEMGroup. However, Mr. Ernsberger likewise notes that the accounts are maintained "in the name of the Funds" and funded from money in the Plans' operating and/or collection accounts, which is then used to pay benefits to the Plans' Pennsylvania beneficiaries.

The Defendant Plans' contacts with Pennsylvania are clearly sufficient to support venue in this District. If, for any reason, this Court disagrees, the case should not be dismissed but rather, transferred to the District of Delaware pursuant to 28 *U.S.C.* § 1406.

II. <u>THE OTHER DEFENDANTS SHOULD NOT BE DISMISSED</u>.

In addition to the Defendant Plans, Plaintiff sued the Trustees of the Defendant Plans. Defendants seek to dismiss these individuals for lack of jurisdiction, because they allegedly all reside in Delaware. (See Ernsberger Aff., para. 7). Residence, however, is only one of several contacts an individual may have with a forum. Because the issue of jurisdiction over the individual defendants was not raised in Defendants' first Motion, it has not been the subject of any discovery. Therefore, Defendants' motion is premature, until Plaintiff has had

an opportunity to conduct discovery on this issue.

Obviously, Plaintiff has no desire to sue non-existent or improper parties. However, unless and until Defendants concede that the Defendant Plans are the proper defendants in this case, Defendants motion to dismiss the other (allegedly nonexistent) entities would be premature as well. Whether or not Plaintiff sued the proper parties would more appropriately be a subject for summary judgment, not a motion to dismiss.

## **CONCLUSION**

For all these reasons, Plaintiff respectfully requests that Defendants' Motion be Denied.

Respectfully submitted,


Dated:                                             _s/ William B Hildebrand_____
                                                   William B. Hildebrand____