# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-cv-1814 |
| Plumbers & Pipefitters Local Union No. 74 Pension Plan, | ) | |
| Trustees of Plumbers & Pipefitters Local Union No. 74 | ) | |
| Pension Plan, Health and Welfare Plan, Local 74, Welfare | ) | |
| Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit | ) | |
| Plan, Life Insurance Plan, Local 74, Insurance Plan, | ) | |
| Administrators of Pension and Welfare Plans, Trustees of | ) | |
| Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan | ) | |
| Administrator of Pension & Welfare Plans, Insurance Plans, | ) | |
| and Health and Welfare Benefit Plan, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION FOR LEAVE TO FILE A REPLY BRIEF

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Timothy J. Snyder, Esquire (No. 35059)
Curtis J. Crowther, Esquire (No. 73122)
D. Fon Muttamara-Walker, Esq. (ADMITTED PRO HAC VICE)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

CO COUNSEL:
JENNINGS SIGMOND, P.C.
Richard B. Sigmond, Esq. (No. 02574)
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683

Dated: September 20, 2005    Counsel for Defendants

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS ................................................................................................................. III

INTRODUCTION ......................................................................................................................... 4

ARGUMENT ............................................................................................................................... 5

   Claimed Lack of Discovery ...................................................................................................... 5

   Factual Assertions and Legal Argument Meriting Reply ........................................................ 8

CONCLUSION .......................................................................................................................... 12

# TABLE OF CITATIONS

Page

**Rules**
Fed. R. Civ. P. 30 ......................................................................................................................... 6

# INTRODUCTION

Defendants Plumbers & Pipefitters Local Union No. 74 Pension Plan, *et al*., by and through their undersigned attorneys, hereby move the Court for leave to file a reply in support of Defendants' Motion to Dismiss the Complaint against the Non-Existent Defendants, for Improper Venue, and for Lack of Personal Jurisdiction ("Motion to Dismiss"). On September 16, 2005, Plaintiff filed an answering brief in opposition of Defendants' Motion to Dismiss. Defendants seek leave from this Honorable Court to file a reply brief because a number of Plaintiff's arguments in her answering brief are predicated on incorrect or misleading facts or are contrary to existing law. Accordingly, without an opportunity to correct the record, the Court might unnecessarily consider such "facts" or argument in reaching its decision. Defendants respectfully submit this brief in support of their motion for leave to file a reply brief.[1]

---

[1] Defendants attempted to contact Mr. William Hildebrand, Esquire, Plaintiff's counsel of record, to ascertain whether Plaintiff would agree to Defendants filing a reply brief via e-mail sent on Monday, September 19, 2005. To date, Mr. Hildebrand has not responded to the e-mail.

4

# ARGUMENT

In her answering brief, Plaintiff asserts certain "facts" as a basis for her arguments in opposition of Defendants' Motion to Dismiss. Some of the facts asserted are either misstated, mischaracterized or simply false. Plaintiff omits other facts in their entirety that would contradict her arguments or the factual basis therefore.

## Claimed Lack of Discovery

Plaintiff states, with regard to the 30(b)(6) deposition that "Defendants' representative showed up totally unprepared to answer any questions regarding this [sic] nature of Defendants' contacts with Pennsylvania. He reviewed no relevant documents, and refused to answer pertinent questions regarding the nature of the Defendant Plans' contacts with Pennsylvania." (Pl.'s Br. in Opp'n of Defs.' Mot. to Dismiss at 2.) However, what Plaintiff fails to tell the Court is the fact that Defendants, ten (10) days prior to the deposition, served a detailed objection to the 30(b)(6) Notice objecting to the deficiencies in Plaintiff's Deposition Notice and the topics listed for the deposition; providing a topic by topic account of the basis for Defendants' objections to those topics. (Attached hereto as Exhibit A.) Defendants' primary objections to the 30(b)(6) Deposition Notice and topics for the deposition were that Plaintiff provided no time period/limit and that such a scope was overly broad, unduly burdensome and, in essence, impossible to testify about. Additionally, Plaintiff noticed the 30(b)(6) deposition with topics that were beyond the scope of the Court's Order of July 19, 2005 ("July 19 Order") limiting discovery to the issue of jurisdiction.

Even though he was aware of the objections more than a week and a half prior to the scheduled 30(b)(6) deposition, Plaintiff's counsel failed to even attempt to limit the scope of the 30(b)(6) Notice of Deposition topics for the deposition <u>until</u> the actual deposition. The following colloquy occurred:

> MR. HILDEBRAND: And, counsel, the reason why I'm being deprived of [the information related to the check registers in GEMGroup's office] is?
>
> MR. CROWTHER: I wouldn't say deprived, counsel. I would suggest to you that when a defendant responds to your 30(b)(6) notice with objections saying that it's A, vague, and, B, has no time period, that it's incumbent upon you to limit that scope so that can be ascertained. It's not our obligation to limit your own discovery request. We responded with an objection.
> …
> MR. HILDEBRAND: …At this point I would be willing to limit it to the last three or four years, or to whatever extent he has the information…

(Deposition Transcript of Scott Ernsberger dated August 19, 2005 at 42:25-43:18, attached hereto as Exhibit B.) Defendants' 30(b)(6) witness could not, under the circumstances presented by Plaintiff, review materials relating to the Defendants from the inception date of the Plans and testify regarding same. The Plumbers & Pipefitters Local Union No. 74 Pension Plan ("Pension Plan") has been in existence since December 1958 and the Plumbers & Pipefitters Local Union No. 74 Welfare Plan ("Welfare Plan") has been in existence since December 1989. (Defs.' Objections and Respons. to Pl.'s First Set of Interrogs. at 5.) Similarly, the witness was unable to testify competently to the newly-announced time period at that time.

Plaintiff also alleges that "Defendants engaged in a concerted effort to deny Plaintiff any information regarding the nature of their contacts with Pennsylvania", (Pl.'s Br. in Opp'n of Defs.' Mot. to Dismiss at 1), but does not, other than citing the first 30(b)(6) deposition, cite to any other instance where Defendants did not provide information, within the scope of Your Honor's Orders, that was being sought by Plaintiff. During the subsequent 30(b)(6) deposition set by Your Honor's Orders of August 23, 2005 ("August 23 Order") and August 24, 2005 ("August 24 Order"), Mr. Hildebrand, counsel of record for Plaintiff, claims he was frustrated when questions he asked the witness were objected to, and the witness was

6

directed not to answer.  The basis for the objections were within the purview of Fed. R. Civ. P.

30 since the questions Mr. Hildebrand was asking were not only outside of the scope of the July

19 Order (jurisdiction), but were also outside of the three topics this Court expressly permitted

re-deposition of a 30(b)(6) witness on as set forth in both the August 23 Order and the August 24

Order.

    As an example, when an objection was made and the witness was instructed not to

answer a question based on the fact that the question was outside of the scope of the July 19

Order, the August 23 Order and the August 24 letter, the following transpired:

> MR. HILDEBRAND:  I think that's a perfectly legitimate
> question…And it's not my understanding that this deposition is
> necessarily restricted to those three topics in Judge Schiller's
> Order.
>
> MR. CROWTHER:  Counsel, paragraph 2 of the Order dated
> August 23rd reads as follows: Plaintiffs may depose a 30(b)(6)
> witness related solely to the information contained in paragraph 1.
> The amended Order repeats that same exact language.  Paragraph 2
> of this Court's Order of August 23rd, 2005 is amended to read,
> quote, Plaintiffs may depose a 30(b)(6) witness related solely to
> the information contained in paragraph 1.  The deposition shall
> take place on Monday, August 29, 2005 at 9:00 a.m. at Mr.
> Crowther's office.
>
> MR. HILDEBRAND:  So your objection is based solely on the
> language of the Order.  You're not objecting that this is beyond the
> scope of discovery?
>
> MR. CROWTHER:  Well, I believe it is, but I think certainly
> Judge Schiller's latest Orders make it clear that this deposition was
> solely related to even more limited topic than the original Order.
>
> MR. HILDEBRAND:  All right.  Then we'll have another
> deposition on that…

(Deposition Transcript of Scott Ernsberger dated August 29, 2005 at 33:25-35:6, attached hereto

as Exhibit C.)    Later in the deposition, counsel for Defendants again cites to the July 19 Order,

the August 23 Order and the August 24 Order as a basis for objections and instruction to the witness not to answer, to which Mr. Hildebrand responds, "All right. Well, I'm not aware of any such Court Orders." (Deposition Transcript of Scott Ernsberger dated August 29, 2005 at 40:19-23, attached hereto as Exhibit D.)  It is patently evident that Plaintiff's counsel did not comprehend that the discovery being conducted was limited to the jurisdictional issue as set forth in the July 19 Order and as further set forth in the August 23 Order and August 24 Order issued by this Court.

What Plaintiff also fails to mention is the fact that the witness was permitted to answer many questions presented by counsel for Plaintiff despite those questions being outside of the scope of the August 23 Order and the August 24 Order.  (Deposition Transcript of Scott Ernsberger dated August 29, 2005 at 38:1-39:10, attached hereto as Exhibit E.)  Similarly, Plaintiff's counsel fails to advise the Court that the 30(b)(6) witness answered each and every question propounded to him during the second deposition except those questions that were beyond the jurisdictional issue and/or the Court's August 23 Order and August 24 Order. Counsel for Plaintiff also fails to mention the detailed responses to written discovery that included over eight, sometimes lengthy, exhibits as well as electronic data on CD that were transmitted to Plaintiff's counsel and that provided extensive information on all of the subjects and matters requested by the Plaintiff's discovery requests.  Plaintiff cannot seriously demonstrate that it was deprived of <u>any</u> relevant, available information by the Defendants on the jurisdictional issue that was requested in discovery.

<b><u>Factual Assertions and Legal Argument Meriting Reply</u></b>

The Plaintiff's Answering Brief also makes factual assertions that are misleading or wrong. For example, Plaintiff states that the Pension Plan and the Welfare Plan have paid benefits to participants and beneficiaries in Pennsylvania.  The fact is that GEMGroup and third

8

party vendors provide these services on behalf of the Pension Plan and the Welfare Plan and make payments to the participants, beneficiaries and medical providers. The Pension Plan and Welfare Plan make <u>no</u> direct payments to these parties.

Furthermore, Plaintiff states, "[c]ritical legal work and correspondence regarding Plaintiff's claim was performed and prepared by Richard B. Sigmond, Esquire, a Pennsylvania attorney who is not licensed to practice and has no law offices in Delaware." (Pl.'s Br. in Opp'n of Defs.' Mot. to Dismiss at 9.) Plaintiff's argument on these facts has no legal basis. Mr. Ernsberger testified that <u>all</u> decisions relating to the Pension Plan and Welfare Plan are made in Delaware and that counsel is present at those meetings in Delaware. Defendants' choice of legal representation in no way effects the venue issue raised by ERISA. Under ERISA, the place where the decisions are made determines whether the district is proper. As stated in Scott Ernsberger's Affidavit paragraphs 13-14, all decisions regarding participant and beneficiary eligibility occurs in Delaware. Counsel for the Pension Plan and Welfare Plan travel to Delaware to participate in the bi-monthly meetings, and it is Delaware where discussions occur and legal advice given. Additionally, Defendants' Pennsylvania Counsel is, in essence, a third party vendor, albeit of legal services instead of the usual tangible services. Defendants' Pennsylvania counsel, like the third party vendors contracted by Defendants to perform administrative functions, may perform their services anywhere. This type of contact is not what has been envisioned by the Supreme Court of the United States as substantial, continuous and systematic contact with a forum state. Plaintiff's counsel, upon information and belief, is not barred and has no office in Delaware but traveled to Delaware for the 30(b)(6) depositions in this case. The Defendants should be permitted to present case law and argument that contradicts the position asserted by Plaintiff in the Answering Brief.

Moreover, Plaintiff asserts that there is no record evidence to support the assertion that employers contribute to the Pension Plan and Welfare Plan for work performed exclusively in Delaware. (Pl.'s Br. in Opp'n of Defs.' Mot. to Dismiss at 8-9.) Not only does Plaintiff fail to mention that Scott Ernsberger testified to this fact, but Mr. Hildebrand cites to nothing in the record that contradicts this fact. Mr. Hildebrand not only has a copy of the deposition transcripts of both of Scott Ernsberger's depositions and was present and had the opportunity to elicit further information to clarify this fact yet he presents no competent evidence to the contrary or to support the argument even though he knows the testimony was directly contrary to the position argued to this Court. The following was elicited by Plaintiff's counsel during the deposition:

> Q. Right. And those employers also contributed over $49 million to the Welfare Plan; is that correct?
>
> A. All contributing employers for work done in Delaware contributed $49,857,711.00 to the Welfare Plan.
>
> Q. And of the $43,589,530.00 contributed to the Pension Plan, $5,642,037.92 was contributed by employers with Pennsylvania addresses; is that correct?
>
> A. That is correct for work that was performed in Delaware.
>
> Q. And of the $49,857,711.00 which was contributed ot the Welfare Plan during the same period, $5,895,294.49 was contributed by employers with Pennsylvania addresses?
>
> A. Actually, the number was $5,895,298.49, again, contributed by employers who have listed a Pennsylvania address in the system, and this was for work in Delaware.

(Deposition Transcript of Scott Ernsberger dated August 29, 2005 at 26:10-27:4, attached hereto as Exhibit F.)

These activities of the third parties, that Plaintiff mistakenly and incorrectly attributes directly to the Pension Plan and the Welfare Plan, among others, are important

distinctions that need to be more fully addressed by Defendants to assist the Court in determining whether the "facts" used to support Plaintiff's legal arguments are legally correct. Without being able to correct the factual record, the Court may consider either incorrect "facts" or flawed legal arguments based on such "facts."

# **CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court enter the attached

order granting leave to file a reply brief in support of Defendants' motion to dismiss.

Respectfully submitted,


Dated:  September 20, 2005            Young, Conaway, Stargatt & Taylor, LLP

                                             s/ Curtis J. Crowther
                                             Timothy J. Snyder, Esquire (No. 35059)
                                             Curtis J. Crowther, Esquire (No. 73122)
                                             D. Fon Muttamara-Walker, Esq. (ADMITTED PRO HAC VICE)
                                             The Brandywine Building
                                             1000 West Street, 17th Floor
                                             P.O. Box 391
                                             Wilmington, DE 19899-0391

                                             CO-COUNSEL:
                                             Jennings Sigmond, P.C.
                                             Richard B. Sigmond, Esq. (No. 02574)
                                             The Penn Mutual Towers, 16th Floor
                                             510 Walnut Street
                                             Philadelphia, PA 19106-3683

                                             Counsel for Defendants