# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, Trustees of Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Administrators of Pension and Welfare Plans, Trustees of Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan Administrator of Pension & Welfare Plans, Insurance Plans, and Health and Welfare Benefit Plan,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-cv-1814<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, *et al.*'S OBJECTIONS TO TOY'S FIRST NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)

Defendants Plumbers & Pipefitters Local Union No. 74 Pension Plan, *et al.* (collectively referred to as "Funds") object to the Topics of Examination set forth in the First Notice of Deposition to Defendants Pursuant to Fed. R. Civ. P. 30(b)(6) served by Plaintiff Martha Jane Toy, individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased (collectively "Toy" or "Plaintiff").

### GENERAL OBJECTIONS

The Funds object to the Notice of Deposition as well as each and every topic identified in the scope of the 30(b)(6) deposition on the basis that Plaintiff has failed to identify which defendant or defendants for whom she seeks a deposition.

The Funds further object to the Notice of Deposition as well as each and every topic identified in the scope of the 30(b)(6) deposition on the basis that all of the named defendants do not exist. Plaintiff has named as defendants an array of plans: Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Insurance Plans, and Health and Welfare Benefit Plan. However, the only plans in existence and relevant to this matter are Plumbers & Pipefitters Local Union No. 74 Pension Plan and Plumbers & Pipefitters Local Union No. 74 Welfare Plan. Additionally, the only Trustees in existence and relevant to this matter are the Trustees of Plumbers & Pipefitters Local Union No. 74 Pension and Welfare Plans.

## OBJECTIONS

### Topic No. 1:

Defendants' full name and address, dates of incorporation/inception, and name and address of any predecessor funds.

### Objection:

The Funds object to this topic on the basis of the general objection set forth above.

### Topic No. 2:

Nature and location of any offices, property or bank accounts in Pennsylvania.

### Objection:

In addition to its General Objection, the Funds object to this topic as overly broad, vague, ambiguous and unduly burdensome since it does not define a time frame and is otherwise vague as to what is intended by this topic.

DB01:1796677.1                                                                 061011.1005

**Topic No. 3:**

Amount and source of money received from businesses located in Pennsylvania.

**Objection:**

In addition to its General Objection, the Funds object to this topic as overly broad, vague, ambiguous and unduly burdensome since it does not define a time frame and is otherwise vague as to what is intended by this topic.

**Topic No. 4:**

Amount of pension and medical benefits paid to or on behalf of beneficiaries located in Pennsylvania.

**Objection:**

In addition to its General Objections, the Funds object to this topic as overly broad, vague, ambiguous and unduly burdensome since it does not define a time frame and is otherwise vague as to what is intended by this topic. The Funds further object to this topic to the extent it seeks information protected from disclosure under 42 U.S.C. §§ 201 *et. seq.*

**Topic No. 5:**

Amount of money paid for covered medical benefits to health care providers located in Pennsylvania.

**Objection:**

In addition to its General Objections, the Funds object to this topic as overly broad, vague, ambiguous and unduly burdensome since it does not define a time frame and is otherwise vague as to what is intended by this topic. The Funds further object to this topic to the extent it seeks information protected from disclosure under 42 U.S.C. §§ 201 *et. seq.*

**Topic No. 6:**

    Money paid for legal, actuarial or accounting services.

**Objection:**

    In addition to its General Objections, the Funds object to this topic as overly broad, vague, ambiguous and unduly burdensome since it does not define a time frame and is otherwise vague as to what is intended by this topic. The Funds further object to this topic on the basis that it is not relevant to the limited discovery issue authorized by the Court in its Order of July 19, 2005 ("Order") and is not otherwise calculated to lead to the discovery of admissible evidence on the jurisdictional issue.

**Topic No. 7:**

    Residence of Defendants' Plan Administrators and Trustees.

**Objection:**

    In addition to its General Objections, the Funds object to this topic because it is not relevant to the limited discovery permitted by the Order and is not otherwise calculated to lead to the discovery of admissible evidence on the jurisdictional issue.

**Topic No. 8:**

    Person(s) involved (in any way) in decision to deny Plaintiffs' claim or additional pension, medical and life insurance benefits.

**Objection:**

    In addition to its General Objections, the Funds object to this topic as overly broad, vague and ambiguous. The Funds further object to this topic on the basis that it is not relevant to the limited discovery permitted by the Order and is not otherwise calculated to lead to the discovery of admissible evidence on the jurisdictional issue.

**Topic No. 9:**

Name and address of union members living or working in Pennsylvania.

**Objection:**

In addition to its General Objections, the Funds object to this topic as being overly broad, vague, ambiguous and unduly burdensome. The Funds further object to this topic on the basis that it seeks private information not subject to disclosure under 29 U.S.C. §§ 1001 et. seq.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Timothy J. Snyder, Esquire (#35059)
Curtis J. Crowther, Esquire (#73122)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
Telephone 302-571-6600

CO-COUNSEL:

JENNINGS SIGMOND, P.C.
Richard B. Sigmond, Esq. (# 02574)
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
Telephone 215-922-3524

Attorneys for Defendants

Dated: August 9, 2005

## CERTIFICATE OF SERVICE

I, Curtis J. Crowther, Esquire hereby certify that on this 9th day of August, 2005, I caused one (1) copy of Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories to be served on the following counsel of record, in the manner indicated below:

### BY E-MAIL AND FIRST CLASS MAIL

William, B. Hildebrand, Esq.
The Law Offices of William B. Hildebrand, LLC
1040 N. Kings Hwy, Suite 601
Cherry Hill, N.J. 08034

Curtis J. Crowther (No. 73122)