# EXHIBIT B

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Martha Jane Toy, individually,  : C.A. No.:
And as Executrix and Personal   : 05-CV-1814
Representative of the Estate of :
Russell B. Toy, deceased,       :
                Plaintiffs,     :
V.                              :
Plumbers & Pipefitters Local Union :
No. 74 Pension Plan, Trustees of :
Plumbers & Pipefitters Local Union :
No. 74 Pension Plan, Health and Welfare :
Plan, Local 74, Welfare Benefit Plan, :
Life Insurance Plan, Local 74, Welfare :
Benefit Plan, Life Insurance Plan, :
Local 74, Insurance Plan, Administrators :
of Pension and Welfare Plans, Trustees :
of Plumbers & Pipefitters Local Union :
No. 74 Welfare Plan, Plan Administrator :
of Pension & Welfare Plans, Insurance :
Plans, and Health and Welfare :
Benefit Plan,                   :
                Defendants.     :

Deposition of SCOTT A. ERNSBERGER, GEM Group, Senior Account Executive, taken pursuant to notice before Tanya M. Congo, a Notary Public and Certified Shorthand Reporter, at the offices of Young, Conaway, Stargatt & Taylor, LLP, the Brandywine Building, 1000 West Street, 17th Floor Wilmington, Delaware, on Friday, August 19, 2005, beginning at approximately 10:11 a.m., there being present:

APPEARANCES:
    LAW OFFICES OF WILLIAM B. HILDEBRAND, L.L.C.
    1040 Kings Highway North, Suite 601
    Cherry Hill, New Jersey 08034
    BY:  WILLIAM B. HILDEBRAND, ESQUIRE
         (Attorney for Plaintiffs)

Page 2

1   APPEARANCES (Continued:)
2   JOHN M. STULL, ATTORNEY AT LAW
    1300 North Market Street, Suite
3   700 Wilmington, Delaware 19899-1947
    BY: JOHN M. STULL, ESQUIRE
4       (Attorney for Plaintiffs)
5   YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
    The Brandywine Building 1000 West Street,
6   17th Floor
    Wilmington, Delaware 19801
7   BY: CURTIS J. CROWTHER, ESQUIRE
        D. FON MUTTAMARA-WALKER, ESQUIRE
8       (Attorneys for Defendants)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 3

1       SCOTT A. ERNSBERGER, having first been
2   duly sworn according to law, was examined and
3   testified as follows:
4           DIRECT EXAMINATION
5   BY MR. HILDEBRAND:
6       Q.  Good morning.  Can you please state your
7   full name and residence address.
8       A.  Scott A. Ernsberger.  Residence address
9   is, 710 Armstrong Avenue, Wilmington, Delaware 19805.
10      MR. HILDEBRAND:  Off the record.
11          (Whereupon, the Reporter read from the
12  record as requested.)
13  BY MR. HILDEBRAND:
14      Q.  Mr. Ernsberger, by whom are you employed?
15      A.  GEM Group, G-E-M G-r-o-u-p.
16      Q.  As you know, my name is Bill Hildebrand.
17  I'm an attorney.  I represent the Plaintiffs in the
18  lawsuit which has been brought in the Eastern
19  District of Pennsylvania against the Plumbers &
20  Pipefitters Local Union No. 74 Pension Plan and
21  others.  I'm going to ask you some questions today
22  regarding your knowledge of some of the facts that
23  are pertinent to Plaintiffs' claim in that case.
24          Before I do, however, I'd just like to
25  briefly review with you some of the ground rules

Page 4

1   under which today's deposition is being taken.
2           Have you ever been deposed before?
3       A.  Yes.
4       Q.  How many times?
5       A.  Twice.
6       Q.  Recently?
7       A.  Yes.
8       Q.  And where were those suits pending, what
9   Court?
10      A.  Actually, there were three times I was
11  deposed.  The lawsuits, one was in Massachusetts, one
12  was in Pennsylvania, and one is in Delaware.
13      Q.  The Pennsylvania lawsuit, what specific
14  Court?
15          Was that Federal Court in
16  Pennsylvania, or state?
17      A.  Yes.
18      Q.  That was Federal Court?
19      A.  Yes.
20      Q.  Is that Eastern District of Pennsylvania
21  in Philadelphia?
22      A.  Yes.
23      Q.  Do you know the caption of that lawsuit?
24          Do you know who the Plaintiffs were?
25      A.  I don't recall off the top of my head.

Page 41

```
 1  payments?
 2          MR. CROWTHER: Objection, that is
 3  barred by federal law, HIPPA.
 4          MR. HILDEBRAND: That's fine. I'm
 5  just asking whether he made any -- he can answer the
 6  question as to whether he made any effort.
 7          THE WITNESS: No.
 8  BY MR. HILDEBRAND:
 9     Q. Can you give me any idea as to the
10  approximate amount of benefits that have been paid to
11  beneficiaries in Pennsylvania over the last year?
12          MR. CROWTHER: Objection, barred by
13  HIPPA. You can answer.
14          THE WITNESS: I don't quite understand
15  that question.
16  BY MR. HILDEBRAND:
17     Q. I'm looking for the total amount of
18  benefits that have been paid to Pennsylvania
19  beneficiaries. I believe based on your previous
20  answers all those payments would have been coming
21  from that bank account. So, I'm looking for a dollar
22  figure, which I'm sure is not barred by HIPPA.
23     A. I still don't understand that question.
24     Q. I'm looking for a dollar figure, if you
25  know, the total amount of benefits that have been
```

Page 42

```
 1  paid during the past twelve months to Pennsylvania
 2  beneficiaries through that account?
 3     A. I don't know that information.
 4     Q. And obviously I don't expect you to give
 5  me an exact amount, but can you even give me a
 6  reasonable approximation, or you just don't know at
 7  all?
 8     A. I don't know.
 9     Q. Who would have that information?
10     A. My office would have that information.
11     Q. Is there any particular person in your
12  office? Would it be a document you could look at?
13     A. Yes.
14     Q. What would be the nature of that document?
15     A. We're talking the Pension Plan, correct?
16     Q. Yes.
17     A. There are check registers.
18     Q. There's check registers in your office
19  that would provide that information?
20     A. Yes.
21     Q. How far back does the information that
22  your office have go? In other words, does it go back
23  the full three or four years?
24     A. Yes.
25          MR. HILDEBRAND: And, counsel, the
```

Page 43

```
 1  reason why I'm being deprived of that information is?
 2          MR. CROWTHER: I wouldn't say
 3  deprived, counsel. I would suggest to you that when
 4  a defendant responds to your 30(b)(6) notice with
 5  objections saying that it's, A, vague, and, B, has no
 6  time period, that it's incumbent upon you to limit
 7  that scope so that can be ascertained. It's not our
 8  obligation to limit your own discovery request. We
 9  responded with an objection.
10          MR. HILDEBRAND: Let's go off the
11  record for a second.
12          MR. CROWTHER: No, let's stay on the
13  record.
14          MR. HILDEBRAND: We're not going off
15  the record.
16          At this point I would be willing to
17  limit it to the last three or four years, or to
18  whatever extent he has the information. I think it's
19  certainly incumbent upon you to engage in some sort
20  of good-faith effort to resolve the discovery dispute
21  as well. I thought that was the purpose of my
22  telephone call to your colleague. Apparently I was
23  wrong. I got the impression from the telephone
24  conversation, rightly or wrongly, that the
25  information would be provided. Again, I'm wrong.
```

Page 44

```
 1          So, I guess that's my fault. But in
 2  any event, I'd like to know when I can have this
 3  information. Obviously he's got it in his office.
 4  Let's get it, and let's reconvene the deposition,
 5  because it's useless for him to sit here and give me
 6  a bunch of I don't knows, which is the exact
 7  antithesis as to what a rule 30(b)(6) deposition is
 8  supposed to be.
 9          So, tell me how much time you need to
10  obtain the information, and we can reconvene the
11  deposition.
12          MR. CROWTHER: We are here for the
13  deposition, and we stand by our objection that the
14  witness can't answer your questions because your
15  scope of topics was overly broad and vague.
16          MR. HILDEBRAND: Okay, and I'm now
17  willing to limit it to three or four years. So,
18  what's your response?
19          MR. CROWTHER: Can you answer the
20  question based upon three or four years?
21          THE WITNESS: Not today.
22          MR. CROWTHER: Please proceed.
23  BY MR. HILDEBRAND:
24     Q. I'd like to know how much time will it
25  take you to go back to your office and get that
```

11 (Pages 41 to 44)