# EXHIBIT D

DB02:5043375.1                                                                                                    000000.0

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Martha Jane Toy, individually,               : C.A. No.:
And as Executrix and Personal                : 05-cv-1814
Representative of the Estate of              :
Russell B. Toy, deceased,                    :
            Plaintiffs,                      :
                V.                           :
Plumbers & Pipefitters Local Union           :
No. 74 Pension Plan, Trustees of             :
Plumbers & Pipefitters Local Union           :
No. 74 Pension Plan, Health and Welfare      :
Plan, Local 74, Welfare Benefit Plan,        :
Life Insurance Plan, Local 74, Welfare       :
Benefit Plan, Life Insurance Plan,           :
Local 74, Insurance Plan, Administrators     :
of Pension and Welfare Plans, Trustees       :
of Plumbers & Pipefitters Local Union        :
No. 74 Welfare Plan, Plan Administrator      :
of Pension & Welfare Plans, Insurance        :
Plans, and Health and Welfare                :
Benefit Plan,                                :
            Defendants.                      :

        Continuation of the deposition of
SCOTT A. ERNSBERGER, GEM Group, Senior Account
Executive, taken pursuant to notice before Tanya M.
Congo, a Notary Public and Certified Shorthand
Reporter, at the offices of Young, Conaway, Stargatt
& Taylor, LLP, the Brandywine Building, 1000 West
Street, 17th Floor Wilmington, Delaware, on Monday,
August 29, 2005, beginning at approximately 9:20
a.m., there being present:

APPEARANCES:

    LAW OFFICES OF WILLIAM B. HILDEBRAND, L.L.C.
    1040 Kings Highway North, Suite 601
    Cherry Hill, New Jersey 08034
    BY:  WILLIAM B. HILDEBRAND, ESQUIRE
        (Attorney for Plaintiffs)

    JOHN M. STULL, ATTORNEY AT LAW
    1300 North Market Street, Suite 700
    Wilmington, Delaware 19899-1947
    BY:  JOHN M. STULL, ESQUIRE
        (Attorney for Plaintiffs)

**Page 38**

1  MR. CROWTHER: You can answer that
2  question.
3  I'll reserve my objection, but I'll
4  let him answer.
5  THE WITNESS: Yes.
6  BY MR. HILDEBRAND:
7  Q. And are you aware as to where the
8  decisions were made on that claim?
9  MR. CROWTHER: Again, I will reserve
10 my objection that it exceeds Judge Schiller's Order,
11 but I'll let him answer the question.
12 Q. Do you understand the question?
13 A. Can you repeat that.
14 Q. Yes. This is really counsel's question.
15 He wants to know where those decisions were made, the
16 decisions to deny the Plaintiff's claim for
17 additional pension, medical and life insurance
18 benefits?
19 MR. CROWTHER: Same objections, but
20 you can answer.
21 THE WITNESS: The decisions were made
22 by the Trustees at Trustee meetings at locations in
23 Delaware.
24 BY MR. HILDEBRAND:
25 Q. Now, how do you know?

**Page 39**

1  MR. CROWTHER: Same objections, but
2  you can answer.
3  THE WITNESS: I was in attendance at
4  those meetings.
5  BY MR. HILDEBRAND:
6  Q. Are you aware of anything -- any contact
7  or communications regarding those claims that took
8  place outside of those meetings that you attended?
9  MR. CROWTHER: Same objections, but
10 you can answer.
11 THE WITNESS: Can you clarify the
12 question. What you mean by -- can you repeat that
13 and clarify what you mean by contacts.
14 BY MR. HILDEBRAND:
15 Q. Well, since you were at the meetings, I
16 assume that you are aware of everything that went on
17 at the meetings.
18 Now, my question has to do with
19 contacts and communications specifically between Fund
20 counsel and counsel for Mrs. Toy that occurred
21 outside of the ambit of a formal meeting?
22 Do you have any information regarding
23 any such contacts or communications?
24 MR. CROWTHER: I'll interpose the
25 objection that it's exceeding the scope of

**Page 40**

1  jurisdictional discovery and exceeds Judge Schiller's
2  latest Orders, and I'll instruct the witness not to
3  answer.
4  MR. HILDEBRAND: Why won't you let him
5  answer that question?
6  I mean, he says he's aware of stuff
7  that went on in Delaware. I'm aware of stuff that
8  went on in Pennsylvania, and you're not letting him
9  answer that question with respect to the stuff in
10 Pennsylvania.
11 I'd just like to know whether he knows
12 about the stuff that went on in Pennsylvania, whether
13 he knows anything about this contact and
14 communication or correspondence that transpired.
15 MR. CROWTHER: I'll stand by the
16 objections, counsel.
17 MR. HILDEBRAND: But you're not going
18 to explain why.
19 MR. CROWTHER: Because I have one,
20 two, three Court Orders which say you can't ask that
21 question.
22 MR. HILDEBRAND: All right. Well, I'm
23 not aware of any such Court Orders.
24 Well, at this point I think I've
25 accomplished all I can accomplish within the ambit of

**Page 41**

1  counsel's continuing objections and instructions not
2  to answer.
3  I would have hoped that following two
4  Court conferences it would be clear to counsel that
5  critical information regarding jurisdiction should be
6  provided, but apparently that's not clear.
7  So, you know, we'll have to seek Court
8  relief for a third time specifically with respect to
9  the mailing lists which were requested in the
10 Deposition Notice and not objected to but not
11 provided, and the information concerning this
12 witness' knowledge of the information provided in the
13 Interrogatories.
14 So I'm done for today.
15 (Signature not waived)
16 (Whereupon, at 10:58 a.m., the
17 deposition was adjourned.)
18
19 I HAVE READ THE FOREGOING DEPOSITION,
20 AND IT IS TRUE AND CORRECT TO THE BEST OF MY
21 KNOWLEDGE.
22
23 _____
24 SCOTT A. ERNSBERGER
25