IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA JANE TOY, individually and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased,  :<br>Plaintiff,   : | CIVIL ACTION |
| v.   : | |
| PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, et al.,   :<br>Defendants.   : | No. 05-1814 |

**MEMORANDUM AND ORDER**

**Schiller, J.**                                                         September 27, 2005

Plaintiff, Martha Jane Toy, brings this lawsuit pursuant to the Employment Retirement Income Security Act ("ERISA"), individually, and as the personal representative of the Estate of her late husband, Russell B. Toy, against numerous Defendants, including the Plumbers & Pipefitters Local Union No. 74 Pension Plan and the Plumbers and Pipefitters Local Union No. 74 Welfare Plan (collectively "the Plans"). The Complaint alleges the denial of pension, welfare, and insurance benefits and the breach of Defendants' fiduciary duties. Presently before the Court is Defendants' renewed motion to dismiss based on improper venue.[1] Defendants also seek to dismiss the individual Trustees for lack of personal jurisdiction and to dismiss certain other named Defendants because those entities do not exist. The Court also has before it Plaintiff's motion for sanctions. For the reasons that follow, the Court holds that venue is improper in this

---

[1] On July 5, 2005, Defendants filed a motion to dismiss or transfer, in part based on improper venue. Thereafter, the Court ordered limited discovery on the venue issue and allowed Defendants to later refile their motion. Defendants' original motion also sought to dismiss Plaintiff's claims as filed outside the statute of limitations and to dismiss Plaintiff's fiduciary duty claim under Federal Rule of Civil Procedure 12(b)(6). The Court's disposition of the venue issue obviates the need to address these other contentions.

District. However, rather than dismiss this action, the Court will transfer this matter to the District of Delaware. The remaining requests for relief are denied as moot.

I.   BACKGROUND

Russell Toy was a member of the Plumbers & Pipefitters Local Union No. 74 ("the Union") in Delaware. (Defs.' Br. in Supp. of Mot. to Dismiss Ex. A ¶ 20 [hereinafter "Ernsberger Aff."].) Both Russell and Martha Toy have resided in Delaware at all times relevant to this litigation. (*Id*. ¶ 24.) Russell became disabled at the time he stopped working. (Compl. ¶ 9.) Although it was originally determined that Russell was not eligible for disability pension benefits, he was eventually awarded pension benefits. (*Id*.) According to the Complaint, however, Plaintiff continues to be denied certain benefits to which she and her late husband are both entitled. (*Id*. ¶¶ 12-14.) Plaintiff also claims that Defendants have rebuffed her attempts to recover medical benefits to which she is entitled. (*Id*. ¶¶ 17-19.) Finally, Plaintiff has also unsuccessfully attempted to recover life insurance benefits to which she is entitled. (*Id*. ¶¶ 21-23.)

The Plans at issue in this case were established pursuant to a collective bargaining agreement between the Union and the Delaware Mechanical Contractors Association ("the Association"). (Ernsberger Aff. ¶ 5.) Both the Union and the Association appoint an equal number of Trustees, who serve as plan sponsors. (*Id*. ¶ 6.) Currently, all of the Trustees reside in Delaware. (*Id*. ¶ 7.) For over twenty years, the Plans have been managed by GEMGroup, which has an office in Pittsburgh, Pennsylvania, where it maintains bank accounts in the name of the Plans. (*Id*. ¶¶ 8-9.) The Plans are administered by GEMGroup at its office in Claymont,

2

Delaware, which is also where GEMGroup maintains the physical records pertaining to the Plans. (*Id*. ¶¶ 10-11.) All meetings relating to the business of the Plans are conducted by the Trustees in Delaware, and "all decisions regarding the eligibility and qualification requirements of participants to receive Fund benefits, including all appeals to the Trustees regarding those decisions" occur in Delaware. (*Id*. ¶ 12.) Furthermore, all decisions regarding the Toys' eligibility to receive benefits were made in Delaware. (*Id*. ¶¶ 13, 23.) The Plans and Trustees are represented in part by a law firm with a Pennsylvania office and a number of pensioners and participants in the Plans have Pennsylvania addresses. (*Id*. ¶¶ 14-16.)

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may bring a motion to dismiss for improper venue. FED. R. CIV. P. 12(b)(3). Defendant bears the burden of proving that venue is improper. *Myers v. Am. Dental Assocs.*, 695 F.2d 716, 724-25 (3d Cir. 1982). The court is to accept as true the allegations in the complaint. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *Myers*, 695 F.2d at 724. Although a plaintiff cannot rely solely on the allegations in the complaint, the court must view the facts in a light most favorable to the plaintiff. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 & n.1 (3d Cir. 1992); *Myers*, 695 F.2d at 724.

## III.  DISCUSSION

### A.  Proper Venue in ERISA Actions

Defendants contend that this lawsuit should have been brought in Delaware, where venue clearly would be proper. Defendants have asked this Court to dismiss the action because venue

in the Eastern District of Pennsylvania is improper under ERISA's statutory venue provision. Venue in this case is predicated upon 29 U.S.C. § 1132(e)(2), ERISA's statutory venue provision. That venue provision provides that:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, or the breach took place, or where a defendant resides or may be found and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2) (2005).

Congress has clearly expressed that the policy underlying ERISA is to provide "ready access to the Federal Courts." *Keating v. The Whitmore Mfg.*, 981 F. Supp. 890, 891 (E.D. Pa. 1997) (*citing* 29 U.S.C. § 1001(b)). Therefore, this Court will approach the issue of venue mindful of the Congressional intent "to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants." *Id*. at 892 (*citing* H.R. REP. NO. 93-533, at 17 (1973), *as reprinted in*, 1974 U.S.C.C.A.N. 4639, 4655). Despite this Congressional policy of open access to the federal courts, a litigant is not free to bring an ERISA action in any district court. At a minimum, a plaintiff must satisfy at least one of the four bases for venue expressed in 29 U.S.C. § 1132(e)(2).

      1.     *An ERISA Action May Be Brought Where the Plan is Administered*

Venue is proper in a district where the plan is administered. An ERISA plan is administered where the plan is managed. *Sprinzen v. Sup. Ct. of N.J.*, 478 F. Supp. 2d 722, 723 (S.D.N.Y. 1979); *see also Wallace v. Am. Petrofina, Inc.*, 659 F. Supp. 829, 830 (E.D. Tex. 1987) ("[T]he court must look to the place where the plan is managed to determine where proper

venue lies."); *Bostic v. Ohio River Co. (Ohio Div.) Basic Pension Plan*, 517 F. Supp. 627, 631-32 (S.D. W. Va. 1981) (adopting definition of "administer" found in *Sprinzen*).

As Plaintiff has not argued that the Plans are administered anywhere other than Delaware, the Court need not belabor the point.[2] Defendants' affidavit makes clear that the Plans are managed in Delaware. The Trustees meet in Delaware, all decisions regarding plan eligibility are made in Delaware, the physical records relating to the Plans are located in Delaware, and the day-to-day management of the Plans is conducted in Delaware. (Ernsberger Aff. ¶¶ 10-13.)

### 2. An ERISA Action May Be Brought Where the Alleged Breach Occurred

Venue is also proper where the alleged breach occurred. Most courts addressing this question have determined that the alleged breach occurred in the district where the beneficiary receives, or should have received, benefits. *See Keating*, 981 F. Supp. at 892 (citations omitted); *see also Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. A. No. 05-0001, 2005 U.S. Dist. LEXIS 17777, at *9 (D. Md. Aug. 23, 2005). These courts view ERISA benefit plans as contracts and rely on the proposition that a cause of action for breach of contract lies where the contract is to be performed. *See Cross*, 2005 U.S. Dist. LEXIS 17777, at *8-*9. Other courts, however, have looked to the location where the defendant made the decision not to pay the benefits. *See Turner v. CF&I Steel Corp.*, 510 F. Supp. 537, 541 (E.D. Pa. 1981); *see also Boyer v. J.A. Majors Co. Employees' Profit Sharing Plan*, 481 F. Supp. 454, 459 (N.D. Ga. 1979) (finding that breach occurred where defendant ordered trustee to stop payment on plaintiff's check). The Court need not settle this dispute because any decision Defendants made regarding benefit payments to

---

[2] The Court also need not address whether the Plans "reside" in this District because Plaintiff has not denied Defendants' contention that the Plans reside in Delaware.

Plaintiff was made in Delaware and any benefits Plaintiff was entitled to receive would have been received in Delaware.

### 3. An ERISA Action May Be Brought Where the Plan May Be Found

Because the Plans are not administered in this District, the alleged breach did not occur here, and Defendants do not reside here, venue is proper in the Eastern District of Pennsylvania only if Defendants "may be found" here. In *Varsic v. United States District Court for the Central District of California*, 607 F.2d 245 (9th Cir. 1979), the Ninth Circuit interpreted the "may be found" terminology in ERISA's venue provision. The *Varsic* court concluded that the term "found" should be given the same broad reading in the ERISA venue provision as courts had applied to the term in the antitrust and copyright venue provisions. *Id*. at 248. Accordingly, the *Varsic* court determined that a defendant "may be found" in any district where the defendant's contacts would be sufficient to support personal jurisdiction over the defendant in that *district*. *See id.* at 248-49; *see also DiGiovannantino v. Local 153 Pension Fund*, Civ. A. No. 91-7172, 1992 U.S. Dist. LEXIS 8331, at *5 (E.D. Pa. June 11, 1992) ("For the purposes of [the ERISA venue provision], a defendant is 'found' in any district in which personal jurisdiction may be obtained over the defendant."); *Turner*, 510 F. Supp. at 542. To determine whether a defendant's contacts would be sufficient to assert personal jurisdiction in a particular district, the *Varsic* court applied the familiar "minimum contacts" test articulated in *International Shoe v. Washington*, 326 U.S. 310 (1945). *Varsic*, 607 F.2d at 248-49.

Under the minimum contacts test, the non-resident defendant must have purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. *See Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001).

6

Furthermore, personal jurisdiction may be exercised under either a general jurisdiction theory or a specific jurisdiction theory. *See id.* If general jurisdiction exists, the defendant must defend against any suit in the relevant forum, regardless of whether the subject matter of the litigation has any connection to that forum. *See Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 200 (3d Cir. 1998). To establish general jurisdiction, the non-resident defendant's contacts with the forum must be "continuous and substantial." *Provident Nat'l Bank v. Cal. Fed. Savs. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted). Specific jurisdiction exists only when the defendant has "purposely directed his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or [are] related to' those activities." *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King*, 471 U.S. at 475 (citations omitted). Furthermore, in addition to the required "minimum contacts" necessary to exercise jurisdiction, a court must determine that such an exercise comports with "traditional notions of fair play and substantial justice." *Imo Indust., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (*citing Int'l Shoe*, 326 U.S. at 316).

This litigation involves the alleged improper denial of benefits and breach of fiduciary duty resulting from decisions made solely in Delaware regarding Delaware residents. Therefore, this Court is faced only with the question of whether it may exercise general personal jurisdiction over the Plans. *See Toys 'R' Us, Inc. v. Two Step, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (specific personal jurisdiction requires that plaintiff's claims relate to or arise out of defendant's forum activities). According to Plaintiff, Defendants have sufficient contacts with this forum to

support personal jurisdiction over Defendants, and therefore venue is proper in this District. First, of the 130 employers that contribute to the Plans, forty-eight have Pennsylvania addresses. (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss Ex. B [hereinafter "Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs."].) A number of these forty-eight employers are located in this district. (Ex. A to Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs.) Furthermore, since 1997, Pennsylvania employers have contributed over $5.6 million to the Pension Plan and over $5.8 million to the Welfare Plan. (Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs.) Since 2000, the Pension Plan also has paid over three quarters of a million dollars to the eleven persons that Defendants identified as current Pennsylvania residents. (Ex. F to Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs.; Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss Ex. E at 27 [hereinafter "Aug. 29, 2005 Ernsberger Dep."].) In addition, a claim summary for Pennsylvania participants lists a number of prescription drug benefits paid to Pennsylvania residents from January 1, 2002 through August 14, 2005. (Ex. H to Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs.) Defendants, through the third party fund manager, GEMGroup LP, also have paid medical benefits to eighty-eight Pennsylvania health care providers on behalf of pensioners and beneficiaries, totaling $46,276.97. (Ex. I to Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs.)

These contacts do not confer upon this Court personal jurisdiction over Defendants. Although this Court recognizes that ERISA's venue provision is to be liberally construed, it is certainly not without limits. In *Waeltz v. Delta Pilots Retirement Plan*, the Seventh Circuit affirmed the district court's dismissal for improper venue, concluding that the mere fact that a small number of plan participants resided in the district was insufficient for the court to

8

determine the plan was "found" in that district under the ERISA venue provision. 301 F.3d 804, 811 (7th Cir. 2002). The *Waeltz* court reasoned that *Varsic*'s reading of the phrase "may be found" depended not on whether personal jurisdiction exists for any reason whatsoever, but "on whether the defendant has sufficient contacts with the particular *district* to support a conclusion that the defendant 'may be found' there." *Id*. at 809-10 (citations omitted) (emphasis added); *see also Laurent v. PriceWaterhouseCoopers LLP*, Civ. A. No. 04-809, 2005 U.S. Dist. LEXIS 10156, at *4 (S.D. Ill. May 20, 2005) (interpreting *Waeltz* as requiring fund to have "minimum contacts" with district to support exercise of personal jurisdiction before fund "may be found" in district under 29 U.S.C. 1132(e)(2)). Additionally, in *Seitz v. Bd. of Trustees of the Pension Plan of the N.Y. State Teamsters Conference Pension & Retirement Fund*, 953 F. Supp. 100 (S.D. N.Y. 1997), the court held that a defendant is not "found" in a district under ERISA's statutory venue provision merely because contributing employers and retirees, other than the plaintiff, received benefits in the district. *Seitz*, 953 F. Supp. at 102. These holdings directly contradict Plaintiff's assertion that "[t]he key issue is whether Defendants receive any contributions from employers or pay any benefits to employees who reside in this district." (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss at 7.) The mere fact that "there are or were contributing employers and retirees receiving benefits in this district, other than the Plaintiffs, is not sufficient to satisfy the minimum contacts test . . . ." *Seitz*, 953 F. Supp. at 102; *see also Cross*, 2005 U.S. Dist. LEXIS 17777, at *7-*8; *see also Waeltz*, 301 F.3d at 810-11 (mere residence of plan participants in the district insufficient contact to determine that plan "may be found" in district). The Court also finds it important that the Collective Bargaining Agreement between the Union and the Association allows employers to contribute to the Plans only for work performed in Delaware

9

and that participation in the Plans is limited to those individuals who are members of the Union in Delaware and otherwise qualify for participation. (Aug. 29, 2005 Ernsberger Dep. at 26-27; Defs.' Br. in Supp. of Mot. to Dismiss at 23-24; Ernsberger Aff. ¶ 5.)

*Varsic* itself was limited to the conclusion that a fund's choice to participate with a union in a particular forum and to "undertake the fiduciary duty of receiving contributions and making payments *based upon work performed there*," is enough to support personal jurisdiction in that forum. *Varsic*, 607 F.2d at 250 (emphasis added). Because the particular litigation in *Varsic* concerned the defendant's activities in the district, the court explicitly declined to decide exactly the issue presented in this case – whether the fund's contacts with the district were continuous and substantial enough to afford jurisdiction over litigation unrelated to the fund's activities within the forum. *Id.* at 249.

The Court is also unpersuaded by Plaintiff's reliance on *Cap v. Local 897 Labor-Management Health Fund*, Civ. A. No. 86-3271, 1986 U.S. Dist. LEXIS 18531 (E.D. Pa. Oct. 27, 1986). Plaintiff relies on *Cap* for the proposition that "regularly receiv[ing] money from businesses and pa[ying] benefits to pensioners in the Eastern District of Pennsylvania, and negotiat[ing] with health care providers for covered medical care in this district" supports a finding that personal jurisdiction over Defendants is appropriate. (Pl.'s Br. in Opp'n to Mot. to Dismiss at 6.) However, when quoting from that decision, Plaintiff left out a key component of the court's decision, namely that "permitting defendants to be sued in this district, *at least in litigation concerning care given in this district*, does no violence to the probable expectations of the parties." *Cap*, 1986 U.S. Dist. LEXIS 18531, at *3. Plaintiff's overly broad reading of *Cap* neglects to acknowledge that *Cap* involved litigation which arose from care provided in the

10

district where the lawsuit was filed. In contrast, this case is entirely premised on activity that occurred outside of this District. Furthermore, unlike in *Cap*, neither of the Plans have negotiated contracts with Pennsylvania health care providers. (Ernsberger Aff. ¶ 18.) Rather, prescription coverage is provided by a Missouri company and medical benefits are provided by BlueCross BlueShield of Delaware; these entities, and not the Plans, make payments to health care providers. (*Id*. ¶¶ 18-19; Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss Ex. D at 52-53 [Aug. 19, 2005 Ernsberger Dep.].)

Finally, Plaintiff argues that personal jurisdiction over Defendants exists here because Defendants have retained the services of an attorney who practices in the Eastern District of Pennsylvania as well as an actuarial firm located in this district. (*See* Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs. & Exs. L & M to Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs.) Virtually no limits would exist on where a particular defendant could be forced to defend a lawsuit if merely hiring service providers was sufficient to confer general personal jurisdiction over a defendant. The law in this Circuit is clear that the exercise of general jurisdiction over a defendant requires that "the plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction." *Provident Nat'l Bank*, 819 F.2d at 437 (citations omitted); *see also Hurley v. Cancun Playa Oasis Int'l Hotels*, Civ. A. No. 99-574, 1999 U.S. Dist. LEXIS 13716, at *4 (E.D. Pa. Aug. 31, 1999) (noting that standard for general jurisdiction is difficult to meet).

Here, Plaintiff resides in Delaware, any benefits received were to be received in Delaware and all decisions regarding this particular Plaintiff occurred in Delaware. The record before the Court also fails to demonstrate that Defendants have purposefully directed their business

activities to this forum such that exercising general personal jurisdiction over the Defendants in this litigation is reasonable and consistent with traditional notions of fair play and substantial justice. Accordingly, Defendants have met their burden and demonstrated that venue is improper in the Eastern District of Pennsylvania.[3]

### B. Transfer Under 1406(a)

Defendants seek to dismiss this action because venue is improper; Plaintiff requests that should the Court determine that venue in this district is not proper, the case be transferred to the District of Delaware rather than dismissed.

Under 28 U.S.C § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Although the Court's decision that venue is not proper in this district rests in part upon its ruling that it does not have personal jurisdiction over the Plans, this ruling does not prevent this Court from transferring the matter. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

Clearly venue is proper in the District of Delaware since the alleged breach occurred in Delaware, the Plans are administered in Delaware and certainly the Plans may be found in Delaware. *See* 29 U.S.C. § 1132(e)(2). Furthermore, as the individual Trustees all reside and

---

[3] Because this Court rules that venue is not proper in this District, the Court will not address the additional issues raised in Defendants' motion.

12

work in Delaware, a federal court in Delaware can assert jurisdiction over the individual Trustees. Defendants have not asserted any reason to dismiss rather than transfer this case. Finally, as the statute of limitations appears to be an issue that will arise in this matter, the Court will exercise its discretion and in the interests of justice transfer this case to the District of Delaware pursuant to 28 U.S.C. § 1406(a). *See Borel v. Pavichevich*, Civ. A. No. 01-1395, 2001 U.S. Dist. LEXIS 20097, at *11 (E.D. Pa. Dec. 4, 2001) (using discretionary powers to transfer when statute of limitations problems would arise from dismissal); *Feinzig v. Doyon Servs.*, Civ. A. No. 97-4638, 1998 U.S. Dist. LEXIS 5419, at *13 (E.D. Pa. Apr. 17, 1998) (same); *Peek v. Golden Nugget Hotel & Casino*, 806 F. Supp. 555, 560 (E.D. Pa. 1992) (same); *Wims v. Beach Terrace Motor Inn, Inc.*, 759 F. Supp. 264, 270 (E.D. Pa. 1991) (same).

### III.  CONCLUSION

For the reasons set forth above, the Court denies Defendants' motion to dismiss based on improper venue but instead transfers this action to the District of Delaware under 28 U.S.C § 1406(a). Defendants' motions to dismiss the individual Trustees and dismiss certain named Defendant are denied as moot. Defendants' motion for leave to file a reply brief is denied as moot. Plaintiff's motion for sanctions is also denied as moot. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARTHA JANE TOY, individually and :
as Executrix and Personal Representative :
of the Estate of Russell B. Toy, deceased, :
      Plaintiff,   :   CIVIL ACTION
       :
  v.   :
       :
PLUMBERS & PIPEFITTERS   :   No. 05-1814
LOCAL UNION NO. 74 PENSION   :
PLAN, et al.,   :
      Defendants.   :

## ORDER

**AND NOW**, this **27th** day of **September**, **2005**, upon consideration of Defendants' Motion to: [1] Dismiss Action Against Non-Existent Defendants, [2] Dismiss Action for Improper Venue, and [3] Dismiss Action Against Individual Trustees, Plaintiff's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendants' motion to dismiss for improper venue (Document No. 22) is **DENIED**.

2. Defendants' motion to dismiss the individual Trustees and dismiss certain named Defendants is **DENIED as moot**.

3. Plaintiff's motion for sanctions (Document No. 25) is **DENIED as moot**.

4. Defendants' motion for leave to file a reply brief (Document No. 29) is **DENIED as moot**.

5.   This action is **TRANSFERRED** to the United States District Court for the

District of Delaware.

**BY THE COURT:**

_____
**Berle M. Schiller, J.**

2