## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Martha Jane Toy, individually, and as Executrix and Personal )
Representative of the Estate of Russell B. Toy, deceased, )
    )
        Plaintiffs, )
    )
              v. )  C.A. No. 05-00760 (JJF)
Plumbers & Pipefitters Local Union No. 74 Pension Plan, )
Trustees of Plumbers & Pipefitters Local Union No. 74 )
Pension Plan, Health and Welfare Plan, Local 74, Welfare )
Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit )
Plan, Life Insurance Plan, Local 74, Insurance Plan, )
Administrators of Pension and Welfare Plans, Trustees of )
Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan )
Administrator of Pension & Welfare Plans, Insurance Plans, )
and Health and Welfare Benefit Plan, )
    )
        Defendants. )

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION
## TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
(302) 571-1253/fax

*Attorneys for Defendants*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ i

NATURE AND STAGE OF THE PROCEEDINGS .................................................................... 1

SUMMARY OF ARGUMENT ............................................................................................. 3

STATEMENT OF FACTS ................................................................................................. 4

ARGUMENT ................................................................................................................ 7

    I.    This Action Should be Dismissed With Respect to Non-Existent Plans Because Such Plans Simply Do Not Exist. ............................................................................. 7

    II.    Count IV Should Be Dismissed For Failure to State a Claim Upon Which Relief May be Granted Since Plaintiff Seeks Monetary Relief That Is Not An Equitable Claim Within The Meaning Of § 502(a)(3). ............................................................ 7

    III.    Summary Judgment in Favor of Defendants on Counts I, II and III Should Be Entered Since the Asserted Claims are Barred by the Statute of Limitations ............................ 12

CONCLUSION ............................................................................................................. 17

    061011.1005

# TABLE OF AUTHORITIES

Page

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (U.S. 1986).................................................................................... 13

*Celotex Corp. v. Catrett,*
477 U.S. 317 (U.S. 1986).................................................................................... 13

*Crosley v. Composition Roofers Union Local 30*
*Employees' Pension Plan, et al.,*
C.A. No. 04-5954, Dalzell, J., (E.D.Pa. Oct. 21, 2005)........................................... 12

*Gluck v. Unisys Corp.,*
960 F.2d 1168 (3d Cir. 1992) ................................................................................ 8

*Great West Life and Annuity Insurance Co. v. Knudson,*
534 U.S. 204 (2002)............................................................................... 8, 9, 10, 12

*Hidy v. TIAA Group Long Term Disability Benefits Insurance Policy,*
C.A. No. 01-450-SLR,
2002 U.S. Dist. LEXIS 4723
(D. Del. Mar. 19, 2002) .................................................................................. 15, 16

*Horowitz v. Federal Kemper Life Assurance Co.,*
57 F.3d 300 (3d 1995)......................................................................................... 13

*In re Rockefeller Ctr. Props. Secs. Litig.,*
311 F.3d 198 (3d Cir. 2002) ................................................................................. 8

*Kuntz v. Reese,*
785 F.2d 1410 (9th Cir. 1986) .............................................................................. 9

*Maio v. Aetna Inc.,*
221 F.3d 472 (3d Cir. 2000) ................................................................................. 8

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,*
475 U.S. 574 (U.S. 1986)..................................................................................... 13

*Oatway v. Am. Int'l Group, Inc.,*
C.A. No. 01-033-GMS,
2002 U.S. Dist. LEXIS 1771,
(D. Del. Feb. 5, 2002) .......................................................................................... 8

*Piazza v. Corning, Inc.,*
No. 02-cv-6412-CJS(F),
2005 U.S. Dist. LEXIS 30113,
(W.D.N.Y. Nov. 18, 2005) ................................................................................... 9

*Skinner v. E. I DuPont De Nemours and Co., Inc.,*
   C.A. No. 92-147-SLR,
   2001 U.S. Dist. LEXIS 18452
    (D. Del. Oct. 29, 2001) ................................................................................ 15

*Stafford v. E. I. DuPont de Nemours & Co.,*
   2002 U.S. App. LEXIS 1039
   (3d Cir. Jan. 24, 2002) ................................................................................ 14

*Syed v. Hercules, Inc.*
   214 F.3d 155 (3d Cir. 2000) ................................................................ 14, 15, 16

*Unisys Corp. Retiree Medical Benefit "ERISA" Litigation,*
   57 F.3d 1255 (3d Cir. 1995) .................................................................... 10, 11

*Zarycki v. Mount Sinai/NYU Health,*
   No. 02 Civ. 6236 (LAP)(HBP),
   2005 U.S. Dist. LEXIS 28104,
   (S.D.N.Y. Nov. 4, 2005) ................................................................................ 10

**Statutes**

10 Del. C. § 8111 ................................................................................... 14, 15

19 Del. C. § 1109(b) .................................................................................... 15

29 U.S.C. § 1002(16)(A) ................................................................................. 6

29 U.S.C. § 1002(16)(B) ................................................................................. 5

29 U.S.C. § 1002(2) .................................................................................... 5, 7

29 U.S.C. § 1002(21)(A) ................................................................................. 6

29 U.S.C. § 1002(37) ..................................................................................... 5

29 U.S.C. § 1109(a) ................................................................................... 9, 10

29 U.S.C. § 1132(a)(1)(B) ........................................................................ 13, 15, 16

29 U.S.C. § 1132(a)(3) ............................................................................. passim

29 U.S.C. § 1132(a), ..................................................................................... 5

29 U.S.C. § 1132(d) ...................................................................................... 7

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................. 2, 7

Fed. R. Civ. P. 56 ........................................................................................ 2

Fed. R. Civ. P. 56(c) ................................................................................... 12

Fed. R. Civ. P. 56(e), .................................................................................. 13

DB01:1891123.7

061011.1005

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action arising out of the Employment Retirement Income Security Act of 1974 ("ERISA").  This action was commenced on April 20, 2005 when Martha Jane Toy, individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased (collectively "Plaintiff"), filed a four count complaint in the Eastern District of Pennsylvania against Plumbers & Pipefitters Local Union No. 74 Pension Plan ("Pension Plan"), and Plumbers and Pipefitters Local Union No. 74 Welfare Plan ("Welfare Plan") (collectively "Funds")[1] and the Trustees and Plan Administrators of the Funds (collectively "Trustees")[2] (the Funds and Trustees collectively referred to as "Defendants") alleging (1) denial of pension benefits under the Pension Fund; (2) denial of medical benefits under the Welfare Fund; (3) denial of life insurance benefits under the Welfare Fund; and (4) breach of fiduciary duty. (Complaint ¶¶ 8-25.)

This present action relates to another matter brought before and dismissed by the Eastern District of Pennsylvania ("Related Complaint").  The Related Complaint was filed September 10, 2004.  The Related Complaint was dismissed, with prejudice, by the Eastern District of Pennsylvania during a status conference on November 1, 2004.  Plaintiff appealed the dismissal of the Related Complaint to the Third Circuit Court of Appeals.  Through the mediation program established by the Third Circuit, the parties agreed that Plaintiff would

---

[1] Plaintiffs have named as defendants an array of plans: Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Insurance Plans, and Health and Welfare Benefit Plan.  However, the only actual plans in existence and relevant to this matter are the Plumbers & Pipefitters Local Union No. 74 Pension and Welfare Plans. (Ernsberger Aff. ¶ 4 attached hereto as Exhibit A.)  Any benefits allegedly due to Plaintiffs would be provided by either of these two plans.  (Ernsberger Aff. ¶ 4.)  To the extent the Complaint seeks to identify or name any other alleged or proposed plans, such "defendant plans" simply do not exist. (Ernsberger Aff. ¶ 4.)

dismiss the appeal.  In exchange, the Defendants agreed to toll the statute of limitations from the date the Related Complaint was filed, September 10, 2004, and not raise the doctrine of res judicata as a defense to any subsequent complaint.

Defendants filed a motion to dismiss the action because the Eastern District of Pennsylvania lacked personal jurisdiction over the Defendants and venue was otherwise improper in the Eastern District.  On September 28, 2005, the case was transferred to the District of Delaware because the District Court for the Eastern District of Pennsylvania determined that it lacked personal jurisdiction over the Defendants and venue was, in fact, improper in the Eastern District of Pennsylvania.

This action has now been transferred to the District of Delaware and Defendants file this motion for partial summary judgment because, even with the relation back date of September 10, 2004, Plaintiff's claims under Counts I, II and III are barred by the applicable statute of limitations.  In addition, Count IV fails to state a claim upon which relief may be granted as a matter of law.  This is the opening brief of the Defendants in support of their motion to dismiss Count IV pursuant to Fed. R. Civ. P. 12(b)(6) and for entry of partial summary judgment as to Counts I, II and III pursuant to Fed. R. Civ. P. 56.

---

[2] The Trustees are designated as the Plan Administrator.  (Complaint ¶ 7.)

DB01:1891123.7                                                                                          061011.1005

## SUMMARY OF ARGUMENT

1.      The Complaint should be dismissed with respect to the non-existent defendant plans because such alleged plans have no legal significance or existence.

2.      Count IV should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted.  The United States Supreme Court has held that monetary relief is not an equitable claim within the meaning of § 502(a)(3) and Plaintiff's claim in Count IV seeks only the recovery of the benefits that were claimed to be denied.  This claim fails as a matter of law.

3.      Counts I, II, and III should be dismissed because the applicable statute of limitations bars Plaintiff's claims.  In Delaware, the statute of limitations for denial of benefits under ERISA is one year from the date the Plaintiff exhausts all administrative remedies.  The final determination letter was transmitted to Mr. John M. Stull, Esquire, attorney for Plaintiff, on July 1, 2002.  Since Plaintiff did not file her first action until September 10, 2004, Plaintiff's claims are barred by the applicable one year statute of limitations.

DB01:1891123.7                                                          061011.1005

### STATEMENT OF FACTS

Individual plaintiff, Martha J. Toy ("Toy"), is the widow of Russell B. Toy ("Russell"). (Complaint ¶ 3.) Russell was employed in Delaware and a member of the Plumbers & Pipefitters Local Union No. 74 ("Union") in Delaware. As a member of the Union, Russell was a participant in the Pension Plan and would have been eligible for pension benefits when he reached the appropriate age. (Ernsberger Aff ¶ 13.) Russell applied for disability pension benefits. (Ernsberger Aff. ¶ 13.) It was determined that Russell had not conformed to Pension Plan requirements to be entitled to disability pension benefits at the time he applied for such disability pension benefits. (Ernsberger Aff ¶ 13.) After careful consideration of the unique facts and circumstances, the Trustees made a decision to award Russell disability pension benefits posthumously and retroactively awarded those benefits from the date he would have otherwise been eligible until the date of his death. (Ernsberger Aff ¶ 13.) The lump sum payment was made to Toy at her home in Hartley, Delaware (Ernsberger Aff. ¶ 13.) Toy continues to receive fifty percent (50%) of Russell's disability pension benefits on a monthly basis. (Ernsberger Aff ¶ 14.) At one point during Russell's Union membership he was eligible for welfare benefits from the Welfare Plan. (Ernsberger Aff ¶ 15.) However, at the time he applied for welfare benefits, he was no longer a participant in the Welfare Plan and was therefore not eligible for welfare benefits at that time. (Ernsberger Aff ¶ 15.)

While not completely clear in the Complaint, Plaintiff alleges she is entitled to additional pension plan, welfare medical, welfare insurance, as well as spousal election benefits from the Pension Plan and Welfare Plan. (Complaint ¶¶ 11-14, 17, 21.) Plaintiff alleges that the Trustees denied Plaintiff's initial application and subsequent appeals for these additional benefits, with the final denial of benefits coming in August 2003. (Complaint ¶ 13). In reality,

4

the final determination letter was sent to John M. Stull, Esquire, attorney for Plaintiff on July 1,

2002 ("Final Determination Letter").  (Attached hereto as Exhibit B).  The seven (7) page Final

Determination Letter clearly and unambiguously states

> [y]ou have exhausted your available remedies under the [Pension
> Plan and the Welfare Plan].  The [Pension Plan and the Welfare
> Plan] has no further or voluntary appeal procedures.  A claimant is
> entitled to receive, upon request and free of charge, reasonable
> access to, and copies of, all documents, records, and other
> information relevant to the claimant's claim for benefits.  A
> claimant who disagrees with the [Pension Plan and the Welfare
> Plan]'s decision or lack thereof may file suit in Federal court under
> Section 502(a) of ERISA, 29 U.S.C. §1132(a), following an
> adverse benefit determination on appeal or the lack of a timely
> response.

However, Mr. Stull continued to write the Pension Plan and Welfare Plan requesting

reconsideration of Plaintiff's eligibility.  The Pension Plan and the Welfare Plan consistently

referred Mr. Stull to the Final Determination Letter.

As discussed *supra* footnote 1, Plaintiff has named as defendants an array of

purported plans, however, the only actual plans in existence and relevant to this matter are the

Pension Plan and the Welfare Plan.  The Pension Plan and the Welfare Plan are multiemployer

plans as defined in section 3(37) of ERISA.  (Complaint ¶¶ 4, 5.)  The Pension Plan is an

employee pension benefit plan as defined in section 3(2) of ERISA and the Welfare Plan is an

employee welfare benefit plan as defined in section 3(2) of ERISA.  (Complaint ¶¶ 4, 5.)

Plaintiff alleges that the Union is the sponsor of the Pension Plan and Welfare Plan.  (Complaint

¶ 6.)  In actuality, the Trustees are the plan sponsors. [3]  (Ersberger Aff. ¶ 6.)  The individual

---

[3] Since the Pension Plan and the Welfare Plan are multiemployer plans and were established by
and are maintained by one or more employers and one or more employee organizations, the
"plan sponsor", as defined in section 3(16)(B) of ERISA is the joint board of trustees, not the
Union, who maintain the plan.

5

Trustees are: John J. Czerwinski, Andrew S. Nowell, Anthony M. Papili, Kyle T. Spence, John D. Daniello, George Millar, Terrence M. Shannon, and Jeffrey A. Sill.  (Ernsberger Aff. ¶ 7.)

Plaintiff also alleges that the Trustees of the Pension Plan administer the Welfare Plan.  (Complaint ¶ 5.)  In actuality, the Union and the Delaware Mechanical Contractors Association ("Association") appoint an equal number of Union and management representatives to serve as the joint board of Trustees of the Pension Plan and Welfare Plan.  (Ernsberger Aff. ¶ 6.)  The Trustees of the Pension Plan and Welfare Plan are the Plan Administrators of the Pension Plan and Welfare Plan as defined in 3(16)(A) of ERISA, and are also fiduciaries of the Pension Plan and Welfare Plan as defined in 3(21)(A) of ERISA.  (Complaint ¶ 7.)  The Trustees have retained the GEMGroup LP as the fund manager/third party administrator ("third party administrator" or "GEMGroup") to manage the day to day operations of the Pension Plan and Welfare Plan.  (Ernsberger Aff. ¶ 8, 9.)  The GEMGroup maintains an office in Claymont, Delaware where the daily operations of the Pension Plan and Welfare Plan are conducted and the Pension Plan's and Welfare Plan's records are maintained and stored.  (Ernsberger Aff. ¶ 1, 9, 10.)  The Pension Plan and Welfare Plan are administered in Delaware, any alleged breach occurred in Delaware, and the Defendants are "found" in Delaware.

061011.1005

## ARGUMENT

### I.    This Action Should be Dismissed With Respect to Non-Existent Plans Because Such Plans Simply Do Not Exist.

Employee benefits plans are defined under ERISA. ERISA § 3(2) [29 U.S.C. § 1002(2)] ("ERISA § 3(2)") defines an "employee pension benefit plan" and "pension plan" to

> mean any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program (i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

ERISA § 502(d) [29 U.S.C. § 1132(d)]("ERISA § 502(d)") states that "[a]n employee benefit plan may sue or be sued under this title as an entity."

Only two of the many named plans exist as defined under ERISA § 3(2). Those plans are the Pension Plan and Welfare Plan. As mentioned *supra*, any benefits allegedly due to Plaintiff would be provided by either of these two plans. The other named "defendant plans" simply do not exist. To the extent the defendant plans do not exist, they cannot be sued pursuant to ERISA § 502(d). Thus, the Complaint should be dismissed with respect to all "plan" defendants not in actual existence.

### II.    Count IV Should Be Dismissed For Failure to State a Claim Upon Which Relief May be Granted Since Plaintiff Seeks Monetary Relief That Is Not An Equitable Claim Within The Meaning Of § 502(a)(3).

A party may plead by motion as a defense that a claim fails to state a claim upon which relief can be granted. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

> may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable

7

> to plaintiff, plaintiff is not entitled to relief. The issue is not
> whether a plaintiff will ultimately prevail but whether the claimant
> is entitled to offer evidence to support the claims. (internal
> quotations and citations omitted)

*Maio v. Aetna Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000); *see also Gluck v. Unisys Corp.*, 960

F.2d 1168, 1175 (3d Cir. 1992); *Oatway v. Am. Int'l Group, Inc.*, C.A. No. 01-033-GMS, 2002

U.S. Dist. LEXIS 1771, *5 (D. Del. Feb. 5, 2002). The court is not required to credit "bald

assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr.*

*Props. Secs. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).

Plaintiff alleges in Count IV that the "Board of Trustees" breached a fiduciary duty by

not granting benefits to her. Plaintiff's request for relief under ERISA § 502(a)(3) is not viable

and fails as a matter of law.

Plaintiff's claim in Count IV clearly does not involve an effort to "...enjoin any act or

practice which violates any provision of this Title or the terms of the plan...". Plaintiff also does

not seek to have this Court "...redress such violations or to enforce any provisions of the [Act] or

the terms of the plan."

Instead, Plaintiff seeks, under a "breach of fiduciary duty" argument, to have this Court

order that the "Board of Trustees" provide Plaintiff with alleged benefits due. Plaintiff

apparently seeks to have this Court exercise the equitable powers available under § 502(a)(3) to

order the same relief that is sought in Counts I, II and III as an action at law for damages. In

essence, Plaintiff's claims for equitable relief is to order the Trustees of the Pension Plan and the

Welfare Plan to pay the disputed benefits. The Supreme Court has determined, however, that the

type of relief that Plaintiff seeks is not available to her under ERISA § 502(a)(3). *Great West*

*Life and Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002).

Plaintiff's only conceivable argument under ERISA § 502(a)(3) would appear to involve a request to this Court "…to obtain other appropriate equitable relief…" that will, somehow, provide her with benefits she alleges are due or other monetary relief. In *Knudson,* the Supreme Court narrowly construed § 502(a)(3) to preclude precisely such remedies. *Id.* at 713. Additionally, the Supreme Court determined specifically that a claim that seeks a remedy that involves monetary relief (even if phrased as a request for injunction) will not be considered an equitable claim within the meaning of § 502(a)(3). This precludes any potential claim for relief that Plaintiff would seek in relation to Count IV.

The Supreme Court's decision in *Knudson* is consistent with the statutory scheme established by ERISA, including the provisions set forth in § 409(a) of the Act. That provision holds that persons having the position of "fiduciary" that breach their responsibilities shall be personally liable "….to make good to such plan any losses to the plan resulting from each such breach and to restore to such plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary…" In the context of § 502(a)(3) and its permission for participants to seek "equitable relief," a participant could seek to have the fiduciary make restitution to the plan for any losses incurred as a result of his breach of fiduciary duty. Restitution is clearly an equitable remedy. *See, Knudson, supra.* However, where a participant seeks monetary damages against an ERISA plan, including a claim for benefits that clearly translate into monetary damages, ERISA § 502(a)(3) is not available to obtain such relief. *See, also, Kuntz v. Reese,* 785 F.2d 1410 (9th Cir. 1986) (court determined that, since plaintiffs were not entitled to recover benefits under the plan documents, their § 502(a)(3) claim could only be for monetary damages…such damages are not permissible under § 502); *Piazza v. Corning, Inc.,* No. 02-cv-6412-CJS(F), 2005 U.S. Dist. LEXIS 30113, at *6-7 (W.D.N.Y. Nov. 18, 2005)

9

("ERISA Section 409(a)...does not authorize a private action for money damages."); *Zarycki v. Mount Sinai/NYU Health*, No. 02 Civ. 6236 (LAP)(HBP), 2005 U.S. Dist. LEXIS 28104, at *29-31 (S.D.N.Y. Nov. 4, 2005) (plaintiff's breach of fiduciary duty claims were denied where "plaintiff [did] not elaborate on the type of relief" sought and thus the court held plaintiff was seeking a legal relief for "contractual obligation to pay money" which is not authorized by § 502(a)(3)). The "breach of fiduciary duty" provisions in ERISA, and the related right of action by a "participant" to seek restitution or other equitable relief, are designed to make the plan whole, not to permit a private action against the plan or its current fiduciaries for payment of benefits.

Defendants are aware of the decision of the United States Court of Appeals for the Third Circuit in *Unisys Corp. Retiree Medical Benefit "ERISA" Litigation*, 57 F.3d 1255 (3d Cir. 1995). However, to the extent that plaintiff may seek to rely on *Unisys*, such reliance would be misplaced. First, the court found that a breach of duty claim was distinct from a claim for benefits. *Id.* at 1265. The fiduciary breach suit was upheld only with respect to the breaching fiduciary (there, Unisys as plan administrator and its fiduciary designees – not the plan). *Id.* at 1264-1265, 1261, n. 10.

Second, the court's holding in *Unisys* that equitable relief in the form of providing lifetime medical benefits that were at issue may be granted under a "fiduciary duty claim" is of questionable validity in view of the Supreme Court's later decision in *Knudson*. Moreover, the facts of *Unisys* were unique and significantly distinguishable from those in the present case. *Unisys* involved a pattern of corporate activity, at many levels, including the conduct of fiduciaries, in which substantial written and verbal statements were provided to many participants in the plan, assuring those individuals that specific lifetime medical benefits would

10

be available to them. Indeed, the Third Circuit's conclusion that, "…virtually the entire management had consistently misrepresented the plan, not just on one occasion or to one employee, but over a period of many years and both orally…and in writing…," *see*, *Id.* at 1265, provided a circumstance in which the court acknowledged it was carving out a unique remedy. These facts moved the court to state: "In recognizing the retiree's breach of fiduciary duty claim here, we do not intend to 'create a precedent for any beneficiary to make claims beyond those provided in a plan.'" *Id.*

The Third Circuit, in *Unisys*, also stated that a more severe burden of proof will exist for a party seeking to establish a fiduciary breach claim utilizing the *Unisys* exception: "This claim is distinct from a claim for benefits under the terms of plan because it requires different proof (proof of fiduciary status, misrepresentations, company knowledge of the confusion and resulting harm to the employees) than would be required for a contract claim that the plans had been modified." *Id.* The Third Circuit made clear that part of its reasoning in *Unisys* was the fact that a substantial number of employees, not one or two, may have been mislead by the confusion created by the company. No such facts or claims are present in this case.

Finally, the Third Circuit would require proof of "resulting harm to the employees," noting that a substantial number of individuals were involved in the *Unisys* claim. It was in this context, because of the substantial number of individuals involved in *Unisys* that the court noted: "…we do not intend to create a precedent for any beneficiary to make claims beyond those provided in a plan." *Id.* Plaintiff's claim in Count IV merely makes a claim for benefits that were denied by the Plan Trustees.

11

Furthermore, the District Court for the Eastern District of Pennsylvania recently held that a Plaintiff cannot recover on a breach of fiduciary duty claim if the claim is a legal, rather than an equitable, one. *Crosley v. Composition Roofers Union Local 30 Employees' Pension Plan, et al.*, C.A. No. 04-5954, Dalzell, J., (E.D.Pa. Oct. 21, 2005) (ORDER). The court noted, "[r]egardless of how [Plaintiff] characterizes it, the relief [Plaintiff] requests fits squarely within the scope of legal money damages the Supreme Court defined as 'compensation for loss resulting from the defendant's breach of legal duty'." *Id.* at para. (dd).

It is clear that Plaintiff seeks monetary relief under Count IV of the Complaint. In Count IV of the Complaint, Plaintiff states

> As a result of the fiduciary breach of the Defendants and as a consequence of denial of status under the Plan(s) above referred to, Defendants continue to retain funds due Plaintiff and continue to be subject to restitution as appropriate equitable relief under ERISA Section 503(a)(3) [29 U.S.C. Section 1132 (a)(3)] to allow transfer of said funds to and for the benefit of the Plaintiffs.

(Complaint ¶ 25.) Plaintiff is not entitled to move forward with her breach of fiduciary duty claim since she is not requesting equitable relief. Moreover, Plaintiff does not fall within the bounds of any exceptions to the *Knudson* case and therefore Count IV should be dismissed because it fails to state a claim upon which relief can be granted as a matter of law.

### III. Summary Judgment in Favor of Defendants on Counts I, II and III Should Be Entered Since the Asserted Claims are Barred by the Statute of Limitations

Under Fed. R. Civ. P. 56(c), a court shall grant a motion for summary judgment when it can be shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Facts that could alter the outcome are 'material', and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v.*

12

*Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 (3d 1995) (internal citations omitted)" ;

*see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (U.S. 1986) ("there is no issue for

trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict

for that party").

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, which it believes demonstrate
> the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (U.S. 1986); *see also Matsushita Electric Industrial

Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (U.S. 1986) (petitioner has initial burden "of

demonstrating the absence of a genuine issue of material fact").

Once the moving party has carried this burden, and in defending a motion for summary

judgment, an adverse party "must set forth specific facts showing that there is a genuine issue for

trial", Fed. R. Civ. P. 56(e), and "must do more than simply show that there is some

metaphysical doubt as to the material facts". *Matsushita*, 475 U.S. 586. In this case, there are no

material facts in dispute and, in fact, the Complaint itself uses a date (although incorrect) that

would still bar the claims asserted.

Plaintiffs' ERISA § 502(a)(1)(B) [29 U.S.C. § 1132 (a)(1)(B)] ("ERISA §

502(a)(1)(B)") claims in Counts I, II and III of the Complaint are barred by the applicable statute

of limitations. In her Complaint, Plaintiff seeks to recover certain pension benefits governed by

ERISA by alleging that Russell was (1) denied pension benefits under the Pension Fund; (2)

denied medical benefits under the Welfare Fund; and (3) denied life insurance benefits under the

Welfare Fund. Because these claims are barred by the applicable statute of limitations, summary

judgment should be entered in favor of the Defendants on Counts I, II and III of the Complaint.

13

A claim arising under ERISA accrues at the time of the final denial of a plaintiff's appeal. *Stafford v. E. I. DuPont de Nemours & Co.*, 2002 U.S. App. LEXIS 1039, *5-*7 (3d Cir. Jan. 24, 2002). Accordingly, the final denial of Plaintiff's administrative appeals occurred on July 1, 2002 when Richard Sigmond, Esquire, on behalf of the Pension Plan and Welfare Plan, sent the Final Determination letter to John M. Stull, Esquire, Plaintiff's counsel of record.

Plaintiff claims that the final denial of Plaintiff's appeal occurred in August 2003 in the Complaint. (Complaint ¶ 13.) However, a plaintiff cannot toll the statute of limitations simply by continuing to correspond with the Trustees or the Plans in an attempt to reopen a closed case. *Stafford*, 2002 U.S. App. LEXIS at *140. In *Stafford*, the court rejected plaintiff's contention that a plan's policy to provide for procedures to allow "employees to attempt to reopen their cases" meant that the employee's administrative remedies would never be exhausted because "[a] decade old finding of non-disability could then be judicially challenged simply by a plaintiff seeking to reopen the administrative process. Allowing this would in turn create incentives for an employer not to allow any reopening of the administrative process, lest it face a perpetual risk of litigation." *Id.* (internal citation omitted).

Thus, the final denial of the Plaintiff's appeal occurred on July 1, 2002 when Mr. Sigmond sent the lengthy and very detailed Final Determination letter to Mr. Stull. Under the applicable Delaware statute of limitations established by the Third Circuit, Plaintiff had until July 1, 2003 to bring this action. The Related Complaint was not filed until September 10, 2004 and is therefore time-barred whether the operative date is the date of the Final Determination letter or the date suggested in the Complaint.

In *Syed v. Hercules, Inc.*, the Third Circuit concluded that the Delaware statute of limitations for ERISA benefits claims is governed by 10 Del. C. § 8111, and, therefore, subject

14

to a one year limitations period.[4] 214 F3d 155, 161 (3d Cir. 2000) *cert. denied* 513 U.S. 1148

(2001). The Third Circuit, in upholding this Court's ruling, stated: "we recognize that the one-

year statute of limitations of § 8111 is short, but we cannot say that it is inconsistent with the

policy of ERISA." *Id.* at 161. The Third Circuit, in rejecting the dissent's argument that

plaintiff's ERISA claim was analogous to a contract claim, posited that plaintiff's 502(a)(1)(B)

claim is "squarely based on his prior employment" and that "ERISA benefits are often termed

'fringe benefits'." *Id.* In so doing, the court noted that Delaware's Wage Payment and

Collection Act, 19 Del. C. § 1109(b), "defines 'benefits' as 'compensation for employment other

than wages, including, but not limited to, reimbursement for expenses, health, welfare or

retirement benefits...'" *Id.* at n5. Therefore, the court "agree[d] with the District Court that §

8111 is the best fit." *Id.* at 161. Thus, under Delaware law, the applicable statute of limitations

for a plaintiff to bring claims arising under ERISA § 502(a)(1)(B) is one year. This Court has

consistently followed the *Syed* case. *Skinner v. E. I DuPont De Nemours and Co., Inc.,* C.A. No.

92-147-SLR, 2001 U.S. Dist. LEXIS 18452 (D. Del. Oct. 29, 2001); *Hidy v. TIAA Group Long*

*Term Disability Benefits Insurance Policy,* C.A. No. 01-450-SLR, 2002 U.S. Dist. LEXIS 4723

(D. Del. Mar. 19, 2002); *aff.* No. 02-2140, 2003 U.S. App. LEXIS 2691 (3d Cir. Feb. 12, 2003);

*Stafford,* 2002 U.S. App. LEXIS 1039 at *9.

       In *Skinner*, this Court entered judgment in favor of defendants despite a finding

that the defendant plans denied plaintiff's benefits "without reason [and] unsupported by

---

[4] 10 Del. C. § 8111states in pertinent part:

> No action for recovery upon a claim of wages, salary, or overtime
> for work, labor or personal services performed,...or for any other
> benefits arising from such work, labor or personal services
> performed...shall be brought after the expiration of one year from
> the accruing of the cause of action on which such action is based.

DB01:1891123.7                                   061011.1005

substantial evidence" because "plaintiff's lawsuit [was] time barred by the one-year statute of limitations applicable to plaintiff's claim for benefits under ERISA § 502(a)(1)(B)..." 2001 U.S. Dist. LEXIS 18452 at *15 (internal citations omitted). Additionally, this Court in *Hidy* held that the one-year statute of limitations barred plaintiff's claim since the statute of limitations required plaintiffs to file suit before June 16, 2001 and plaintiff filed the action on June 29, 2001, just thirteen (13) days after the expiration of the statute of limitations. 2002 U.S. Dist. LEXIS 4723 at *11.

In this case, the Final Determination Letter was sent on July 1, 2002. Plaintiff filed the Related Complaint on September 10, 2004. Thus, the statute of limitations bars Plaintiff's claims as set forth in Counts I, II and III of the Complaint. Assuming, *arguendo*, and taking the allegations in the Complaint as true, Plaintiff's claims accrued no later than August 2003. (Complaint ¶ 13.) Under the holding in *Syed*, Plaintiff had one year - until August 2004 - to file any ERISA claims. Plaintiff's first Complaint was filed in the Eastern District of Pennsylvania on September 10, 2004. Thus, even assuming Plaintiff's alleged August 2003 final denial/determination date is correct, Plaintiff's claims would still be barred by the statute of limitations and summary judgment on Counts I, II and III of the Complaint should be entered in favor of the Defendants.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this motion to dismiss Count IV of the Complaint and for entry of summary judgment in favor of Defendants on Counts I, II, and III of the Complaint be granted.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
(302) 571-1253/fax

*Attorneys for Defendants*

Dated: December 5, 2005

DB01:1891123.7                                    061011.1005

## CERTIFICATE OF SERVICE

I, D. Fon Muttamara-Walker, Esquire hereby certify that on this 5th day of December, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> John M. Stull, Esq.
> 1300 North Market Street, Suite 700
> Wilmington, DE 19899

I further certify that on this 5th day of December, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above listed counsel of record and on the following non-registered participant in the manner indicated below:

### BY FEDERAL EXPRESS

> William B. Hildebrand, Esq.
> The Law Offices of William B. Hildebrand, LLC
> 1040 N. Kings Hwy, Suite 601
> Cherry Hill, N.J. 08034

D. Fon Muttamara-Walker (No. 4646)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
fmuttamara-walker@ycst.com

*Attorneys for Defendants*