IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, Trustees of Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Administrators of Pension and Welfare Plans, Trustees of Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan Administrator of Pension & Welfare Plans, Insurance Plans, and Health and Welfare Benefit Plan,<br><br>    Defendants. | C.A. No. 05-00760 (JJF) |

## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants Plumbers & Pipefitters Local Union No. 74, *et al.*, by and through their undersigned attorneys, and pursuant to Fed. R. Civ. P.26(c)(1), hereby move the Court for an order staying any discovery pending the Court's ruling on dispositive motions pending that would terminate the case in its entirety if granted. In support of this Motion, Defendants state as follows:

### PROCEDURAL STATUS/BACKGROUND

1. On November 1, 2005, this case was docketed in this Court after having been transferred pursuant to 28 U.S.C. § 1406(a) from the Eastern District of Pennsylvania after the Eastern District of Pennsylvania ruled that jurisdiction and venue was improper in that district. The Complaint asserts four counts: Counts I-III assert a wrongful denial of ERISA

benefits and Count IV asserts a claim for the same benefits claimed in Counts I-III, but under a breach of fiduciary theory.

2. On November 7, 2005, Defendants filed their Answer to the Complaint that included denying certain allegations of the Complaint and, *inter alia*, asserting affirmative defenses raising (a) the failure of the Complaint to state a claim upon which relief may be granted, and (b) that the claims asserted by Plaintiff were barred by the applicable statute of limitations.

3. On December 5, 2005, Defendants filed a Motion to Dismiss and for Partial Summary Judgment that sought: (a) to dismiss certain named defendants since such defendants simply do not exist, (b) to dismiss Count IV of the Complaint for failure to state a claim for which relief can be granted as a matter of law, and (c) to enter summary judgment in favor of Defendants on Counts I, II and III of the Complaint since such claims are barred by the applicable statute of limitations.

4. The effect of granting the pending dispositive motion would be the complete termination of this litigation in this Court.

### RELIEF REQUESTED

5. Defendants seek to stay discovery until such time this Court rules on the pending dispositive motion.

### FACTUAL BACKGROUND

6. The Motion to Dismiss and for Partial Summary Judgment, if granted, would be dispositive as to all claims in this case and would terminate the litigation in its entirety in this Court.

7. The only facts submitted to this Court in connection with the Motion to Dismiss and for Partial Summary Judgment were contained in two affidavits: Scott Ernsberger and Richard Sigmond. Scott Ernsberger's affidavit was identical (except those paragraphs that were deleted as not being relevant to the issues raised by the motion) to an affidavit submitted to the Eastern District of Pennsylvania in connection with the venue litigation. Richard Sigmond's affidavit adds only a letter sent to Plaintiff's counsel that was not already in the record of this case.

8. The issues raised by the Motion to Dismiss and for Partial Summary Judgment are entirely legal issues.

9. Defendants seek a protective order staying discovery pursuant to Fed. R. Civ. P. 26(c)(1) since factual discovery is unnecessary in light of the legal nature of the relief sought by the Motion to Dismiss and for Partial Summary Judgment.

10. Any such discovery would simply add an undue burden and expense on both parties pending the Court's decision on the Motion to Dismiss and for Partial Summary Judgment. If the Court grants the Motion to Dismiss and for Partial Summary Judgment, any factual issues not otherwise connected to the legal issues presented in the Motion to Dismiss and for Partial Summary Judgment would be mooted.

11. Defendants' counsel spoke with Plaintiff's local counsel regarding the filing of the Motion to Dismiss and for Partial Summary Judgment and the fact that discovery should be unnecessary pending the Court's decision on the dispositive motion, Plaintiff's counsel insisted that discovery was necessary but could not articulate any specific discovery that would be necessary in connection with the issues raised by the Motion to Dismiss and for Partial Summary Judgment. See Fed. R. Civ. P. 56(f)(providing for method by which party opposing

motion for summary judgment may, by affidavit, set forth reasons why "facts essential to justify the party's opposition" cannot be asserted in response to the motion).

12.  Plaintiff's counsel has indicated that it desires to add certain letters received by Plaintiff's counsel from Defendant's counsel into the record. However, such letters can be submitted by affidavit of Plaintiff's counsel and no discovery is necessary to add such letters to the record of this case. All other discovery that seemed to be suggested by Plaintiff's counsel would apply to litigation on the underlying merits of the denial of Plaintiff's claims for benefits. Such discovery would not apply to the narrow legal issues presented in the Motion to Dismiss and for Partial Summary Judgment.

13.  Accordingly, factual discovery during the pendency of the Motion to Dismiss and for Partial Summary Judgment would simply cause an undue burden and expense on the parties since such discovery is entirely unnecessary given the procedural status of this case.

WHEREFORE, Defendants respectfully request that the Court enter an Order staying discovery until such time this Court rules on the pending dispositive motion.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
(302) 571-1253/fax

*Attorneys for Defendants*

Dated: December 12, 2005

## CERTIFICATION OF COUNSEL IN CONNECTION
## WITH NON-DISPOSITIVE MOTION

The undersigned counsel, in accordance with D. Del. LR 7.1.1, hereby submits this certification:

1. The undersigned counsel spoke with John Stull, local counsel for the Plaintiff, on December 6, 2005 and informed Plaintiff's counsel that, in light of the pending Motion to Dismiss and for Partial Summary Judgment, that it did not make sense for the parties to enter into a discovery schedule since any such discovery would be unnecessary at this time.

2. Subsequently, on December 16, 2005, Mr. Stull called back and informed the undersigned that the Plaintiff wanted to engage in discovery. When inquiry was made as to what discovery Plaintiff's counsel thought would be necessary in light of the pending dispositive motion, Plaintiff's counsel could not identify any specific facts that were necessary to be discovered and the topics generally mentioned by Plaintiff's counsel related to the underlying merits of the claims and not to the legal issues raised by the pending dispositive motion. The undersigned further informed Plaintiff's counsel that, to the extent Plaintiff sought to introduce into the record letters sent from Defendant's counsel to Plaintiff's counsel regarding the underlying claims for benefits, that such letters could be submitted by affidavit of Plaintiff's counsel and that no discovery is necessary to place such letters in the record of this case. The undersigned further informed Plaintiff's counsel that Defendants believe that such letters would have no legal significance to the relief sought by the pending dispositive motion but that such issues, if raised, would be dealt with in connection with a Reply Brief to be filed by Defendants.

3. Plaintiff's counsel refused to agree that discovery was unnecessary but could not identify any specific discovery that would be relevant or necessary in connection with

the legal issues raised by the pending dispositive motion. Accordingly, no agreement on the issue could be reached.

                        YOUNG CONAWAY STARGATT & TAYLOR, LLP

                        Curtis J. Crowther (No. 3238)
                        The Brandywine Building
                        1000 West Street, 17th Floor
                        Wilmington, DE 19899-0391
                        (302) 571-6600
                        (302) 571-1253/fax

                        Counsel for the Defendants

Dated: December 12, 2005

## CERTIFICATE OF SERVICE

I, Curtis J. Crowther, Esquire, counsel for Defendants, hereby certify that on this 12th day of December, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

John M. Stull, Esq.
1300 North Market Street, Suite 700
Wilmington, DE 19899

I further certify that on this 12th day of December, 2005, I caused a copy of the foregoing document to be served on the following counsel in the manner indicated below:

**BY FEDERAL EXPRESS**
William B. Hildebrand, Esq.
The Law Offices of William B. Hildebrand, LLC
1040 N. Kings Hwy, Suite 601
Cherry Hill, N.J. 08034

**HAND DELIVERY**

John M. Stull, Esq.
1300 North Market Street, Suite 700
Wilmington, DE 19899

CURTIS J. CROWTHER (No. 3238)

Dated: December 12, 2005