IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) C. A. No. 05-760(JJF) |
| Plumbers & Pipefitters Local Union No. 74 Pension Plan, Trustees of Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74 Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Local 74, Administrators of Pension and Welfare Plans, Trustees of Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan Administrator of Pension and Welfare Plans, Insurance Plans and Health and Welfare Benefit Plan, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS MOTION FOR RULE 16 SCHEDULING ORDER PURSUANT TO ORDER OF NOVEMBER 16, 2005**
**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY**
**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Plaintiffs, Martha Jane Toy, individually, and as Personal Representative of the Estate of Russell B. Toy, by undersigned counsel, and as a response to Defendants' Motion to Dismiss and for Partial Summary Judgment, Motion to Stay Discovery, and as a Proposed Rule 16 Scheduling Order in the above matter Plaintiff hereby alleges and asserts the factual and legal basis for her Responses and proposed Scheduling Order as follows:

˘1˘

## SCHEDULING ORDER PROPOSAL

    1.  Pursuant to this Court's November 16, 2005 Order that the parties meet and confer to formulate proposed dates and pre-discovery responses for depositions, interrogatories, joinder of parties, the service of contention interrogatories and exchange of pre-discovery disclosures, Defendants' have refused to respond to verbal requests by Plaintiff's counsel to confer.

    2.  Defendants' have, through counsel sought to refute the need for any discovery proceedings on the basis of a limited Rule 30(b)(6) deposition proceeding in the Eastern District of Pennsylvania action.  Defendants' have not responded to the direction of the District Court of Eastern District of Pennsylvania to submit to Plaintiff and her counsel answers to requests made under prior correspondence directed to Local 74 and its Business Agent and Trustee, Mr. John Czerwinski, that would define the activities of Local 74 and its benefit plans within Delaware and Pennsylvania.

    3.  Defendants have not provided Plaintiff initial disclosures, specifically benefit plan documents defining the benefit entitlement or lack thereof for the Pension Plan, the Health & Welfare Plan, any insurance plan in force as of the date of Mr. Russell B. Toy's death, any disability file on which denial of disability is based, or any related documents or amendments to these plan documents.

    4.  A review of the Answer document shows Affirmative Defenses are asserted that would require a more detailed disclosure of facts in order to establish a factual basis for these claims.  In particular the "existence of plans" raises factual issues, the denial of status of the Union Local as sponsor of the plans and the claims regarding Trustees' status is disputed.

5. As a result of the failure Defendants to communicate with Plaintiff's counsel other than by Motions to Dismiss, Summary Judgment and Stay of Discovery, no dates and limits on discovery have been formulated, nor has dialogue to accomplish same occurred.  Plaintiff, through her counsel, thus suggests the following dates be the basis for a Scheduling Order as the Court considers fair and appropriate:

Paragraph 1 Pre-Discovery Disclosures be made by January 30, 2006.

Paragraph 2 Joinder of other parties February 13, 1006.

Paragraph 3(a) contention interrogatories, identification of fact witnesses and document production by February 27, 2006.

Paragraph 3(b) maximum of 50 interrogatories  for each side.

Paragraph 3(c) maximum of 10 requests for admission by each side.

Paragraph 3(d) maximum of three depositions by plaintiff and three depositions by defendants.

Paragraph 3(e) reports from retained experts due from plaintiff by March 13, 2006, and by defendants by March 27, 2006.

Paragraph 5 Amendments of pleadings made by motion filed on or before March 31, 2006.

Paragraph 6 case dispositive motions to be filed on or before May 29, 2006.

Paragraph 7 Markman Hearing not applicable.

6. In addition, since no briefing schedule has been determined, Plaintiff seeks leave to respond to Defendants' Brief in support of Motion to Dismiss by Memorandum format containing sufficient facts and argument as to refute Defendants assertion that no jurisdiction obtained in the Eastern District of Pennsylvania prior to transfer, and the need for discovery.

## **MEMORANDUM RESPONSE TO MOTION TO DISMISS**

## **NATURE AND STAGE OF THE PROCEEDINGS**

This is an action for unpaid pension, medical and life insurance benefits pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"). On September 10, 2004, Plaintiff, Martha Jane Toy ("Plaintiff") originally initiated the action by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania ("the Pennsylvania action"). This action was dismissed "with prejudice." The Complaint, in four counts, sought legal and equitable relief against the Plumbers & Pipefitters Local Union No. 74 Pension Plan ("Pension Plan"), the Plumbers & Pipefitters Local Union No. 74 Welfare Plan ("Welfare Plan") and others as a result of the denial of pension, medical and life insurance benefits to Plaintiff and for breach of fiduciary duty. (Complaint, ¶¶ 8-25). After the Plaintiff appealed to the Third Circuit, the action was mediated and the parties agreed to accept a refiled Complaint.

Defendants never answered the refiled Complaint in the Pennsylvania action. Instead, they filed various motions to dismiss the Complaint for lack of jurisdiction and/or proper venue. Ultimately, the Court denied the motions to dismiss and instead, retained jurisdiction and transferred the action to this Court pursuant to 28 U.S.C. § 1406(a). (See 9/27/05 Court Order).

On November 7, 2005, after the record in the Pennsylvania action was transferred to this Court, Defendants filed an Answer to Plaintiff's Complaint with Affirmative Defenses. (See Answer, Docket #38). On November 16, 2005, this Court entered an order, directing the parties to confer and submit a Proposed Rule 16 Scheduling Order. On December 5,

2005, less than a month after they filed their Answer, and before any discovery, Defendants filed a Motion to Dismiss the Complaint for Failure to State a Claim and for Partial Summary Judgment. (See Motion, Docket #41). In the motion, Defendants seek to dismiss certain parties which they claim "have no legal significance or existence." Defendants also claim that Plaintiff's claim for breach of fiduciary duty is invalid, and that Plaintiff's other claims are barred by the applicable statute of limitations. (See Brief in Support of Defendants' Motion, p. 3).

Defendants' Motion is both procedurally and substantively defective. The Motion relies on facts outside the pleadings and was filed after Defendants filed their Answer. Therefore, the Motion to Dismiss is improper. Furthermore, the Motion for Partial Summary Judgment relies on disputed factual issues and the parties have not had any opportunity to engage in any discovery. Plaintiff therefore respectfully submits this Memorandum brief in opposition to Defendants' Motion.

## SUMMARY OF ARGUMENT

1. F.R.Civ.P. 12(b)(6) requires that a motion to dismiss for failure to state a claim be filed before the filing of Defendants' Answer. Defendants' Motion was filed almost a month later, and relies on disputed facts outside the parties' pleadings. Although the Court has discretion to convert the motion to one for summary judgment, such discretion should not be exercised where (as here) the parties have had no opportunity to conduct any discovery.

2. Defendants' motion for partial summary judgment likewise relies on disputed facts which are uniquely within Defendants' control. Unless

and until Plaintiff has had an opportunity to obtain this discovery, Defendants' summary judgment motion is premature.

3. Plaintiff's claim for unpaid benefits is governed by Pennsylvania's four-year statute of limitations. Therefore, the claim is not time-barred.

## STATEMENT OF FACTS

Plaintiff, Martha Jane Toy ("Plaintiff") is the spouse of Russell B. Toy, deceased ("Russell"). Russell is a former participant of the Plumbers & Pipefitters Local No. 74 Pension Plan ("Pension Plan"), and a participant in the Plumbers & Pipefitters Local No. 74 Welfare Plan ("Welfare Plan") (Complaint, ¶ 3). Defendant, Plumbers & Pipefitters Local No. 74 ("the Union") is both an employer and sponsor of the above-referenced Plans, and therefore a fiduciary under ERISA. (*Id.,* ¶¶ 3, 6). The Trustees of Local 74 ("the Trustees") are designated as "Plan Administrators" of these two Funds, and are likewise ERISA fiduciaries. (*Id.,* ¶ 7).

Russell became disabled, and applied for disability benefits under the Pension Plan. Initially, his application for pension benefits was denied. Through counsel, Russell contested this decision, and his application was eventually granted. However, Russell died prior to the final decision on his application. (*Id.,* ¶ 9).

Following Russell's death, Plaintiff continued to submit claims and appeals to the Trustees, seeking additional benefits based on the fact that the Plan was required to grant disability benefits as of 1991, when Russell's disability was established with the Social Security Administration. (*Id.,* ¶¶

11-12). Plaintiff has also been improperly denied spousal election benefits and welfare benefits under the Plans. (*Id.,* ¶¶ 13-14).

## ARGUMENT

**I. DEFENDANTS' MOTION TO DISMISS RELIES ON MATTERS OUTSIDE THE PLEADINGS, AND SHOULD BE DENIED.**

*Federal Rule of Civil Procedure 12(b)(6)* authorizes a court to dismiss a complaint for failure to state a claim upon which relief can be granted. The purpose of the motion is to test the legal sufficiency of the complaint, not resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz,* 1 *F.3d* 176, 183 (3d Cir. 1993). In considering the motion, the court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. *Markowitz v. Northeast Land Co.,* 906 *F.2d* 100, 103 (3d Cir. 1990). The court should only dismiss the complaint if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 *U.S.* 69, 73, 104 *S.Ct.* 2229, 81 *L.Ed.2d* 59 (1984) (citation omitted). The moving party bears the burden of demonstrating "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson,* 355 *U.S.* 41, 45-46, 78 *S.Ct.* 99, 2 *L.Ed.2d* 80 (1957). Finally, *Rule 12(b)(6)* motions, like other *Rule 12(b)* motions, must be filed "before pleading if a further pleading is permitted." *F.R.Civ.P. 12(b)*.

Here, Defendants' motion was filed almost a month *after* they filed their Answer, but before the parties had an opportunity to engage in any discovery. Furthermore, Defendants attached an extensive affidavit and

other materials to their submission, containing facts outside of the pleadings. (See Defendants' Brief, Exhibits A & B).  Where, in connection with a motion to dismiss for failure to state a claim, matters outside the pleadings are presented to the court, the court does have discretion to treat the motion as one for summary judgment.  However, this is not appropriate where, as here, there has been no discovery.  See, e.g., *Melo v. Hafer,* 912 *F.2d* 628, 634 (3d Cir. 1990) (summary judgment standard should not be followed in the absence of a "complete factual record developed during a defined discovery period"); *Brug v. Enstar Group, Inc.,* 755 *F.Supp.* 1247, 1251 (D. Del. 1991) (it is inappropriate to convert a motion to dismiss to a motion for summary judgment where no discovery has been conducted); *Ospina v. Department of Corrections,* 749 *F.Supp.* 572, 574 (D. Del. 1990) (rule specifically requires that all parties be given a reasonable opportunity to present all material pertinent to the motion, which standard cannot be met where no discovery has taken place).

Here, Defendants are seeking to dismiss certain allegedly non-existent ERISA plans because "such plans have no legal significance or existence." (Defendants' Brief, p. 3).  Besides making this bald assertion in their Brief, Defendants fail to submit any factual or evidentiary support for this proposition.  If, after an opportunity for discovery, it appears that certain named defendants do not exist or are unnecessary, Plaintiff will certainly agree to dismiss these parties.  However, at this time, Defendants' request for relief is premature.

Defendants' motion to dismiss is procedurally defective, and was not filed in accordance with court rules governing such motions. For this reason alone, the motion should be denied.

## II. DEFENDANTS' MOTION IS PREMATURE UNTIL THE PARTIES HAVE HAD AN OPPORTUNITY TO ENGAGE IN DISCOVERY.

*Federal Rules of Civil Procedure 56(f)* provides the court discretion to delay or deny a summary judgment application where critical facts are unavailable to the opposing party. Specifically, the rule states:

"Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Whether a Rule 56(f) motion should be granted "depends, in part, on 'what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it was not previously obtained.'" *Contractors Association of Eastern Pennsylvania, Inc. v. City of Philadelphia,* 945 F.2d 1260, 1266 (quoting *Lunderstadt v. Colafella,* 885 F.2d 66, 71 (3d Cir. 1989)). Although the court has discretion in ruling on the motion, where relevant information is in the hands of the moving party, "a district court should grant a Rule 56(f) motion almost as a matter of course unless the information is otherwise available to the non-movant." *Id.* See also, *San Filippo v. Bongiovanni,* 30 F.3d 424, 432 (3d Cir. 1994) (reversing grant of summary judgment where the non-movant was not permitted to conduct discovery).

In this case, Defendants seek to dismiss certain Plan defendants which they claim "have no legal significance or existence." They also argue that Plaintiff's benefits claims are barred by the Delaware one-year statute of limitations. Therefore, as noted in the within affidavit request set forth below, discovery is necessary on the following topics:

1. The name and address of the correct parties to be sued.

2. The administrative proceedings (Russell's claim file) leading to the denial of Plaintiff's benefits claims.

3. The reason(s) for the denial of Plaintiff's benefit claims.

This information was not previously obtained or provided through initial disclosure by the Defendants. The parties have thus not had an opportunity to conduct any merits discovery in this or the Pennsylvania action. Rather, Defendants filed a motion to dismiss the case for lack of jurisdiction and/or improper venue in the Pennsylvania action before filing an Answer, and Defendants prematurely filed a dispositive motion before any discovery could be conducted in this case. The above-referenced discovery should establish the identity of the proper parties to the case, whether other named parties exist or should be dismissed, and whether the statute of limitations bars Plaintiff's claims. For this reason as well, Defendants' motion should be denied.

## III. PENNSYLVANIA'S FOUR-YEAR STATUTE OF LIMITATIONS GOVERNS PLAINTIFF'S CLAIMS FOR UNPAID BENEFITS.

The only statute of limitations found in ERISA is one for breach of fiduciary duty. Claims for benefits or to enforce other ERISA rights are

governed by the most closely analogous state statutes of limitations. See *DelCostello v. International Brotherhood of Teamsters,* 462 *U.S.* 151, 158-60, 76 *L.Ed.2d* 476, 103 *S.Ct.* 2281 (1983); *Syed v. Hercules, Inc.,* 214 *F.3d* 155, 159 (3d Cir. 2000) *cert. denied,* 531 *U.S.* 1148, 148 *L.Ed.2d* 963, 121 *S.Ct.* 1088 (2001). Here, Plaintiff is seeking unpaid pension and medical benefits under Defendants' Pension and Welfare Plans. This case was transferred here from Pennsylvania. Pennsylvania's courts have consistently applied Pennsylvania's four-year statute of limitations for breach of contract actions to benefit claims. See, e.g., *Paterson v. Metropolitan Life Insurance Co.,* 330 *F.Supp.2d* 548, 549 (W.D. Pa. 2004) (Pennsylvania's four-year statute of limitations applies to employee's claim for additional disability benefits, running from the date all administrative remedies were exhausted); *Frazier v. Hairston*, 2001 *U.S. Dist. LEXIS* 12848 (E.D. Pa.. 2001) (Pennsylvania's four-year statute of limitations applies to plaintiff's claims for the denial of pension benefits earned during his employment with the Philadelphia fire department); *Miller v. Aetna Healthcare,* 2001 *U.S. Dist. LEXIS* 20801 (E.D. Pa. 2001) (four-year statute of limitations governs plaintiff's contract claim for benefits allegedly due under decedent's employee benefit plan).

## **CONCLUSION**

1. As a result of proceedings in Eastern District of Pennsylvania, this matter was transferred to the District of Delaware by Order of the Court dated September 27, 2005. To transfer an action under 28 U.S.C. Sec. 1406(a) the Court assumed jurisdiction over these proceedings by its exercise of discretion to so transfer. By exercise of jurisdiction and act of transfer, the statute of limitations for Pennsylvania in ERISA actions was

implicated by such jurisdictional acts.  The statute of limitations of Pennsylvania in ERISA actions is at least three years.

    2.  Based on two decisions of the U. S. Supreme Court, a transfer of jurisdiction from one federal District Court to another District Court carries with it the statute of limitations standard of the transferor District.  The U. S. Supreme Court decisions to which Plaintiff refers are <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964) and <u>Ferens v. John Deere Co.</u>, 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990).  In <u>Van Dusen</u> the defendant sought the transfer in order to avoid the longer statute of limitations of the transferor jurisdiction.  The decision held that the limitations period of the transferor forum was controlling regardless of the shorter limitations period of the transferee forum.  Similarly, in <u>Ferens</u>, a transfer of jurisdiction was made, but at the request of the plaintiff.  By the same rationale, the Supreme Court held again that the limitations period of the transferor forum was controlling.

    3.  Because defendants in the instant matter seek to impose on this action the one-year statute of limitations period that Delaware District uses in ERISA actions, defendants thereby seek dismissal of this case on that basis.  However, since the transferor forum utilizes Pennsylvania's statutory limitations period for ERISA claims of at least three years, that limitations period must control regardless of the one-year period of the Delaware forum.  As to a three-year period, see <u>Wells v. Genesis Health Ventures Inc.</u>, E.D.Pa., No.05-597, 11/23/05.

    4.  It is clear that defendants are relying on the one-year limitations period to seek dismissal of this action.  While the defendants sought as an alternative argument in the Eastern District that the matter be transferred expecting the one-year limitations period of Delaware would control, the Supreme Court has determined otherwise in two cases where both the

defendant and the plaintiff each sought to transfer jurisdiction to a more convenient forum with different limitations periods than the transferor forum.

     5.  Plaintiff had no knowledge of the need to pursue her claims via court proceedings until the Plan Administrator, through counsel, so advised Mr. Russell Toy in September, 2001, that his disability benefits would only be paid for three years prior to his filing a claim with the Trustees of the Local No 74 Pension Plan, i.e., back to 1998.  This denial was affirmed by letter of Plan counsel dated July 1, 2002, that indicated an exhaustion of administrative remedies had been completed. (See Ex. B, Def. Brief, Motion to Dismiss).  Because of Third Circuit rulings, it is clear that Mr. Toy's claims for benefits from the Pension Plan should include the period beginning with his Social Security decision status date in 1991.

     6.  For the above factual and legal reasons, Plaintiff respectfully requests that a Scheduling Order be entered base on the above suggested time frame, or similar framework, in the discretion of the Court.  In addition, Plaintiff requests that discovery be allowed to proceed under the suggested timeframe in order to obtain plan documents, Russell's claims file, any amendments to said plan documents, and any Trustee deliberations showing application of specific plan provisions to Russell's disability decision.

        Respectfully submitted,

        <u>/s/ John M. Stull, Esq.</u>
        John M. Stull, Esquire (#568)
        1300 N. Market Street, Suite 700
        P. O. Box 1947
        Wilmington, DE 19899
        Ph. (302) 654-0399
        jstullesq@AOL.Com.
        Attorney for Plaintiff
            Martha Jane Toy

Of Counsel:
William B. Hildebrand, Esq.
Law Offices of William B. Hildebrand, LLC
1040 N. Kings Highway, Suite 601
Cherry Hill, NJ 08034

December 16, 2005

## CERTIFICATION OF COUNSEL

John M. Stull, as counsel for Plaintiff Martha Jane toy and the Estate of Russell B. Toy certifies that:

1. To the best of his knowledge and belief, certain factual matters remain is dispute based on the unavailability of Plan documents, Mr. Toy's disability file in possession of Defendants, facts surrounding Mr. Toy's lack of application during time of his application for Social Security benefits, facts surrounding deliberations of the Trustees of the Plans, related matters as to his service time, oral communications with Mr. Toy as to his entitlements, and conversations with GEM Group as claims processors for the Plans.

2. Defendants have asserted Affirmative Defenses the factual basis of which has not been established.

3. Plaintiff is entitled to discovery of Mr. Toy's disability file to indicate reasoning and plan sections on which benefits denial hare based, as no specifics were communicated to Mr. Toy in letters of denial from plan counsel.

4. Plaintiff requests a Scheduling Order be entered to allow discovery to proceed and adequate time allowed for briefing based on fully established factual and legal bases following such discovery.

/s/John M. Stull_____
John M. Stull, Esq.  (Bar #568)
Law Offices of John M. Stull, Esquire
1300 N. Market Street, Ste 700
P. O. Box 1947
Wilmington, DE 19899
Attorney for Plaintiff

Dated: December 16, 2005

## CERTIFICATE OF SERVICE

I, John M. Stull, Esquire, counsel for Plaintiff, hereby certify that on this 16th day of December, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court for the District of Delaware, such as to cause notification as to the availability of viewing same to counsel of record:

> Timothy J. Snyder, Esq.
> Curtis J. Crowther, Esq.
> D. Fon Muttamara-Walker, Esq.
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building, 17th Flr
> Wilmington, DE 19899-0391

> /s/ JOHN M. STULL
>
> John M. Stull, Esq.  (Bar #568)
> Law Offices of John M. Stull, Esquire
> 1300 N. Market Street, Ste 700
> P. O. Box 1947
> Wilmington, DE 19899
> Attorney for Plaintiff
> jstullesq@AOL.Com.

Dated: December 16, 2005