IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> Plumbers & Pipefitters Local Union No. 74 Pension Plan, Trustees of Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Administrators of Pension and Welfare Plans, Trustees of Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan Administrator of Pension & Welfare Plans, Insurance Plans, and Health and Welfare Benefit Plan, <br><br> Defendants. | C.A. No. 05-00760 (JJF) |

**DEFENDANTS' [i] REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT, [ii] REPLY BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY, and [iii] ANSWERING BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR RULE 16 SCHEDULING ORDER**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
(302) 571-1253/fax

*Attorneys for Defendants*

Dated: December 22, 2005

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

    I.    DEFENDANTS' MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED. ......................................... 2

        A.    This Court Should Consider Defendants' Motion to Dismiss As A Motion For Judgment On The Pleadings. ............................................ 2

        B.    Plaintiff's Objection to the Motion to Dismiss Non-Existent Parties or Defendants Defies Logic. ................................................................ 4

        C.    Defendants' Motion For Partial Summary Judgment Should Be Granted Because No Genuine Issues of Disputed Material Fact Exist. ............. 6

            1.    Delaware, and not Pennsylvania law, applies to the claims since the transfer of venue was ordered under 28 U.S.C. § 1406(a) and not § 1404(a). ........................................................................... 6

            2.    No factual discovery is necessary on the issue of the statute of limitations ............................................................................... 11

    II.    THIS COURT SHOULD STAY DISCOVERY BECAUSE DEFENDANTS' MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT IS DISPOSITIVE AND PARTICIPATION IN DISCOVERY WOULD BE UNNECESSARY AND UNDULY BURDENSOME. ................................................................................................ 12

    III.    THIS COURT SHOULD DENY PLAINTIFF'S PROPOSED RULE 16 SCHEDULING ORDER BECAUSE THERE ARE NO FACTS THAT ARE NOT ALREADY IN THE RECORD THAT ARE RELEVANT TO THE PENDING DISPOSITIVE MOTIONS. ...................................................... 12

CONCLUSION ..................................................................................................................... 15

# TABLE OF CITATIONS
**Cases**

*Broome v. Antlers' Hunting Club*,
448 F. Supp. 121 (M.D. Pa. 1978) ............................................................................ 8, 9

*Ellis v. Great Southwestern Corp.*,
646 F.2d 1099 (5th Cir. 1981) ...................................................................................... 8

*Ferens v. John Deere Co.*,
494 U.S. 516 (1990) ...................................................................................................... 9

*Great-West Life & Annuity Ins. Co. v. Knudson*,
534 U.S. 204 (2002) ...................................................................................................... 4

*Liquidating Trust of U.S. Wireless Corp. v. Neeraj Bhatnagar (In re U.S. Wireless Corp.)*,
Adv. Proc. No. 03-55654 (PJW), 2005 Bankr. LEXIS 2261
(D. Del. Bankr. Nov. 23, 2005) .................................................................................... 3

*Manley v. Engram*,
755 F.2d 1463 (11th Cir. 1985) .................................................................................... 8

*Martin v. Stokes*,
623 F.2d 469 (6th Cir. 1980) .................................................................................... 7, 8

*Nelson v. Int'l Paint Co.*,
716 F.2d 640 (9th Cir. 1983) ........................................................................................ 8

*Pony Computer, Inc. v. Equus Computer Sys. of Missouri, Inc.*,
162 F.3d 991 (8th Cir. 1998) ........................................................................................ 8

*Ross v. Colorado Outward Bound Sch., Inc.*,
822 F.2d 1524 (10th Cir. 1987) .................................................................................... 8

*TCW/CAMIL Holding L.L.C. v. Fox Haron & Camerini L.L.P.
(In re: TCW/CAMIL Holding L.L.C.)*,
C.A. No. 003-1154-SLR,
2004 U.S. Dist. LEXIS 9659 (D. Del. May 12, 2004) .............................................. 3, 6

*Toy v. Plumbers & Pipefitters Local Union
No. 74 Pension Plan, et al.*,
C.A. No. 05-1814,
2005 U.S. Dist. LEXIS 21568 (E.D. Pa. Sept. 27, 2005) ......................................... 7, 10

*Van Dusen v. Barrack*,
376 U.S. 612 (1964) ...................................................................................................... 9

*Young v. Clantech, Inc.*,
C.A. No. 87-4752,
1988 U.S. Dist. LEXIS 4877 (D.N.J. May 17, 1988) .................................................... 8

**Statutes**

28 U.S.C. § 1404(a) ..................................................................................................... 6, 9

28 U.S.C. § 1406(a) ................................................................................................. passim

## TABLE OF CITATIONS (cont.'d)

**Rules**

Fed. R. Civ. P. 12 .................................................................................................... 2
Fed. R. Civ. P. 12(b)(6) ........................................................................................... 3
Fed. R. Civ. P. 12(c) ........................................................................................ 2, 3, 4
Fed. R. Civ. P. 16 .................................................................................................. 12
Fed. R. Civ. P. 56(f) ......................................................................................... 2, 13

## INTRODUCTION

Defendants', Plumbers & Pipefitters Local Union No. 74 Pension Plan, *et al.*[1], Motion to Dismiss and for Partial Summary Judgment seeks to dismiss Plaintiff's breach of fiduciary duty claim (Count IV) because Plaintiff failed to state a claim for which relief can be granted as a matter of law and for summary judgment on Plaintiff's denial of benefits claims (Counts I, II and III) because any such alleged claims are barred by the applicable statute of limitations as a matter of law. Similarly, Defendants' Motion to Stay Discovery ("Motion to Stay") seeks to stay discovery until the above mentioned dispositive motions are ruled upon by this Court so as to avoid unnecessary and burdensome factual discovery.

Plaintiff filed a pleading entitled "Plaintiffs [sic] Motion for Rule 16 Scheduling Order Pursuant to Order of November 16, 2005 ("Rule 16 Motion") Plaintiff's Response to Defendants' Motion to Stay Discovery Plaintiff's Response to Defendants' Motion to Dismiss and for Partial Summary Judgment ("Responsive Pleadings")," which seeks to have this Court deny Defendants' Motion to Dismiss and For Partial Summary Judgment and Motion to Stay Discovery and for this Court to instead enter a proposed Scheduling Order—a proposed Scheduling Order that Plaintiff never even bothered to transmit to Defendants prior to its filing with the Court even though it had been specifically requested. While Plaintiff's Responsive Pleadings and Rule 16 Motion were almost incomprehensible, Defendants will attempt to respond to each argument and contention advanced by Plaintiff. In essence, Defendants will demonstrate why both Plaintiff's Responsive Pleadings and Rule 16 Motion are factually and legally incorrect and misleading. Plaintiff is simply incorrect in her legal conclusions based on established statutory and case law. Furthermore, Plaintiff has failed to provide an affidavit

---

[1] Defendants are the Plumbers & Pipefitters Local Union No. 74 Pension Plan ("Pension Plan"), the Plumbers & Pipefitters Local Union No. 74 Welfare Plan ("Welfare Plan") and the Trustees of the Pension Plan and the Welfare Plan ("Trustees"), collectively "Defendants".

meeting the requirements of Fed. R. Civ. P. 56(f) necessary in conjunction with a Motion for Summary Judgment and has also failed to certify to this Court any material facts that are in dispute in this case that would warrant the Court delaying consideration of the Motion for Partial Summary Judgment.

Accordingly, Defendants' Motion to Stay Discovery and Motion to Dismiss and for Partial Summary Judgment should be granted. Plaintiff's Motion for Rule 16 Scheduling Order should be denied as unnecessary in light of the pending dispositive motions.

## ARGUMENT

### I. DEFENDANTS' MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED.

This Court should grant Defendants' Motion to Dismiss and for Partial Summary Judgment because no material, disputed facts have been raised by Plaintiff and the Motion is entirely based on legal, and not factual, issues.

#### A. *This Court Should Consider Defendants' Motion to Dismiss As A Motion For Judgment On The Pleadings.*

This Court should grant Defendants' Motion to Dismiss because Plaintiff fails to state a claim for which relief can be granted in Count IV of the Complaint as a matter of law. Plaintiff's assertion that Defendants' Motion to Dismiss is procedurally deficient and therefore should be denied is misleading. A motion to dismiss for failure to state a claim upon which relief may be granted is the same as a motion for judgment on the pleadings except as to the timing of the motion. Therefore, this Court should view Defendants' Motion to Dismiss as a motion for judgment on the pleadings since both motions, filed under different subsections of Fed. R. Civ. P. 12, are reviewed under the same legal standard. "A motion for judgment on the pleadings made pursuant to Federal Rule of Civil Procedure 12(c) is treated under the same

standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *TCW/CAMIL Holding L.L.C. v. Fox Haron & Camerini L.L.P. (In re: TCW/CAMIL Holding L.L.C.)*, C.A. No. 003-1154-SLR, 2004 U.S. Dist. LEXIS 9659, *10-11 (D. Del. May 12, 2004); *Liquidating Trust of U.S. Wireless Corp. v. Neeraj Bhatnagar (In re U.S. Wireless Corp.)*, Adv. Proc. No. 03-55654 (PJW), 2005 Bankr. LEXIS 2261, *4 (D. Del. Bankr. Nov. 23, 2005) ("[w]hether the motion is before the court as a [Rule] 12(b)(6) motion or a [Rule] 12(c) motion, the same standards will apply to the resolution…regardless of which type of motion is used.")(internal quotations omitted). The only distinction is a procedural one; a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is filed before an answer while a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is made after the filing of pleadings. *In re TCW/CAMIL* at *11.

Other than the procedural differences, a motion to dismiss for failure to state a claim and a motion for judgment on the pleadings are reviewed in the exact same manner. *In re U.S. Wireless* at *5 ("In fact, any distinction between [a motion to dismiss and a motion for judgment on the pleadings] is merely semantic because the same standard applies to motions made under either subsection.") This Court, in deciding a Rule 12(b)(6) or a Rule 12(c) motion, "must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party, … [and grant that motion only if] it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law." *In re TCW/CAMIL.* at *12; *In re U.S. Wireless* at *5. Accordingly, the Court should simply view the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) as a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c).

Contrary to Plaintiff's assertion, Defendants' Motion to Dismiss is not a motion for summary judgment. The Motion does not require any evidentiary or factual support and does

not mandate any discovery. The Supreme Court has ruled that a plaintiff may not seek the relief that Plaintiff seeks under Count IV of her Complaint. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002). Thus, no discovery is needed to ascertain what type of relief Plaintiff is seeking of the underlying factual basis of such relief because it has already been held that Plaintiff may not bring a cause of action for a breach of fiduciary duty seeking the monetary relief that is sought in Count IV of Plaintiff's Complaint as a matter of law. The Court does not require any additional facts other than the pleadings to determine that the Plaintiff has not stated a cause of action upon which relief may be granted as a matter of law.

Moreover, Defendants raised in their Answer as an affirmative defense that Plaintiff failed to state a claim for which relief can be granted. Accordingly, the defense was not waived. Plaintiff would not be prejudiced by this Court's review of Defendants' Motion to Dismiss under the standards of a motion for judgment on the pleadings because the standards of review are the same. While Defendants agree that a motion to dismiss for failure to state a claim upon which relief may be granted may not be field after an answer, the result is not the denial of the motion to dismiss when it is filed after an answer, but rather converting it to a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).

    **B.**    ***Plaintiff's Objection to the Motion to Dismiss Non-Existent Parties or Defendants Defies Logic.***

Plaintiff also asserts in her Responsive Pleadings, in apparent objection to Defendants' request that certain non-existent parties or defendants be dismissed, that Defendants have "fail[ed] to submit any factual or evidentiary support for" the proposition that the majority of the named defendants have no legal significance or existence. Paragraph four of Scott Ernsberger's Affidavit (Exhibit A to Defendants' Brief in Support of Motion to Dismiss and Partial Summary Judgment) states:

4

> There are no other Plans [other than the Pension Plan and Welfare
> Plan] that are named as defendants in this case in existence relating
> to the Plumbers & Pipefitters Local Union No. 74 and none of the
> other alleged plans listed in the Complaint filed by Mrs. Toy
> actually exist. Any benefits Mrs. Toy is entitled to would be
> provided by the Pension Plan and/or Welfare Plan.

Additionally, Defendants' have already conceded that, to the extent that Plaintiff was entitled to any benefits, the two correct plans would be the Pension Plan and the Welfare Plan, stating:

> Plaintiffs have named as defendants an array of plans: Plumbers &
> Pipefitters Local Union No. 74 Pension Plan, Health and Welfare
> Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local
> 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance
> Plan, Insurance Plans, and Health and Welfare Benefit Plan.
> However, the only actual plans in existence and relevant to this
> matter are the Plumbers & Pipefitters Local Union No. 74 Pension
> and Welfare Plans. (Ernsberger Aff. ¶ 4 attached hereto as Exhibit
> A.) Any benefits allegedly due to Plaintiffs would be provided by
> either of these two plans. (Ernsberger Aff. ¶ 4.) To the extent the
> Complaint seeks to identify or name any other alleged or proposed
> plans, such "defendant plans" simply do not exist. (Ernsberger Aff.
> ¶ 4.)

Defendants' Brief in Support of Motion to Dismiss and For Partial Summary Judgment at fn. 1. Accordingly, Plaintiff's objection to the request to dismiss the non-existent parties and/or defendants appears devoid of any basis.

Defendants concede that the Pension Plan and Welfare Plan would be the responsible parties should Plaintiff be awarded any type of relief. Defendants seek to dismiss the other non-existent plans because Defendants are unable to ascertain or understand which plans Plaintiff seeks to sue and name as defendants in the action. Plaintiff's caption is incomprehensible and merely adds commas indiscriminately which renders the caption almost unreadable. Defendants are unable to determine when one defendant name ends and another begins. For example, part of Plaintiff's caption states: "Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan,

…" Defendants are unsure whether Plaintiff seeks to sue 1) Plumbers & Pipefitters Local Union No. 74 Pension Plan, or 2) Plumbers & Pipefitters Local Union No. 74 Pension Plan and Health and Welfare Plan, or 3) Health and Welfare Plan, Local 74, or 4) Local 74, Welfare Benefit Plan, or 5) Local 74, Welfare Benefit Plan, Life Insurance Plan. The combinations are endless, and in order to end all confusion, Defendants have conceded that the *only* two plans in existence that are relevant to Plaintiff's claims are the Pension Plan and Welfare Plan. Defendants are puzzled as to why Plaintiff is demanding discovery on this issue and can only conclude that such a position is designed to further harass the Defendants and drive up unnecessary litigation costs.

### C. *Defendants' Motion For Partial Summary Judgment Should Be Granted Because No Genuine Issues of Disputed Material Fact Exist.*

Defendants Motion for Partial Summary Judgment should be granted because, as stated above, no genuine issues of material facts exist. A court shall grant summary judgment where the moving party can show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *In re TCW/CAMIL* at *13. Once the moving party has established a lack of disputed material facts, the nonmoving party must demonstrate the existence of disputed material facts and genuine issues for trial. *Id.* It is not enough for the nonmoving party to show the mere existence of any fact, "there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue." *Id.* at *14. In this case, Plaintiff has failed to put forth a single, disputed fact relevant to the pending dispositive motions.

#### 1. *Delaware, and not Pennsylvania, law applies to the claims since the transfer of venue was ordered under 28 U.S.C. § 1406(a) and not § 1404(a).*

Plaintiff fails to demonstrate in her Responsive Pleadings that any triable facts exist. Plaintiff seeks discovery on the merits of the underlying claims but fails to understand that her claims are barred as a matter of law. Accordingly, this Court does not need to reach the issue of the underlying merits of any of Plaintiff's claims.

Plaintiff is correct that "[t]his case was transferred here from Pennsylvania." (Pl's Responsive Pleadings and Rule 16 Motion at p. 11). However, Plaintiff misconstrues the statute under which the court in the Eastern District of Pennsylvania transferred the case. In its September 27, 2005 Opinion, the court in the Eastern District of Pennsylvania states: "Defendants have met their burden and demonstrated that venue is <u>improper</u> in the Eastern District of Pennsylvania." *Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al.*, C.A. No. 05-1814, 2005 U.S. Dist. LEXIS 21568, *20 (E.D. Pa. Sept. 27, 2005) (emphasis added). Additionally, the court states: "[a]lthough the Court's decision that venue is not proper in this district rests in part upon its ruling that it does not have personal jurisdiction over the Plans, this ruling does not prevent this Court from transferring the matter." *Id.* at *21. Finally, the court states that it "transfers this action to the District of Delaware under <u>28 U.S.C. § 1406(a)</u>." *Id.* at *22 (emphasis added). The transfer of venue was not done for "the convenience of the parties" under § 1404(a) as suggested by Plaintiff.

A transfer under §1406(a) makes the law of the transferee court applicable to the case. In *Martin v. Stokes*, the Sixth Circuit Court of Appeals noted:

> A transfer under §1406(a) is based not on the inconvenience of the transferor forum but the impropriety of that forum. If the state law of the forum in which the action was originally commenced is applied following a § 1406(a) transfer, the plaintiff could benefit from having brought the action in an impermissible forum. Plaintiffs would thereby be encouraged to file their actions in the federal district court where the state law was the most

7

> advantageous, regardless of whether that district court was
> a proper forum.

623 F.2d 469, 472 (6th Cir. 1980) (superseded on unrelated issue in *Ross v. Colorado Outward Bound Sch., Inc.*, 822 F.2d 1524 (10th Cir. 1987)).

Similarly, other courts have recognized the applicability of the transferee court's laws. The District Court for the District of New Jersey held: "where venue or jurisdiction is improper in the original forum, there is no sound reason for the choice-of-law rules of that forum to govern the controversy and its adjudication by the transferee court." *Young v. Clantech, Inc.*, C.A. No. 87-4752, 1988 U.S. Dist. LEXIS 4877, *6 (D.N.J. May 17, 1988) *quoting Manley v. Engram*, 755 F.2d 1463, 1467 (11th Cir. 1985).[2]

The District Court for the Middle District of Pennsylvania, in the capacity of the transferee court in a § 1406(a) transfer, as in this case, applied the Pennsylvania statute of limitations in barring plaintiff's claims that had originally been erroneously brought in the Western District of New York. *Broome v. Antlers' Hunting Club*, 448 F. Supp. 121 (M.D. Pa. 1978). The case was brought in New York after the applicable Pennsylvania statute of limitations had lapsed. The Court reiterated the Sixth Circuit's reasoning for applying the transferee forum's statute of limitations. The Middle District Court condemned the use of an alternate rule:

> Applying [the transferor's statute of limitations] would result in the
> following situation. The plaintiff could sit on his cause of action
> until the longest statute of limitations of the fifty states was about

---

[2] Other jurisdictions echo this reasoning. *See, e.g., Pony Computer, Inc. v. Equus Computer Sys. of Missouri, Inc.*, 162 F.3d 991, 995 (8th Cir. 1998); *Manley v. Engram*, 755 F.2d 1463, 1467 (11th Cir. 1985); *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983); *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1111 (5th Cir. 1981).

>to expire . . . [and] file a complaint in that state. When the defendant contended that there was . . . improper venue, the plaintiff could request a change of venue pursuant to 28 U.S.C. §1406(a). If the defendant raised a statute of limitations defense of the state to which the action was transferred, the plaintiff would be able to respond that the statute of limitations of the state in which he had filed the complaint should apply. This result was not intended by Congress or by the Supreme Court.

*Id.* at 124.

It is clear that Plaintiff is under the incorrect assumption that the transfer of this action was under 28 U.S.C. § 1404(a). Under § 1404(a), a court may transfer a case "[f]or the convenience of parties and witnesses, [and] in the interest of justice...to any other district or division where it might have been brought." Plaintiff states in her Responsive Pleadings "[t]o transfer an action under 28 U.S.C. Sec. [sic] 1406(a) the Court assumed jurisdiction over these proceedings by its exercise of discretion to so transfer." (Pl's Responsive Pleadings and Rule 16 Motion at p. 11). The court's discretion under § 1406(a) is whether to dismiss or transfer, not whether to retain jurisdiction. Plaintiff cites to two Supreme Court cases *Van Dusen v. Barrack*, 376 U.S. 612 (1964) and *Ferens v. John Deere Co.*, 494 U.S. 516 (1990) for the proposition that the laws of the Commonwealth of Pennsylvania, the transferor court, should apply. Plaintiff misconstrues and misapplies both cases since each discusses the applicability of a transfer under 28 U.S.C. § 1404(a). *Van Dusen*, 376 U.S. at 613 ("This case involves the construction and application of § 1404 (a)..."); *Ferens*, 494 U.S. at 519 ("In *Van Dusen v. Barrack*, we held that, following a transfer under § 1404(a) initiated by a defendant, the transferor court must follow the choice-of-law rules that prevailed in the transferor court. We now decide that, when a plaintiff moves for the transfer, the same rule applies."). Additionally, it is clear that Plaintiff does not understand, or is confused about, the difference between a transfer under § 1404(a) and § 1406(a) stating:

9

> While the defendants sought as an alternative argument in the Eastern District that the matter be transferred expecting the one-year limitations period of Delaware would control, the Supreme Court has determined otherwise in two cases where both the defendant and the plaintiff each sought to transfer jurisdiction to a more convenient forum....

(Pl's Responsive Pleadings and Rule 16 Motion at p. 13). As previously discussed, the two Supreme Court cases cited by Plaintiff do not apply to this action because the district court in the Eastern District of Pennsylvania transferred this action under § 1406(a). This action was not transferred for a more convenient forum, but rather, was transferred because "venue is improper in the Eastern District of Pennsylvania" and "[c]learly venue is proper in the District of Delaware since the alleged breach occurred in Delaware, the Plans are administered in Delaware and certainly the Plans may be found in Delaware." *Toy*, 2005 U.S. Dist. LEXIS 21568 at *21.

Plaintiff cannot simply dictate what substantive law applies to her claims by filing a case in an improper forum. By allowing a plaintiff to file in whichever forum would suit their particular needs would lead to the undesirable result of forum shopping. Plaintiff is simply confused as to the legal standards applicable to a transfer under § 1406(a) for improper venue. Plaintiff had the opportunity to and did fully litigate the issue of proper venue in the Eastern District of Pennsylvania and the court concluded that venue in that district was entirely improper. The court in the Eastern District of Pennsylvania used its discretion and did not dismiss the case, but rather transferred the case pursuant to § 1406(a). Thus, under prevailing law in the context of a venue transfer under § 1406(a), Delaware law applies since the District of Delaware is the transferee court.

10

### 2. *No factual discovery is necessary on the issue of the statute of limitations.*

There is no other plausible evidence that is required for this Court to rule on the statute of limitations argument raised by Defendants. Similarly, there is no material fact in dispute. Plaintiff wishes to force Defendants to participate in discovery in order to examine the benefits denial process. Plaintiff admits that the "denial [of benefits] was affirmed by letter of Plan counsel dated July 1, 2002, that indicated an exhaustion of administrative remedies had been completed." (Pl's Responsive Pleadings and Rule 16 Motion at p. 13 ¶ 5). It is clear from this quoted text that Plaintiff desires to engage in protracted and expensive discovery in order to examine the merits of her claim and not the facts needed to challenge or refute the statute of limitations argument raised by Defendants. As evidenced by Plaintiff's Responsive Pleadings, Plaintiff purposefully filed in Pennsylvania in order to attempt to obtain a longer statute of limitations because she knew that her claim was barred in Delaware. Although Plaintiff admits in her Responsive Pleadings that the final determination letter was sent on July 1, 2002 (Pl's Responsive Pleadings and Rule 16 Motion at p. 13 ¶ 5), she asserted in her Complaint that the final denial of benefits came in August 2003 (Complaint ¶ 13). As discussed in Defendants' Brief in Support of Their Motion to Dismiss and For Partial Summary Judgment, using either the July 2002 or the August 2003 date does not alter the outcome or application of the statute of limitations–Plaintiff's claims for the denial of benefits are barred by the applicable one-year statute of limitations. No additional factual discovery is necessary when Plaintiff's own complaint defeats her claim on the basis of the expiration of the statute of limitations.

II. **THIS COURT SHOULD STAY DISCOVERY BECAUSE DEFENDANTS' MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT IS DISPOSITIVE AND PARTICIPATION IN DISCOVERY WOULD BE UNNECESSARY AND UNDULY BURDENSOME.**

As discussed *supra*, no material facts are in dispute. There is absolutely no reason for discovery since any and all issues can be resolved based on the legal arguments advanced and facts already in the record, including the Complaint itself. Any such discovery sought by Plaintiff would be unnecessary and unduly burdensome on the parties. Plaintiff seems to seek discovery on the merits of her underlying claims: whether the denial of benefits was proper and the methods and manner of reaching those decisions. However, since all of the claims would be barred on legal, and not factual grounds, this Court need not subject the parties to expensive, time-consuming discovery and may rule on this entire case as a matter of law. Accordingly, the Court should grant Defendant's Motion to Stay Discovery pending the Court's ruling on the pending dispositive motions.

III. **THIS COURT SHOULD DENY PLAINTIFF'S PROPOSED RULE 16 SCHEDULING ORDER BECAUSE THERE ARE NO FACTS THAT ARE NOT ALREADY IN THE RECORD THAT ARE RELEVANT TO THE PENDING DISPOSITIVE MOTIONS.**

Plaintiff alleges that "Defendants' [sic] have refused to respond to verbal requests by Plaintiff's counsel to confer" on a scheduling order proposal pursuant to Fed. R. Civ. P. 16. (Pl's Responsive Pleadings and Rule 16 Motion at p. 2 ¶ 1). Plaintiff also alleges that Defendants have failed "to communicate with Plaintiff's counsel other than by Motions to Dismiss, Summary Judgment and Stay of Discovery." (*Id.* at p. 3 ¶ 5). These assertions are patently false. On December 6th, Defendants' counsel spoke with Plaintiff's counsel telephonically to discuss the filing of the dispositive motions and the fact that a scheduling order

should not be necessary at this time. Plaintiff's counsel requested Defendants' agreement on this point so that the Court could be advised accordingly. On December 9th, Plaintiff's counsel called Defendants' counsel and advised that Plaintiff wanted discovery (but could not specify exactly what issues or facts Plaintiff wanted discovery on or related to). Plaintiff's counsel insisted that a scheduling order would be needed and indicted he would "file" one with the Court. Defendants' counsel informed Plaintiff's counsel that a proposed scheduling order under Rule 16 had to be submitted to Defendants' counsel before submission to the Court and that he would need to submit the proposed text of a scheduling order to Defendants' counsel for review. Plaintiff's counsel failed to submit any proposed text to Defendants' counsel for review, and, in fact, the first time Defendants' counsel saw any such proposed order was in Plaintiff's Responsive Pleadings.

As discussed *supra*, the discovery Plaintiff seeks goes to the merits of the dispute and underlying claims, not to the issues presented by the motion. Additionally, and perhaps most importantly, Plaintiff has cited but failed to comply with Fed. R. Civ. P. 56(f). Fed. R. Civ. P. 56(f) states in pertinent part, "[s]hould it appear *from the affidavits of a party **opposing** the motion that the party cannot for reasons **stated** present by affidavit facts essential to justify the party's opposition...*" (emphasis added). Despite citing the entire text of the Rule (Pl's Responsive Pleadings and Rule 16 Motion at p. 9), Plaintiff's counsel failed to even attempt to comply with the plain language of the rule. Although raised in Plaintiff's Responsive Pleadings, Plaintiff's counsel failed to execute an affidavit, as provided by Rule 56(f), stating "facts essential to justify the party's opposition." Moreover, Plaintiff's Responsive Pleadings fail to identify any specific facts that are in dispute and are otherwise necessary to resolve the dispositive legal issues that are pending. Rather, Plaintiff's Responsive Pleadings actually

13

concede the July 1, 2002 letter being a final denial letter and Plaintiff's own Complaint provides an alternative date, which if relied on, would still serve to bar Plaintiff's claims.

The issues Plaintiff raises in her Responsive Pleadings relate solely to the underlying merits of Plaintiff's alleged claims and do not pertain to the legal issues raised in the dispositive motions. Since Plaintiff cannot sustain the claims alleged in her Complaint as a matter of law, it would seem unnecessary and unduly burdensome to force Defendants to participate in discovery on the merits of the underlying claims. Plaintiff has failed to identify any material facts that are actually in dispute. Additionally, Plaintiff failed to provide an explanation why the date of the final determination alleged in her Complaint, August 2003, is in dispute. Even more puzzling, Plaintiff concedes in her Responsive Pleadings that the Final Determination Letter which is attached to the Motion for Partial Summary Judgment, and upon which Defendant relies, in part, in connection with the statute of limitations argument, was sent on July 1, 2002. (Pl's Responsive Pleadings and Rule 16 Motion at p. 13 ¶ 5). What Plaintiff fails to comprehend is that both dates, irrespective of which one the Court ultimately uses, would bar Plaintiff's denial of benefits claims in their entirety as a matter of law under the Delaware one-year statute of limitations. Furthermore, Plaintiff does not dispute that the Final Determination Letter was ever sent or received. Those two facts, which are the only facts relevant to Defendants' Motion for Partial Summary Judgment, are not disputed anywhere in Plaintiffs' Responsive Pleadings or Rule 16 Motion.

14

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, and those in Defendants' Opening Brief, Defendants respectfully request that the Court grant Defendants' Motion to Stay Discovery and Motion to Dismiss and For Partial Summary Judgment.

FURTHERMORE, Defendants respectfully request that Plaintiff's Motion for Rule 16 Scheduling Order be denied.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
(302) 571-1253/fax

*Attorneys for Defendants*

Dated: December 22, 2005

## CERTIFICATE OF SERVICE

I, D. Fon Muttamara-Walker, Esquire hereby certify that on this 22nd day of December, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>John M. Stull, Esq.
>1300 North Market Street, Suite 700
>Wilmington, DE 19899

I further certify that on this 22nd day of December, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above listed counsel of record and on the following non-registered participant in the manner indicated below:

### BY FEDERAL EXPRESS

>William B. Hildebrand, Esq.
>The Law Offices of William B. Hildebrand, LLC
>1040 N. Kings Hwy, Suite 601
>Cherry Hill, NJ 08034

>D. Fon Muttamara-Walker (No. 4646)
>Young Conaway Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19899-0391
>(302) 571-6600
>fmuttamara-walker@ycst.com

*Attorneys for Defendants*