```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE
```

MARTHA JANE TOY, Individually, And   :
As Executrix And Personal            :
Representative Of The Estate Of      :
Russell B. Toy, Deceased,            :
                                     :
        Plaintiff,                   :
                                     :
    v.                               : Civil Action No. 05-760-JJF
                                     :
PLUMBERS & PIPEFITTERS LOCAL UNION   :
NO. 74 PENSION PLAN, TRUSTEES OF     :
PLUMBERS & PIPEFITTERS LOCAL UNION   :
NO. 74 PENSION PLAN, HEALTH AND      :
WELFARE PLAN, LOCAL 74, WELFARE      :
BENEFIT PLAN, LIFE INSURANCE PLAN,   :
LOCAL 74, INSURANCE PLAN, LOCAL 74,  :
ADMINISTRATORS OF PENSION AND        :
WELFARE PLANS, TRUSTEES OF           :
PLUMBERS & PIPEFITTERS LOCAL UNION   :
NO. 74 WELFARE PLAN, PLAN            :
ADMINISTRATOR OF PENSION WELFARE     :
PLANS, INSURANCE PLANS, AND HEALTH   :
AND WELFARE BENEFIT PLAN,            :
                                     :
        Defendants.                  :

---

John M. Stull, Esquire, Wilmington, Delaware.
Of Counsel: William B. Hildebrand, Esquire of THE LAW OFFICES OF
WILLIAM B. HILDEBRAND, Cherry Hill, New Jersey.
Attorneys for Plaintiff.

Timothy J. Snyder, Esquire and Doungamon Fon Muttamara-Walker,
Esquire of YOUNG, CONAWAY, STARGATT, & TAYLOR, Wilmington,
Delaware.
Attorneys for Defendants.

---

                    **MEMORANDUM OPINION**




July 21, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendants' Motion To Dismiss And For Partial Summary Judgment (D.I. 41). For the reasons discussed, the Motion will be granted.

## BACKGROUND

Plaintiff filed her Complaint in the United States District Court for the Eastern District of Pennsylvania on September 10, 2004, alleging a denial of pension, welfare, and insurance benefits and breach of Defendants' fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). The action was transferred to this Court on November 1, 2005. Defendants filed an Answer (D.I. 38) on November 7, 2005. Defendants subsequently filed a Motion To Dismiss And For Partial Summary Judgment (D.I. 41).

## PARTIES' CONTENTIONS

By their Motion, Defendants contend that summary judgment should be granted on Counts I through III because the one-year statute of limitations under Delaware law has expired. Defendants further contend that Count IV of the Complaint should be dismissed for failure to state a claim upon which relief may be granted, because Plaintiff seeks monetary relief, which does not qualify as an equitable claim under § 502(a)(3) of ERISA.[1]

---

[1] Because the Court is dismissing this case, the Court need not address Defendants' third contention that several named Defendants do not exist, and therefore, should be dismissed.

1

In response, Plaintiff contends that summary judgment on Counts I through III is inappropriate because Pennsylvania law, which provides a four-year statute of limitations, applies. Plaintiff further contends that the Court should deny Defendants' motion to dismiss because it is procedurally deficient and because Plaintiff seeks an equitable, rather than a legal, remedy.

## DISCUSSION

I. **Whether The Court Should Grant Summary Judgment On Counts I, II, And III Of Plaintiff's Complaint As Barred By The Statute Of Limitations**

   A.  <u>Summary Judgment Standard</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. <u>Fed. R. Civ. P</u>. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. <u>Goodman v. Mead Johnson & Co.</u>, 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S.

2

133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts.  In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted).  However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

B. Applicable Law

The parties have not cited, and the Court has not found, any case law from the Third Circuit Court of Appeals that directly rules on the question of which state's law applies when a case is transferred pursuant to 28 U.S.C. § 1406.[2]  While there is no case law on point, the Court finds several sources persuasive and

---

[2]Due to some confusion in the papers filed with the Court, the Court notes the distinction between 28 U.S.C. § 1404 and 28 U.S.C. § 1406.  A case transferred pursuant to 28 U.S.C. § 1404 is transferred for the convenience of the parties.  A case transferred pursuant to 28 U.S.C. § 1406 is transferred because the case was brought in an improper forum.  This action was transferred pursuant to § 1406, as discussed in the Memorandum and Order from the Eastern District of Pennsylvania (D.I. 31 at 12), because it was brought in an improper forum.

3

concludes that when a case is transferred pursuant to § 1406, the law of the transferee forum applies.

For example, several of the Circuit Courts of Appeal have held that, when a case is transferred pursuant to 28 U.S.C. § 1406, the law of the transferee state applies. See e.g. LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n, 830 F.2d 522 (4th Cir. 1987); Adam v. J.B. Hunt Transp., Inc., 130 F.3d 219 (6th Cir. 1997); Wisland v. Admiral Beverage Corp., 119 F.3d 733 (8th Cir. 1997); Manley v. Engram, 755 F.2d 1463 (11th Cir. 1985); see also 17 James Wm. Moore et al., Moore's Federal Practice ¶ 111.38 (3d ed. 2005). One of the circuit courts has provided the following rationale:

> A transfer under § 1406(a) is based not on the convenience of the transferor forum but on the impropriety of that forum. If the state law of the forum in which the action was originally commenced is applied following a § 1406(a) transfer, the plaintiff could benefit from having brought the action in an impermissible forum. Plaintiffs would thereby be encouraged to file their actions in the federal district court where the state law was the most advantageous, regardless of whether that district court was a proper forum.

Martin v. Stokes, 623 F.2d 469, 472 (6th Cir. 1980).

Also, the United States Supreme Court, while not directly ruling on the issue, has suggested, in dicta, that it would apply the majority rule. In Van Dusen v. Barrack, cited by Plaintiff, the Court held that cases transferred pursuant to § 1404 would be analyzed under the law of the transferor forum. 376 U.S. 612

4

(1964). In reaching this conclusion, the Court suggested that cases transferred pursuant to § 1406 might be treated differently in that the law of the transferee forum would likely apply. Id. at 634 (noting that with transfer pursuant § 1404, the parties have brought the action in an appropriate forum and should not be denied the benefit of the transferor forum's laws).

Finally, while the Third Circuit has not specifically ruled on the issue, it has held that the law of the transferee state applies when a case is transferred pursuant to § 1404 due to a lack of personal jurisdiction. Reyno v. Piper Aircraft Co., 630 F.2d 149, *38 (3d Cir. 1980), rev'd on other grounds, 454 U.S. 235 (1981). The Third Circuit reasoned that if the "exercise of jurisdiction... would violate due process, so would application of that state's choice of law rules." Id.

In sum, the Court finds the decisions of other circuit courts, Supreme Court dicta, and an analogous Third Circuit case persuasive, and therefore, the Court concludes that the law of the state of the transferee forum, Delaware, applies in this case.

C.  Analysis

Having concluded that Delaware state law applies to Plaintiff's claims, the Court must determine which statute of limitations applies. The ERISA statute does not provide a statute of limitations. The Third Circuit has held that the

5

Delaware one-year statute of limitations covering employment disputes is applicable to ERISA claims. <u>Syed v. Hercules, Inc.</u>, 214 F.3d 155, 158-61 (3d Cir. 2000) (identifying 10 Del. C. § 8111 as the applicable statute of limitations on claims for ERISA benefits). Thus, a claimant has one year from the time he or she exhausts administrative remedies to bring a claim. <u>Stafford v. E.I. Dupont de Nemours & Co.</u>, 27 Fed. Appx. 137, 141 (3d Cir. 2002).

The parties agree that Plaintiff originally filed her Complaint on September 10, 2004. (D.I. 45 at 4; D.I. 42 at 14). Plaintiff's counsel was notified by a July 1, 2002 letter that Plaintiff had "exhausted [her] available remedies under the plan" and that Plaintiff could "file suit in Federal court." (D.I. 42, ex. B). Defendants contend that this is when Plaintiff's cause of action accrued. In her Answering Brief, Plaintiff appears to agree with Defendants. In her brief, Plaintiff states that the "denial was affirmed by letter of Plan counsel dated July 1, 2002, that indicated an exhaustion of administrative remedies had been completed." (D.I. 45 at 13). However, Plaintiff alleges in her Complaint that the final denial of benefits occurred in August 2003. (D.I. 1 at 5).

On the record presented and construing the facts in the light most favorable to Plaintiff, the Court concludes that there is no triable issue of material fact and that Defendant is

6

entitled to judgment as a matter of law. Accepting August 2003 as the date that Plaintiff's cause of action accrued, Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff did not file her Complaint until September 2004, which, at the earliest, was one year and one month after Plaintiff contends her cause of action accrued. Accordingly, the Court will grant Defendants' Motion For Summary Judgment as to Counts I through III of Plaintiff's Complaint.

II. **Whether The Court Should Dismiss Count IV Of Plaintiff's Complaint For Failure To State A Claim Upon Which Relief May Be Granted**

    A. <u>Whether The Court Should Consider Defendants' Motion To Dismiss Since It Was Filed After Defendant Filed A Responsive Pleading</u>

Generally, motions to dismiss must be filed before or with a responsive pleading, if one is required. Fed. R. Civ. P. 12(b). However, the defense for failure to state a claim upon which relief may be granted may also be considered as a motion for judgment on the pleadings pursuant to Rule 12(c). Fed. R. Civ. P. 12(h)(2); Turbe v. Govt. of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). Defendants filed their Answer before filing a Motion To Dismiss. (D.I. 38). Accordingly, the Court will consider Defendants' Motion To Dismiss as one for judgment on the pleadings.

7

B.  <u>Legal Standard</u>

The same standard applies to motions for judgment on the pleadings and motions to dismiss. <u>Turbe</u>, 938 F.2d at 428. The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). When considering such a motion, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255 (3d Cir. 1994). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. <u>Young v. West Coast Industrial Relations Assoc., Inc.</u>, 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

C.  <u>Analysis</u>

Count IV of Plaintiff's Complaint alleges a breach of fiduciary duty pursuant to ERISA § 502(a)(3). As a remedy, Plaintiff seeks "appropriate equitable relief...to allow transfer of said funds to and for the benefit of the Plaintiff." (D.I. 1 at 8).

8

Section 502(a)(3) provides for a civil action "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates... the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce... the terms of the plan." 29 U.S.C. § 1132(a)(3). The Supreme Court has made clear that this section of the statute provides for purely equitable relief and does not allow for remedies at law. Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002). Remedies at law include those that deal "with specific performance of a contractual obligation to pay past due sums." Id. at 212. Equitable remedies are limited to money or property which "could be clearly traced to particular funds or property in the defendant's possession." Id. at 214.

Accepting as true all of Plaintiff's allegations and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to state a claim for which relief may be granted. While Plaintiff has pleaded her claims with the words "equitable" and "restitution," the Court concludes that Plaintiff is recharacterizing her efforts to obtain a money judgment against the defendants as an equitable remedy. Plaintiff is seeking to obtain funds to which she claims she is entitled pursuant to certain contractual obligations. However, the funds are not clearly traceable to

9

certain property or funds in Defendants' possession. Furthermore, even if the Court were to accept the characterization of Plaintiff's claim as one for restitution, it would still be a claim "to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money." Knudson, 534 U.S. at 213 (quoting Restatement of Restitution § 160). The Supreme Court has made clear that such a claim, though styled as one for restitution, is impermissible under § 502(a)(3). Id. Accordingly, the Court will grant Defendants' Motion To Dismiss Plaintiff's claim pursuant to § 502(a)(3) for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons discussed, Defendants' Motion To Dismiss And For Partial Summary Judgment (D.I. 41) will be granted.

An appropriate Order will be entered.