# Tab 1

LEXSEE

JOSEPH B. GORINI v. AMP, Incorporated, or its Successor In Interest TYCO ELECTRONICS, INC. Tyco Electronics, Inc., Appellants

No. 03-2053

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

117 Fed. Appx. 193; 2004 U.S. App. LEXIS 25228; 34 Employee Benefits Cas. (BNA) 1630

December 7, 2004, Submitted Under Third Circuit Lar 34.1(a)
December 8, 2004, Filed

**NOTICE:** [**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeal from the United States District Court for the Middle District of Pennsylvania. (D.C. Civil No. 99-cv-02215). District Court Judge: Honorable Yvette Kane. Gorini v. AMP Inc., 94 Fed. Appx. 913, 2004 U.S. App. LEXIS 7460 (2004)

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellee employee filed an action against appellants, his former employer and the employer's successor in interest, after he was terminated. The United States District Court for the Middle District of Pennsylvania awarded him damages on a majority of his claims; it awarded the successor damages on one of its counterclaims. Appellants filed an appeal after the district court awarded costs and attorney's fees to the employee.

**OVERVIEW:** The employee successfully claimed that his rights under the Employee Retirement Income Security Act of 1974 (ERISA) and the Worker Adjustment and Retraining Notification Act (WARN Act) were violated and that he did not receive the full amount of back pay and vacation pay that he was owed. The successor prevailed on its counterclaim to recover duplicate severance payments made to the employee. The district court awarded costs and attorney's fees to the employee pursuant to the respective fee provisions of ERISA and the WARN Act, 29 U.S.C.S. §§ 1132(g)(1) and 2104(a)(6). The court found no error. The district court had made a proper analysis in determining that the employee was entitled to the award, it had employed the standard lodestar method in determining the amount of fees to award, and it had applied a two percent reduction to reflect the fact that the employee had not prevailed on every claim. It was not error to award fees for the occasional times when two of the employee's attorneys worked on the same task. The reduction in the award properly reflected the fact that the employee did not prevail on every claim. The statutes, and not local rules, controlled the award of costs.

**OUTCOME:** The court affirmed the district court's award of attorney's fees and costs.

**CORE TERMS:** reduction, time spent, WARN Act, percent reduction, severance pay, duplicate, unsuccessful, breach of contract, reimbursement, counterclaim, post-trial, offending, expended, lawsuit, failure to disclose, summary judgment, awarding, spent, award of fees, fee provision, vacation time, time expended, termination, remainder, severance, lodestar, objected, unpaid, phone, fee award

**LexisNexis(R) Headnotes**

*Civil Procedure > Remedies > Costs & Attorney Fees >*

Page 1

*Attorney Expenses & Fees > Statutory Awards*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Court Costs*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Discretionary Fees*
[HN1] The respective fee provisions of the Employee Retirement Income Security Act of 1974 and the Worker Adjustment and Retraining Notification Act allow a district court to exercise its discretion and award "reasonable" attorney's fees and costs.

*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Statutory Awards*
*Labor & Employment Law > Worker Adjustment & Retraining Notification Act > Remedies > General Overview*
[HN2] The Worker Adjustment and Retraining Notification Act fee provision applies only to "prevailing parties," 29 U.S.C.S. § 2104(a)(6). The United States Court of Appeals for the Third Circuit has noted that where the fee-shifting statute authorizes an award of attorney's fees to a "prevailing plaintiff," that party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.

*Civil Procedure > Remedies > Costs & Attorney Fees > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Discretionary Fees*
[HN3] The Employee Retirement Income Security Act of 1974 fee provision allows for a reasonable award to either party. 29 U.S.C.S. § 1132(g)(1).

*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Reasonable Fees*
*Civil Procedure > Remedies > Costs & Attorney Fees > Costs > General Overview*
*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
[HN4] The reasonableness of a district court's award of attorney's fees and costs is reviewed for abuse of discretion.

*Civil Procedure > Remedies > Costs & Attorney Fees >*

*Attorney Expenses & Fees > Reasonable Fees*
[HN5] District court judges must not act perfunctorily in ordering reductions of attorney fee awards but rather must analyze the circumstance requiring the reduction and its relation to the fee, and they must make specific findings to support their actions.

*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Reasonable Fees*
*Criminal Law & Procedure > Counsel > General Overview*
[HN6] In many cases a plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead, for purposes of determining a reasonable attorney fee award, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Reasonable Fees*
[HN7] Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. The fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

*Civil Procedure > Remedies > Costs & Attorney Fees > Costs > General Overview*
*Governments > Courts > Rule Application & Interpretation*
[HN8] The United States Court of Appeals for the Third Circuit does not view a local district court rule concerning taxable items as controlling over what a district court may award in costs under a federal statutory authorization.

COUNSEL: For JOSEPH B. GORINI, Appellee: William R. Balaban, Patricia C. Zucker, Michael V. Brown, Elliott, Reihner, Siedzikowski, Egan & Balaban, Harrisburg, PA; Henry F. Siedzikowski, Elliott, Reihner & Siedzikowski, Blue Bell, PA.

For TYCO ELEC CORP /fka AMP Inc, Appellant:

Vincent Candiello, Morgan, Lewis & Bockius, Harrisburg, PA.

**JUDGES:** Before: RENDELL and FISHER, Circuit Judges, and YOHN *, District Judge.

* Honorable William H. Yohn, Jr., Senior District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

**OPINIONBY:** RENDELL

**OPINION:**

[*194] OPINION OF THE COURT

RENDELL, Circuit Judge.

Tyco Electronics Corporation ("Tyco") appeals from the final order of the District [*195] Court granting Joseph Gorini $ 78,934.10 in attorney's fees and $ 5,909.88 in costs. n1 Tyco contends the District Court erred in awarding Gorini attorney's fees for duplicative work performed by multiple attorneys and for time spent on claims that ultimately were not successful. Tyco also asserts that the District Court erred in awarding costs for unauthorized items and items Gorini failed to demonstrate were necessary. We affirm because we conclude that the District Court did not abuse its [**2] discretion in determining as reasonable an award of attorney's fees and costs.

n1 The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 & 1367; this Court has jurisdiction under 28 U.S.C. § 1291.

I.

This case arises out of a work force reduction effected by AMP, Inc. (Tyco's predecessor) which resulted in Gorini's termination. Gorini filed this action against Tyco in the District Court alleging that his termination violated the Employee Retirement Income Security Act of 1974 ("ERISA") and the Worker Adjustment and Retraining Notification Act ("WARN Act"). He alleged that he was owed benefits due under two severance plans maintained by Tyco and that Tyco had failed to supply him with information requested regarding those plans in a timely fashion. Gorini also asserted a breach of contract claim for unpaid vacation time under state law. In answering, Tyco asserted two counterclaims - the first, to recover duplicate severance pay, and the second, to recover [**3] an overpayment under one of the two plans.

The parties filed cross-motions for summary judgment as to all claims and counterclaims. The District Court granted Gorini's motion as it related to five instances of failure to disclose and report under ERISA by Tyco, and awarded Gorini approximately $ 160,000 in penalties. Gorini's motion was otherwise denied. The District Court granted Tyco's motion for summary judgment as to an additional allegation of failure to disclose under ERISA, and denied Tyco's motion in all other respects.

Following a bench trial on the remaining claims, the District Court found in favor of Gorini on claims concerning the WARN Act and unpaid vacation time, and in favor of Tyco regarding an outstanding failure to disclose issue and its counterclaim for duplicate severance pay.

Altogether, Gorini was awarded $ 162,743.25 in damages - $ 1,784.77 of which was deemed to constitute back pay, $ 178.48 deemed wages or vacation pay, and the remainder penalties for the ERISA violations awarded on summary judgment. Tyco was awarded $ 19,355 as reimbursement for duplicate severance pay. We affirmed the judgment of the District Court, see *Gorini v. AMP Inc.*, 94 Fed. Appx. 913 (3d Cir. 2004), [**4] and later denied a petition for rehearing *en banc*.

II.

While the damages judgment was on appeal, the District Court considered Gorini's Petition for an Award of Fees and Costs. Gorini sought $ 81,267 in fees and $ 5,951.35 in costs pursuant to [HN1] respective fee provisions of ERISA and the WARN Act, both of which allow a court to exercise its discretion and award "reasonable" attorney's fees and costs. n2 The District [*196] Court evaluated each of the five policy factors we set forth in *Ursic v. Bethlehem Mines*, 719 F.2d 670 (3d Cir. 1983) and developed further in *McPherson v. Employees' Pension Plan of Am. Re-Insurance Co.*, 33 F.3d 253 (3d Cir. 1995) - (1) the offending parties'

culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position.

> n2 [HN2] The WARN Act fee provision applies only to "prevailing parties," 29 U.S.C. § 2104(a)(6), and we previously have noted that where "the fee-shifting statute authorizes an award of attorney's fees to a 'prevailing plaintiff,' that party 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *United Steelworkers of Am. v. North Star Steel Co.*, 5 F.3d 39, 44 (3d Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)). In contrast, [HN3] ERISA's fee provision allows for a reasonable award to either party. See 29 U.S.C. § 502(g)(1).

[**5]

After determining that Gorini was entitled to an award of fees based on these factors, the District Court employed the "lodestar" method, which calls for multiplication of time reasonably expended on litigation by a reasonable hourly rate, see *Hensley v. Eckerhart*, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983), to determine the appropriate amount of that award. The District Court first found reasonable the rates claimed by Gorini's counsel, the highest of which was $ 150. As to the time expended by attorneys Zucker and Brown, the two lead attorneys on the case, the District Court found the total time of 588.4 hours proffered by counsel to be reasonable on its face "considering the complexity of this litigation that was stretched out over several years and complicated by [Tyco's] dilatory conduct." (Mar. 14, 2003 Memo. and Op. at 9). However, the District Court sustained Tyco's objection and excluded from the total 5.2 hours spent on a post-trial settlement demand because such post-trial efforts were not necessary to the outcome of the trial itself. Further, based on Tyco's protestation that Gorini had achieved only minimal success in his lawsuit, the District Court [**6] found it reasonable to reduce the entire lodestar award amount by two percent. Gorini thus received $ 78,934.10 in attorney's fees.

As to costs, Tyco objected to all but $ 412.74 of claimed expenses; the District Court, finding reasonable and allowable costs for, *inter alia*, transcripts, postage, phone calls and witnesses, was persuaded to reduce the award by only $ 21.19 for meals and $ 20.28 for supplies. Gorini received $ 5,909.88 in costs. [HN4] The reasonableness of a district court's award of attorney's fees and costs is reviewed for abuse of discretion. See *Lanni v. New Jersey*, 259 F.3d 146, 148 (3d Cir. 2001).

III.

Tyco first contends the District Court abused its discretion by awarding Gorini fees for "duplicate effort." Tyco argues that time spent by more than one attorney in a meeting or at a conference, or time spent by both attorneys Brown and Zucker perfecting a brief, should not be reimbursed. In support, Tyco cites *Daggett v. Kimmelman*, 811 F.2d 793 (3d Cir. 1987), but its reliance is misplaced. In affirming a district court's ten percent reduction in billable hours for which a petitioner sought reimbursement, we stressed that [HN5] district [**7] court judges must not act perfunctorily in ordering reductions but rather, "must analyze the circumstance requiring the reduction and its relation to the fee, and it must make specific findings to support its action." *Id.* at 797 (citation omitted). We concluded that the district court in *Daggett* had provided sufficient support by pointing to numerous instances in which three or four attorneys spent time drafting the same memoranda, preparing for oral argument and attending court. [*197] We will not disturb the District Court's determination here that fees should be awarded to Gorini for occasional time spent by both attorneys Zucker and Brown engaging in the same tasks.

Tyco next asserts that Gorini's fee award should be reduced by time expended, after the close of discovery and filing of dispositive motions, on claims and defenses that ultimately were unsuccessful. Tyco proposes a 33 percent reduction of time spent on trial preparation, trial time and post-trial briefing. During this stage of the litigation, Tyco states, Gorini's severance pay claims predominated, not his claims under the WARN Act. Because it successfully defended the severance claims, Tyco argues Gorini [**8] should not recover for time spent litigating those claims. Tyco also argues that 13.4 hours spent by attorney Zucker prepping for trial should

be excluded because she ultimately was called as a witness and was unable to try the case.

Gorini claims that Tyco is arguing for the first time on appeal for a percentage reduction based on pre-trial work and an hourly reduction based on attorney Zucker's inability to participate in the trial because of her witness status. Therefore, Gorini argues, these issues were waived. Tyco maintains that it has consistently objected to the amount of fees requested, and sought related reductions, based on Gorini's limited success. Though Tyco did not specifically propose a 33 percent reduction in the District Court, it did ask that Gorini's unsuccessful claims be severed and thus rendered ineligible for reimbursement. Tyco apparently did not advance a specific reduction request based on Zucker's witness status, though ostensibly its objection regarding duplicative time spent by her and attorney Brown comprises the requested 13.4 hour reduction. The District Court's decision reaches both of these contentions, and the relevant analysis therein is sound. [**9]

The Supreme Court has explained:

> [HN6] In [many] cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S. at 435. [HN7] "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . The fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* The District Court characterized Gorini's success as "excellent." It also noted that Gorini's unsuccessful claims were closely related to, and arising out of a common core of facts as, those on which he did enjoy success. Additionally, it bears noting that the District Court did impose a reduction, albeit a small one, based upon Gorini's [**10] limited success litigating his breach of contract claim. Though the District Court did not consider the breach of contract claim entirely severable, it observed that there exists no fee shifting provision for such a claim and thus reduced the overall award by a reasonable amount. The District Court did not abuse its discretion in refusing to sever Gorini's unsuccessful ERISA claims, and Tyco's proposed 33 percent reduction will not be applied.

Finally, Tyco argues that Gorini is not entitled to the vast majority of costs awarded him. It claims that, under the District Court's Local Rules dealing with [*198] taxable items, copying costs are specifically excluded while phone, mail and fax charges are not explicitly enumerated and are thus unallowable by virtue of their omission. [HN8] We do not view a local rule concerning taxable items as controlling over what a district court may award in costs under a federal statutory authorization. The District Court conducted a line-by-line analysis of Gorini's costs and excluded those it found unreasonable. It did not abuse its discretion in granting the remainder of claimed costs.

IV.

For the reasons stated above, we will AFFIRM the District Court's award [**11] of attorney's fees and costs to Appellee Joseph Gorini.

# Tab 2

LEXSEE

IN RE: PRUDENTIAL INSURANCE COMPANY OF AMERICA SALES
PRACTICE LITIGATION, Paul J. Berrafato, Appellant

No. 01-2320

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

47 Fed. Appx. 78; 2002 U.S. App. LEXIS 18062

July 15, 2002, Submitted Pursuant to Third Circuit LAR 34.1(a)
September 3, 2002, Filed

**NOTICE:** [**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Writ of certiorari denied: Berrafato v. Prudential Ins. Co. of Am. Sales Practice Litig., 2003 U.S. LEXIS 1775 (U.S. Mar. 3, 2003).

**PRIOR HISTORY:** On Appeal from the United States District Court for the District of New Jersey. D.C. Civil Action Nos. 99-cv-04641 & 97-cv-05044. Honorable Alfred M. Wolin.

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former employee appealed from the United States District Court for the District of New Jersey's judgment upholding his arbitration award against his former employer in the employee's suit for disability and retirement benefits.

**OVERVIEW:** The employee was fired for misconduct. The district court ordered the employee to arbitrate his claims before the NASD. The NASD panel held that the employer's termination of the employee for "egregious misconduct" was arbitrary and capricious. The NASD panel ruled in favor of the employee on his disability and retirement claims but (1) rejected his defamation claim; (2) dismissed his ERISA § 1140 retaliatory discharge claim; (3) refused to fine the employer for allegedly failing to deliver ERISA plans to him in a timely fashion; and (4) denied his application for attorney's fees and costs. The appellate court found that none of the Federal Arbitration Act grounds for reversing the arbitrator's award were present in this record. The arbitration decision did not exhibit "manifest disregard" of the applicable law. The employee argued that he should have been awarded attorneys' fees and costs under ERISA, 29 U.S.C.S. § 1132(g). But the employee conceded the award of attorneys' fees under that statute was discretionary. The appellate court found that the district court carefully evaluated all five required factors, and properly denied the request for attorneys' fees and costs.

**OUTCOME:** The judgment was affirmed.

**CORE TERMS:** arbitrators, arbitration award, manifest, fine, offending, discretionary, newspaper article, defamation claim, applicable law, arbitration, disability, misconduct, egregious, entirety, defamed, tapes

**LexisNexis(R) Headnotes**

*Civil Procedure > Alternative Dispute Resolution > Arbitrations > General Overview*
*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
*Contracts Law > Contract Interpretation > General Overview*
[HN1] Judicial review of an arbitration award is very deferential. The Federal Arbitration Act (FAA) limits the court's role to determining whether the parties received a fair and honest hearing on a matter within the arbitrators'

Page 1

authority. The court may not take issue with the arbitrators' interpretation of the contract. Nor can it consider whether the arbitrators committed an error of law. An arbitrator's award must be upheld if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.

*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Court Costs*
[HN2] There is no presumption that a successful plaintiff in an ERISA suit should receive an award of attorneys' fees in the absence of exceptional circumstances. There are five factors that must be considered when determining whether to grant attorney fees in ERISA cases: (1) offending parties' culpability or bad faith; (2) ability of offending parties to satisfy an award of attorneys' fees; (3) deterrent effect of an award of attorneys' fees against offending parties; (4) benefit conferred on pension plan members as a whole; and (5) relative merits of parties' positions.

**COUNSEL:** For Paul J. Berrafato: C. George Milner, Philadelphia, PA.

For Prudential Insurance Company of America: Alan E. Kraus, Latham & Watkins, Newark, NJ.

**JUDGES:** Before: SCIRICA, ALITO and FUENTES, Circuit Judges.

**OPINIONBY:** Anthony J. SCIRICA

**OPINION:**

[*78] OPINION OF THE COURT

SCIRICA, Circuit Judge.

Paul Berrafato appeals from the District Court's judgment upholding his arbitration award. We will affirm.

I.

Berrafato was employed by Prudential as an insurance sales representative in 1965. He was later appointed general manager of a district office, and held that at-will position until January 6, 1997. Berrafato was fired in connection with allegations that he concealed video tapes from regulatory compliance inspectors, made misrepresentations, and refused to answer deposition questions about document destruction in a Prudential Sales Practices Litigation matter. [**2] Berrafato brought suit against Prudential claiming he was entitled to disability and retirement benefits. Prudential responded that Berrafato was disqualified from receiving these benefits because he had been terminated for "egregious misconduct."

Prudential moved to compel arbitration under the rules of the National Association of Securities Dealers ("NASD"). Berrafato was registered with the NASD, met the definition of an "associated person" under the NASD code, and had signed a Form U-4 Uniform Application for Securities Industry Registration or Transfer ("Form U-4") providing for the arbitration of disputes. On March 10, 1998, the District Court ordered Berrafato to arbitrate his claims before the NASD.

[*79] On November 2, 2000, the NASD arbitration panel rendered its decision. The NASD panel held that Prudential's termination of Berrafato for "egregious misconduct" was arbitrary and capricious. The NASD panel ruled in favor of Berrafato on his disability and retirement claims but (1) rejected his defamation claim; (2) dismissed his ERISA § 1140 retaliatory discharge claim; (3) refused to fine Prudential for allegedly failing to deliver ERISA plans to him in a timely fashion; and [**3] (4) denied his application for attorney's fees and costs. The District Court upheld the arbitration award in its entirety and concluded "the decision of the arbitrators [cannot] be said to exhibit 'manifest disregard' of the applicable law, the relevant agreements or the evidence." In re Prudential Ins. Co. Sales Practices Litig., No. 954704, slip. op. at 12 (D.N.J. May 11, 2001). Berrafato appeals.

II.

A

Page 2

Berrafato contends the District Court erred by not finding "manifest disregard for the law" where the NASD panel denied his application for attorneys' fees and costs, denied an ERISA fine, and dismissed his defamation claim without explanation. Berrafato also makes unsubstantiated charges of general bias and prejudice against the NASD panel and the District Court.

B

The District Court correctly noted that [HN1] judicial review of an arbitration award is very deferential. The Federal Arbitration Act ("FAA") "limits the court's role to determining whether the parties received a fair and honest hearing on a matter within the arbitrators' authority. The court may not take issue with the arbitrators' interpretation of the contract. Nor can it consider whether the arbitrators committed [**4] an error of law." Sun Ship, Inc. v. Matson Navigation Co., 785 F.2d 59, 62 (3d Cir. 1986) (citations omitted). We have held that an arbitrator's award must be upheld if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award. [*80] U.S. Steel & Carnegie Pension Fund v. McSkimming, 759 F.2d 269, 270-271 (3d Cir. 1985).

We agree with the District Court that none of the FAA grounds for reversing the arbitrator's award are present in this record. The arbitration decision did not exhibit "manifest disregard" of the applicable law.

III.

Berrafato contends he was defamed in a newspaper article by a Prudential spokesman who allegedly stated, inter alia, that Berrafato removed tapes from the local office in order to avoid regulatory compliance review. The only evidence put before the arbitrators was the newspaper article. Berrafato does not cite a single authority in support [**5] of his argument and fails to make more than a conclusory statement in his brief that he was defamed. We see no error.

Berrafato also argues that he should have been awarded attorneys' fees and costs under ERISA, 29 U.S.C. § 1132(g). But Berrafato concedes the award of attorneys' fees under this statute is discretionary. 29 U.S.C. § 1132(g). [HN2] "There is no presumption that a successful plaintiff in an ERISA suit should receive an award in the absence of exceptional circumstances." McPherson v. Employees' Pension Plan Re-insurance Co., 33 F.3d 253, 254 (3d Cir. 1994) (citation omitted). We have set forth five factors that must be considered when determining whether to grant attorney fees in ERISA cases: (1) offending parties' culpability or bad faith; (2) ability of offending parties to satisfy an award of attorneys' fees; (3) deterrent effect of an award of attorneys' fees against offending parties; (4) benefit conferred on pension plan members as a whole; and (5) relative merits of parties' positions. Id. The District Court carefully evaluated all five factors. We find no error in denying attorneys' fees and costs.

The last [**6] argument meriting discussion is Berrafato's claim that the District Court erred by not fining Prudential under ERISA for failing to produce a copy of the plan document in a timely manner. Berrafato conceded to the District Court that such a fine is discretionary. Prudential argued that the plan documents were produced to Berrafato in time to avoid any possibility of prejudice. We agree with the District Court that "in light of Berrafato's ultimate victory on the benefits claim, this [avoidance of prejudice argument] appears to be correct. Particularly in the absence of a showing of prejudice, the arbitrators were within their discretion to decline to fine Prudential." In re Prudential, No. 954704, slip. op. at 19.

IV.

For the foregoing reasons, we will affirm the District Court's judgment upholding the arbitration award in its entirety.

/s/ Anthony J. Scirica

Circuit Judge

DATED: September 3, 2002

# Tab 3

LEXSEE

JOHN J. McNABOE, Plaintiff/ Appellee, v. NVF COMPANY, BRENDA NESTOR CASTELLANO, and EVANS TEMPCON, Defendants/ Appellants.

C.A. No. 97-558-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2002 U.S. Dist. LEXIS 21287; 29 Employee Benefits Cas. (BNA) 1873; 8 Wage & Hour Cas. 2d (BNA) 441

October 31, 2002, Decided

**DISPOSITION:** [*1] Plaintiff's motion for attorneys' fees and expenses was granted. Plaintiff entitled to attorneys' fees and expenses in the amount of $ 4,089.25. Defendants' motion for attorneys' fees and expenses was granted in part and denied in part. Defendants' motion for stay of order authorizing disbursement of bond proceeds was denied as moot.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former employee sued defendants, a former employer, and former supervisor, alleging breach of employment contract, breach of the covenant of good faith and fair dealing, and violations of the Delaware Wage Payment and Collection Act, the Age Discrimination in Employment Act, and the Employee Retirement Income Security Act. Following disposition, appeal, and remand, the parties cross-moved for attorneys' fees and expenses.

**OVERVIEW:** The former employee claimed that he was entitled to an award of attorneys' fees and expenses pursuant to Del. Code Ann. tit. 19, § 1113(c) as a prevailing party on his Delaware Wage Payment and Collection Act (DWPCA) claim. The former employer claimed that it was entitled to attorneys' fees under 29 U.S.C.S. § 1132(g)(1) as the prevailing party on the former employee's Employee Retirement Income Security Act (ERISA) claim, and that it was entitled to attorneys' fees on the former employee's Age Discrimination in Employment Act (ADEA) claim because it was baseless and brought in bad faith. The court initially held that the former employee was entitled to reasonable attorneys' fees and expenses under Del. Code Ann. tit. 19, § 1113(c) as a prevailing party on his DWPCA claim. The court then held that the former employer was entitled to a reasonable award of attorneys' fees and expenses under 29 U.S.C.S. § 1132(g)(1) because the former employee's ERISA claim was virtually untenable. The court finally held that the former employer and supervisor were not entitled to attorneys' fees regarding the former employee's ADEA claim because it was not brought in bad faith.

**OUTCOME:** The former employee's motion for attorneys' fees and expenses was granted. The former employer's and supervisor's motion for attorneys' fees and expenses was granted in part regarding the former employee's Employee Retirement Income Security Act claim, and denied in part regarding the remaining claims.

**CORE TERMS:** offending, billing, prevailing, one-third, reasonable fees, documentation, fair dealing, breach of contract, pension benefits, prevailing party, meritless, lodestar, attributed, defending, withdrew, covenant, dollars, billed, lift, adequately documented, federal jurisdiction, summary judgment, renewed motion, final judgment, much time, reasonableness, post-trial, preparing, awarding, culpable

**LexisNexis(R) Headnotes**

*Civil Procedure > Remedies > Costs & Attorney Fees > Costs > General Overview*
*Criminal Law & Procedure > Trials > Entry of Judgments*
*Labor & Employment Law > Wage & Hour Laws >*

Page 1

Case 1:05-cv-00760-JJF   Document 53-2   Filed 08/03/2006   Page 13 of 19

2002 U.S. Dist. LEXIS 21287, *1; 29 Employee Benefits Cas. (BNA) 1873;
8 Wage & Hour Cas. 2d (BNA) 441

*Wage Payments*
[HN1] See Del. Code Ann. tit. 19, § 1113(c).

*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Reasonable Fees*
[HN2] Both state and federal courts in the District of Delaware adopt the "lodestar" approach to calculate reasonable fees granted pursuant to statutes. The court must start by taking the amount of time reasonably expended by counsel for the prevailing party on the litigation, and compensate that time at a reasonable hourly rate to arrive at the lodestar. A predicate to performing this analysis into reasonableness is the court's ascertainment of whether the hours claimed are adequately documented. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Reasonable Fees*
[HN3] For purposes of calculating attorneys' fees, while affidavits may be used to supplement sparse records, they must provide some detail as to what matters the attorney submitting the affidavit actually billed.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Discretionary Fees*
[HN4] See 29 U.S.C.S. § 1132(g)(1).

*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Court Costs*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Discretionary Fees*
[HN5] In determining whether to award attorneys' fees and costs under section 502(g)(1) of the Employee Retirement Income Security Act, codified at 29 U.S.C.S. § 1132(g)(1), the Third Circuit adopts a five-factor policy analysis. The five factors are: (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Court Costs*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Discretionary Fees*
[HN6] For purposes of determining whether to award attorneys' fees and costs under 29 U.S.C.S. § 1132(g)(1), the first Ursic factor favors an award to the prevailing party not only in cases involving "bad faith" but in other cases as well. A losing party may be culpable, however, without having acted with an ulterior motive. In a civil context, culpable conduct is commonly understood to mean conduct that is blameable; censurable; at fault; involving the breach of a legal duty or the commission of a fault. Such conduct normally involves something more than simple negligence. On the other hand, it implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Court Costs*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Discretionary Fees*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Federal Jurisdiction & Removal*
[HN7] The Third Circuit states that the statutory purpose of the Employee Retirement Income Security Act (ERISA) is to protect pension benefits. Accordingly, the policy behind awarding attorney's fees and costs pursuant to section 502(g) of ERISA, codified at 29 U.S.C.S. § 1132(g)(1), is to uphold the general purpose of ERISA by protecting pension benefits.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Court Costs*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > Discretionary Fees*
[HN8] Partial reimbursement of fees may constitute a sufficient deterrent with respect to violations by persons

Case 1:05-cv-00760-JJF   Document 53-2   Filed 08/03/2006   Page 14 of 19

2002 U.S. Dist. LEXIS 21287, *1; 29 Employee Benefits Cas. (BNA) 1873;
8 Wage & Hour Cas. 2d (BNA) 441

having modest financial resources. 29 U.S.C.S. § 1132(g)(1), 1993 advisory committee notes. Additionally, the Third Circuit cautions that an award of attorneys' fees and costs under 29 U.S.C.S. § 1132(g) should not amount to an excessively punitive sanction.

*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Statutory Awards*
*Labor & Employment Law > Discrimination > Age Discrimination > Coverage & Definitions > General Overview*
*Labor & Employment Law > Discrimination > Age Discrimination > Remedies > Costs & Attorney Fees*
[HN9] The Age Discrimination in Employment Act incorporates selected provisions of the Fair Labor Standards Act, including the provisions pertaining to the award of attorneys' fees. 29 U.S.C.S. § 626(b).

**COUNSEL:** For John J McNaboe, PLAINTIFF: Thomas S Neuberger, Thomas S Neuberger, PA, Wilmington, DE USA.

For NVF Company, Evans Tempcon, Brenda Nestor Castellano, DEFENDANTS: Robert W Whetzel, Richards, Layton & Finger, Wilmington, DE USA.

For NVF Company, Evans Tempcon, DEFENDANTS: James E Liguori, Liguori, Morris & Redding, Dover, DE USA.

For NVF Company, Evans Tempcon, COUNTER-CLAIMANTS: James E Liguori, Liguori, Morris & Redding, Dover, DE USA.

For John J McNaboe, COUNTER-DEFENDANT: Thomas S Neuberger, Thomas S Neuberger, PA, Wilmington, DE USA.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINIONBY:** Sue L. Robinson

**OPINION:**

### MEMORANDUM ORDER

### I. INTRODUCTION

On October 9, 1997, plaintiff John J. McNaboe brought this action against defendants NVF Company ("NVF"), Evans Tempcon ("Evans"), and Brenda Nestor Castellano [*2] ("Castellano"). (D.I. 1) As set forth in his second amended complaint, plaintiff asserted claims for: (1) breach of employment contract against NVF and Evans; (2) breach of the covenant of good faith and fair dealing against NVF and Evans; (3) violations of the Delaware Wage Payment and Collection Act ("WPCA") against NVF and Evans; (4) age discrimination under the ADEA against NVF and Castellano; (5) violation of ERISA against NVF; and (6) tortious interference with contractual relations against Castellano. (D.I. 31) On August 14, 1998, defendants answered denying all allegations and asserted counterclaims for breach of fiduciary duty and violations of the obligations of good faith and fair dealing. (D.I. 81)

This court held a jury trial from February 1, 1999 to February 12, 1999. At trial, plaintiff voluntarily withdrew his ERISA claim. (D.I. 266 at 200) After plaintiff rested, the court granted defendants' motion for judgment as a matter of law ("JMOL") with respect to plaintiff's tortious interference claim against Castellano and plaintiff's claims against NVF under the Deferred Retirement Income Security Plain ("DRISP"). (D.I. 264 at 162-63)

On February 16, 1999, the jury returned [*3] its verdict finding that defendants NVF and Evans had breached their respective employment contracts with plaintiff, had violated the covenant of good faith and fair dealing, and had failed to pay plaintiff wages owed to him without reasonable grounds. (D.I. 256) However, the jury found that NVF had not violated the ADEA when it terminated plaintiff. (Id.) With respect to defendants' counterclaims, the jury found for the plaintiff on all counts. Id. Plaintiff was awarded damages against NVF and Evans in the amount of $ 458,800 and the court entered judgment on the verdict on February 17, 1999. (Id.)

On post-trial motions, the court granted defendants' renewed motion for JMOL on the breach of employment contract claim, but denied its motion with respect to the breach of covenant of good faith and fair dealing claim. (D.I. 270, 298) See McNaboe v. NVF Co. et al., 2000 U.S. Dist. LEXIS 4418 (D. Del. March 20, 2000). The court also granted defendants' motion for JMOL on the WPCA claim with respect to NVF but denied it with respect to Evans. (Id.) On August 2, 2000, the court entered its amended final judgment in favor of plaintiff and against NVF in the [*4] amount of $ 518,208 and

Case 1:05-cv-00760-JJF   Document 53-2   Filed 08/03/2006   Page 15 of 19

2002 U.S. Dist. LEXIS 21287, *4; 29 Employee Benefits Cas. (BNA) 1873;
8 Wage & Hour Cas. 2d (BNA) 441

against Evans in the amount of $ 9,874. After judgment was entered, defendants filed a notice of appeal with the United States Court of Appeals for the Third Circuit and plaintiff cross-appealed. (D.I. 333, 337)

Plaintiff then moved for attorneys' fees and expenses for his claims against Evans. (D.I. 340) Defendants answered asserting that plaintiffs' calculation of fees was unreasonable. (D.I. 351) Defendants NVF and Castellano also moved for attorneys' fees against plaintiff for expenses affiliated with defending the ERISA and ADEA claims. (D.I. 342)

On January 8, 2001, this court granted defendants' motion to stay execution of the judgment and required defendants to deposit $ 575,000 in lieu of a supersedeas bond pending appeal to the Third Circuit. (D.I. 338) Thereafter, defendants deposited the $ 575,000 with the Clerk of the Court. Accordingly, the court stayed plaintiff's and defendants' motions for attorneys' fees and expenses pending appeal to the Third Circuit. (D.I. 340, 342, 355)

On appeal, the Third Circuit ruled that the judgment in favor of NVF on the breach of contract claim was reversed, and the judgment on that count in favor of plaintiff [*5] was to be reinstated. McNaboe v. NVF Co. et al., 276 F.3d 578 (3d Cir. 2001). The Third Circuit also ruled that the judgment in favor of plaintiff on the covenant of good faith was vacated and judgment would be entered in favor of defendants on that count. Id. Finally, the Third Circuit remanded the court's calculation of prejudgment interest for recalculation and affirmed on all other issues. (Id.)

Plaintiff then filed a motion to lift the stay of execution and disburse the funds defendants deposited to him. (D.I. 361) Defendants also filed a motion to lift the stay and return the funds to them. (D.I. 364) Plaintiff also moved to alter or amend judgment and award him attorneys' fees on his WPCA claim. (D.I. 372) After hearing oral arguments on these motions, the court issued a memorandum order granting plaintiff's motion to lift the stay of execution, denying defendants' motion, and denying plaintiff's motion to alter or amend judgment. (D.I. 388)

Presently before the court is plaintiff's renewed motion for attorneys' fees and expenses against Evans Tempcon (D.I. 340), defendants' motion for attorneys' fees and expenses (D.I. 342), and defendants' motion [*6] for stay of order authorizing disbursement of bond proceeds (D.I. 389).

## II. DISCUSSION

### A. Plaintiff's Motion for Attorneys' Fees and Expenses

#### 1. Fees and Expenses Under the WPCA

Plaintiff argues that having successfully litigated his claims against Evans for violation of the WPCA, he is entitled to an award of attorneys' fees and expenses pursuant to § 1113(c) of the Act. (D.I. 341 at 5) Section 1113(c) of the WPCA states that

> [HN1] any judgment entered for a plaintiff in an action brought under this section shall include an award for the costs of the action, the necessary costs of prosecution and reasonable attorneys' fees, all to be paid by the defendant.

19 Del. C. § 1113(c).

As discussed above, plaintiff was successful against Evans in his claim under the WPCA. The jury awarded plaintiff $ 4,615.38 against Evans for violation of the WPCA. The court awarded liquidated damages and prejudgment interest on this amount pursuant to § 1103(b) of the Act, resulting in a final judgment against Evans of $ 9,874. The Third Circuit affirmed this ruling. Having prevailed on the WPCA claim, the court concludes that plaintiff is entitled to reasonable attorneys' fees [*7] and expenses in connection with his claim against Evans.

#### 2. Reasonable Attorneys' Fees and Expenses

The method for establishing statutory fees is well settled by Supreme Court cases. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564, 92 L. Ed. 2d 439, 106 S. Ct. 3088 (1986). [HN2] Both state and federal courts in this jurisdiction have adopted the "lodestar" approach to calculate reasonable fees granted pursuant to statutes. Brytus v. Spang & Co., 203 F.3d 238, 242 (3d Cir. 2000). "The court must start by taking the amount of time reasonably expended by counsel for the prevailing party on the litigation, and compensate that time at a reasonable hourly rate to arrive at the lodestar." Id.; see also Amico

Case 1:05-cv-00760-JJF   Document 53-2   Filed 08/03/2006   Page 16 of 19

2002 U.S. Dist. LEXIS 21287, *7; 29 Employee Benefits Cas. (BNA) 1873;
8 Wage & Hour Cas. 2d (BNA) 441

v. New Castle County, 654 F. Supp. 982, 997 (D. Del. 1987). "A predicate to performing this analysis into reasonableness is the court's ascertainment of whether the hours claimed are adequately documented." Amico, 654 F. Supp. at 997. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. Both plaintiff and defendants agree [*8] that these are the proper standards for determining reasonable fees and expenses. (D.I. 341, 351)

Plaintiff's attorneys concede that it was not their usual practice to record their time specifically billed to Evans during the litigation. (D.I. 341 at 9) However, they contend that approximately 8-10% of all time expended in the litigation as a whole was devoted to plaintiff's prosecution of claims against Evans. (Id. at 10) Based on this estimate, plaintiff's attorneys claim that this would result in an amount between $ 40,000 and $ 50,000. (Id.) However, "in the exercise of plaintiff's attorneys' billing judgment," plaintiff requests only $ 11,650 in fees and expenses. (Id. at 10, 12)

Defendants argue that in light of plaintiff's award of $ 9,874 on his claim, the taxing of fees in excess of the award is unreasonable. (D.I. 351) Upon reviewing the documentation and affidavits submitted by plaintiff's attorneys, the court concludes plaintiff's request for $ 11,650 in fees and expenses is unreasonable.

As plaintiff's attorneys concede, the only documentation they can produce showing time billed directly to the Evans matter are billing records totaling $ 4,089.25. (See [*9] D.I. 340, Ex. D) In order to supplement this documentation, plaintiff submitted affidavits from three attorneys who worked on the case. (D.I. 340, Exs. 1, E and F) [HN3] While affidavits may be used to supplement sparse records, they must provide some detail as to what matters the attorney submitting the affidavit actually billed. See Amico, 654 F. Supp. at 999. In this case, the affidavits submitted by plaintiff's counsel offer no more than speculation as to how much time was spent specifically on Evans' claims. As such, these affidavits are inadequate to prove any additional fees or expenses beyond what is adequately documented. Therefore, the court concludes that plaintiff is entitled to an award of attorneys' fees and expenses in the amount of $ 4,089.25.

**B. NVF and Castellano's Motion for Attorneys' Fees and Expenses**

**1. The Standard for Attorneys' Fees Under ERISA**

NVF contends that since plaintiff withdrew his ERISA claim during trial, it is entitled to attorneys' fees as the prevailing party under § 502(g)(1) of ERISA. (D.I. 343 at 2) Section 502(g)(1) states that

> [HN4] in any action under this title (other than an action described in paragraph 2) by a [*10] participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1). [HN5] In determining whether to award attorneys' fees and costs under § 502(g)(1), the Third Circuit has adopted a five-factor policy analysis. Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983). The five factors are:

> (1) the offending parties' culpability or bad faith;
> (2) the ability of the offending parties to satisfy an award of attorneys' fees;
> (3) the deterrent effect of an award of attorneys' fees against the offending parties;
> (4) the benefit conferred on members of the pension plan as a whole; and
> (5) the relative merits of the parties' position.

Id. In light of the foregoing factors, the court concludes that NVF is entitled to a reasonable award of attorneys' fees and expenses in connection with its defense of plaintiff's ERISA claim.

**a. The offending parties' culpability or bad faith**

In analyzing the first factor of the Ursic test, the Third Circuit has stated:

> [HN6] The first Ursic factor favors an award to the prevailing [*11] party not only in cases involving 'bad faith' but in other cases as well ... A losing party may be culpable, however, without having acted with an ulterior motive. In a civil

Page 5

Case 1:05-cv-00760-JJF   Document 53-2   Filed 08/03/2006   Page 17 of 19

2002 U.S. Dist. LEXIS 21287, *11; 29 Employee Benefits Cas. (BNA) 1873;
8 Wage & Hour Cas. 2d (BNA) 441

context, culpable conduct is commonly understood to mean conduct that is "blameable; censurable; ... at fault; involving the breach of a legal duty or the commission of a fault ... Such conduct normally involves something more than simple negligence ... [On the other hand, it] implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose."

McPherson v. Employees' Pension Plan of Am. Re-Insurance Co., 33 F.3d 253, 256-57 (3d Cir. 1994). Plaintiff initially sought nearly six million dollars in damages on his ERISA claim. (D.I. 344, Ex. A1 at P 3) This amounted to nearly 75% of the eight million dollars in damages plaintiff initially sought. (Id.) Plaintiff subsequently reduced this amount to less than $ 300,000 in his pre-trial statement of damages. (D.I. 199 at 62) Ultimately, plaintiff withdrew the ERISA claim altogether during trial.

Given plaintiff's continual changing of theories and positions throughout the litigation [*12] regarding his ERISA claim, and the ultimate withdrawal of this claim altogether, the court concludes that plaintiff's conduct, while perhaps not rising to the level of bad faith, is certainly culpable. Plaintiff adhered to his virtually untenable ERISA claim until trial and required NVF to expend resources defending against it. As such, the first factor weighs in favor of granting defendant reasonable attorneys' fees and expenses.

**b. The ability of the offending parties to satisfy an award of attorneys' fees**

NVF contends that based on plaintiff's salary at NVF and his subsequent salary at Sunbeam, he is in a financial position to satisfy an award of attorneys' fees. (D.I. 343 at 18) Plaintiff does not deny NVF's assertion, but rather argues that the court should not rely on NVF's assertions. (D.I. 349 at 16) Based on the record, and given plaintiff's award on other claims, the court concludes that plaintiff has the financial means to satisfy a reasonable award.

**c. The deterrent effect of an award of attorneys' fees against the offending parties**

[HN7] The Third Circuit has stated that "the statutory purpose of ERISA [is] to protect pension benefits." Ellison v. Shenango Inc. Pension Bd., 956 F.2d 1268, 1277 (3d Cir. 1992). [*13] "Accordingly, the policy behind awarding attorney's fees and costs pursuant to § 502(g) is to uphold the general purpose of ERISA by protecting pension benefits." Loving v. Pirelli Cable Corp., 11 F. Supp. 2d 480, 498 (D. Del. 1998). Based on plaintiff's pleadings and positions throughout this litigation, the court concludes that plaintiff's ERISA claim was not aimed at protecting his pension benefits, but rather to ensure federal jurisdiction over what essentially amounted to a breach of contract claim. Awarding reasonable attorneys' fees would act as a deterrent against parties bringing meritless ERISA claims for purposes of obtaining federal jurisdiction.

**d. The benefit conferred on members of the pension plan as a whole**

This factor has no relevance to the case at bar.

**e. The relative merits of the parties' position**

As discussed above, given plaintiff's backpedaling from his ERISA claim and its ultimate withdrawal, the court concludes that this claim was meritless and factor five weighs in favor of granting NVF reasonable fees.

**2. Reasonable Fees and Expenses for Defending the ERISA Claim**

Plaintiff's conduct has imposed a financial burden [*14] on defendants by forcing defendants to respond to a meritless ERISA claim. Defendants were required to spend time preparing an answer to the complaint, and researching and preparing motions for summary judgment, and for attorneys' fees and costs. Nonetheless, the court finds that the nearly $ 1.3 million dollars in fees and expenses defendants request is an extraordinarily large sum of money to award NVF, and that a lesser fee will more fairly serve the purpose of § 502(g). The 1993 Advisory Committee Notes state that [HN8] "partial reimbursement of fees may constitute a sufficient deterrent with respect to violations by persons having modest financial resources." Additionally, the Third Circuit has cautioned that an award of attorneys' fees and costs under § 502(g) should not "amount[] to an excessively punitive sanction." Ursic, 719 F.2d at 677.

Defendants request $ 1,177,693 in attorneys' fees, and $ 119,157 in costs. This amounts to a grand total of $ 1,296,850 in attorneys' fees and expenses. (D.I. 353, Ex.

Case 1:05-cv-00760-JJF    Document 53-2    Filed 08/03/2006    Page 18 of 19

2002 U.S. Dist. LEXIS 21287, *14; 29 Employee Benefits Cas. (BNA) 1873;
8 Wage & Hour Cas. 2d (BNA) 441

A) In support of this figure, defendants submit a number of affidavits and billing reports documenting the various attorneys' time. Defendants urge the court [*15] to allocate one-third the total time spent on the case to ERISA related expenses, one-third to ADEA expenses, and the remaining one-third to the rest of the issues. (D.I. 353 at 11) Therefore, a threshold issue is whether or not one-third of the time spent on the case can be attributed to defendants' defense of the ERISA claim. The court concludes that it cannot.

Based on a review of all the parties' pleadings, briefs, and other documents filed in this case related to ERISA, the court concludes that allocating one-third the total billing solely to ERISA issues is unwarranted. Given the fact that the ERISA claim was never tried, and the amount of attention it was given in pre-and post-trial briefing, the court concludes that 20% is a more reasonable amount of time that defendants spent solely on ERISA related issues. As defendants repeatedly assert, this was essentially a state law breach of contract claim. The parties' focus in the briefing and at trial evidences this assertion. Accordingly, the court holds that $ 260,000, approximately 20% of $ 1,296,850, can reasonably be attributed to defendants' defense of plaintiff's ERISA claim. However, the inquiry does not end here.

Once [*16] the threshold question of how much time can defendants reasonably attribute to its defense of plaintiff's ERISA claim, the court must then apply the lodestar standards enumerated above to determine the reasonableness of the amount defendants ask for. In support of these amounts, defendants submitted voluminous appendices to their briefs. (D.I. 344, 345, 346) As discussed above, these appendices include attorneys' affidavits and detailed billing reports from each attorney. After careful review of these billing reports, the court found that many time entries, particularly costs and expenses, were not described in sufficient detail to attribute them to this case at all, let alone to defendants' defense of the ERISA claim. Furthermore, many time entries were either duplicative or unreasonable. Therefore, the court concludes that a downward modification of $ 100,000 is warranted. As such, the court concludes that a reasonable amount of fees and expenses attributed to NVF's defense of plaintiff's ERISA claim is $ 160,000.

**3. The Standard for Attorneys' Fees Under the ADEA**

[HN9] The ADEA incorporates selected provisions of the Fair Labor Standards Act ("FSLA"), including the provisions [*17] pertaining to the award of attorneys' fees. See 29 U.S.C. § 626(b). While these provisions do not address whether, or under what circumstances, attorneys' fees should be awarded to a prevailing defendant, defendants argue that courts have awarded prevailing defendants attorneys' fees in ADEA cases. (D.I. 343 at 19) Although defendants cite no cases in this jurisdiction in support of their argument, they cite to cases in other jurisdictions that awarded attorneys' fees to prevailing defendants under the ADEA. See, e.g., Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437-38 (11th Cir. 1998); Newhouse v. McCormick & Co., Inc., 130 F.3d 302, 304 (8th Cir. 1997); Miller v. State Chemical Mfg. Co., 706 F. Supp. 1166, 1172 (W.D. Pa. 1988). However, in each of these cases, the court awarded attorneys' fees to a prevailing defendant after a finding that the plaintiff had brought its ADEA claim in bad faith. Defendants argue that plaintiff's ADEA claim was baseless and brought in bad faith. (D.I. 343 at 20) The court concludes, however, that plaintiff's ADEA claim, while not a winning claim at trial, was not [*18] brought in bad faith.

During the litigation, plaintiff's ADEA claim survived defendants' motions for dismissal and summary judgment, and ultimately went to the jury. As the court noted before sending the ADEA claim to the jury, plaintiff's evidence met the applicable standards for a jury to infer age discrimination from the evidence of pretext presented at trial.

As defendants do not cite, nor has the court found, any cases in this jurisdiction, or any other jurisdiction, that awarded a prevailing defendant in an ADEA claim attorneys' fees absent a showing of bad faith, the court declines to award NVF or Castellano attorneys' fees on plaintiff's ADEA claims in this case.

**III. CONCLUSION**

At Wilmington this 31st day of October, 2002, having reviewed papers submitted in connection therewith, for the reasons stated;

IT IS ORDERED that:

1. Plaintiff's motion for attorneys' fees and expenses

Case 1:05-cv-00760-JJF   Document 53-2   Filed 08/03/2006   Page 19 of 19

2002 U.S. Dist. LEXIS 21287, *18; 29 Employee Benefits Cas. (BNA) 1873;
8 Wage & Hour Cas. 2d (BNA) 441

(D.I. 340) is granted. Plaintiff is entitled to attorneys' fees and expenses in the amount of $ 4,089.25.

2. Defendants' motion for attorneys' fees and expenses (D.I. 342) is granted in part and denied in part. With respect to defendant NVF's motion for attorneys' fees and expenses for [*19] its defense of plaintiff's ERISA claim, the motion is granted. Defendant NVF is entitled to attorneys' fees and expenses in the amount of $ 160,000. With respect to defendants NVF and Castellano's motion for attorneys' fees for their defense of plaintiff's ADEA claim, the motion is denied.

3. Defendants' motion for stay of order authorizing disbursement of bond proceeds (D.I. 389) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court is instructed to subtract the amount of $ 155,910.75 from the amount due to plaintiff under this court's Order (D.I. 388) and to disburse the funds accordingly.

Sue L. Robinson

United States District Judge