# Tab 4

DB02:5358236.1 000000.0

LEXSEE 2002 U.S. APP. LEXIS 21626

TODD MURPHY; ROSEANN MURPHY, husband and wife v. HOUSING AUTHORITY AND URBAN REDEVELOPMENT AGENCY OF THE CITY OF ATLANTIC CITY, a New Jersey municipal corporation; JOHN GLOWACKI, an individual; JOHN J. MCAVADDY, JR., an individual; JOHN P. WHITTINGTON, an individual; JOHN DOES 1 THROUGH 15, inclusive, fictitious named defendants, jointly, severally, and in the alternative Clifford L. Van Syoc, Appellant at No. 01-3426 (Pursuant to F.R.A.P. 12(a)) Housing Authority and Urban Redevelopment Agency Of the City of Atlantic City; John Glowacki; John J. McAvaddy, Jr.; John P. Whittington, Appellants at No. 01-3572

Nos. 01-3426 and 01-3572

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

51 Fed. Appx. 82; 2002 U.S. App. LEXIS 21626

June 7, 2002, Submitted Under Third Circuit LAR 34.1(a)
October 16, 2002, Decided
October 16, 2002, Filed

**NOTICE:** [**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** US Supreme Court certiorari denied by *Van Syoc v. Hous. Auth. & Urban Redevelopment Agency, 2003 U.S. LEXIS 5560* (U.S., Oct. 6, 2003)
Motion denied by *Van Syoc v. Hous. Auth. & Urban Redev, 2003 U.S. LEXIS 8201* (U.S., Nov. 10, 2003)

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY. (D.C. Civil No. 97-cv-01558). District Judge:

The Honorable Stephen M. Orlofsky. *Murphy v. Hous. Auth. & Urban Redevelopment Agency, 158 F. Supp. 2d 438, 2001 U.S. Dist. LEXIS 12918* (D.N.J., 2001)

**DISPOSITION:** Affirmed.

**COUNSEL:** For HOUSING AUTHORITY AND URBAN REDEVELOPMENT AGENCY OF THE CITY OF ATLANTIC CITY, JOHN GLOWACKI, JOHN J. MCAVADDY, JR., JOHN P. WHITTINGTON, Appellees: Charles A. Ercole, Klehr, Harrison, Harvey, Branzburg & Ellers, Cherry Hill, NJ. Julie M. Holland, Klehr, Harrison, Harvey, Branzburg & Ellers, Cherry Hill, NJ.

For Clifford L. Van Syoc, Appellant: Clifford L. Van Syoc, Van Syoc Chartered, Cherry Hill, NJ. John J. Grogan, Sandals & Langer, Philadelphia, PA. Steven Kudatzky, Marlton, NJ.

For Natl Employ Lawyers, Amicus-appellant (01-3426, 01-3572): Andrew F. Erba, Williams, Cuker, Berezofsky, Philadelphia, PA. Brian M. Cige, Somerville, NJ.

For HOUSING AUTHORITY AND URBAN REDEVELOPMENT AGENCY OF THE CITY OF ATLANTIC CITY, JOHN GLOWACKI, JOHN J. MCAVADDY, JR., JOHN P. WHITTINGTON, Appellants: Charles A. Ercole, Klehr, Harrison, Harvey, Branzburg [**2] & Ellers, Cherry Hill, NJ. Julie M. Holland, Klehr, Harrison, Harvey, Branzburg & Ellers, Cherry Hill, NJ.

For Clifford L. Van Syoc, Appellee: Clifford L. Van Syoc, Van Syoc Chartered, Cherry Hill, NJ. John J. Grogan, Sandals & Langer, Philadelphia, PA.

**JUDGES:** BEFORE: NYGAARD, BARRY, and MAGILL, Circuit Judges.

**OPINIONBY:** Richard L. Nygaard

**OPINION:**

[*82] OPINION OF THE COURT

NYGAARD, Circuit Judge.

Todd and Roseann Murphy, represented by Clifford Van Syoc, sued the Housing Authority of Atlantic City, New Jersey, for, among other allegations, reverse race and sex discrimination in violation of *42 U.S.C. § 1983* and Title VII. The District Court found that Murphy failed to establish a prima facie case for any discrimination and granted summary judgment in favor of the Housing Authority. *Murphy v. Housing Authority, 32 F. Supp. 2d 753 (D.N.J. 1999).* Murphy appealed and we [*83] affirmed that decision on January 31, 2000. *Murphy v. Housing Authority, 208 F.3d 206 (3d Cir. 2000).* Subsequently, the Housing Authority, pursuant to *28 U.S.C. § 1927*, filed an application for fees, costs and sanctions in the District Court, alleging frivolous [**3] litigation and frivolous appeal. The District Court granted the Housing Authority's motion in part, awarding the Authority $ 56,000 in fees and $ 2,300 in costs to be paid by Attorney Van Syoc for unreasonably and vexatiously multiplying litigation for the period up to the grant of summary judgment. The Court, however, declined to award damages for filing a frivolous appeal, holding that any such award was more appropriately handled by this court pursuant to a Rule 38 motion. *Murphy v. Housing Authority, 158 F. Supp. 2d 438 (D.N.J. 2001).* Both parties have appealed. Van Syoc argues that imposing sanctions against him was an abuse of discretion in that there was no clear finding of bad faith on his part. The Housing Authority argues that the District Court's refusal to award damages for filing a frivolous appeal was in error. We will affirm.

I.

Van Syoc argues that the District Court abused its discretion by imposing sanctions, and by making numerous clear errors in its finding of bad faith. His arguments are specious. *28 U.S.C. § 1927* gives a District Court the authority and discretion to levy expenses, costs and fees against any attorney "who [**4] so multiplies the proceedings in any case unreasonably and vexatiously." We have previously held that "a bad faith finding is required as a precondition to the imposition of attorneys' fees under section 1927." *Baker Industries, Inc. v. Valley Fair, 764 F.2d 204, 208 (3d Cir. 1985).* Although bad faith may be inferred from the record, here, the District Court found that Van Syoc acted in bad faith for the following reasons:

> (1) Mr. Van Syoc's pursuit of baseless claims, the frivolous na-

ture of which he should have been aware by, at the latest, the Defendants' filing of their motion for summary judgment on August 17, 1998; and (2) Mr. Van Syoc's assertion of Roseann Murphy's per quod claim under the New Jersey Law Against Discrimination, N.J.S.A. § 10.5-1 et seq., and Title VII, *42 U.S.C. § 2000e* et seq., when both federal and New Jersey state courts had already held that per quod claims were not cognizable under either of those sources of law.

*Murphy, 158 F. Supp. 2d at 446-47*. This finding was not clearly erroneous and we will affirm.

II.

The Housing Authority argues that the District Court erred as a matter of law [**5] when it denied the Authority's motion for damages from Attorney Van Syoc's frivolous appeal to this Court. We disagree. Quoting the D.C. Circuit, the District Court wrote that, "it is for the Court of Appeals, not the district court, to decide whether Rule 38 costs and damages should be allowed in any given case." *Murphy, 158 F. Supp. 2d at 451 n.3* (quoting In re American President Lines, 779, F.2d 714, 717 (D.C. Cir. 1995)). Although we have, on occasion, remanded a Rule 38 motion to the District Court for it to assist us by holding a hearing to make findings on Rule 38 motions, here we have not done so and the court correctly deferred to us. We will affirm.

Conclusion

In sum, and for the foregoing reasons, we will affirm the judgment of the District Court entered on August 27, 2001.

/s/ Richard L. Nygaard

Circuit Judge

JUDGMENT

This cause came to be considered on the record from the United States District Court for the District of New Jersey and was submitted pursuant to Third Circuit LAR 34.1(a) on June 7, 2002.

On consideration whereof, it is now here ORDERED AND ADJUDGED by this Court that the order of the said District Court entered on August 27, 2001, be, and the [**6] same is hereby affirmed.

Costs taxed against Appellant/Cross-Appellee Clifford L. Van Syoc.

All of the above in accordance with the opinion of this Court.

Dated: 16 October 2002

# Tab 5

LEXSEE

JOHN V. RYAN, JR., Plaintiff, v. ASBESTOS WORKERS UNION LOCAL 42 PENSION FUND; ASBESTOS WORKERS LOCAL 42 PENSION PLAN, and TRUSTEES OF PENSION PLAN, as PLAN ADMINISTRATOR OF LOCAL 42 PENSION PLAN, Defendants.

C.A. No. 97-604 GMS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2002 U.S. Dist. LEXIS 5440; 27 Employee Benefits Cas. (BNA) 1724

January 31, 2002, Decided

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff member sued defendants, fund, plan, trustees, and administrator, for benefits under a plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.S. § 1001 et seq. The court granted the member's summary judgment motion but refused to award attorney fees. On appeal, the United States Court of Appeals for the Third Circuit affirmed the summary judgment but remanded for reconsideration of the attorney fees.

**OVERVIEW:** The member had a break in his service for the union of 13 years. The plan had been amended and the administrator applied the amendment retroactively to reduce the member's benefits. The court determined that attorney fees should be awarded upon consideration of the 5 Ursic factors as follows: (1) defendants' actions rose to a culpable level as the amendment retroactively reduced the level of the member's pension benefits in violation of ERISA by effectively freezing those benefits at 2 different levels; (2) there was no evidence that the funds were insolvent so there was no showing of hardship on the part of the plan; (3) an award would deter future abuses; (4) the court's ruling that the amendment did not apply retroactively to situations such as the member's conferred a substantial benefit on other members; and (5) defense counsel had a duty of zealous advocacy, and the theories advanced by the defense were not frivolous. Thus, the court found that 4 out of the 5 Ursic factors supported an award of attorney fees.

**OUTCOME:** Upon reconsideration, the court awarded the member reasonable attorney fees and ordered the member to submit to the court, within 30 days, a request for the specific amount of attorney fees sought, with the relevant supporting documentation attached.

**CORE TERMS:** pension plan, administrators, culpable, vesting, offending, retroactively, weighs, summary judgment, experienced, deterrent effect, reprehensible, culpability, conferred, deter, pension benefits, pension fund, reconsideration, thirteen-year, twenty-five, ten-year, abused, earn

**LexisNexis(R) Headnotes**

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > General Overview*
[HN1] It is within the court's discretion to grant or deny a motion for attorney fees. In determining whether to award fees under the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., courts consider the following five policy factors: (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney fees; (3) the deterrent effect of an award of attorney fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position.

Page 1

Case 1:05-cv-00760-JJF   Document 53-3   Filed 08/03/2006   Page 7 of 17

2002 U.S. Dist. LEXIS 5440, *; 27 Employee Benefits Cas. (BNA) 1724

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > General Overview*
[HN2] The first Ursic factor a court must address in determining whether to award attorney fees under the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., is whether the offending parties acted in bad faith or in a culpable manner. A party is not culpable merely because it did not prevail in litigation. However, a party may be culpable if the act or conduct in question is reprehensible or wrong.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > General Overview*
[HN3] In considering the Ursic factors for determining whether to award attorney fees under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.S. § 1001 et seq., the factor of the defendants' ability to satisfy an award favors granting attorney fees where there is no showing of hardship to the defendants charged with a willful violation of ERISA.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Costs & Attorney Fees > General Overview*
[HN4] The objectives of the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., are furthered if attorney fee awards are employed to deter culpable behavior.

*Legal Ethics > Client Relations > Effective Representation*
[HN5] Defense counsel have a duty to zealously advocate for their clients.

**COUNSEL:** [*1] For JOHN V. RYAN, JR., plaintiff: John M. Stull, John M. Stull, Esq., Wilmington, DE.

For ASBESTOS WORKERS UNION LOCAL 42 PENSION FUND, TRUSTEES OF PENSION PLAN, defendants: Francis J. Trzuskowski, Trzuskowski, Kipp, Kelleher & Pearce, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Sleet

**OPINION:**

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

On April 4, 2000, the court granted John Ryan Jr.'s ("Ryan") motion for summary judgment. However, the court declined to award Ryan attorney's fees. Upon reconsideration, the court will now award Ryan reasonable attorney's fees.

**II. BACKGROUND**

Ryan is a former member of a union of asbestos workers and a participant in that union's pension plan. Between 1955 and 1996, he earned a total of twenty-five years worth of vesting credit while working for the union over two different time periods. Between 1955 and 1969, Ryan earned fourteen years worth of vesting credit. For the next thirteen years, between 1970 and 1982, Ryan worked outside the industry, and thus, experienced a "break in service." Toward the end of this thirteen-year period, Ryan returned to work for the union. Although he did [*2] not work long enough to earn any vesting credit in 1983, he did earn another eleven years of vesting credit for his service between 1984 and 1996.

Ryan then retired and applied for benefits under the pension plan because he had earned a total of twenty-five years of vesting credit since beginning work in 1955. While the administrators of the pension plan paid Ryan's benefits, they did so at two different pay levels pursuant to an earlier amendment to the plan.

This amendment created a two-tier system. Specifically, it provided that any participant who leaves the plan only to later return may receive two different levels of pension benefits depending on the length of that person's absence. Even though the amendment itself was adopted in 1983, it was deemed effective in 1981. In

Case 1:05-cv-00760-JJF   Document 53-3   Filed 08/03/2006   Page 8 of 17

2002 U.S. Dist. LEXIS 5440, *2; 27 Employee Benefits Cas. (BNA) 1724

addition, by its very terms, the amendment applies only to those participants who experience more than a ten-year break in service before returning to the plan. It thus applied to Ryan, who had experienced a thirteen-year break at the time the plan was adopted.

Ryan filed suit against the administrators of his former union's pension plan. On April 4, 2000, the court granted Ryan's motion for summary judgment. [*3] It denied reconsideration on August 25, 2000. On September 25, 2000, the defendants filed a notice of appeal. The Court of Appeals for the Third Circuit affirmed the district court's summary judgment order on January 24, 2002. It remanded this case to the district court, however, to specifically address the five factors relevant to any award of attorney's fees.

### III. DISCUSSION

[HN1] It is within the court's discretion to grant or deny a motion for attorney's fees. See *Ursic v. Mines, 719 F.2d 674, 675 (3d Cir. 1983)*. In determining whether to award fees under ERISA, courts consider the following five policy factors: (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position. See *id.* at 673.

#### 1. Culpability or Bad Faith

[HN2] The first *Ursic* factor the court must address is whether the offending parties acted in bad faith or in a culpable manner. See *Ursic, 719 F.2d at 673.* [*4] A party is not culpable merely because it did not prevail in litigation. See *McPherson v. Employees' Pension Plan of America Re-Insurance Co., 33 F.3d 253, 257 (3d Cir. 1994)*. However, a party may be culpable if the act or conduct in question is reprehensible or wrong. See *id.*

On the present facts, the court finds that the defendants' actions rise to a culpable level. The amendment to Ryan's plan retroactively reduced the level of his pension benefits in violation of ERISA Section 204(g) by effectively freezing those benefits at two different levels. In its April 4, 2000 decision, the court found that, by applying this amendment to Ryan, the administrators abused their discretion since he had already experienced more than a ten-year break in service at the time the amendment was adopted. The administrators' actions thus retroactively punished Ryan for his lengthy absence from the union, before he had any reason to believe that his absence would have this repercussion. Such actions on the part of the defendants were clearly reprehensible. Accordingly, this factor weights in favor of granting attorney's fees.

#### 2. Ability of the Offending Party to Satisfy an Award [*5] of Attorney's Fees

The court finds no record evidence that the pension fund in question is insolvent, or that requiring it to pay the attorney's fees would make it so. Accordingly, [HN3] absent any showing of hardship to the defendants, the court finds that this factor favors granting attorney's fees.

#### 3. Deterrent Effect of an Award of Attorney's Fees Against the Offending Parties

[HN4] The objectives of ERISA are furthered if fee awards are employed to deter culpable behavior. See *McPherson, 33 F.3d at 257.* Insofar as the court found that the administrators abused their discretion by retroactively applying the amendment, an award of attorney's fees should deter the pension fund administrators from abusing their discretion in the future. Thus, this factor weighs in favor of granting attorney's fees.

#### 4. Benefit Conferred on Members of the Pension Plan as a Whole

The court's ruling that the amendment did not apply retroactively to situations such as Ryan's certainly conferred a substantial benefit on members of the pension plan as a whole. It is doubtful that Ryan was the only similarly situated member negatively affected by the administrators' actions. Accordingly, [*6] this factor weighs in favor of granting attorney's fees.

#### 5. Relative Merits of the Parties' Positions

There is no evidence that the defendants litigated this matter in bad faith. Furthermore, the court recognizes that the [HN5] defense counsel had a duty to zealously advocate for their clients. See *id. at 258.* Finally, the theories advanced by the defense were not frivolous. Thus, although the defendants' theories did not ultimately prevail, it would be improper to conclude that this factor weighs in favor of granting Ryan's motion for attorney's

Case 1:05-cv-00760-JJF   Document 53-3   Filed 08/03/2006   Page 9 of 17

2002 U.S. Dist. LEXIS 5440, *6; 27 Employee Benefits Cas. (BNA) 1724

fees.

## IV. CONCLUSION

Thus, the court finds that four out of the five *Ursic* factors support an award of attorney's fees. Accordingly, upon reconsideration, and after carefully weighing and balancing each factor, the court concludes that Ryan's motion for attorney's fees should be granted.

For the foregoing reasons, IT IS HEREBY ORDERED that:

    1. The court will award reasonable attorney's fees to counsel for the Plaintiff;

and

    2. Counsel for the Plaintiff will submit to the court, within thirty (30) days of the date of this order, a request for the specific amount of attorney's fees sought, with [*7] the relevant supporting documentation attached.

Date: January 31, 2002

Gregory M. Sleet

UNITED STATES DISTRICT JUDGE

**Citation #5**
**2004 U.S. App. LEXIS 8158**

LEXSEE

ORRIN T. SKRETVEDT, Appellant v. EI DUPONT DE NEMOURS, a Delaware corporation; PENSION RET PLAN; HOSPITAL AND MEDICAL-SURGICAL PLAN; DENTAL ASSISTANCE PLAN; NONCONTRIBUTORY GROUP LIFE INSURANCE PLAN; CONTRIBUTORY GROUP LIFE INSURANCE PLAN; TOTAL AND PERMANENT DISABILITY INCOME PLAN; SAV INV PLAN; TAX REFORM ACT STOCK OWNERSHIP PLAN; SHORT TERM DISABILITY PLAN.

No. 03-2805

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

98 Fed. Appx. 99; 2004 U.S. App. LEXIS 8158

April 20, 2004, Submitted Under Third Circuit L.A.R. 34.1(a)
April 23, 2004, Filed

**NOTICE:** [**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** As Amemded May 19, 2004

**PRIOR HISTORY:** On Appeal from the United States District Court for the District of Delaware. Civil Action No. 98-cv-00061. Magistrate Judge: Honorable Mary P. Thynge. Skretvedt v. E.I. Du Pont de Nemours Co., 262 F. Supp. 2d 366, 2003 U.S. Dist. LEXIS 8053 (D. Del., 2003)

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In an Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.S. § 1001 et seq., suit, appellant plan beneficiary sought review of a decision by a magistrate judge of the United States District Court for the District of Delaware that granted his motion for attorney's fees and costs at a reduced amount and the magistrate judge's decision denying his motion to strike appellee former employer's brief as untimely.

**OVERVIEW:** The beneficiary contended that the court abused its discretion when it denied his motion to strike the employer's answering brief. That argument was without merit. While the explanation given by the magistrate judge for denying the beneficiary's motion to strike the employer's brief was by no means lengthy, it was fair to conclude that the magistrate judge agreed with the employer that the request for attorney's fees did not become ripe until there was a final decision on the beneficiary's motion for reconsideration. The beneficiary argued that the magistrate judge should not have reduced the amount of attorney's fees and costs. There was no abuse of discretion. The magistrate judge did an exhaustive and comprehensive analysis of all the factors that the appellate court required be considered for an award of attorney's fees under ERISA.

**OUTCOME:** The district court's order and judgment was affirmed.

**CORE TERMS:** answering, reconsideration, motion to strike, abuse of discretion, long-term, local rules, short-term, ripe

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Pleadings > Time Limitations > General Overview*

Page 1

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
*Governments > Courts > Rule Application & Interpretation*
[HN1] Under U.S. Dist. Ct., D. Del., R. 7.1.2, an answering brief shall be served and filed no later than 10 days after service and filing of the opening brief.

*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
[HN2] A district court abuses its discretion if its decision is based on a clearly erroneous finding of fact, an incorrect conclusion of law, or an errant application of law to fact.

*Civil Procedure > Justiciability > Ripeness > General Overview*
*Civil Procedure > Sanctions > General Overview*
*Governments > Courts > Rule Application & Interpretation*
[HN3] Under U.S. Dist. Ct., D. Del., R. 1.2(a), a district court has discretion to decide whether to impose a sanction and, if so, what type of sanction is appropriate.

*Civil Procedure > Judicial Officers > General Overview*
*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
[HN4] In reviewing a district court's reduction of the amount of attorneys' fees and cost in an Employment Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., case, an appellate court uses the abuse of discretion standard.

**COUNSEL:** For Appellant: John M. Stull, Wilmington, DE.

For Appellee: Raymond M. Ripple, E.I. DuPont de Nemours & Company, Legal Department, Wilmington, DE.

**JUDGES:** Before: SCIRICA, GARTH, and BRIGHT, * Circuit Judges

* Honorable Myron H. Bright, United States Court of Appeals for the Eighth Circuit, sitting by designation.

**OPINIONBY:** Garth

**OPINION:**

[*100] Garth, Circuit Judge:

Orrin Skretvedt appeals from a District Court Order (i) granting his motion for attorney's fees and costs (albeit reducing his application from $ 309,217 to $ 182,163.45), and (ii) denying his motion to strike a brief submitted by E.I. DuPont De Nemours ("DuPont"). For the reasons that follow, we will affirm.

I.

Because we write solely for the benefit of the parties, we recount the facts and the procedural history of the case only as they are relevant to the following discussion. [**2] Skretvedt sued DuPont, his former employer, seeking two forms of long-term disability benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. The District Court ruled in DuPont's favor on summary judgment, but a three-judge panel of this Court reversed and vacated that ruling on [*101] appeal. See *Skretvedt v. E.I. DuPont de Nemours & Co., 268 F.3d 167, 184 (3d Cir. 2001)*. The panel found that the evidence clearly demonstrated that Skretvedt was eligible for "Incapability Benefits" and it remanded for a new determination by DuPont on Skretvedt's application for "Total and Permanent Disability Income Plan" benefits ("T&P Benefits"). See *id. at 170*.

The panel noted that Skretvedt had also requested attorney's fees under ERISA's discretionary fee-shifting provision. Rather than decide that matter on appeal, however, the panel remanded to the District Court with instructions that Skretvedt's request be considered under the five-factor analysis set forth in *McPherson v. Employees' Pension Plan of Am. Re Insurance Co., 33 F.3d 253, 254 (3d Cir. 1994)*. See *Skretvedt, 268 F.3d at 185 n.10*. [**3]

On remand, DuPont awarded Skretvedt T&P Benefits. That favorable ruling prompted Skretvedt to file a motion seeking short-term benefits because DuPont purportedly awards such benefits in cases where it awards long-term benefits. When the Magistrate Judge n1 denied

Page 2

his motion, Skretvedt moved for reconsideration.

> n1 A December 17, 1999 entry in the District Court's docket suggests the parties consented to the exercise of jurisdiction by a magistrate judge.

Meanwhile, Skretvedt renewed his request for attorney's fees by filing a motion in the District Court on September 3, 2002 seeking attorney's fees and costs from DuPont. Skretvedt filed that motion while his motion for reconsideration was still pending. Under the local court rules, DuPont had until September 13, 2002 to file its answering brief. See D. Del. LR. 7.1.2 [HN1] (stating that an answering brief "shall be served and filed no later than 10 days after service and filing of the opening brief"). DuPont informed the Magistrate Judge by letter on September 16, 2002 that [**4] it believed Skretvedt's motion for attorney's fees was premature in light of the then-pending motion for reconsideration on short-term benefits and that it would submit a formal answering brief once the matter became ripe.

On November 12, 2002, the Magistrate Judge denied Skretvedt's motion for reconsideration. Two weeks later, DuPont wrote a second letter to the Magistrate Judge confirming that it would submit its answering brief by December 16, 2002, which it did. Skretvedt moved to strike DuPont's brief on the ground that it was untimely under the local rules.

The Magistrate Judge ultimately granted Skretvedt's motion for attorney's fees, although she reduced the requested amount from approximately $309,217 to $182,163.45. In reaching her decision, the Magistrate Judge carefully weighed the *McPherson* factors in a 26-page written opinion. The Magistrate Judge denied Skretvedt's motion to strike DuPont's brief, stating that "Plaintiff's counsel provided no legitimate basis for striking defendants' answering brief."

Skretvedt now appeals both aspects of the Magistrate Judge's ruling. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. [**5]

II.

Skretvedt first contends that the District Court abused its discretion when it denied his motion to strike DuPont's answering brief. This argument is without merit. [HN2] A district court abuses its discretion if its decision is based on a clearly erroneous finding of fact, an incorrect conclusion of law, or an errant application of law to fact. *Johnston v. HBO Film* [*102] *Mgmt., Inc., 265 F.3d 178, 183 (3d Cir. 2001)*. [HN3] Under the local rules, the District Court had discretion to decide whether to impose a sanction and, if so, what type of sanction was appropriate. See D. Del. LR. 1.3(a). While the explanation given by the Magistrate Judge for denying Skretvedt's motion to strike DuPont's brief was by no means lengthy, it is fair to conclude that the Magistrate Judge agreed with DuPont that the request for attorney's fees did not become ripe until there was a final decision on Skretvedt's motion for reconsideration.

Skretvedt's second argument on appeal is that the Magistrate Judge should not have reduced the amount of attorney's fees and costs. [HN4] The same standard of review applies to this ruling, namely, abuse of discretion. See *Silberman v. Bogle, 683 F.2d 62, 64-65 (3d Cir. 1982)*. [**6] We do not find any abuse of discretion. The Magistrate Judge did an exhaustive and comprehensive analysis of all the factors that we require be considered for an award of attorney's fees under ERISA. We have reviewed the Magistrate Judge's decision with great care and will affirm.

III.

For the foregoing reasons, the May 9, 2003 (entered May 13, 2003) Order and Judgment of the United States Magistrate Judge for the District Court of Delaware will be AFFIRMED.

# Tab 6

LEXSEE 2004 U.S. APP. LEXIS 8158

**ORRIN T. SKRETVEDT, Appellant v. EI DUPONT DE NEMOURS, a Delaware corporation; PENSION RET PLAN; HOSPITAL AND MEDICAL-SURGICAL PLAN; DENTAL ASSISTANCE PLAN; NONCONTRIBUTORY GROUP LIFE INSURANCE PLAN; CONTRIBUTORY GROUP LIFE INSURANCE PLAN; TOTAL AND PERMANENT DISABILITY INCOME PLAN; SAV INV PLAN; TAX REFORM ACT STOCK OWNERSHIP PLAN; SHORT TERM DISABILITY PLAN.**

No. 03-2805

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

*98 Fed. Appx. 99; 2004 U.S. App. LEXIS 8158*

**April 20, 2004, Submitted Under Third Circuit L.A.R. 34.1(a)
April 23, 2004, Filed**

**NOTICE:** [**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** As Amemded May 19, 2004

**PRIOR HISTORY:** On Appeal from the United States District Court for the District of Delaware. Civil Action No. 98-cv-00061. Magistrate Judge: Honorable Mary P. Thynge. *Skretvedt v. E.I. Du Pont de Nemours Co., 262 F. Supp. 2d 366, 2003 U.S. Dist. LEXIS 8053 (D. Del., 2003)*

**DISPOSITION:** Affirmed.

**COUNSEL:** For Appellant: John M. Stull, Wilmington, DE.

For Appellee: Raymond M. Ripple, E.I. DuPont de Nemours & Company, Legal Department, Wilmington, DE.

**JUDGES:** Before: SCIRICA, GARTH, and BRIGHT, * Circuit Judges

* Honorable Myron H. Bright, United States Court of Appeals for the Eighth Circuit, sitting by designation.

**OPINIONBY:** Garth

**OPINION:**

[*100] Garth, Circuit Judge:

Orrin Skretvedt appeals from a District Court Order (i) granting his motion for attorney's fees and costs (albeit reducing his application from $ 309,217 to $ 182,163.45), and (ii) denying his motion to strike a brief submitted

98 Fed. Appx. 99, *; 2004 U.S. App. LEXIS 8158, **

by E.I. DuPont De Nemours ("DuPont"). For the reasons that follow, we will affirm.

## I.

Because we write solely for the benefit of the parties, we recount the facts and the procedural history of the case only as they are relevant to the following discussion. [**2] Skretvedt sued DuPont, his former employer, seeking two forms of long-term disability benefits under the Employee Retirement Income Security Act ("ERISA"), *29 U.S.C. § 1001 et seq.* The District Court ruled in DuPont's favor on summary judgment, but a three-judge panel of this Court reversed and vacated that ruling on [*101] appeal. *See Skretvedt v. E.I. DuPont de Nemours & Co., 268 F.3d 167, 184 (3d Cir. 2001).* The panel found that the evidence clearly demonstrated that Skretvedt was eligible for "Incapability Benefits" and it remanded for a new determination by DuPont on Skretvedt's application for "Total and Permanent Disability Income Plan" benefits ("T&P Benefits"). *See id. at 170.*

The panel noted that Skretvedt had also requested attorney's fees under ERISA's discretionary fee-shifting provision. Rather than decide that matter on appeal, however, the panel remanded to the District Court with instructions that Skretvedt's request be considered under the five-factor analysis set forth in *McPherson v. Employees' Pension Plan of Am. Re Insurance Co., 33 F.3d 253, 254 (3d Cir. 1994). See Skretvedt, 268 F.3d at 185 n.10.* [**3]

On remand, DuPont awarded Skretvedt T&P Benefits. That favorable ruling prompted Skretvedt to file a motion seeking short-term benefits because DuPont purportedly awards such benefits in cases where it awards long-term benefits. When the Magistrate Judge n1 denied his motion, Skretvedt moved for reconsideration.

n1 A December 17, 1999 entry in the District Court's docket suggests the parties consented to the exercise of jurisdiction by a magistrate judge.

Meanwhile, Skretvedt renewed his request for attorney's fees by filing a motion in the District Court on September 3, 2002 seeking attorney's fees and costs from DuPont. Skretvedt filed that motion while his motion for reconsideration was still pending. Under the local court rules, DuPont had until September 13, 2002 to file its answering brief. *See* D. Del. LR. 7.1.2 (stating that an answering brief "shall be served and filed no later than 10 days after service and filing of the opening brief"). DuPont informed the Magistrate Judge by letter on September 16, 2002 that [**4] it believed Skretvedt's motion for attorney's fees was premature in light of the then-pending motion for reconsideration on short-term benefits and that it would submit a formal answering brief once the matter became ripe.

On November 12, 2002, the Magistrate Judge denied Skretvedt's motion for reconsideration. Two weeks later, DuPont wrote a second letter to the Magistrate Judge confirming that it would submit its answering brief by December 16, 2002, which it did. Skretvedt moved to strike DuPont's brief on the ground that it was untimely under the local rules.

The Magistrate Judge ultimately granted Skretvedt's motion for attorney's fees, although she reduced the requested amount from approximately $ 309,217 to $ 182,163.45. In reaching her decision, the Magistrate Judge carefully weighed the *McPherson* factors in a 26-page written opinion. The Magistrate Judge denied Skretvedt's motion to strike DuPont's brief, stating that "Plaintiff's counsel provided no legitimate basis for striking defendants' answering brief."

Skretvedt now appeals both aspects of the Magistrate Judge's ruling. We have jurisdiction

to hear this appeal pursuant to *28 U.S.C. § 1291.* [**5]

## II.

Skretvedt first contends that the District Court abused its discretion when it denied his motion to strike DuPont's answering brief. This argument is without merit. A district court abuses its discretion if its decision is based on a clearly erroneous finding of fact, an incorrect conclusion of law, or an errant application of law to fact. *Johnston v. HBO Film* [*102] *Mgmt., Inc., 265 F.3d 178, 183 (3d Cir. 2001).* Under the local rules, the District Court had discretion to decide whether to impose a sanction and, if so, what type of sanction was appropriate. *See* D. Del. LR. 1.3(a). While the explanation given by the Magistrate Judge for denying Skretvedt's motion to strike DuPont's brief was by no means lengthy, it is fair to conclude that the Magistrate Judge agreed with DuPont that the request for attorney's fees did not become ripe until there was a final decision on Skretvedt's motion for reconsideration.

Skretvedt's second argument on appeal is that the Magistrate Judge should not have reduced the amount of attorney's fees and costs. The same standard of review applies to this ruling, namely, abuse of discretion. *See Silberman v. Bogle, 683 F.2d 62, 64-65 (3d Cir. 1982).* [**6] We do not find any abuse of discretion. The Magistrate Judge did an exhaustive and comprehensive analysis of all the factors that we require be considered for an award of attorney's fees under ERISA. We have reviewed the Magistrate Judge's decision with great care and will affirm.

## III.

For the foregoing reasons, the May 9, 2003 (entered May 13, 2003) Order and Judgment of the United States Magistrate Judge for the District Court of Delaware will be AFFIRMED.