IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) C. A. No. 05-760(JJF) |
| Plumbers & Pipefitters Local Union No. 74 Pension Plan, Trustees of Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74 Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Local 74, Administrators of Pension and Welfare Plans, Trustees of Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan Administrator of Pension and Welfare Plans, Insurance Plans and Health and Welfare Benefit Plan, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS MOTION FOR RULE 59 REARGUMENT OF MEMORANDUM AND ORDER ENTERED JULY 21, 2006 TO DISMISS PLAINTIFF'S COMPLAINT AND GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiffs, Martha Jane Toy, individually, and as Personal Representative of the Estate of Russell B. Toy, by undersigned counsel, and HEREBY Moves for Reargument of the Court's Order and the Granting of Defendants' Motion to Dismiss and for Summary Judgment, entered as of July 21, 2006, in the above matter. In support, Plaintiff hereby alleges and asserts the factual and legal basis for her Motion and Reargument of said Order as follows:

˘1˘

## 1. PLAINTIFF SEEKS EQUITABLE REMEDY BASED ON TRUSTEES FIDUCIARY BREACH IN ADMINISTERING THE PENSION PLAN

1. Plaintiff's Complaint asserts a fiduciary breach in administering the Pension Plan in that the disability of Russell Toy ("Toy") was determined by Social Security Administration and as such is automatically a determination of disability pension entitlement under Section 4.06(b)(1) of the Plumbers & Pipefitters Pension Plan ("Plan").  Trustees of the Plan were advised of this qualification and refused to honor it, thereby committing fiduciary breach as the Plan administrator of the Plan.  Defendants seek to characterize this claim as a claim for benefits, equating such with a wage claim and asserting a one-year statute of limitations.  ERISA Section 413 places a three-year statute of limitations on a fiduciary breach on the part of a Plan Administrator in failing to properly administer the Plan.  See 29 U.S.C. Section 1113, and its provision for a three-year statute as part of ERISA for fiduciary breach after a beneficiary has knowledge of the breach.  This provision places Plaintiff's fiduciary breach well within the time frame for filing this cause of action.

2. The Court has cited Great-West Ins. Co., v., 534 U.S. 204, (2002) as authority for categorizing Toy's Complaint and allegations as seeking a money remedy.  The Third Circuit has determined that Great-West did not foreclose an equitable claim where there is fiduciary breach.  See Skretvedt v. DuPont Co., et.al., 372 F.3d 193, and reasoning therein to support an equitable claim for breach of fiduciary duty.  See Skretvedt v. DuPont Co., 268 F.3d 167, 177, for the proposition that a failiure to award benefits and failure to adequately describe the reasons for denying a benefits claim results in a fiduciary breach.

3. Defendants' have, through counsel, refused to recognize the case of <u>McCoy v. Laborers Local No. 222 Pension Plan</u>, 60 Fed.Appx. 396, WL 1512167 (3d Cir. (NJ)) which case by the Third Circuit recognized that qualification for benefits under a plan required an immediate entitlement without the formal need for an application for benefits under plan rules.  See also <u>Clarke v. Ford Motor Co.</u>, 343 F.Supp.2d 714, mandating retroactive benefits once qualification for benefits has occurred.

4. Retroactive benefits generate interest on delayed benefit entitlements equal to the value to the Plan of retained benefits to require disgorgement of profits due to retention by the fiduciary of moneys wrongfully withheld, to constitute a fiduciary breach and to require an equitable remedy.  This fiduciary breach equates to a breach of fiduciary duty mandating a three-year statute of limitations under Section 413, ERISA, 29 U.S.C.  1113.  See <u>Skretvedt v. DuPont Co., et.al.</u>, 372 F.3D 193, (3d.Cir.2004)  directing that the "appropriate equitable relief" of ERISA under Section 503(b)(3), 29 U.S.C. Section 1133(b)(3) reqires a disgorgement of profits as an equitable remedy.  See also 29 U.S.C Section 2560.503-1(g) 2001, for failure to properly communicate with a beneficiary as to why his benefits entitlement has been denied, as set forth in Skretvedt v. DuPont co., 268 F.3d 167, 177. (3d Cir. 2001).

5. Plan Trustees granted Toy an initial benefit in 1998, which benefit did not include interest on delayed payments.  Toy sought to obtain discovery proceedings on the basis of a limited deposition proceeding in the Eastern District of Pennsylvania.  Defendants' have not responded to the direction of the District Court of Eastern District of Pennsylvania to submit to Plaintiff and her counsel answers to requests made under prior correspondence directed to Local 74 and its Business Agent and Trustee, Mr.

John Czerwinski, that would define the activities of Local 74 and its benefit plans within Delaware and Pennsylvania. Said refusal has further indicated a need for "appropriate equitable relief" under ERISA Sec. 502(a)(3)(b) to enforce the terms of the plan and establish a failure of Trustees as fiduciaries to administer the Plan solely for the benefit of the plan beneficiaries. Defendants have not provided Plaintiff initial disclosures, specifically benefit plan documents defining the benefit entitlement or lack thereof for the Pension Plan, the Health & Welfare Plan, any insurance plan in force as of the date of Mr. Russell B. Toy's death, any disability file on which denial of disability is based, or any related documents or amendments to these plan documents.

      6. A review of the Answer document shows Affirmative Defenses are asserted that would require a more detailed disclosure of facts in order to establish a factual basis for these claims. In particular the "existence of plans" raises factual issues, the denial of status of the Union Local as sponsor of the plans and the claims regarding Trustees' status is disputed. As a result of the failure Defendants to communicate with Plaintiff's counsel other than by Motions to Dismiss, Summary Judgment and Stay of Discovery, no dates and limits on discovery have been formulated, nor has dialogue to accomplish same occurred.

## **2. RESPONSE TO MOTION TO DISMISS BASED ON STATUTE OF LIMITATIONS**

      1. As a result of proceedings in Eastern District of Pennsylvania, this matter was transferred to the District of Delaware by Order of the Court dated September 27, 2005. To transfer an action under 28 U.S.C. Sec. 1406(a) the Court assumed jurisdiction over these proceedings by its

exercise of discretion to so transfer.  By exercise of jurisdiction and act of transfer, the statute of limitations for Pennsylvania in ERISA actions was implicated by such jurisdictional acts.  The statute of limitations of Pennsylvania in ERISA actions is at least three years.

    2.  Based on two decisions of the U. S. Supreme Court, a transfer of jurisdiction from one federal District Court to another District Court carries with it the statute of limitations standard of the transferor District.  The U. S. Supreme Court decisions to which Plaintiff refers are <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964) and <u>Ferens v. John Deere Co.</u>, 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990).  In <u>Van Dusen</u> the defendant sought the transfer in order to avoid the longer statute of limitations of the transferor jurisdiction.  The decision held that the limitations period of the transferor forum was controlling regardless of the shorter limitations period of the transferee forum.  Similarly, in <u>Ferens</u>, a transfer of jurisdiction was made, but at the request of the plaintiff.  Applying the same rationale, the Supreme Court held again that the limitations period of the transferor forum was controlling.

    3.  Because defendants in the instant matter seek to impose on this action the one-year statute of limitations period that Delaware District uses in ERISA actions, defendants thereby seek dismissal of this case on that basis.  However, since the transferor forum utilizes Pennsylvania's statutory limitations period for ERISA claims of three years, that limitations period must control regardless of the one-year period of the Delaware forum.  As to a three-year period, see <u>Wells v. Genesis Health Ventures Inc.</u>, E.D.Pa., No.05-597, 11/23/05.

    4.  Transfer of jurisdiction under 28 U. S. C. Section 1404 utilizes the same rationale as a transfer under Section 1406(a) and both sections refer to

the convenience of the parties and ease of trying a case under a more convenient forum. There is no distinct difference between a District court exercising its discretion under either Section of transfer authority such as was implemented here by the Eastern District of Pennsylvania. The utility of the <u>Ferens</u> decision to allow the transferor jurisdiction of Pennsylvania of three years for benefits claims is still viable to allow access to District Court for ERISA actions. This result obviates the need to rely on a one-year limitations period to seek dismissal of this action. While the defendants sought as an alternative argument in the Eastern District that the matter be transferred expecting the one-year limitations period of Delaware would control, the Supreme Court has determined otherwise in two cases where both the defendant and the plaintiff each sought to transfer jurisdiction to a more convenient forum with different limitations periods than the transferor forum.

     5. Plaintiff had no knowledge of the need to pursue her claims via court proceedings until the Plan Administrator, through counsel, so advised Mr. Russell Toy in September, 2001, that his disability benefits would only be paid for three years prior to his filing a claim with the Trustees of the Local No 74 Pension Plan, i.e., back to 1998. This denial was affirmed by letter of Plan counsel dated July 1, 2002, that indicated an exhaustion of administrative remedies had been completed. Because of Third Circuit rulings, it is clear that Mr. Toy's claims for benefits from the Pension Plan should include the period beginning with his Social Security decision status date in 1991.

     6. For the above factual and legal reasons, plaintiff respectfully requests, in the discretion of the Court, for Reargument of the Court's Order.

        Respectfully submitted,


        <u>/s/ John M. Stull, Esq.</u>
        John M. Stull, Esquire (#568)
        1300 N. Market Street, Suite 700
        P. O. Box 1947
        Wilmington, DE 19899
        Ph. (302) 654-0399
        jstullesq@AOL.Com.
        Attorney for Plaintiff
            Martha Jane Toy


Of Counsel:
William B. Hildebrand, Esq.
Law Offices of William B. Hildebrand, LLC
1040 N. Kings Highway, Suite 601
Cherry Hill, NJ 08034


August 4, 2006

## CERTIFICATION OF COUNSEL

John M. Stull, as counsel for Plaintiff Martha Jane toy and the Estate of Russell B. Toy certifies that

1. to the best of his knowledge and belief, certain factual matters remain is dispute based on the unavailability of Plan documents, Mr. Toy's disability file in possession of Defendants, facts surrounding Mr. Toy's lack of application during time of his application for Social Security benefits, facts surrounding deliberations of the Trustees of the Plans, related matters as to his service time, oral communications with Mr. Toy as to his entitlements, and conversations with GEM Group as claims processors for the Plans.

2. Defendants have asserted Affirmative Defenses the factual basis of which has not been established.

3. Plaintiff is entitled to discovery of Mr. Toy's disability file to indicate reasoning and plan sections on which benefits denial are based, as no specifics were communicated to Mr. Toy in letters of denial from plan counsel.

4. Plaintiff requests a Scheduling Order be entered to allow discovery to proceed and adequate time allowed for briefing based on fully established factual and legal bases following such discovery.

/s/ JOHN M. STULL
John M. Stull, Esq.  (Bar #568)
Law Offices of John M. Stull, Esquire
1300 N. Market Street, Ste 700
P. O. Box 1947
Wilmington, DE 19899
Attorney for Plaintiff

Dated: August 4, 2006

# CERTIFICATE OF SERVICE

      I, John M. Stull, Esquire, counsel for Plaintiff, hereby certify that on this 4th day of August, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court for the District of Delaware, such as to cause notification as to the availability of viewing same to counsel of record:

    Timothy J. Snyder, Esq.
    Curtis J. Crowther, Esq.
    D. Fon Muttamara-Walker, Esq.
    Young Conaway Stargatt & Taylor, LLP
    The Brandywine Building, 17th Flr
    Wilmington, DE 19899-0391

                                  /s/ JOHN M. STULL

                                  John M. Stull, Esq.  (Bar #568)
                                  Law Offices of John M. Stull, Esquire
                                  1300 N. Market Street, Ste 700
                                  P. O. Box 1947
                                  Wilmington, DE 19899
                                  Attorney for Plaintiff
                                  jstullesq@AOL.Com.

Dated: August 4, 2006