# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-00760 (JJF) |
| Plumbers & Pipefitters Local Union No. 74 Pension Plan, Trustees of Plumbers & Pipefitters Local Union No. 74 Pension Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Life Insurance Plan, Local 74, Insurance Plan, Administrators of Pension and Welfare Plans, Trustees of Plumbers & Pipefitters Local Union No. 74 Welfare Plan, Plan Administrator of Pension & Welfare Plans, Insurance Plans, and Health and Welfare Benefit Plan, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR REARGUMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
(302) 571-1253/fax

*Attorneys for Defendants*

Dated: August 15, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS ........................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ................................... 1

SUMMARY OF ARGUMENTS ............................................................ 4

STATEMENT OF FACTS ................................................................... 5

ARGUMENT ................................................................................... 8

I.    THIS HONORABLE COURT SHOULD DENY PLAINTIFF'S
      MOTION FOR REARGUMENT BECAUSE PLAINTIFF HAS NOT
      ESTABLISHED ANY OF THE NECESSARY ELEMENTS FOR
      REARGUMENT PURSUANT TO FED. R. CIV. P. 59. ....................... 8

      A.    Legal Standard For A Motion For Reargument .................... 8

      B.    There Has Been No Intervening Change In Controlling Law .............. 10

      C.    There Is No Newly Available Evidence ............................... 14

      D.    There Was No Clear Error Of Law Or Fact Or Manifest Injustice ...... 14

      E.    The Court Has Not Patently Misunderstood Plaintiff ........................... 14

      F.    The Court Has Not Made An Error Of Apprehension .......................... 15

      G.    The Court Has Not Made A Decision Outside The Scope
            Of The Issues Presented To The Court By The Parties ........................ 15

CONCLUSION ............................................................................... 17

DB02:5461233.5                                              061011.1008

# TABLE OF CITATIONS

**Cases**                                                                                                           **Page**

*CIENA Corp. v. Corvis Corp.*,
    352 F. Supp. 2d 526 (D. Del. 2005)................................................................................ 8, 9, 10

*Clarke v. Ford Motor Co.*,
    343 F. Supp. 2d 714 (E.D.Wis. 2004)................................................................................ 13, 14

*Corning Inc. v. SRU Biosystems*,
    2006 U.S. Dist. LEXIS 1896 (D. Del. Jan. 20, 2006)........................................................... 8, 9

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
    42 F. Supp. 2d 385 (D. Del. 1999)...................................................................................... 8, 9

*Dyche v. Bonney*,
    2005 U.S. Dist. LEXIS 40012
    (M.D.Pa. Dec. 21, 2005).................................................................................................. 8, 9

*Harsco Corp. v. Zlotnicki*,
    779 F.2d 906 (3d Cir. 1985) ................................................................................................ 9

*In re Orion Refining Corp.*,
    2006 Bankr. LEXIS 1657
    (Bankr. D. Del. August 8, 2006)............................................................................................ 8

*McCoy v. Board of Trustees of the Laborers' Int'l Union, Local No. 222 Pension Plan, et al.*,
    2003 U.S. App. LEXIS 5756 (3d Cir. Mar. 25, 2003)................................................. 12, 13, 14

*North River Ins. Co. v. CIGNA Reinsurance Co.*,
    52 F.3d 1194 (3d Cir. 1995) ................................................................................................ 8

*Pell v. E.I. DuPont de Nemours & Co. Inc.*,
    2005 U.S. Dist. LEXIS 22504 (D. Del. Oct. 4, 2005) .............................................................. 9

*Stanziale v. Nachtomi*,
    2004 U.S. Dist. LEXIS 15664
    (D. Del. Aug. 6, 2004) .................................................................................................... 9, 12

*Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al.*,
    2005 U.S. Dist. LEXIS 21568 (E.D.Pa. September 27, 2005) ................................................. 6

*Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al.*,
    2006 U.S. Dist. LEXIS 50253 (D. Del. July 21, 2006) ................................................ 11, 12, 16

DB02:5461233.5                                                                                            061011.1008

**Statutes**

28 U.S.C. § 1404 ................................................................................................ passim

28 U.S.C. § 1406 ................................................................................................ passim

29 U.S.C § 1132 ................................................................................................ 1, 13

**Rules**

Fed. R. Civ. P. 30(b)(6) ......................................................................................... 5

Fed. R. Civ. P. 59 ............................................................................................... 4, 8, 9

DB02:5461233.5

061011.1008

## NATURE AND STAGE OF THE PROCEEDINGS[1]

Martha Jane Toy, individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased (collectively "Plaintiff"), filed a four count complaint against Defendants, Plumbers & Pipefitters Local Union No. 74 Pension Plan ("Pension Plan"), and Plumbers and Pipefitters Local Union No. 74 Welfare Plan ("Welfare Plan") (jointly "Funds") and the Trustees and Plan Administrators of the Funds (jointly "Trustees")[2] (the Funds and Trustees collectively referred to as "Defendants") in the Eastern District of Pennsylvania. After extensive litigation and the filing of numerous pleadings regarding both venue and the underlying merits, this action was transferred to the District of Delaware. After the transfer, Defendants answered the Complaint and then, on December 5, 2005, filed a Motion to Dismiss and for Partial Summary Judgment ("Motion to Dismiss") on the grounds that (a) certain named defendants simply did not exist, (b) the Delaware statute of limitations for the denial of benefits in an ERISA action barred Counts I, II, and III of the Complaint, and (c) ERISA § 502(a)(3) did not allow for monetary relief and therefore, Count IV of the Complaint failed to state a claim upon which relief may be granted. (D.I. 41.)

On December 16, 2005, Plaintiff filed a Motion for Rule 16 Scheduling Order Pursuant to Order of November 16, 2005, Response to Defendants' Motion to Stay Discovery, and Response to Defendants' Motion to Dismiss and for Partial Summary Judgment. (D.I. 45.) Plaintiff's December 16, 2005 filing did not substantively respond to many of the issues raised in

---

[1] Defendants respectfully submit that this Court has been fully briefed on the nature and stage of the proceedings of this action. For purposes of opposing this motion, Defendants will recite the most relevant proceedings. Defendants respectfully refer the Court to briefs in support of Defendants' Motion to Dismiss and for Partial Summary Judgment and Defendants' Motion for Attorneys Fees for a detailed summary of the nature and stage of the proceedings.

[2] The Trustees are designated as the Plan Administrator. (Complaint ¶ 7.)

DB02:5461233.5                                                          061011.1008

the Motion to Dismiss. Plaintiff's Counsel appeared (and continues to appear) not to understand

the purpose of the transfer from the Eastern District of Pennsylvania, which transferred this

action to the District of Delaware, <u>not</u> for the convenience of the parties under 28 U.S.C. § 1404,

but rather, transferred this action under 28 U.S.C. § 1406 because Plaintiff had filed the action in

an <u>improper venue</u>. Plaintiff's Counsel never once addressed the importance of the distinction

between § 1404 and § 1406, but rather stated in a conclusory manner: "To transfer an action

under 28 U.S.C. Sec. 1406(a) the Court assumed jurisdiction over these proceedings by its

exercise of discretion to so transfer. By exercise of jurisdiction and act of transfer, the statute of

limitations for Pennsylvania in ERISA actions was implicated by such jurisdictional acts." (*Id.*

at 11-12.) In support of this position, Plaintiff's Counsel cited, and continues to cite to, two U.S.

Supreme Court cases, both of which clearly discussed transfer under § 1404 and not § 1406.

Plaintiff's Counsel's continual refusal and utter failure to understand the distinction has resulted

(and continues to result) in repetitious litigation and unnecessary attorney's fees to be incurred

by Defendants.

On December 22, 2005, Defendants filed a reply brief in support of the Motion to

Dismiss, again explaining the distinction between a transfer under §1404 and §1406. (D.I. 46.)

On July 21, 2006, this Honorable Court issued a Memorandum Opinion (D.I. 47)

and Order (D.I. 48) entering summary judgment in favor of Defendants and against Plaintiff on

Counts I, II and III of the Complaint as being barred by the statute of limitations in Delaware and

dismissing Count IV for failure to state a claim upon which relief may be granted (the "Dismissal

Order"). In essence, the Dismissal Order agreed with each substantive position advanced by the

Defendants in support of the Motion to Dismiss. Also on July 21, 2006, after the entry of the

Court's Dismissal Order, Plaintiff's counsel wrote a letter to the Court requesting a scheduling

061011.1008

order be entered.  On July 26, 2006, this Honorable Court issued a Final Judgment in favor of Defendants and against Plaintiff on all of Plaintiff's claims.  (D.I. 50.)

On August 3, 2006, Defendants filed a Motion for Attorneys Fees (D.I. 51), and supporting brief (D.I. 52).  Thereafter, on August 4, 2006, Plaintiff filed the instant Motion for Reargument.  (D.I. 54.)

This is Defendants brief in opposition to Plaintiff's Motion for Reargument.

3

## SUMMARY OF ARGUMENTS

Plaintiff's Motion for Reargument should be denied because Plaintiff has failed to establish that any of the requisite grounds exist to grant the motion. In order for a district court to grant a motion for reargument or reconsideration, Plaintiff must establish that one of the following has occurred: 1) an intervening change in controlling law; 2) the availability of new evidence not previously available; or 3) the need to correct a clear error of law or prevent manifest injustice. Alternatively, Plaintiff has to establish one of the following three for a district court to grant a reargument: 1) the court patently misunderstood a party; 2) the court has made an error not of reasoning, but of apprehension, or 3) the court has made a decision outside the scope of the issues presented to the court by the parties. Plaintiff has not established that any of these circumstances exist. Moreover, Plaintiff's motion does not even address the elements required under Rule 59. Accordingly, the Motion for Reargument should be denied.

DB02:5461233.5

061011.1008

## STATEMENT OF FACTS

Individual plaintiff, Martha J. Toy ("Toy"), is the widow of Russell B. Toy ("Russell"). (Complaint ¶ 3.) Russell was a resident of Delaware, was employed in Delaware and a member of the Plumbers & Pipefitters Local Union No. 74 ("Union") in Delaware. Toy continues to receive fifty percent (50%) of Russell's disability pension benefits on a monthly basis at her home in Hartley, Delaware. Mr. John M. Stull ("Mr. Stull") has represented Plaintiff since the initial claims and appeals process. Mr. Stull has attempted to fabricate venue in Pennsylvania since his calculated filing of a related Complaint in the Eastern District of Pennsylvania on September 10, 2004. That case was dismissed and Mr. Stull brought the present action on April 20, 2005 in the same court. Virtually no contacts exist between Plaintiff, Defendants, and Mr. Stull, and Pennsylvania.

Extensive litigation ensued as a result of the April 2005 Complaint. Defendants filed a Motion to Dismiss for improper venue, and, *inter alia*, requested a transfer pursuant to § 1406 since venue was improper in the Eastern District of Pennsylvania. Defendants specifically discussed the applicability of the Delaware statute of limitations. Plaintiff's Counsel demanded discovery on the venue issue. The District Court for the Eastern District of Pennsylvania permitted Plaintiff to conduct discovery on the venue issue, and Plaintiff's Counsel was permitted to conduct, not one, but two depositions pursuant to Fed. R. Civ. P. 30(b)(6). Defendants collated and provided to Plaintiff substantial amounts of information and data, including, *inter alia*, Pension Plan and Welfare Plan participant lists and contact information for employer contributors to the Pension Plan and Welfare Plan along with other benefit and payment information relating to the Pension Plan and Welfare Plan spanning a number of years.

5

Thereafter, Defendants filed a second Motion to Dismiss the action for improper venue. The District Court for the Eastern District of Pennsylvania agreed with Defendants' position that venue did not exist in Pennsylvania, and, as a result, transferred the action to the District of Delaware.[3] The court made it clear in the Memorandum and Order that such transfer was pursuant to 28 U.S.C. § 1406 since Plaintiff had brought suit in an improper venue: "the Court denies Defendants' motion to dismiss based on improper venue but instead transfers this action to the District of Delaware under **28 U.S.C. § 1406(a).**"[4]

Once the action was transferred to the District of Delaware, Defendants' counsel sent a letter to both Mr. Stull and Mr. Hildebrand, Plaintiff's counsel. Defendants' counsel again requested a voluntary dismissal because (a) Pennsylvania was an improper venue, (b) a transfer under § 1406 applies the transferee court's laws, and (c) the statute of limitations in Delaware (as the transferee jurisdiction) for ERISA benefits actions barred Plaintiff's claims. Plaintiff's Counsel still did not voluntarily dismiss the case. Defendants' filed the Motion to Dismiss.

Defendants' Opening and Reply Briefs in Support of the Motion to Dismiss and for Partial Summary Judgment again outlined the relevant facts and law: this was an action brought by a Delaware lawyer for a Delaware plaintiff against Delaware defendants, and the Delaware statute of limitations, as the law that applies pursuant to a transfer under § 1406, barred Plaintiff's claims. Astonishingly, Plaintiff's Counsel still did not voluntarily dismiss the case

---

[3] Plaintiff had requested that the case not be dismissed, but rather transferred to Delaware in the event that it was determined that venue was improper in Pennsylvania. In light of Plaintiff's argument that Pennsylvania law still applied in response to the Motion to Dismiss filed by the Defendant in the Delaware action, it is abundantly clear that counsel's purpose in bringing the action in Pennsylvania was solely to attempt to take advantage of Pennsylvania's longer statute of limitations.

[4] *Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al.*, 2005 U.S. Dist. LEXIS 21568 AT *22 (E.D.Pa. September 27, 2005) (emphasis added).

061011.1008

and failed to address the actual provision (§ 1406) stated as the reason for transfer in the Eastern District of Pennsylvania's Memorandum and Order, instead simply concluding that Pennsylvania law should still apply.[5]  In addition, Plaintiff's Counsel never actually substantively responded to Defendants' contention that Count IV of the Complaint stated a claim for monetary relief that was prohibited by ERISA and therefore failed to state a claim upon which relief may be granted as a matter of law.

Plaintiff and her counsel have been afforded every opportunity to understand the distinction between a transfer under § 1404 and one made under §1406.  For over a year, Mr. Stull has simply refused to read the authorities cited by Defendants and educate himself concerning this very important legal distinction.

---

[5] Once again, the real motive for forcing Defendants to defend against the case brought in an improper venue in Pennsylvania, and for the continued protracted litigation in Delaware becomes evident:  Plaintiff was attempting to bootstrap Pennsylvania law into this clearly Delaware matter.

DB02:5461233.5                                                                                                      061011.1008

## ARGUMENT

### I.    THIS HONORABLE COURT SHOULD DENY PLAINTIFF'S MOTION FOR REARGUMENT BECAUSE PLAINTIFF HAS NOT ESTABLISHED ANY OF THE NECESSARY ELEMENTS FOR REARGUMENT PURSUANT TO FED. R. CIV. P. 59.

#### A.    Legal Standard For A Motion For Reargument

Federal Rule of Civil Procedure 59(e) states: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Motions for reconsideration and for reargument also fall under the parameters of Rule 59(e).[6] Although falling within the parameters of Rule 59(e), a slight distinction exists between the grounds needed to be established in order for a court to grant a motion for reconsideration and a motion for reargument.[7] Although the grounds justifying reconsideration or reargument are slightly different, courts have sometimes used the terms interchangeably. In order to grant reconsideration, a court must determine that at least one of three (3) circumstances exist: (1) an intervening change in controlling law; (2) newly available evidence not previously available; or (3) the need to correct a clear error of law or fact to prevent manifest injustice.[8] Similarly, a

---

[6] *In re Orion Refining Corp.*, 2006 Bankr. LEXIS 1657 at *4 (Bankr. D. Del. August 8, 2006); *compare Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999) ("Local Rule 7.1.5 provides for the filing of reargument motions.") *with CIENA Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005) ("A motion for reconsideration under Delaware Local Rule 7.1.5…is considered the 'functional equivalent' of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).") *and Corning Inc. v. SRU Biosystems*, 2006 U.S. Dist. LEXIS 1896, *3 (D. Del. Jan. 20, 2006) (same); *see also Dyche v. Bonney*, 2005 U.S. Dist. LEXIS 40012, *2 (M.D.Pa. Dec. 21, 2005) ("A motion for reconsideration is governed by Federal Rule 59(e) …").

[7] *Corning*, 2006 U.S. Dist. LEXIS 1896 at *4 ("the grounds justifying reargument differ slightly from that which is required for reconsideration.").

[8] *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Corning*, 2006 U.S. Dist. LEXIS 1896 at *4; *CIENA*, 352 F. Supp.2d 526 at 527; *Dyche*, 2005 U.S. Dist. LEXIS 40012 at *2-*3; *Pell v. E.I. DuPont de Nemours & Co. Inc.*, 2005 U.S. Dist. LEXIS

court may only grant a motion for reargument where: (1) the court has patently misunderstood a party, (2) the court has made an error not of reasoning, but of apprehension, and (3) the court has made a decision outside the scope of the issues presented to the court by the parties.[9]

A Rule 59(e) motion for reconsideration is filed to "correct manifest errors of law or fact or to present newly discovered evidence."[10] "Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court."[11] A party may also not use a motion for reconsideration to argue new issues or present new (but previously available) evidence not raised before the court issued its order.[12] Motions for reconsideration should be granted sparingly since a reconsideration of judgment provides an extreme remedy[13], and should not be granted "if reargument would not alter the previous results reached by the Court."[14]

---

22504, **4 (D. Del. Oct. 4, 2005); *Stanziale v. Nachtomi*, 2004 U.S. Dist. LEXIS 15664, *2-3 (D. Del. Aug. 6, 2004).

[9] *Corning*, 2006 U.S. Dist. LEXIS 1896 at *4; *Dentsply*, 42 F. Supp. 2d 385 at 419; *Stanziale*, 2004 U.S. Dist. LEXIS 15664 at *2.

[10] *CIENA*, 352 F. Supp. 2d 526 at 527; *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *Pell*, 2005 U.S. Dist. LEXIS 22504 AT **3; *Corning*, 2006 U.S. Dist. LEXIS 1896 at *3; *Dyche*, 2005 U.S. Dist. LEXIS 40012 at *2.

[11] *CIENA*, 352 F. Supp. 2d 526 at 527; *Dyche*, 2005 U.S. Dist. LEXIS 40012 at *3 ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.").

[12] *Dyche*, 2005 U.S. Dist. LEXIS 40012 at *3; *Pell*, 2005 U.S. Dist. LEXIS 22504 at **3 ("A motion for reconsideration is not appropriate to reargue issues that the court has already considered and denied."); *Corning*, 2006 U.S. Dist. LEXIS 1896 at *3; *Dentsply*, 42 F. Supp. 2d 385 at 419 (motions for reargument "should not be used to rehash arguments already briefed or to allow a 'never-ending polemic between the litigants and the court.'"); *Stanziale*, 2004 U.S. Dist. LEXIS 15664 at *2 ("Courts should be particularly vigilant that motions for reargument or reconsideration are not used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."); *Harsco*, 779 F.2d 906 at 909 (party may not present evidence available prior to the entry of judgment in support of a motion for reconsideration").

[13] *Dyche*, 2005 U.S. Dist. LEXIS 40012 at *3; *Corning*, 2006 U.S. Dist. LEXIS 1896 at *3; *Dentsply*, 42 F. Supp. 2d 385 at 419; *Stanziale*, 2004 U.S. Dist. LEXIS 15664 at *2.

[14] *Dentsply*, 42 F. Supp. 2d 385 at 419.

061011.1008

Plaintiff is unable to establish that any one circumstance exists warranting the granting of a motion for reconsideration or reargument. Each element is discussed in turn below.

**B.    There Has Been No Intervening Change In Controlling Law**

The language embodied in 28 U.S.C. § 1404 and 28 U.S.C. § 1406 have not changed in at least the last decade.

> **§ 1404.    Change of venue**
>
> (a)    **For the convenience of parties** and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> **§ 1406.    Cure or waiver of defects**
>
> (a)    The district court of a district in which is filed **a case laying venue in the wrong division or district** shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.[15]

Similarly, case law concerning the two distinct and different venue statutes have established a long line of precedent on the applicability of transferor and transferee state laws. This issue was exhaustively briefed in the Motion to Dismiss. The statutes have not changed since the parties' last briefs filed in late 2005, and likewise, neither has case law. Plaintiff continues to rehash the argument that the law relating to a transfer of venue under § 1404 should apply. However, Plaintiff continues to ignore the case law as it directly applies to a transfer under § 1406.

To allow Plaintiff the opportunity to reargue this issue again would essentially be to allow Plaintiff to "rehash arguments which have already been briefed by the parties and considered and decided by the Court."[16] There has been no intervening change of law that has

---

[15] 28 U.S.C. §§ 1404 (a) and 1406(a) (emphasis added).
[16] *CIENA*, 352 F. Supp. 2d 526 at 527

10

been establish in the several months between the last briefings in late 2005 and the Court's

Memorandum Opinion issued on July 21, 2006. Plaintiff is simply still unable to understand the

very real distinction between a transfer under § 1404 and § 1406. As this Honorable Court

pointed out in its Memorandum Opinion,

> Due to some confusion in the papers filed with the Court, the Court
> notes the distinction between 28 U.S.C. § 1404 and 28 U.S.C. §
> 1406. A case transferred pursuant to 28 U.S.C. § 1404 is
> transferred for the convenience of the parties. A case transferred
> pursuant to 28 U.S.C. § 1406 is transferred because the case was
> brought in an improper forum. **This action was transferred
> pursuant to § 1406, as discussed in the Memorandum and
> Order from the Eastern District of Pennsylvania (D.I. 31 at
> 12), because it was brought in an improper forum.**[17]

The Court further explains, "the Court concludes that the law of the state of the transferee forum,

Delaware, applies in this case."[18]  However, despite the Court's very detailed and well-reasoned

analysis of the applicable law, Plaintiff still asserts in her Motion for Reargument, "[t]here is no

distinction between a District court exercising its discretion under either Section of transfer

authority such as was implemented here by the Eastern District of Pennsylvania."[19]  Clearly, it is

Plaintiff's own inability to comprehend the distinction between the two transfer statutes and not

an intervening change in controlling law that has fueled this Motion for Reargument.

Similarly, the parties briefed the Court on the issue of Count IV. Defendants

contended, and the Court agreed, that ERISA § 502(a)(3) "provides for purely equitable relief

and does not allow for remedies at law."[20]  To put it plainly: Plaintiff may not demand monetary

relief for allegedly improperly denied benefits for a breach of fiduciary duty claim brought under

---

[17] *Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al.*, 2006 U.S. Dist. LEXIS
50253 at fn 2 (D. Del. July 21, 2006) (emphasis added).
[18] *Id.* at *5.
[19] Pl.'s Mot. For Rule 59 Reargument at p. 6.
[20] *Toy*, 2006 U.S. Dist. LEXIS 50253 at *11.

11

ERISA § 502(a)(3). In its well reasoned Memorandum Opinion, the Court accepted all of Plaintiff's allegations as true and drew all reasonable inferences in a light most favorable to Plaintiff, and still concluded "that Plaintiff is recharacterizing her efforts to obtain a money judgment against the defendants as an equitable remedy."[21]  In Plaintiff's Motion for Reargument, Plaintiff again attempts to re-litigate this issue, presenting no intervening change in controlling law. Plaintiff attempts to argue the merits of a Third Circuit opinion[22], but may not do so in this Motion for Reargument. The *McCoy* case Plaintiff attempts to use is from March 25, 2003. This case was over three and a half years old at the time of the parties' briefings. Plaintiff failed to bring this case to the attention of the Court and may not do so now.[23]

Even if, assuming *arguendo*, that the argument could be raised, Plaintiff's counsel continues to miss the point: in order to attack a decision regarding a denial of benefits, a claim must be brought in a timely manner. Plaintiff's counsel failed to bring an action in a timely manner. Any such attack on the denial of benefits is barred by the statute of limitations. To the extent Plaintiff's counsel is attempting to argue that the Trustees' breached their fiduciary duties by refusing to award benefits to the Plaintiff, this claim fails as a matter of law because it fails to state a claim since, as discussed *supra*, Plaintiff may not recharacterize a claim for monetary damages as a breach of fiduciary claim.

Additionally, Plaintiff's analysis of *McCoy* is not only misleading, but patently incorrect. In the first instance, the *McCoy* court affirmed the district court's dismissal of the

---

[21] *Id.*at *12.

[22] *McCoy v. Board of Trustees of the Laborers' Int'l Union, Local No. 222 Pension Plan, et al.*, 2003 U.S. App. LEXIS 5756 (3d Cir. Mar. 25, 2003).

[23] *Stanziale*, 2004 U.S. Dist. LEXIS 15664 at *2 ("Courts should be particularly vigilant that motions for reargument or reconsideration are not used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.").

DB02:5461233.5                                                                           061011.1008

plaintiff's claims for breach of fiduciary duty against two of the plan's Trustees.[24]  Thus,

although Plaintiff is attempting to proffer this case to support her breach of fiduciary duty claim,

the case does not stand for that issue.  Rather, the court affirms the district court's holding that

the breach of fiduciary duty claim was seeking damages that were duplicative of the denial of

benefits claim.[25]  The plaintiff in McCoy also sought an injunction ordering defendants to furnish

him with a copy of the Summary Plan Description.[26]  The district court granted the injunction,

"ordering defendants to furnish him with a copy of an official Summary Plan Description of the

Plan succeeding the Plan in effect during his employment within 10 days of the next regularly

scheduled meeting of the trustees of that Plan."[27]  Plaintiff in this case has not sought injunctive

relief, but only sought damages which were duplicative of her denial of benefits claims.

Plaintiff has also mislead the Court in her analysis of *Clarke*.[28]  Plaintiff contends

that the *Clarke* court mandated "retroactive benefits once qualification for benefits has

occurred."[29]  Plaintiff is again incorrect in her analysis of this case.  The *Clarke* court denied the

plaintiff's breach of fiduciary duty claim, dismissing this claim because "Section 1132 (a)(3) is a

catch all provision which is unavailable, where, as here, plaintiff has an adequate remedy under

another section of ERISA."[30]  Like the plaintiff in *Clarke*, Plaintiff is not able to bring a breach

of fiduciary duty claim since she would had an adequate remedy under another section of ERISA

had she timely filed her ERISA claim for an alleged wrongful denial of benefits.

---

[24] *McCoy*, 2003 U.S. App. LEXIS 5756 AT **8-**9.
[25] *Id.* at **9.
[26] *Id.*
[27] *Id.*
[28] *Clarke v. Ford Motor Co.*, 343 F. Supp. 2d 714 (E.D.Wis. 2004).
[29] Pl.'s Mot. For Reargument at p. 3.
[30] *Clarke*, 342 F. Supp. 2d 714 at 726.

13

Moreover, just as with the *McCoy* case, Plaintiff may not raise the *Clarke* case in a request for reargument because it was issued in October 2004. Plaintiff should have raised this case in the previous briefs if she wanted to argue the merits of the case. Her inexcusable neglect to previously raised this case prohibits her from bringing the case up now in a request for reargument. Moreover, the *McCoy* case simply does not assist the Plaintiff's position relative to a breach of fiduciary duty claim.

### C.    There Is No Newly Available Evidence

Plaintiff has not attempted to present any newly available evidence that was not previously available to support her Motion for Reargument. Accordingly, this prong is not satisfied.

### D.    There Was No Clear Error Of Law Or Fact Or Manifest Injustice

The only error of law in this case continues to be made by the Plaintiff. As discussed in subsection B, *supra*, this Honorable Court understands the distinction between a transfer under § 1404 and one made under § 1406. It is Plaintiff who has been unable to grasp the legal distinction. No fact discovery is needed as Plaintiff's claims failed as a matter of law, not fact. No new facts would change the dates that Plaintiff alleged in the Complaint regarding the denial of benefits. Moreover, Plaintiff continues to concede that more than a year had passed since the final denial of benefits and the filing of the original ERISA action. Plaintiff missed the statute of limitations, and no amount of factual discovery changes that fact. Thus, no manifest injustice exists to support a reargument of the issues.

### E.    The Court Has Not Patently Misunderstood Plaintiff

As discussed in subsection B, *supra*, the Court clearly comprehends the distinction between § 1404 and § 1406. Plaintiff is attempting to argue that Supreme Court

14

precedent supports her position that there is no distinction between the two transfer statutes. However, as the Court and Defendants have pointed out, the two Supreme Court cases Plaintiff relies concern a transfer under § 1404 **not** § 1406. [25] Thus, it is obvious that the Court has not patently misunderstood Plaintiff. Plaintiff has not cited a single authority that supports the position that a transfer under § 1406 is treated the same as a transfer under §1404 for purposes of applicable law.

### F.  The Court Has Not Made An Error Of Apprehension

The Court's July 21 Memorandum Opinion was well-reasoned and based on statutory law and case law precedent. The Court has not made an error of apprehension or of reason.

### G.  The Court Has Not Made A Decision Outside The Scope Of The Issues Presented To The Court By The Parties

Defendants presented the Court with three issues: (1) certain named defendants did not exist; (2) Count IV should be dismissed for failure to state a claim because Plaintiff sought monetary relief prohibited by ERISA; and (3) Counts I, II, and III should be dismissed because Plaintiff missed the statute of limitations. In the Court's July 21 Memorandum Opinion, this Honorable Court resolved only those issues. As to the first issue, the non-existent defendants, the Court stated: "[b]ecause the Court is dismissing this case, the Court need not address Defendants' third contention that several named defendants do not exist, and therefore, should be dismissed." [25] The Court then breaks its Memorandum Opinion into two sections: (1) "Whether The Court Should Grant Summary Judgment On Counts I, II, And III of Plaintiff's Complaint As Barred By the Statute of Limitations"; and (2) "Whether The Court Should

15

Dismiss Count IV Of Plaintiff's Complaint For Failure To State A Claim Upon Which Relief May Be Granted."[31]

   In Plaintiff's response, Plaintiff did not go outside the three issues presented by Defendants. The Court's Memorandum Opinion did not address any other issues. Thus, the Court has not made a decision outside the scope of the issues presented to the Court by the parties.

---

[31] *Toy*, 2006 U.S. Dist. LEXIS 50253 at *3, *9.

DB02:5461233.5    061011.1008

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Honorable

Court deny Plaintiff's Motion for Reargument.

Respectfully submitted,


YOUNG CONAWAY STARGATT & TAYLOR, LLP


Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
(302) 571-1253/fax

*Attorneys for Defendants*


Dated: August 15, 2006

DB02:5461233.5

061011.1008

## CERTIFICATE OF SERVICE

I, D. Fon Muttamara-Walker, Esquire hereby certify that on this 15th day of August, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

John M. Stull, Esq.
1300 North Market Street, Suite 700
Wilmington, DE 19899

I further certify that on this 15th day of August, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above listed counsel of record and on the following non-registered participant in the manner indicated below:

### BY FEDERAL EXPRESS

William B. Hildebrand, Esq.
The Law Offices of William B. Hildebrand, LLC
1040 N. Kings Hwy, Suite 601
Cherry Hill, NJ 08034

D. Fon Muttamara-Walker (No. 4646)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
fmuttamara-walker@ycst.com
*Attorneys for Defendants*