# Tab 7

1 of 1 DOCUMENT

MARTHA JANE TOY, individually and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased, Plaintiff, v. PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, et al., Defendants.

CIVIL ACTION No. <u>05-1814</u>

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2005 U.S. Dist. LEXIS 21568

<u>September 27, 2005,</u> Decided

**SUBSEQUENT HISTORY:** Transferred to, Partial summary judgment granted by, Dismissed by *Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan, 2006 U.S. Dist. LEXIS 50253 (D. Del., July 21, 2006)*

**COUNSEL:** [*1] For MARTHA JANE TOY, INDIVIDUALLY AND AS EXECUTRIX AND PERSONAL REPRESENTATIVE OF THE ESTATE OF RUSSELL B. TOY, DECEASED, Plaintiff: WILLIAM B. HILDEBRAND, LAW OFFICES OF WILLIAM B. HILDEBRAND, L.L.C., CHERRY HILL, NJ.

For PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION 74 PENSION PLAN, HEALTH AND WELFARE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, ADMINISTRATORS OF PENSION AND WELFARE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 WELFARE PLAN, PLAN ADMINISTRATOR OF PENSION & WELFARE PLANS, INSURANCE PLANS, AND HEALTH AND WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, INSURANCE PLAN, Defendants: D. FON MUTTAMARA-WALKER, YOUNG CONAWAY STARGATT & TAYLOR LLP, WILMINGTON, DE; TIMOTHY J. SNYDER, YOUNG, CONAWAY, STARGATT AND TAYLOR, WILMINGTON, DE; CURTIS J. CROWTHER, YOUNG CONAWAY STARGATT & TAYLOR, WILMINGTON, DE.

**JUDGES:** Berle M. Schiller, J.

**OPINIONBY:** Berle M. Schiller

**OPINION:**

## MEMORANDUM AND ORDER

**Schiller, J.**

Plaintiff, Martha Jane Toy, brings this lawsuit pursuant to the Employment Retirement Income Security Act ("ERISA"), individually, and as the [*2] personal representative of the Estate of her late husband, Russell B. Toy, against numerous Defendants, including the

Case 1:05-cv-00760-JJF   Document 56-4   Filed 08/15/2006   Page 3 of 15

Page 2
2005 U.S. Dist. LEXIS 21568, *

Plumbers & Pipefitters Local Union No. 74 Pension Plan and the Plumbers and Pipefitters Local Union No. 74 Welfare Plan (collectively "the Plans"). The Complaint alleges the denial of pension, welfare, and insurance benefits and the breach of Defendants' fiduciary duties. Presently before the Court is Defendants' renewed motion to dismiss based on improper venue. n1 Defendants also seek to dismiss the individual Trustees for lack of personal jurisdiction and to dismiss certain other named Defendants because those entities do not exist. The Court also has before it Plaintiff's motion for sanctions. For the reasons that follow, the Court holds that venue is improper in this District. However, rather than dismiss this action, the Court will transfer this matter to the District of Delaware. The remaining requests for relief are denied as moot.

---

n1 On July 5, 2005, Defendants filed a motion to dismiss or transfer, in part based on improper venue. Thereafter, the Court ordered limited discovery on the venue issue and allowed Defendants to later refile their motion. Defendants' original motion also sought to dismiss Plaintiff's claims as filed outside the statute of limitations and to dismiss Plaintiff's fiduciary duty claim under *Federal Rule of Civil Procedure 12(b)(6)*. The Court's disposition of the venue issue obviates the need to address these other contentions.

---

[*3]

## I. BACKGROUND

Russell Toy was a member of the Plumbers & Pipefitters Local Union No. 74 ("the Union") in Delaware. (Defs.' Br. in Supp. of Mot. to Dismiss Ex. A P 20 [hereinafter "Ernsberger Aff."].) Both Russell and Martha Toy have resided in Delaware at all times relevant to this litigation. (*Id.* P 24.) Russell became disabled at the time he stopped working. (Compl. P 9.) Although it was originally determined that Russell was not eligible for disability pension benefits, he was eventually awarded pension benefits. (*Id.*) According to the Complaint, however, Plaintiff continues to be denied certain benefits to which she and her late husband are both entitled. (*Id.* PP 12-14.) Plaintiff also claims that Defendants have rebuffed her attempts to recover medical benefits to which she is entitled. (*Id.* PP 17-19.) Finally, Plaintiff has also unsuccessfully attempted to recover life insurance benefits to which she is entitled. (*Id.* PP 21-23.)

The Plans at issue in this case were established pursuant to a collective bargaining agreement between the Union and the Delaware Mechanical Contractors Association ("the Association"). (Ernsberger Aff. P 5.) Both the [*4] Union and the Association appoint an equal number of Trustees, who serve as plan sponsors. (*Id.* P 6.) Currently, all of the Trustees reside in Delaware. (*Id.* P 7.) For over twenty years, the Plans have been managed by GEMGroup, which has an office in Pittsburgh, Pennsylvania, where it maintains bank accounts in the name of the Plans. (*Id.* PP 8-9.) The Plans are administered by GEMGroup at its office in Claymont, Delaware, which is also where GEMGroup maintains the physical records pertaining to the Plans. (*Id.* PP 10-11.) All meetings relating to the business of the Plans are conducted by the Trustees in Delaware, and "all decisions regarding the eligibility and qualification requirements of participants to receive Fund benefits, including all appeals to the Trustees regarding those decisions" occur in Delaware. (*Id.* P 12.) Furthermore, all decisions regarding the Toys' eligibility to receive benefits were made in Delaware. (*Id.* PP 13, 23.) The Plans and Trustees are represented in part by a law firm with a Pennsylvania office and a number of pensioners and participants in the Plans have Pennsylvania addresses. (*Id.* PP 14-16.)

Case 1:05-cv-00760-JJF   Document 56-4   Filed 08/15/2006   Page 4 of 15

Page 3
2005 U.S. Dist. LEXIS 21568, *

## II. STANDARD OF REVIEW [*5]

Under *Federal Rule of Civil Procedure 12(b)(3)*, a defendant may bring a motion to dismiss for improper venue. *FED. R. CIV. P. 12(b)(3)*. Defendant bears the burden of proving that venue is improper. *Myers v. Am. Dental Assocs., 695 F.2d 716, 724-25 (3d Cir. 1982)*. The court is to accept as true the allegations in the complaint. *Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002)*; *Myers, 695 F.2d at 724*. Although a plaintiff cannot rely solely on the allegations in the complaint, the court must view the facts in a light most favorable to the plaintiff. *Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 & n.1 (3d Cir. 1992)*; *Myers, 695 F.2d at 724*.

## III. DISCUSSION

### A. Proper Venue in ERISA Actions

Defendants contend that this lawsuit should have been brought in Delaware, where venue clearly would be proper. Defendants have asked this Court to dismiss the action because venue in the Eastern District of Pennsylvania is improper under ERISA's statutory venue provision. Venue in this case is predicated [*6] upon *29 U.S.C. § 1132(e)(2)*, ERISA's statutory venue provision. That venue provision provides that:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, or the breach took place, or where a defendant resides or may be found and process may be served in any other district where a defendant resides or may be found.

*29 U.S.C. § 1132(e)(2) (2005)*.

Congress has clearly expressed that the policy underlying ERISA is to provide "ready access to the Federal Courts." *Keating v. The Whitmore Mfg., 981 F. Supp. 890, 891 (E.D. Pa. 1997)* (citing *29 U.S.C. § 1001(b)*). Therefore, this Court will approach the issue of venue mindful of the Congressional intent "to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants." *Id. at 892* (citing H.R. REP. NO. 93-533, at 17 (1973), *as reprinted in*, 1974 U.S.C.C.A.N. 4639, 4655). [*7] Despite this Congressional policy of open access to the federal courts, a litigant is not free to bring an ERISA action in any district court. At a minimum, a plaintiff must satisfy at least one of the four bases for venue expressed in *29 U.S.C. § 1132(e)(2)*.

*1. An ERISA Action May Be Brought Where the Plan is Administered*

Venue is proper in a district where the plan is administered. An ERISA plan is administered where the plan is managed. *Sprinzen v. Sup. Ct. of N.J., 478 F. Supp. 722, 723 (S.D.N.Y. 1979)*; *see also Wallace v. Am. Petrofina, Inc., 659 F. Supp. 829, 830 (E.D. Tex. 1987)* ("The court must look to the place where the plan is managed to determine where proper venue lies."); *Bostic v. Ohio River Co. (Ohio Div.) Basic Pension Plan, 517 F. Supp. 627, 631-32 (S.D. W. Va. 1981)* (adopting definition of "administer" found in *Sprinze*).

As Plaintiff has not argued that the Plans are administered anywhere other than Delaware, the Court need not belabor the point. n2 Defendants' affidavit makes clear that the Plans are managed in Delaware. The Trustees meet in Delaware, all decisions regarding [*8] plan eligibility are made in Delaware, the physical records relating to the Plans are located in Delaware, and the day-to-day management of the Plans is conducted in Delaware. (Ernsberger Aff. PP 10-13.)

Case 1:05-cv-00760-JJF   Document 56-4   Filed 08/15/2006   Page 5 of 15

Page 4
2005 U.S. Dist. LEXIS 21568, *

n2 The Court also need not address whether the Plans "reside" in this District because Plaintiff has not denied Defendants' contention that the Plans reside in Delaware.

*2. An ERISA Action May Be Brought Where the Alleged Breach Occurred*

Venue is also proper where the alleged breach occurred. Most courts addressing this question have determined that the alleged breach occurred in the district where the beneficiary receives, or should have received, benefits. *See Keating, 981 F. Supp. at 892* (citations omitted); *see also Cross v. Fleet Reserve Ass'n Pension Plan, Civ. A. No. 05-0001, 383 F. Supp. 2d 852, 2005 U.S. Dist. LEXIS 17777, at *9 (D. Md. Aug. 23, 2005)*. These courts view ERISA benefit plans as contracts and rely on the proposition that a cause of action for breach of contract lies [*9] where the contract is to be performed. *See Cross, 2005 U.S. Dist. LEXIS 17777, at *8-*9*. Other courts, however, have looked to the location where the defendant made the decision not to pay the benefits. *See Turner v. CF&I Steel Corp., 510 F. Supp. 537, 541 (E.D. Pa. 1981)*; *see also Boyer v. J.A. Majors Co. Employees' Profit Sharing Plan, 481 F. Supp. 454, 459 (N.D. Ga. 1979)* (finding that breach occurred where defendant ordered trustee to stop payment on plaintiff's check). The Court need not settle this dispute because any decision Defendants made regarding benefit payments to Plaintiff was made in Delaware and any benefits Plaintiff was entitled to receive would have been received in Delaware.

*3. An ERISA Action May Be Brought Where the Plan May Be Found*

Because the Plans are not administered in this District, the alleged breach did not occur here, and Defendants do not reside here, venue is proper in the Eastern District of Pennsylvania only if Defendants "may be found" here. In *Varsic v. United States District Court for the Central District of California, 607 F.2d 245 (9th Cir. 1979)*, the Ninth Circuit interpreted [*10] the "may be found" terminology in ERISA's venue provision. The *Varsic* court concluded that the term "found" should be given the same broad reading in the ERISA venue provision as courts had applied to the term in the antitrust and copyright venue provisions. *Id. at 248*. Accordingly, the *Varsic* court determined that a defendant "may be found" in any district where the defendant's contacts would be sufficient to support personal jurisdiction over the defendant in that *district. See id. at 248-49*; *see also DiGiovannantino v. Local 153 Pension Fund, Civ. A. No. 91-7172, 1992 U.S. Dist. LEXIS 8331, at *5 (E.D. Pa. June 11, 1992)* ("For the purposes of [the ERISA venue provision], a defendant is 'found' in any district in which personal jurisdiction may be obtained over the defendant."); *Turner, 510 F. Supp. at 542*. To determine whether a defendant's contacts would be sufficient to assert personal jurisdiction in a particular district, the *Varsic* court applied the familiar "minimum contacts" test articulated in *International Shoe v. Washington, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945). Varsic, 607 F.2d at 248-49*. [*11]

Under the minimum contacts test, the non-resident defendant must have purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. *See Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001)*. Furthermore, personal jurisdiction may be exercised under either a general jurisdiction theory or a specific jurisdiction theory. *See id*. If general jurisdiction exists, the defendant must defend against any suit in the relevant forum, regardless of whether the subject matter of the litigation has any connection to that forum. *See Pennzoil Prods. Co. v. Colelli & Assocs., 149 F.3d 197, 200 (3d Cir. 1998)*. To establish general jurisdiction, the non-resident defendant's contacts with the forum must be "continuous and substantial." *Provident Nat'l Bank v. Cal.*

Case 1:05-cv-00760-JJF    Document 56-4    Filed 08/15/2006    Page 6 of 15

Page 5
2005 U.S. Dist. LEXIS 21568, *

*Fed. Savs. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted). Specific jurisdiction exists only when the defendant has "purposely directed his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or [are] related to' those activities." *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) [*12] (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)). This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King*, 471 U.S. at 475 (citations omitted). Furthermore, in addition to the required "minimum contacts" necessary to exercise jurisdiction, a court must determine that such an exercise comports with "traditional notions of fair play and substantial justice." *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (*citing Int'l Shoe*, 326 U.S. at 316).

This litigation involves the alleged improper denial of benefits and breach of fiduciary duty resulting from decisions made solely in Delaware regarding Delaware residents. Therefore, this Court is faced only with the question of whether it may exercise general personal jurisdiction over the Plans. *See Toys 'R' Us, Inc. v. Two Step, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (specific personal jurisdiction requires that plaintiff's claims relate to or arise out of defendant's forum activities). According to Plaintiff, [*13] Defendants have sufficient contacts with this forum to support personal jurisdiction over Defendants, and therefore venue is proper in this District. First, of the 130 employers that contribute to the Plans, forty-eight have Pennsylvania addresses. (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss Ex. B [hereinafter "Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs."].) A number of these forty-eight employers are located in this district. (Ex. A to Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs.) Furthermore, since 1997, Pennsylvania employers have contributed over $ 5.6 million to the Pension Plan and over $ 5.8 million to the Welfare Plan. (Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs.) Since 2000, the Pension Plan also has paid over three quarters of a million dollars to the eleven persons that Defendants identified as current Pennsylvania residents. (Ex. F to Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs.; Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss Ex. E at 27 [hereinafter "Aug. 29, 2005 Ernsberger Dep."].) In addition, a claim summary for Pennsylvania participants lists a number of prescription drug benefits paid [*14] to Pennsylvania residents from January 1, 2002 through August 14, 2005. (Ex. H to Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs.) Defendants, through the third party fund manager, GEM-Group LP, also have paid medical benefits to eighty-eight Pennsylvania health care providers on behalf of pensioners and beneficiaries, totaling $ 46,276.97. (Ex. I to Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs.)

These contacts do not confer upon this Court personal jurisdiction over Defendants. Although this Court recognizes that ERISA's venue provision is to be liberally construed, it is certainly not without limits. In *Waeltz v. Delta Pilots Retirement Plan*, the Seventh Circuit affirmed the district court's dismissal for improper venue, concluding that the mere fact that a small number of plan participants resided in the district was insufficient for the court to determine the plan was "found" in that district under the ERISA venue provision. 301 F.3d 804, 811 (7th Cir. 2002). The *Waeltz* court reasoned that *Varsic*'s reading of the phrase "may be found" depended not on whether personal jurisdiction exists for any reason whatsoever, but "on [*15] whether the defendant has sufficient contacts with the particular *district* to support a conclusion that the defendant 'may be found' there." *Id.* at 809-10 (citations omitted) (emphasis added); *see also Laurent v. PriceWaterhouseCoopers LLP*, Civ. A. No. 04-809, 2005 U.S. Dist. LEXIS 10156, at *4 (S.D. Ill.

Case 1:05-cv-00760-JJF   Document 56-4   Filed 08/15/2006   Page 7 of 15

Page 6
2005 U.S. Dist. LEXIS 21568, *

*May 20, 2005)* (interpreting *Waeltz* as requiring fund to have "minimum contacts" with district to support exercise of personal jurisdiction before fund "may be found" in district under *29 U.S.C. 1132(e)(2)*). Additionally, in *Seitz v. Bd. of Trustees of the Pension Plan of the N.Y. State Teamsters Conference Pension & Retirement Fund, 953 F. Supp. 100 (S.D. N.Y. 1997)*, the court held that a defendant is not "found" in a district under ERISA's statutory venue provision merely because contributing employers and retirees, other than the plaintiff, received benefits in the district. *Seitz, 953 F. Supp. at 102*. These holdings directly contradict Plaintiff's assertion that "the key issue is whether Defendants receive any contributions from employers or pay any benefits to employees who reside [*16] in this district." (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss at 7.) The mere fact that "there are or were contributing employers and retirees receiving benefits in this district, other than the Plaintiffs, is not sufficient to satisfy the minimum contacts test . . . ." *Seitz, 953 F. Supp. at 102*; *see also Cross, 2005 U.S. Dist. LEXIS 17777, at \*7-\*8*; *see also Waeltz, 301 F.3d at 810-11* (mere residence of plan participants in the district insufficient contact to determine that plan "may be found" in district). The Court also finds it important that the Collective Bargaining Agreement between the Union and the Association allows employers to contribute to the Plans only for work performed in Delaware and that participation in the Plans is limited to those individuals who are members of the Union in Delaware and otherwise qualify for participation. (Aug. 29, 2005 Ernsberger Dep. at 26-27; Defs.' Br. in Supp. of Mot. to Dismiss at 23-24; Ernsberger Aff. P 5.)

*Varsic* itself was limited to the conclusion that a fund's choice to participate with a union in a particular forum and to "undertake the fiduciary duty of receiving contributions [*17] and making payments *based upon work performed there*," is enough to support personal jurisdiction in that forum. *Varsic, 607 F.2d at 250* (emphasis added). Because the particular litigation in *Varsic* concerned the defendant's activities in the district, the court explicitly declined to decide exactly the issue presented in this case - whether the fund's contacts with the district were continuous and substantial enough to afford jurisdiction over litigation unrelated to the fund's activities within the forum. *Id. at 249*.

The Court is also unpersuaded by Plaintiff's reliance on *Cap v. Local 897 Labor-Management Health Fund, Civ. A. No. 86-3271, 1986 U.S. Dist. LEXIS 18531 (E.D. Pa. Oct. 27, 1986)*. Plaintiff relies on *Cap* for the proposition that "regularly receiving money from businesses and paying benefits to pensioners in the Eastern District of Pennsylvania, and negotiating with health care providers for covered medical care in this district" supports a finding that personal jurisdiction over Defendants is appropriate. (Pl.'s Br. in Opp'n to Mot. to Dismiss at 6.) However, when quoting from that decision, Plaintiff left [*18] out a key component of the court's decision, namely that "permitting defendants to be sued in this district, *at least in litigation concerning care given in this district*, does no violence to the probable expectations of the parties." *Cap, 1986 U.S. Dist. LEXIS 18531, at \*3*. Plaintiff's overly broad reading of *Cap* neglects to acknowledge that *Cap* involved litigation which arose from care provided in the district where the lawsuit was filed. In contrast, this case is entirely premised on activity that occurred outside of this District. Furthermore, unlike in *Cap*, neither of the Plans have negotiated contracts with Pennsylvania health care providers. (Ernsberger Aff. P 18.) Rather, prescription coverage is provided by a Missouri company and medical benefits are provided by BlueCross BlueShield of Delaware; these entities, and not the Plans, make payments to health care providers. (*Id.* PP 18-19; Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss Ex. D at 52-53 [Aug. 19, 2005 Ernsberger Dep.].)

Case 1:05-cv-00760-JJF   Document 56-4   Filed 08/15/2006   Page 8 of 15

Page 7
2005 U.S. Dist. LEXIS 21568, *

Finally, Plaintiff argues that personal jurisdiction over Defendants exists here because Defendants have retained the services of an attorney who practices in the [*19] Eastern District of Pennsylvania as well as an actuarial firm located in this district. (*See* Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs. & Exs. L & M to Defs.' Am. Objections & Resps. to Pl.'s First Set of Interrogs.) Virtually no limits would exist on where a particular defendant could be forced to defend a lawsuit if merely hiring service providers was sufficient to confer general personal jurisdiction over a defendant. The law in this Circuit is clear that the exercise of general jurisdiction over a defendant requires that "the plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction." *Provident Nat'l Bank*, 819 F.2d at 437 (citations omitted); *see also Hurley v. Cancun Playa Oasis Int'l Hotels*, Civ. A. No. 99-574, 1999 U.S. Dist. LEXIS 13716, at *4 (E.D. Pa. Aug. 31, 1999) (noting that standard for general jurisdiction is difficult to meet).

Here, Plaintiff resides in Delaware, any benefits received were to be received in Delaware and all decisions regarding this particular Plaintiff occurred in Delaware. The record before the Court also fails to demonstrate that Defendants have [*20] purposefully directed their business activities to this forum such that exercising general personal jurisdiction over the Defendants in this litigation is reasonable and consistent with traditional notions of fair play and substantial justice. Accordingly, Defendants have met their burden and demonstrated that venue is improper in the Eastern District of Pennsylvania. n3

---

n3 Because this Court rules that venue is not proper in this District, the Court will not address the additional issues raised in Defendants' motion.

---

**B. Transfer Under 1406(a)**

Defendants seek to dismiss this action because venue is improper; Plaintiff requests that should the Court determine that venue in this district is not proper, the case be transferred to the District of Delaware rather than dismissed.

Under *28 U.S.C § 1406(a)*, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case [*21] to any district or division in which it could have been brought." Although the Court's decision that venue is not proper in this district rests in part upon its ruling that it does not have personal jurisdiction over the Plans, this ruling does not prevent this Court from transferring the matter. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 8 L. Ed. 2d 39, 82 S. Ct. 913 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

Clearly venue is proper in the District of Delaware since the alleged breach occurred in Delaware, the Plans are administered in Delaware and certainly the Plans may be found in Delaware. *See 29 U.S.C. § 1132(e)(2)*. Furthermore, as the individual Trustees all reside and work in Delaware, a federal court in Delaware can assert jurisdiction over the individual Trustees. Defendants have not asserted any reason to dismiss rather than transfer this case. Finally, as the statute of limitations appears to be an issue that will arise [*22] in this matter, the Court will exercise its discretion and in the interests of justice transfer this case to the District of Delaware pursuant to *28 U.S.C. § 1406(a)*. *See Borel v. Pavichevich*, Civ. A. No. 01-1395, 2001 U.S. Dist. LEXIS 20097, at *11 (E.D. Pa. Dec. 4, 2001) (using discretionary powers to transfer when statute of limitations problems would arise from dismissal); *Feinzig*

v. *Doyon Servs.*, Civ. A. No. 97-4638, 1998 U.S. Dist. LEXIS 5419, at *13 (E.D. Pa. Apr. 17, 1998) (same); *Peek v. Golden Nugget Hotel & Casino*, 806 F. Supp. 555, 560 (E.D. Pa. 1992) (same); *Wims v. Beach Terrace Motor Inn, Inc.*, 759 F. Supp. 264, 270 (E.D. Pa. 1991) (same).

### III. CONCLUSION

For the reasons set forth above, the Court denies Defendants' motion to dismiss based on improper venue but instead transfers this action to the District of Delaware under *28 U.S.C § 1406(a)*. Defendants' motions to dismiss the individual Trustees and dismiss certain named Defendant are denied as moot. Defendants' motion for leave to file a reply brief is denied as moot. Plaintiff's motion for [*23] sanctions is also denied as moot. An appropriate Order follows.

### ORDER

AND NOW, this **27th** day of **September, 2005**, upon consideration of Defendants' Motion to: [1] Dismiss Action Against Non-Existent Defendants, [2] Dismiss Action for Improper Venue, and [3] Dismiss Action Against Individual Trustees, Plaintiff's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendants' motion to dismiss for improper venue (Document No. 22) is **DENIED**.

2. Defendants' motion to dismiss the individual Trustees and dismiss certain named Defendants is **DENIED as moot**.

3. Plaintiff's motion for sanctions (Document No. 25) is **DENIED as moot**.

4. Defendants' motion for leave to file a reply brief (Document No. 29) is **DENIED as moot**.

5. This action is **TRANSFERRED** to the United States District Court for the District of Delaware.

**BY THE COURT:**

**Berle M. Schiller, J.**

# Tab 8

DB02:5358236.1                                                                                                              000000.0

1 of 1 DOCUMENT

MARTHA JANE TOY, Individually, And As Executrix And Personal Representative Of The Estate Of Russell B. Toy, Deceased, Plaintiff, v. PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, HEALTH AND WELFARE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, INSURANCE PLAN, LOCAL 74, ADMINISTRATORS OF PENSION AND WELFARE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 WELFARE PLAN, PLAN ADMINISTRATOR OF PENSION WELFARE PLANS, INSURANCE PLANS, AND HEALTH AND WELFARE BENEFIT PLAN, Defendants.

Civil Action No. 05-760-JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2006 U.S. Dist. LEXIS 50253

July 21, 2006, Decided

**PRIOR HISTORY:** *Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*, 2005 U.S. Dist. LEXIS 21568 (E.D. Pa., Sept. 27, 2005)

**COUNSEL:** [*1] John M. Stull, Esquire, Wilmington, Delaware, Of Counsel: William B. Hildebrand, Esquire of THE LAW OFFICES OF WILLIAM B. HILDEBRAND, Cherry Hill, New Jersey, Attorneys for Plaintiff.

Timothy J. Snyder, Esquire and Doungamon Fon Muttamara-Walker, Esquire of YOUNG, CONAWAY, STARGATT, & TAYLOR, Wilmington, Delaware, Attorneys for Defendants.

**JUDGES:** Joseph J. Farnan, Jr., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Joseph J. Farnan, Jr.

**OPINION:**

MEMORANDUM OPINION

**Joseph J. Farnan, Jr., District Judge.**

Pending before the Court is Defendants' Motion To Dismiss And For Partial Summary Judgment (D.I. 41). For the reasons discussed, the Motion will be granted.

BACKGROUND

Plaintiff filed her Complaint in the United States District Court for the Eastern District of Pennsylvania on September 10, 2004, alleging a denial of pension, welfare, and insurance

Case 1:05-cv-00760-JJF Document 56-4 Filed 08/15/2006 Page 12 of 15

Page 2
2006 U.S. Dist. LEXIS 50253, *

benefits and breach of Defendants' fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). The action was transferred to this Court on November 1, 2005. Defendants filed an Answer (D.I. 38) on November 7, 2005. Defendants subsequently filed a Motion To Dismiss And For Partial Summary Judgment [*2] (D.I. 41).

## PARTIES' CONTENTIONS

By their Motion, Defendants contend that summary judgment should be granted on Counts I through III because the one-year statute of limitations under Delaware law has expired. Defendants further contend that Count IV of the Complaint should be dismissed for failure to state a claim upon which relief may be granted, because Plaintiff seeks monetary relief, which does not qualify as an equitable claim under *§ 502(a)(3) of ERISA*. n1

> n1 Because the Court is dismissing this case, the Court need not address Defendants' third contention that several named Defendants do not exist, and therefore, should be dismissed.

In response, Plaintiff contends that summary judgment on Counts I through III is inappropriate because Pennsylvania law, which provides a four-year statute of limitations, applies. Plaintiff further contends that the Court should deny Defendants' motion to dismiss because it is procedurally deficient and because Plaintiff seeks an equitable, rather than a legal, remedy. [*3]

## DISCUSSION

### I. Whether The Court Should Grant Summary Judgment On Counts I, II, And III Of Plaintiff's Complaint As Barred By The Statute Of Limitations

A. Summary Judgment Standard

Pursuant to *Rule 56(c) of the Federal Rules of Civil Procedure*, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c)*. In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976)*. However, a court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)*.

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that [*4] there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)* (citations omitted). However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)*.

B. Applicable Law

The parties have not cited, and the Court has not found, any case law from the Third Circuit Court of Appeals that directly rules on the question of which state's law applies when a case is transferred pursuant to *28 U.S.C. § 1406*. n2 While there is no case law on point, the Court finds several sources persuasive and

Case 1:05-cv-00760-JJF  Document 56-4  Filed 08/15/2006  Page 13 of 15

Page 3
2006 U.S. Dist. LEXIS 50253, *

concludes that when a case is transferred pursuant to § 1406, the law of the transferee forum applies.

n2 Due to some confusion in the papers filed with the Court, the Court notes the distinction between 28 U.S.C. § 1404 and 28 U.S.C. § 1406. A case transferred pursuant to 28 U.S.C. § 1404 is transferred for the convenience of the parties. A case transferred pursuant to 28 U.S.C. § 1406 is transferred because the case was brought in an improper forum. This action was transferred pursuant to § 1406, as discussed in the Memorandum and Order from the Eastern District of Pennsylvania (D.I. 31 at 12), because it was brought in an improper forum.

[*5]

For example, several of the Circuit Courts of Appeal have held that, when a case is transferred pursuant to 28 U.S.C. § 1406, the law of the transferee state applies. See e.g. *LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n*, 830 F.2d 522 (4th Cir. 1987); *Adam v. J.B. Hunt Transp., Inc.*, 130 F.3d 219 (6th Cir. 1997); *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733 (8th Cir. 1997); *Manley v. Engram*, 755 F.2d 1463 (11th Cir. 1985); see also 17 James Wm. Moore et al., Moore's Federal Practice P 111.38 (3d ed. 2005). One of the circuit courts has provided the following rationale:

> A transfer under § 1406(a) is based not on the convenience of the transferor forum but on the impropriety of that forum. If the state law of the forum in which the action was originally commenced is applied following a § 1406(a) transfer, the plaintiff could benefit from having brought the action in an impermissible forum. Plaintiffs would thereby be encouraged to file their actions in the federal district court where the state law was the most advantageous, regardless of whether that district court [*6] was a proper forum.

*Martin v. Stokes*, 623 F.2d 469, 472 (6th Cir. 1980).

Also, the United States Supreme Court, while not directly ruling on the issue, has suggested, in dicta, that it would apply the majority rule. In Van Dusen v. Barrack, cited by Plaintiff, the Court held that cases transferred pursuant to § 1404 would be analyzed under the law of the transferor forum. 376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964). In reaching this conclusion, the Court suggested that cases transferred pursuant to § 1406 might be treated differently in that the law of the transferee forum would likely apply. Id. at 634 (noting that with transfer pursuant § 1404, the parties have brought the action in an appropriate forum and should not be denied the benefit of the transferor forum's laws).

Finally, while the Third Circuit has not specifically ruled on the issue, it has held that the law of the transferee state applies when a case is transferred pursuant to § 1404 due to a lack of personal jurisdiction. *Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 165 (3d Cir. 1980), rev'd on other grounds, 454 U.S. 235, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). The Third Circuit [*7] reasoned that if the "exercise of jurisdiction. . . would violate due process, so would application of that state's choice of law rules." Id.

In sum, the Court finds the decisions of other circuit courts, Supreme Court dicta, and an analogous Third Circuit case persuasive, and therefore, the Court concludes that the law of the state of the transferee forum, Delaware, applies in this case.

Case 1:05-cv-00760-JJF Document 56-4 Filed 08/15/2006 Page 14 of 15

Page 4
2006 U.S. Dist. LEXIS 50253, *

C. Analysis

Having concluded that Delaware state law applies to Plaintiff's claims, the Court must determine which statute of limitations applies. The ERISA statute does not provide a statute of limitations. The Third Circuit has held that the Delaware one-year statute of limitations covering employment disputes is applicable to ERISA claims. *Syed v. Hercules, Inc.*, 214 F.3d 155, 158-61 (3d Cir. 2000) (identifying *10 Del. C. § 8111* as the applicable statute of limitations on claims for ERISA benefits). Thus, a claimant has one year from the time he or she exhausts administrative remedies to bring a claim. *Stafford v. E.I. Dupont de Nemours & Co.*, 27 Fed. Appx. 137, 141 (3d Cir. 2002).

The parties agree that Plaintiff originally [*8] filed her Complaint on September 10, 2004. (D.I. 45 at 4; D.I. 42 at 14). Plaintiff's counsel was notified by a July 1, 2002 letter that Plaintiff had "exhausted [her] available remedies under the plan" and that Plaintiff could "file suit in Federal court." (D.I. 42, ex. B). Defendants contend that this is when Plaintiff's cause of action accrued. In her Answering Brief, Plaintiff appears to agree with Defendants. In her brief, Plaintiff states that the "denial was affirmed by letter of Plan counsel dated July 1, 2002, that indicated an exhaustion of administrative remedies had been completed." (D.I. 45 at 13). However, Plaintiff alleges in her Complaint that the final denial of benefits occurred in August 2003. (D.I. 1 at 5).

On the record presented and construing the facts in the light most favorable to Plaintiff, the Court concludes that there is no triable issue of material fact and that Defendant is entitled to judgment as a matter of law. Accepting August 2003 as the date that Plaintiff's cause of action accrued, Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff did not file her Complaint until September 2004, which, at the earliest, was one [*9] year and one month after Plaintiff contends her cause of action accrued. Accordingly, the Court will grant Defendants' Motion For Summary Judgment as to Counts I through III of Plaintiff's Complaint.

**II. Whether The Court Should Dismiss Count IV Of Plaintiff's Complaint For Failure To State A Claim Upon Which Relief May Be Granted**

A. Whether The Court Should Consider Defendants' Motion To Dismiss Since It Was Filed After Defendant Filed A Responsive Pleading

Generally, motions to dismiss must be filed before or with a responsive pleading, if one is required. *Fed. R. Civ. P. 12(b)*. However, the defense for failure to state a claim upon which relief may be granted may also be considered as a motion for judgment on the pleadings pursuant to *Rule 12(c)*. *Fed. R. Civ. P. 12(h)(2)*; *Turbe v. Govt. of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Defendants filed their Answer before filing a Motion To Dismiss. (D.I. 38). Accordingly, the Court will consider Defendants' Motion To Dismiss as one for judgment on the pleadings.

B. Legal Standard

The same standard applies to motions for judgment on the pleadings and motions to dismiss. *Turbe*, 938 F.2d at 428. [*10] The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When considering such a motion, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.*

*Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).* The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. *Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991)* (citations omitted).

C. Analysis

Count IV of Plaintiff's Complaint alleges a breach of fiduciary duty pursuant to *ERISA § 502(a)(3)*. As a remedy, Plaintiff seeks "appropriate equitable relief. [*11] ..to allow transfer of said funds to and for the benefit of the Plaintiff." (D.I. 1 at 8).

Section *502(a)(3)* provides for a civil action "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates... the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce... the terms of the plan." *29 U.S.C. § 1132(a)(3)*. The Supreme Court has made clear that this section of the statute provides for purely equitable relief and does not allow for remedies at law. *Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002).* Remedies at law include those that deal "with specific performance of a contractual obligation to pay past due sums." *Id. at 212.* Equitable remedies are limited to money or property which "could be clearly traced to particular funds or property in the defendant's possession." *Id. at 214.*

Accepting as true all of Plaintiff's allegations and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to state a claim for which relief may [*12] be granted. While Plaintiff has pleaded her claims with the words "equitable" and "restitution," the Court concludes that Plaintiff is recharacterizing her efforts to obtain a money judgment against the defendants as an equitable remedy. Plaintiff is seeking to obtain funds to which she claims she is entitled pursuant to certain contractual obligations. However, the funds are not clearly traceable to certain property or funds in Defendants' possession. Furthermore, even if the Court were to accept the characterization of Plaintiff's claim as one for restitution, it would still be a claim "to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money." *Knudson, 534 U.S. at 213* (quoting *Restatement of Restitution § 160*). The Supreme Court has made clear that such a claim, though styled as one for restitution, is impermissible under *§ 502(a)(3)*. Id. Accordingly, the Court will grant Defendants' Motion To Dismiss Plaintiff's claim pursuant to *§ 502(a)(3)* for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons discussed, Defendants' Motion To Dismiss [*13] And For Partial Summary Judgment (D.I. 41) will be granted.

An appropriate Order will be entered.

## ORDER

At Wilmington, the 21 day of July 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendants' Motion To Dismiss And For Partial Summary Judgment (D.I. 41) is **GRANTED.**

Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE