LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By: William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased,<br><br>  Plaintiffs,<br><br>  v.<br><br>Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al.<br><br>  Defendants. | C.A. No. 05-00760 (JJF) |

**BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR ATTORNEY'S FEES**

On the Brief:
William B. Hildebrand

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..................................................................ii

INTRODUCTION.................................................................................1

STATEMENT OF FACTS....................................................................2

LEGAL ARGUMENT............................................................................5

    I.    DEFENDANTS ARE NOT ENTITLED TO FEES FOR ANY ACTIONS THAT OCCURRED IN PENNSYLVANIA..................................................................5

    II.    ATTORNEYS FEES SHOULD NOT BE ASSESSED AGAINST AN ATTORNEY WHO IS NOT COUNSEL-OF-RECORD IN DELAWARE.........................7

    III.    THERE IS NO FACTUAL OR LEGAL BASIS FOR IMPOSING SANCTIONS AGAINST PENNSYLVANIA COUNSEL PURSUANT TO 28 U.S.C. § 1927..................12

CONCLUSION......................................................................................14

# TABLE OF AUTHORITIES

**Page**

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,*
278 F.3d 175, 188 (3d Cir. 2002)..........................................................12

*Loving v. Pirelli Cable Corporation,* 11 F.Supp.2d 480
(D. Del. 1998) aff'd 178 F.3d 1279 (3d Cir. 1999)..................................7

*Martorana v. The Board of Trustees of Steamfitters Local Union
420 Health, Welfare and Pension Fund,* 404 F.3d 797, 805..................10

*McPherson v. Employees' Pension Plan of American Re-Insurance
Company, Inc.,* 33 F.3d 253, 254 (3d Cir. 1994)..............................8, 9

*Smith v. Detroit Federation of Teachers Local 231, Am. Fed. of
Teachers, AFL-CIO,* 829 F.2d 1370, 1375 (6th Cir. 1987)....................12

*Ursic v. Bethlehem Mines,* 719 F.2d 670, 673 (3d Cir. 1983)..................8

### Rules and Regulations

28 U.S.C. § 1920............................................................................13

28 U.S.C. § 1927............................................................................12

# INTRODUCTION

In their motion, Defendants seek to impose sanctions on an out-of-state attorney who is no longer counsel of record for actions occurring in another state which were clearly reasonable and proper. My involvement in the case was limited to acting as local counsel while the litigation was pending in *Pennsylvania*. Specifically, I was retained for the sole purpose of pursuing a Third Circuit appeal of the case's dismissal for lack of jurisdiction, and determining whether personal jurisdiction could be properly asserted against the Defendant ERISA Plan in Pennsylvania. I pursued both goals reasonably and in good faith, and Defendants do not assert to the contrary. Defendants ultimately conceded that the appeal was valid, and that the jurisdiction issue had not been properly adjudicated by the trial court. Accordingly, they agreed to permit Plaintiff to relitigate the jurisdiction issue in Pennsylvania, waiving statute of limitations and *res judicata* defenses that otherwise might apply. After the case was transferred to Delaware, I had no further active involvement with the case. I did not file any pleadings in Delaware, never received a copy of the Court's decision dismissing the case, and am not aware of the reasons for that action.

Perhaps more importantly, as local counsel, I had no power or authority to make strategic decisions regarding the nature of the litigation. Specifically, I could not decide whether to proceed or dismiss the litigation in Pennsylvania or Delaware. I did not initiate the claim, and was not involved in its termination.

Imposing sanctions in these circumstances is unprecedented and unwarranted, and

Defendants cite no cases to the contrary. All the actions in which I engaged were reasonable and in good faith. The specific actions of which Defendants now complain were the responsibility of other parties over whom I had no control. Granting sanctions in these circumstances would further none of ERISA's goals, and could serve to deter competent counsel from pursuing meritorious litigation for legitimate purposes.

For all these reasons, Defendants motion for sanctions against me and my firm should be denied.

## STATEMENT OF FACTS

This case involves a claim for unpaid pension, medical and life insurance benefits under employee Pension and Health and Welfare Plans. Plaintiff initiated the action on September 10, 2004 by filing a Complaint in the Eastern District of Pennsylvania against Richard Sigmond, Esquire, Plumbers & Pipefitters Local Union No. 74 Pension Plan, Plumbers & Pipefitters Local Union No. 74 Welfare Plan, and the Trustees and Administrators of these Funds. I was not involved in that case; rather, David P. Cline, Esq. represented Mrs. Toy as local counsel. During a status conference on November 1, 2004, the Court dismissed the case (on its own motion) for lack of jurisdicition.

On December 2, 2004 I was retained by John M. Stull, Esq. for the purpose of handling an appeal to the Third Circuit from the November 2, 2004 dismissal order. My investigation revealed that the case was dismissed without a motion, hearing or the introduction of any evidence supporting Defendants' claim that the Court lacked personal

jurisdiction over the Defendants. Although it appeared that Mr. Sigmond was not a proper party to the suit, this certainly did not justify dismissing the whole case. Rather, the Court should have given Plaintiff time to serve the proper parties and determine if, in fact, jurisdiction was appropriate in the Eastern District. Accordingly, it appeared to me that the dismissal was improper, and that the Appeal had substantial merit.

On January 25, 2005, I wrote a letter to Richard Sigmond, Esq., explaining my limited role in this case.

On March 17, 2005, the case was scheduled for an Appellate Mediation conference before the Hon. Joseph A. Torregrossa. At the mediation conference, Defendants' attorneys agreed that the case's dismissal on jurisdictional grounds, without any discovery, was premature, and agreed to permit Plaintiff to pursue further proceedings regarding this issue. Defendants agreed that Plaintiff could refile her Complaint, and they agreed not to assert any *res judicata* or collateral estoppel defenses, and to toll the statute of limitations. In exchange, Plaintiff agreed to dismiss the Appeal. This was a total victory for Plaintiff, giving her complete relief without the time and expense of pursuing an Appeal.

On March 23, 2005, I was retained by Mr. Stull for the purpose of determining whether Defendants had sufficient "minimum contacts" with Pennsylvania to justify suing them there. On July 26, 2005, Mr. Stull sent me a letter, indicating that Defendants had substantial contacts with Pennsylvania and therefore, jurisdiction in the Eastern District was proper.

3

On April 20, 2005, I refiled virtually the same Complaint against Defendants, omitting Mr. Sigmond as a Defendant. On July 5, 2005, Defendants filed a Motion to dismiss or transfer as their initial pleading. I opposed the motion, arguing that dismissal was premature until the parties had an opportunity to engage in discovery regarding the nature and extent of Defendants' contacts with Pennsylvania. The Court agreed, and on July 19, 2005, *denied* Defendants' motion, without prejudice, to give the parties time to complete limited discovery regarding Defendants' contacts with Pennsylvania. Following limited discovery, Defendants filed a motion to dismiss the claims against the individual trustees and certain other named defendants.

On September 28, 2005, the Court entered an Order *denying* Defendants' Motion to Dismiss the case for improper venue. The Court likewise *denied* Defendants' Motion to Dismiss the individual trustees and other named Defendants as *moot*. The Court also denied Defendants' Motion for Leave to file a Reply Brief as moot. The Court then transferred the case to the U.S. District Court for the District of Delaware for further proceedings..

At this point, because I am not licensed to practice law in Delaware, my active participation in the case ended. John Stull, Esq. represented Mrs. Toy in Delaware. I was not counsel of record in that proceeding, and did not file any pleadings. I was not involved in any of the motion practice leading up to the case's dismissal, and was never served with a copy of the Court's decision dismissing the case. In fact, until I received Defendants' motion, I was not aware the case was dismissed. I still have not received a copy of that

decision, and am not aware of the reason(s) for the dismissal.

I never met with or spoke to Mrs. Toy and was not responsibile for making any *strategic decisions* in the case. Rather, I was retained for the sole purpose of (a) pursuing the Appeal and (b) making sure the jurisdiction issue was properly litigated in Pennsylvania. As expressly stated in the retainer agreements, I was relying on Mr. Stull's representation that the underlying claims were "true and bona fide". In addition, I believe that a reasonable argument could be made that Pennsylvania Law should be applied, at least as long as the case remained in Pennsylvania.

## LEGAL ARGUMENT

I. DEFENDANTS ARE NOT ENTITLED TO FEES FOR ANY ACTIONS THAT OCCURRED IN PENNSYLVANIA.

Defendants' motion is confusing because it fails to differentiate between the actions of Plaintiff's attorneys and the various proceedings for which they are seeking fees. This is important, because the attorneys' roles and responsibilities were markedly different, and there have been at least four (4) separate proceedings between the parties. Although it is difficult to tell for sure, the size of Defendants' fee request suggests they are seeking fees and costs for *all four proceedings,* which is clearly improper.

*F.R.Civ.P. 54(d)(2)* provides that claims for attorneys' fees and related expenses must be made by motion filed no later than 14 days after entry of judgment. Pursuant to *LAR Misc. 108.1,* an application for fees and expenses in connection with a Third Circuit appeal

must be filed within thirty days after the entry of that Court's judgment.

The trial court entered final judgment in the initial proceeding in Pennsylvania on November 2, 2004 and the appeal was dismissed on April 15, 2005. Defendants did not file a motion or otherwise seek or request sanctions with respect to either of those two proceedings. Therefore, to the extent that Defendants are seeking fees and costs with respect to either (or both) of those proceedings, their request should be denied as time-barred.

Furthermore, it is clear that Defendants did not "prevail" in either proceeding. By permitting Defendants to relitigate the jurisdiction issue in federal court, Defendants tacitly conceded that this issue had not been properly decided.

In order to properly litigate the jurisdiction issue, Plaintiff had to refile her Complaint in federal district court in Pennsylvania. This was the only way that Plaintiff could obtain discovery from Defendants regarding this issue.

Unfortunately, Plaintiff's efforts to litigate this issue quickly and efficiently were repeatedly frustrated by Defendants. Defendants obstructionist tactics resulted in one discovery order and numerous discovery conferences, designed to force Defendants to produce relevant documents and materials regarding their contacts with Pennsylvania.

Discovery revealed that Defendants had substantial contacts with Pennsylvania, making the assertion of jurisdiction in that forum plausible. Ultimately, Defendants' motion to dismiss the case for lack of venue was DENIED. Defendants' motion to dismiss the individual trustees and certain other defendants was also DENIED, and the case was

transferred to Delaware for further proceedings. Although this finally terminated proceedings in Pennsylvania, no sanctions were ever requested in that court in connection with any actions taken in that proceeding.

Basically, Defendants did not prevail on any of their various motions in Pennsylvania. Rather, all of Defendants various motions were denied. (See Docket Entries, attached to Attorney Affidavit as Exhibit "G"). Therefore, attorney's fees should not be awarded for any actions that occurred in Pennsylvania.

## II.   ATTORNEYS FEES SHOULD NOT BE ASSESSED AGAINST AN ATTORNEY WHO IS NOT COUNSEL-OF-RECORD IN DELAWARE.

Because I am not licensed to practice in Delaware, my active participation in the case ceased after it was transferred to Delaware. All proceedings in this court were handled by Mr. Stull on behalf of Mrs. Toy. The decision to continue to pursue this case in Delaware was, of course, wholly theirs. They controlled the litigation in Delaware, and any arguments raised in defense of Defendants' motion. Imposing sanctions in these circumstances, for actions and activities with which counsel was not involved, and had no power to control, would clearly be unjust.

Imposing attorney's fees against a losing party's *attorney* under ERISA § 502(g) is clearly the exception and not the rule. The Court did so in *Loving v. Pirelli Cable Corporation*, 11 F.Supp.2d 480 (D. Del. 1998) aff'd 178 F.3d 1279 (3d Cir. 1999) because Plaintiff refiled the same case in state court which had been dismissed two years earlier in

federal court. The court determined that there was no basis for the second action, and did not understand counsel's asserted justifications for filing it. *Id.*, 11 F.Supp.2d at 488.

Here, no such egregious circumstances exist. Therefore, imposing sanctions under ERISA § 502(g) on local counsel is clearly improper. Indeed, Defendants cite no cases supporting an attorney's fee award in these circumstances.

Absent exceptional circumstances, there is no presumption that a prevailing party will receive attorney's fees. *McPherson v. Employees' Pension Plan of American Re-Insurance Company, Inc.*, 33 F.3d 253, 254 (3d Cir. 1994). The Third Circuit has set forth five factors that a district court should consider when deciding whether to award attorneys fees and costs pursuant to ERISA § 502(g). They are:

(1) the offending parties' culpability or bad faith;

(2) the ability of the offending parties to satisfy an attorney's fee award;

(3) the deterrent effect of an award of attorney's fees against the offending parties;

(4) the benefit conferred on members of the pension plan as a whole;

(5) the relative merits of the parties' position.

*Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983). "Culpability" in this context "is commonly understood to mean conduct that is 'blameable; censureable; ... at fault; involving the breach of a legal duty or the commission of a fault. ... Such conduct normally involves something more than simple negligence. ... [It] implies that the act or conduct spoken of is reprehensible or wrong.'" *McPherson v. Employees' Pension Plan of*

*American Re-Insurance Company, Inc.,* 33 F.3d 253, 256-57 (3d Cir. 1994) (quoting BLACK'S LAW DICTIONARY (6ᵀᴴ ed. 1990)). "A party is not culpable merely because it has taken a position that did not prevail in litigation." *Id.*

My conduct clearly fails to meet this standard. Rather, I successfully pursued a Third Circuit appeal (because the first case was improperly dismissed) and conducted discovery regarding the jurisdictional issue in Pennsylvania. Until that discovery was completed, there was no way I could determine whether Defendants had sufficient "minimum contacts" with Pennsylvania or not. I litigated this issue reasonably and fairly, and engaged in no "blameable" or "censurable" conduct. Although Defendants claim they expended over $63,000 in fees defending the Pennsylvania action "including two motions to dismiss," the fact of the matter is they lost both motions. The discovery regarding the jurisdictional issue was certainly justified, and neither overbearing or oppressive.

None of the arguments listed on pages 15 and 16 of Defendants' regarding this first *Ursic* element support the imposition of attorney's fees against me. First, Defendants claim that "[t]his case was originally filed in Pennsylvania for no reason other than the fact that Plaintiff's Counsel missed the Delaware statute of limitations deadline." (Defendants' Brief, p. 15). Although Defendants throughout their Brief utilize the generic term "Plaintiff's Counsel" to include me, such reference here is obviously improper. Defendants are well-aware that I was not involved when the case was originally filed in Pennsylvania and missed no deadlines in Delaware.

9

Next, Defendants claim that "[i]n order to fabricate venue, Mr. Stull named Mr. Sigmond, counsel to the Funds, as a defendant." (*Id.*). I recognized that Mr. Sigmond was not a proper party, and therefore did not include him in the Complaint I filed. Therefore, this factor does not support an attorney's fee award against me either.

Defendants next complain they were "forced to undertake expensive discovery proceedings" regarding the jurisdictional issue. (*Id.*) However, there is nothing particularly surprising about this. They defended on the basis of lack of jurisdiction/venue, and there is certainly nothing improper about Plaintiff engaging in limited discovery regarding this issue.

Next, they claim that "Mr. Stull was on notice that Plaintiff's claims were time barred by the applicable statute of limitations in Delaware. Mr. Stull was the attorney of record in the case establishing that statute of limitations." (Defendants' Brief, p. 16). This factor likewise does not support an attorney's fee award against me or my firm.

Defendants next contend (without any factual or evidentiary support) that "Plaintiff's Counsel, as employed and practicing attorneys, have the financial resources to pay an award of attorney's fees in this case." I am a sole practitioner and Defendants have no information regarding my finances. Therefore, this factor likewise does not support the assessment of attorney's fees against me or my firm. *See Martorana v. The Board of Trustees of Steamfitters Local Union 420 Health, Welfare and Pension Fund*, 404 F.3d 797, 805 (reversing attorney's fee award in favor of pension fund where the trial court failed to adequately consider plaintiff's ability to pay); *Loving, supra*, 11 F.Supp.2d at 496

(concluding that, where neither party presented any evidence on this issue, this factor neither weighs in favor of, nor against, an award of attorney's fees and costs).

The third factor analyzes the deterrent effect of an attorney's fees award against the offending parties. Because I did not engage in any bad faith or culpable conduct, there is no need to deter any conduct. Therefore, this factor likewise does not support an award of attorney's fees in this case.

The fourth factor considers the relative benefit conferred on members of the plan as a whole. Defendants concede that no members of the pension plan would benefit directly from an award of fees. Therefore, this factor likewise does not support such an award in this case.

The fifth factor is the relative merit of the parties' positions. Once again, in their Brief, Defendants complain about the conduct of "Plaintiff's Counsel" when they are really only referring to Mr. Stull. Defendants do not contend that the position taken by Plaintiff in the Pennsylvania litigation--that Defendants had sufficient "minimum contacts" to support the Court's exercise of personal jurisdiction there--lacked merit. Therefore, this factor likewise does not support an award of fees against Pennsylvania counsel.

None of the five *Ursic* factors support an award of attorney's fees against Pennsylvania counsel. For this reason as well, Defendants' motion should be denied.

III. THERE IS NO FACTUAL OR LEGAL BASIS FOR IMPOSING SANCTIONS AGAINST PENNSYLVANIA COUNSEL PURSUANT TO 28 U.S.C. § 1927.

Finally, Defendants are seeking sanctions under 28 U.S.C. § 1927. This provision, labeled "Counsel's liability for excessive costs," provides as follows:

> "Any attorney or other person admitted to conduct cases in any court of the United States ... who so *multiplies the proceedings in any case unreasonably and vexatiously* may be required by the court to satisfy personally excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."

*Id.* (emphasis added).

The principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary *delay* in the proceedings. To impose sanctions under this statute, the court must find that an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002). The court must find that the offending attorney is guilty of "willful bad faith." *Id.* "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose, such as harassment." *Id.*, (quoting *Smith v. Detroit Federation of Teachers Local 231, Am. Fed. of Teachers, AFL-CIO*, 829 F.2d 1370, 1375 (6th Cir. 1987)). Sanctions are limited to the costs and expenses that result from the particular misconduct, and are limited to those which could be taxed

12

under 28 U.S.C. § 1920. *Id.*

Obviously, my conduct fails to meet this standard. There was no delay in the Pennsylvania proceedings; rather, that litigation was conducted remarkably efficiently. The appeal consumed only a few months, and was settled at a mediation conference before any briefs were filed. Discovery in the second suit likewise took only a few months, and was limited to those facts necessary to determine the key jurisdictional issue. There was no bad faith, the claims had substantial merit, and there was no improper motive or harassment. Rather, my sole motivation was to make sure Mrs. Toy received a full and fair determination of the jurisdictional issue, which was obviously not the case the first time around.

Defendants cite *In re Prudential, supra,* in support of their claim for sanctions under this statute. In that case, the court imposed sanctions against an attorney primarily because of his excessive motion practice. Here, all the motions were filed by *Defendants*, not Plaintiff. If anyone was attempting to delay, it was Defendants, who took a "grudging" rather than "forthcoming" approach to Plaintiff's legitimate discovery requests.

Sanctions under this statute are clearly inappropriate. For this reason as well, Defendants' motion should be denied.

## CONCLUSION

For all these reasons, Pennsylvania counsel respectfully requests that Defendants' Motion for Attorney's Fees be denied.

Respectfully submitted,

By: _____
William B. Hildebrand

## CERTIFICATE OF SERVICE

I hereby certify that on the __10th__ day of August 2006, I served a copy of the foregoing motion upon the following person(s) by:

| | |
|---|---|
| _____ | Hand delivery |
| __X__ | U.S. Mail (First Class/Postage Prepaid) |
| _____ | U.S. Mail (Certified/Return Receipt Requested) |

TO:  Timothy J. Snyder, Esq.
Young Conaway Startgatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

John Stull, Esq.
1300 N. Market Street, #700
PO Box 1947
Wilmington, DE 19899

_____
William B. Hildebrand