LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By: William B. Hildebrand
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034
(856) 482-7100
Attorney for Plaintiff
WH:4166

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Martha Jane Toy, individually, and as Executrix and Personal Representative of Estate of Russell B. Toy, deceased, <br><br>      Plaintiffs, <br><br>         v. <br><br> Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al. <br><br>      Defendants. | C.A. No. 05-00760 (JJF) |

## AFFIDAVIT OF COUNSEL

STATE OF NEW JERSEY      :
                            : ss.

COUNTY OF CAMDEN      :

WILLIAM B. HILDEBRAND, of full age, hereby deposes and says:

1. I am an attorney licensed to practice law in the State of New Jersey and Commonwealth of Pennsylvania. As such, I have personal knowledge of the facts stated herein, and make this Affidavit in Opposition to Defendants' Motion for Attorney's Fees.

2. As noted above, I am licensed to practice law in New Jersey and Pennsylvania, but *not* Delaware. It is my understanding that Mr. Stull is licensed to practice in Delaware but not Pennsylvania. Accordingly, in Order to pursue a legal action in Pennsylvania, Mr. Stull

(on Ms. Toy's behalf) had to retain local counsel licensed to practice in that jurisdiction.

3. On September 10, 2004, Plaintiff filed a Complaint against Defendants in the United States District Court for the Eastern District of Pennsylvania. I was not involved in that case. Rather, David P. Cline, Esq. represented Ms. Toy as local counsel. A true and correct copy of the docket entries for that case is attached, marked Exhibit "A".

4. On December 2, 2004 I was retained by John M. Stull, Esq. for the purpose of handling an appeal to the Third Circuit from the November 2, 2004 Court Order dismissing the case (on the Court's own motion) for lack of jurisdiction. A true and correct copy of my retainer agreement is attached, marked Exhibit "B".

5. My investigation revealed that the case was dismissed without a motion, hearing or the introduction of any evidence supporting Defendants' claim that the Court lacked personal jurisdiction over it. Although it appeared that Mr. Sigmond was not a proper party to the suit, this did not justify dismissing the case against the other defendants. Accordingly, it appeared to me that the dismissal was improper, and that the proposed Appeal had substantial merit.

6. On January 25, 2005, I wrote a letter to Richard Sigmond, Esq., explaining my limited role in this case. A true and correct copy of this letter is attached marked Exhibit "C".

7. On March 17, 2005, the case was scheduled for an Appellate Mediation Conference before the Hon. Joseph A. Torregrossa. At the mediation conference, Defendants' attorneys conceded that the jurisdiction issue had not been properly litigated

before the trial court. Accordingly, they agreed to permit Plaintiff to pursue further proceedings regarding this issue. Defendants agreed that Plaintiff could refile her Complaint, and they would not assert any *res judicata* or collateral estoppel defenses, and would toll the statute of limitations. In exchange, Plaintiff agreed to dismiss the Appeal. This was a total victory for Plaintiff, giving her everything she was seeking without the time and expense of continuing the Appeal. A true and correct copy of the parties' settlement agreement is attached, marked Exhibit "D".

8. On March 23, 2005, I was retained by Mr. Stull for the purpose of pursuing Ms. Toy's ERISA claim in the Eastern District of Pennsylvania. A true and correct copy of the retainer agreement is attached, marked Exhibit "E". On July 26, 2005, Mr. Stull sent me a letter, indicating that Defendants had substantial contacts with Pennsylvania and therefore, jurisdiction in the Eastern District was proper. A true and correct copy of this letter (without enclosures) is attached, marked Exhibit "F".

9. On April 20, 2005, I refiled virtually the same Complaint against Defendants, omitting Mr. Sigmond as a Defendant. On July 5, 2005, Defendants filed a Motion to dismiss or transfer as their initial pleading. I opposed the motion, arguing that dismissal was premature until the parties had an opportunity to engage in discovery regarding the nature and extent of Defendants' contacts with Pennsylvania. The Court agreed, and on July 19, 2005, *denied* Defendants' motion, without prejudice, to give the parties time to complete limited discovery regarding Defendants' contacts with Pennsylvania.

10. Following limited discovery on the jurisdiction issue, Defendants filed a motion

to dismiss the claims against the individual trustees and certain other named defendants. On September 28, 2005, the Court entered an Order *denying* Defendants' Motion to Dismiss the case for improper venue. The Court likewise *denied* Defendants' Motion to Dismiss the individual trustees and other named Defendants as *moot*. The Court also denied Defendants' Motion for Leave to file a Reply Brief as moot. The Court then transferred the case to the United States District Court for the District of Delaware for further proceedings. A true and correct copy of the docket entries for that case is attached, marked Exhibit "G".

11. At this point, because I am not licensed to practice law in Delaware, and Mr. Stull is, my active participation in the case ended. John Stull, Esq. represented Ms. Toy as counsel of record in Delaware. I am not listed as Ms. Toy's counsel on the Court docket sheet, and never filed any pleadings in connection with that proceeding.

12. I never met with or spoke directly to Ms. Toy. Rather, she and/or Mr. Stull were responsible for making all *strategic decisions* in the case. I was retained for the sole purpose of (a) pursuing the Third Circuit Appeal and (b) making sure the jurisdiction issue was properly litigated in Pennsylvania. As expressly stated in the retainer agreements, I relied on Mr. Stull's representation that the merits of the underlying claims were "true and Bona fide". In addition, I believe that a reasonable argument could be made that Pennsylvania law should be applied, at least as long as the case remained in Pennsylvania.

_____
WILLIAM B. HILDEBRAND

Sworn to and subscribed
before me this 10ᵗʰ day
of August , 2006.

# EXHIBIT   A

APPEAL, CLOSED, STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:04-cv-04312-BMS

TOY v. PLUMBERS & PIPEFITTERS LOCAL UNION
NO. 74 PENSION PLAN et al
Assigned to: HONORABLE BERLE M. SCHILLER
Cause: 29:1001 E.R.I.S.A.: Employee Retirement

Date Filed: 09/10/2004
Jury Demand: None
Nature of Suit: 791 Labor: E.R.I.S.A.
Jurisdiction: Federal Question

**Plaintiff**

**MARTHA JANE TOY**
*INDIVIDUALLY, AND AS EXECUTRIX
AND PERSONAL REPRESENTATIVE
OF ESTATE OF RUSSELL B. TOY*

represented by **DAVID P. CLINE**
1300 N. MARKET ST.
SUITE 700
WILMINGTON, DE 19801
TEL (302) 529-7848
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**PLUMBERS & PIPEFITTERS
LOCAL UNION NO. 74 PENSION
PLAN**

represented by **RICHARD B. SIGMOND**
JENNINGS SIGMOND
THE PENN MUTUAL TOWERS
510 WALNUT STREET
16TH FLOOR
PHILADELPHIA, PA 19106
215-351-0609
Fax: 215-922-3524
Email: usdc-edpa-labor@jslex.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**RICHARD B. SIGMOND**
*PLAN ADMINISTRATOR OF
PENSION PLAN, HEALTH AND
WELFARE PLAN, LOCAL 74
WELFARE BENEFIT PLAN*

represented by **RICHARD B. SIGMOND**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LIFE INSURANCE PLAN, LOCAL
74, WELFARE BENEFIT PLAN**

represented by **RICHARD B. SIGMOND**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TRUSTEES OF PENSION PLAN**

AND WELFARE PLANS, PLAN
ADMINISTRATORS OF PENSION
AND WELFARE PLANS

**Defendant**

**RICHARD B. SIGMOND 1**
*INDIVIDUALLY AND AS PLAN
ADMINISTRATOR OF PENSION &
WELARE PLANS*

represented by **RICHARD B. SIGMOND**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/10/2004 | 1 | COMPLAINT against LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, RICHARD B. SIGMOND, RICHARD B. SIGMOND 1, TRUSTEES OF PENSION PLAN AND WELFARE PLANS, PLAN ADMINISTRATORS OF PENSION AND WELFARE PLANS ( Filing fee $ 150 receipt number 908722.), filed by MARTHA JANE TOY.(ti, ) (Entered: 09/13/2004) |
| 09/10/2004 |   | Five Original Summons Issued as to LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, RICHARD B. SIGMOND, RICHARD B. SIGMOND 1, TRUSTEES OF PENSION PLAN AND WELFARE PLANS, PLAN ADMINISTRATORS OF PENSION AND WELFARE PLANS. Forwarded To: Counsel on 9/13/04 (ti, ) (Entered: 09/13/2004) |
| 10/18/2004 | 2 | MOTION FILED BY MARTHA JANE TOY FOR APPOINTMENT OF SPECIAL PROCESS SERVE PURSUANT TO LOCAL RULE 4.1.. (cdd, ) (Entered: 10/18/2004) |
| 10/19/2004 | 3 | ORDER THAT PLAINTIFF, HAVING REQUESTED THE APPOINTMENT OF JOHN M. STULL AS SPECIAL PROCESS SERVER, IS HEREBY GRANTED SAID APPOINTMENT TO EFFECT PROPER SERVICE ON DEFENDANTS.SIGNED BY JUDGE BERLE M. SCHILLER ON 10/19/04.10/20/04 ENTERED AND COPIES MAILED. (cdd, ) (Entered: 10/20/2004) |
| 10/25/2004 | 4 | NOTICE of Appearance by RICHARD B. SIGMOND on behalf of LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, RICHARD B. SIGMOND, RICHARD B. SIGMOND 1 with Certificate of Service (SIGMOND, RICHARD) (Entered: 10/25/2004) |
| 10/27/2004 | 5 | SUMMONS Returned Executed by MARTHA JANE TOY re: John Stull served Summons and Complaint upon Mr. Jennings on behalf of LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, RICHARD B. SIGMOND, RICHARD B. SIGMOND 1, TRUSTEES OF PENSION PLAN AND WELFARE PLANS, PLAN |

United States District Court Eastern District of Pennsylvania - Docket Report

| | | |
|---|---|---|
| | | ADMINISTRATORS OF PENSION AND WELFARE PLANS by Personal Service. LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN served on 10/26/2004, answer due 11/15/2004; PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN served on 10/26/2004, answer due 11/15/2004; RICHARD B. SIGMOND served on 10/26/2004, answer due 11/15/2004; RICHARD B. SIGMOND 1 served on 10/26/2004, answer due 11/15/2004; TRUSTEES OF PENSION PLAN AND WELFARE PLANS, PLAN ADMINISTRATORS OF PENSION AND WELFARE PLANS served on 10/26/2004, answer due 11/15/2004. (wgc, ) (Entered: 10/27/2004) |
| 10/29/2004 | 6 | First MOTION to Withdraw as Attorney *David P. Cline* filed by MARTHA JANE TOY.Proposed Order and Certificate of Service. (CLINE, DAVID) (Entered: 10/29/2004) |
| 10/29/2004 | 7 | AFFIDAVIT *of Thomas W. Jennings* by PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, RICHARD B. SIGMOND, RICHARD B. SIGMOND 1, Certificate of Service. (Attachments: # 1 Exhibit Exhibit 1# 2 Exhibit Exhibit 2)(SIGMOND, RICHARD) Modified on 11/2/2004 (fh, ). (Entered: 10/29/2004) |
| 11/01/2004 | 8 | Minute Entry for proceedings held before Judge BERLE M. SCHILLER : Telephone Conference held on 11/1/04. (stb, ) (Entered: 11/01/2004) |
| 11/02/2004 | 9 | Minute Entry for Conference held on 11/1/04before Judge BERLE M. SCHILLER. Court Reporter: ESR. Conference held RE: jurisdiction. Defendant's Motion to Dismiss - Granted. (cdd, ) (Entered: 11/02/2004) |
| 11/02/2004 | 10 | ORDER THAT DEFENDANT'S MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE IS GRANTED AS UNOPPOSED. PLAINTIFF'S ATTORNEY DAVID P. CLINE'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL IS DENIED AS MOOT. THE CLERK OF COURT IS DIRECTED TO CLOSE THIS CASE.SIGNED BY JUDGE BERLE M. SCHILLER ON 11/1/04.11/3/04 ENTERED AND COPIES MAILED AND E-MAILED. (cdd, ) Modified on 11/4/2004 (cdd, ). (Entered: 11/03/2004) |
| 12/02/2004 | 11 | NOTICE OF APPEAL as to 10 Order on Motion to Withdraw as Attorney filed by MARTHA JANE TOY, Certificate of Service. Filing fee $ 255, receipt number 911333. Copies to Judge, Clerk USCA, Appeals Clerk and WILLIAM B. HILDEBRAND. (cdd, ) (Entered: 12/03/2004) |
| 12/02/2004 | 12 | Clerk's Notice to USCA re [11] Notice of Appeal. (cdd, ) (Entered: 12/03/2004) |
| 12/06/2004 | | NOTICE of Docketing Record on Appeal from USCA re [11] Notice of Appeal filed by MARTHA JANE TOY,. USCA Case Number 04-4508 (wgc, ) (Entered: 12/06/2004) |
| 12/14/2004 | 13 | TRANSCRIPT of Proceedings held on 11/1/04 before Judge Schiller. Court Reporter: C. Campoli. (wgc, ) (Entered: 12/15/2004) |

United States District Court Eastern District of Pennsylvania - Docket Report

| 12/14/2004 | 14 | Copy of TPO Form re [11] Notice of Appeal: (wgc, ) (Entered: 12/15/2004) |
| 12/16/2004 | | RECORD COMPLETE FOR PURPOSES OF APPEAL. (mar, ) (Entered: 12/16/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/21/2005 10:30:41 | | |
| **PACER Login:** wh0665 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** 2:04-cv-04312-BMS | |
| **Billable Pages:** 2 | **Cost:** 0.16 | |

# EXHIBIT  B

# LITIGATION RETAINER AGREEMENT
## (HOURLY RATE)

JOHN M. STULL, ESQ., on behalf of MARTHA JANE TOY hereby retains The Law Office of William B. Hildebrand, L.L.C. ("The Firm") to appeal the November 2, 2004 dismissal order in the United States District Court for the Eastern District of Pennsylvania to the Third Circuit Court of Appeals. Under this Agreement, the Firm promises to provide litigation services at the Court of Appeals level only. If additional proceedings are necessary, that will be subject to a separate retainer agreement.

As consideration for the professional services of the Firm, I agree to remit to the Firm a $1000.00 retainer, and pay the Firm's reduced hourly rate of $225/hour for all legal services performed on my behalf. The Firm will bill me on a regular basis, and I will receive full credit for all retainer payments towards all such hourly charges.

I understand that I will be responsible for all costs incurred in the course of this litigation including but not limited to the costs of filing fees, expert witness fees, transcripts, copying, faxing, court stenographers, mailing, telephone calls, travel and other out of pocket expenses.

I understand that subject to the discretion of the Trial and/or Court of Appeals, if this matter is tried to verdict and if I prevail on my claims, the judge may award an attorney's fee. If the Court awards statutory attorney's fees, then the Firm shall be entitled to the greater of that award or the hourly fee set forth above. In no event will the firm be entitled to both the Court award and hourly fee.

I will fully cooperate with the Firm in this matter and provide all relevant information the Firm requests. If I and the Firm cannot agree on the terms of an appropriate settlement of this matter or if, for any other reason, an attorney-client relationship cannot reasonably be maintained between me and the Firm then this agreement shall constitute my consent for the Firm to withdraw as counsel in this matter.

I represent to the Firm that the claims I make are true and bona fide and that the facts and history that I have given can be relied upon by counsel in their representation of my interest.

I understand that this document is a legal contract between the parties and is enforceable. I fully understand and accept every term of this Agreement. I will abide by the terms of this Agreement regardless of the outcome of the litigation.

I understand that while the Firm will vigorously pursue these matters, the Firm cannot and does not guarantee any results.

Dated: 12/2/04

_____
JOHN M. STULL

Dated: 12/2/04

**FOR THE FIRM**

# EXHIBIT  C

LAW OFFICES
OF
**WILLIAM B. HILDEBRAND L.L.C.**

WILLIAM B. HILDEBRAND, ESQ.
E-MAIL: WHILDEBRAND1@COMCAST.NET
MEMBER NJ, PA & CA BARS
CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

January 25, 2005

Richard B. Sigmond, Esq.
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683

Re:   Toy v. Plumblers, et al.

Dear Mr. Sigmond:

Thank you for your recent letter. I agree that you are not a proper party to the case, if your only involvement is as attorney for the Board of Trustees. Nevertheless, I also believe the District Court erred in dismissing the case with prejudice without any motion being filed or any facts or evidence as to the Court's jurisdiction or venue. The fact that no one "objected" at the conference does not mean that the action was proper. My research indicates that Pennsylvania is an appropriate forum to resolve this dispute. Mr. Cline obviously just wanted to get out, so he wasn't inclined to object to a dismissal on *any* basis.

My office was retained solely for the purpose of handling the appeal. At this point, I cannot comment on the merits of the underlying claim. I also cannot comment on your assertions regarding Mr. Stull's motives in bringing the suit, although I don't know that this is particularly my concern. I am representing Mrs. Toy, not Mr. Stull.

By sending a copy of this letter to Mr. Snyder, I am requesting that he call to advise me whether he would agree to remand the case for the sole purpose of determining whether jurisdiction and venue are appropriate in Pennsylvania. I do not believe the "merits" of this defense were ever fully explored by the trial judge.

Very truly yours,
Law Offices of William B. Hildebrand L.L.C.

By: _____
William B. Hildebrand

WBH:eh
cc:   Timothy J. Snyder, Esq.

1040 KINGS HIGHWAY NORTH • SUITE 601 • CHERRY HILL, NEW JERSEY 08034
(856) 482-7100 • FAX NUMBER (856) 482-7555

# EXHIBIT    D

## AGREEMENT OF SETTLEMENT OF APPEAL

THIS AGREEMENT OF SETTLEMENT OF APPEAL is made by and between Martha Jane Toy, Individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, Plaintiff-Appellant, and Plumbers and Pipefitters Local Union No. 74 Pension Plan, Richard B. Sigmond, Plan Administrator of Pension Plan, Health and Welfare Plan, Local 74 Welfare Benefit Plan, Life Insurance Plan, Local 74, Welfare Benefit Plan, Trustees of Pension Plan and Welfare Plans, Plan Administrators of Pension and Welfare Plans, Richard B. Sigmond, Individually and as Plan Administrator of Pension & Welfare Plans, Defendants-Appellees, by and through their respective counsel.

WHEREAS, on September 10, 2004, Plaintiff-Appellant filed suit against the Defendants-Appellees in the United States District Court for the Eastern District of Pennsylvania ("District Court"). Such suit was designated C. A. No. 04-4312;

WHEREAS, in an Order dated November 1, 2004, the District Court dismissed the Plaintiff-Appellant's case, with prejudice ("District Court's Order"). The District Court's Order was entered on November 3, 2004;

WHEREAS, on December 2, 2004, the Plaintiff-Appellant filed an appeal of the dismissal of her case with prejudice with the United States Court of Appeals for the Third Circuit ("Appeal"). The Appeal was designated Docket No. 04-4508;

WHEREAS, the Parties desire to resolve the Appeal prior to briefing and arguing the issues before the Court;

NOW THEREFORE, the parties agree as follows:

1.    The District Court's Order dismissing the Plaintiff-Appellant's case in the District Court shall remain in effect. However, the portion of the District Court's Order that dismissed the case "with prejudice" shall apply to only the Defendant-Appellee, Richard B. Sigmond, in all capacities in which he was named as a defendant.

2.    If Plaintiff-Appellant institutes new litigation against the Defendants-Appellees other than Richard B. Sigmond, the Defendants-Appellees other than Richard B. Sigmond, will not argue that the "with prejudice" portion of the District Court's Order is *res judicata* or collateral estoppel as to the Defendants-Appellees other than Richard B. Sigmond.

3.    All other claims, counterclaims, defenses and affirmative defenses of the Defendants-Appellees, other than as stated in paragraph 2 above, shall be preserved.

4.    Any Statute of Limitations applicable to the Plaintiff-Appellant's claims alleged in the District Court case shall be tolled during the period commencing on the date of the filing of her complaint in the District Court, September 10, 2004, and ending on April 30, 2005. This paragraph 4 shall have no effect on any Statutes of Limitation that may have expired prior

to September 10, 2004 and shall not preclude the Defendants-Appellees from arguing that any Statute of Limitations expired prior to September 10, 2004.

     5.    Subject to the terms of this Agreement, Plaintiff-Appellant shall dismiss the Appeal by April 10, 2005.

     6.    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. It shall not be necessary that any single counterpart be executed by all parties hereto provided that each party shall have executed at least one counterpart.

     7.    This Agreement, and any of its terms, conditions and provisions may be modified, amended, altered, supplemented, added to, canceled or terminated only by mutual agreement in writing signed by all the parties hereto.

     IN WITNESS WHEREOF, the Parties, through and by their respective counsel have executed this Agreement Of Settlement Of Appeal on the date(s) set forth below.


_____
William B. Hildebrand, Esquire
Attorney for Plaintiff-Appellant

Date:_____


_____
John M. Stull, Esquire
Attorney for Plaintiff-Appellant

Date:_____


_____
Timothy J. Snyder, Esquire
Attorney for Defendants-Appellees

Date:_____


_____
Richard B. Sigmond, Esquire
Attorney for Defendants-Appellees

Date:_____

to September 10, 2004 and shall not preclude the Defendants-Appellees from arguing that any Statute of Limitations expired prior to September 10, 2004.

5.    Subject to the terms of this Agreement, Plaintiff-Appellant shall dismiss the Appeal by April 10, 2005.

6.    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. It shall not be necessary that any single counterpart be executed by all parties hereto provided that each party shall have executed at least one counterpart.

7.    This Agreement, and any of its terms, conditions and provisions may be modified, amended, altered, supplemented, added to, canceled or terminated only by mutual agreement in writing signed by all the parties hereto.

IN WITNESS WHEREOF, the Parties, through and by their respective counsel have executed this Agreement Of Settlement Of Appeal on the date(s) set forth below.

_____
William B. Hildebrand, Esquire
Attorney for Plaintiff-Appellant

Date:_____

_____
Timothy J. Snyder, Esquire
Attorney for Defendants-Appellees

Date:__4·01·05_____

_____
John M. Stull, Esquire
Attorney for Plaintiff-Appellant

Date:_____

_____
Richard B. Sigmond, Esquire
Attorney for Defendants-Appellees

Date:_____

to September 10, 2004 and shall not preclude the Defendants-Appellees from arguing that any Statute of Limitations expired prior to September 10, 2004.

5. Subject to the terms of this Agreement, Plaintiff-Appellant shall dismiss the Appeal by April 10, 2005.

6. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. It shall not be necessary that any single counterpart be executed by all parties hereto provided that each party shall have executed at least one counterpart.

7. This Agreement, and any of its terms, conditions and provisions may be modified, amended, altered, supplemented, added to, canceled or terminated only by mutual agreement in writing signed by all the parties hereto.

IN WITNESS WHEREOF, the Parties, through and by their respective counsel have executed this Agreement Of Settlement Of Appeal on the date(s) set forth below.


_____
William B. Hildebrand, Esquire
Attorney for Plaintiff-Appellant

Date:_____

_____
Timothy J. Snyder, Esquire
Attorney for Defendants-Appellees

Date:_____


_____
John M. Stull, Esquire
Attorney for Plaintiff-Appellant

Date: March 30, 2005

_____
Richard B. Sigmond, Esquire
Attorney for Defendants-Appellees

Date:_____

to September 10, 2004 and shall not preclude the Defendants-Appellees from arguing that any Statute of Limitations expired prior to September 10, 2004.

5.    Subject to the terms of this Agreement, Plaintiff-Appellant shall dismiss the Appeal by April 10, 2005.

6.    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  It shall not be necessary that any single counterpart be executed by all parties hereto provided that each party shall have executed at least one counterpart.

7.    This Agreement, and any of its terms, conditions and provisions may be modified, amended, altered, supplemented, added to, canceled or terminated only by mutual agreement in writing signed by all the parties hereto.

IN WITNESS WHEREOF, the Parties, through and by their respective counsel have executed this Agreement Of Settlement Of Appeal on the date(s) set forth below.


_____
William B. Hildebrand, Esquire
Attorney for Plaintiff-Appellant

Date:_____


_____
John M. Stull, Esquire
Attorney for Plaintiff-Appellant

Date:_____


_____
Timothy J. Snyder, Esquire
Attorney for Defendants-Appellees

Date:_____


_____
Richard B. Sigmond, Esquire
Attorney for Defendants-Appellees

Date: 3-31-05

# EXHIBIT E

# LITIGATION RETAINER AGREEMENT
## (HOURLY RATE)

JOHN M. STULL, ESQ., on behalf of MARTHA JANE TOY hereby retains The Law Office of William B. Hildebrand, L.L.C. ("The Firm") to pursue an ERISA claim against the Plumbers & Pipefitters Local Union No. 74 Pension Plan, et al. in the United States District Court for the Eastern District of Pennsylvania.   Under this Agreement, the Firm promises to provide litigation services at the trial level only.  If additional proceedings are necessary, that will be subject to a separate retainer agreement.

As consideration for the professional services of the Firm, I agree to pay the Firm's reduced hourly rate of $225/hour for all legal services performed on my behalf.  The Firm will bill me on a regular basis, and I will receive full credit for all payments towards such hourly charges.

I understand that I will be responsible for all costs incurred in the course of this litigation including but not limited to the costs of filing fees, expert witness fees, transcripts, copying, faxing, court stenographers, mailing, telephone calls, travel and other out of pocket expenses.

I understand that subject to the discretion of the Trial and/or Court of Appeals, if this matter is tried to verdict and if I prevail on my claims, the judge may award an attorney's fee.  If the Court awards statutory attorney's fees, then the Firm shall be entitled to the greater of that award or the hourly fee set forth above. In no event will the firm be entitled to <u>both</u> the Court award and hourly fee.

I will fully cooperate with the Firm in this matter and provide all relevant information the Firm requests.  If I and the Firm cannot agree on the terms of an appropriate settlement of this matter or if, for any other reason, an attorney-client relationship cannot reasonably be maintained between me and the Firm then this agreement shall constitute my consent for the Firm to withdraw as counsel in this matter.

I represent to the Firm that the claims I make are true and bona fide and that the facts and history that I have given can be relied upon by counsel in their representation of my interest.

I understand that this document is a legal contract between the parties and is enforceable.  I fully understand and accept every term of this Agreement.  I will abide by the terms of this Agreement regardless of the outcome of the  litigation.

I understand that while the Firm will vigorously pursue these matters, the Firm <u>cannot and does not</u> guarantee any results.

Dated: 5/23/05

Dated: 5/4/06 _____

JOHN M. STULL

FOR THE FIRM

# EXHIBIT F

JOHN M. STULL

ATTORNEY AT LAW
SUITE 700
1300 NORTH MARKET STREET
POST OFFICE BOX 1947
WILMINGTON, DELAWARE 19899-1947

---

(302) 654-0399
Fax: (302) 654-0884

July 26, 2005

William B. Hildebrand, Esq.
Law Offices of William B. Hildebrand L.L.C.
1040 Kings Highway North, Suite 601
Cherry Hill, NJ 08034-1922

      Re:   **"Toy v. Plumbers & Pipefitters Local #74";**
               **Data usable for deposition and document requests**

Dear Bill:

       This letter transmits a list of employment sites to which members of Local #74 have been assigned or out of which contributions are transmitted to the Pension Fund. I enclose a copy of my December 22, 2004, letter referring to Mr. King's approval and clearance for us to use his pension credit data showing employers. In addition, I believe in your <u>Toy</u> file is a letter from Kathryn Toy (Mrs. Toy's mother-in-law) listing names of Union members who she knows live in Pennsylvania. Thanks for the effective work you are doing and your continued efforts in the above matter.

       As previously indicated, I am the attorney for the Estate of Russell B. Toy, currently open and on file in Kent County, Delaware and thus have representative capacity to act in behalf of the Estate as one of the parties pursuing this action (and for Mrs. Russell B. Toy). If convenient for you I would also like to attend any deposition opportunities you obtain.

                         Yours very truly,

                         John M. Stull

JMS/prs
enclosures

# EXHIBIT   G

STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:05-cv-01814-BMS

TOY v. PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN et al
Assigned to: HONORABLE BERLE M. SCHILLER
Cause: 29:1132 E.R.I.S.A.-Employee Benefits

Date Filed: 04/20/2005
Jury Demand: None
Nature of Suit: 791 Labor: E.R.I.S.A.
Jurisdiction: Federal Question

**Plaintiff**

**MARTHA JANE TOY**
*INDIVIDUALLY, AND AS EXECUTRIX
AND PERSONAL REPRESENTATIVE
OF ESTATE OF RUSSELL B. TOY,
DECEASED*

represented by **WILLIAM B. HILDEBRAND**
LAW OFFICES OF WILLIAM B.
HILDEBRAND, L.L.C.
1040 KINGS HIGHWAY NORTH
SUITE 601
CHERRY HILL, NJ 08034
856-482-7100
Email: whildebrand1@comcast.net
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**PLUMBERS & PIPEFITTERS
LOCAL UNION NO. 74 PENSION
PLAN**

represented by **D. FON MUTTAMARA-WALKER**
YOUNG CONAWAY STARGATT &
TAYLOR LLP
1000 WEST ST., 17TH FL
WILMINGTON, DE 19801
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**TIMOTHY J. SNYDER**
YOUNG, CONAWAY, STARGATT
AND TAYLOR
RODNEY SQUARE NORTH
10TH FLOOR, P.O. BOX 391
WILMINGTON, DE 19899-0391
FAX 302-571-0453
Fax: FAX 302-571-0453
Email: tsnyder@ycst.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**CURTIS J. CROWTHER**
YOUNG CONAWAY STARGATT &

TAYLOR
1000 WEST STREET
17TH FLOOR
WILMINGTON, DE 19899-0391
302-571-6755
Email: ccrowther@ycst.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**TRUSTEES OF PLUMBERS &
PIPEFITTERS LOCAL UNION 74
PENSION PLAN**

represented by **D. FON MUTTAMARA-WALKER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TIMOTHY J. SNYDER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CURTIS J. CROWTHER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**HEALTH AND WELFARE PLAN,
LOCAL 74, WELFARE BENEFIT
PLAN**

represented by **D. FON MUTTAMARA-WALKER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TIMOTHY J. SNYDER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CURTIS J. CROWTHER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LIFE INSURANCE PLAN, LOCAL
74, WELFARE BENEFIT PLAN**

represented by **D. FON MUTTAMARA-WALKER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TIMOTHY J. SNYDER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CURTIS J. CROWTHER**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ADMINISTRATORS OF PENSION AND WELFARE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 WELFARE PLAN**

represented by **D. FON MUTTAMARA-WALKER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TIMOTHY J. SNYDER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CURTIS J. CROWTHER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PLAN ADMINISTRATOR OF PENSION & WELFARE PLANS, INSURANCE PLANS, AND HEALTH AND WELFARE BENEFIT PLAN**

represented by **D. FON MUTTAMARA-WALKER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TIMOTHY J. SNYDER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CURTIS J. CROWTHER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LIFE INSURANCE PLAN, LOCAL 74, INSURANCE PLAN**

represented by **CURTIS J. CROWTHER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**D. FON MUTTAMARA-WALKER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TIMOTHY J. SNYDER**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| 04/20/2005 | 1 | COMPLAINT against all defendants ( Filing fee $ 250 receipt number 915741.), filed by MARTHA JANE TOY.(tj, ) (Entered: 04/20/2005) |
| 04/20/2005 | | Summons Issued; 7 Mailed to counsel 4/20/05 as to ADMINISTRATORS OF PENSION AND WELFARE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 WELFARE PLAN, PLAN ADMINISTRATOR OF PENSION & WELFARE PLANS, INSURANCE PLANS, AND HEALTH AND WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, INSURANCE PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION 74 PENSION PLAN, HEALTH AND WELFARE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN. (tj, ) (Entered: 04/20/2005) |
| 04/22/2005 | 2 | ORDER THAT THE COMPLAINT IS DISMISSED WITH PRJUDICE PURSUANT TO THE DOCTRIN OF RES JUDICATA. THE CLERK OF COURT IS DIRECTED TO CLOSE THIS CASE. SIGNED BY JUDGE BERLE M. SCHILLER ON 04/21/05. 04/22/05 ENTERED AND COPIES E-MAILED.(ac, ) (Entered: 04/22/2005) |
| 04/28/2005 | 3 | MOTION for Reconsideration filed by MARTHA JANE TOY.memorandum, brief, affidavit, certification of counsel, certificate of service. (Attachments: # 1)(HILDEBRAND, WILLIAM) (Entered: 04/28/2005) |
| 05/02/2005 | 4 | ORDER THAT PLAINTIFF'S MOTION FOR RECONSIDERATION IS GRANTED AND THAT THIS COURT'S APRIL 21, 2005 ORDER DISMISSING THE CASE WITH PREJUDICE PURSUANT TO THE DOCTRINE OF RES JUDICATA IS HEREBY VACATED. SIGNED BY JUDGE BERLE M. SCHILLER ON 05/02/05. 05/02/05 ENTERED AND COPIES MAILED.(ac, ) (Entered: 05/02/2005) |
| 07/05/2005 | 5 | NOTICE by ADMINISTRATORS OF PENSION AND WELFARE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 WELFARE PLAN, PLAN ADMINISTRATOR OF PENSION & WELFARE PLANS, INSURANCE PLANS, AND HEALTH AND WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, INSURANCE PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION 74 PENSION PLAN, HEALTH AND WELFARE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN re 1 Complaint *Notice of Motion to Dismiss or Transfer* (SNYDER, TIMOTHY) (Entered: 07/05/2005) |
| 07/05/2005 | 6 | First MOTION to Dismiss *or Transfer* filed by ADMINISTRATORS OF PENSION AND WELFARE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 WELFARE PLAN, PLAN ADMINISTRATOR OF PENSION & WELFARE PLANS, INSURANCE PLANS, AND HEALTH AND WELFARE BENEFIT |

| | | |
|---|---|---|
| | | PLAN, LIFE INSURANCE PLAN, LOCAL 74, INSURANCE PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION 74 PENSION PLAN, HEALTH AND WELFARE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN.Brief, Affidavit, Certificate of Service. (Attachments: # 1 Text of Proposed Order Proposed Motion to Dismiss Complaint# 2 Text of Proposed Order Proposed Order for Motion to Transfer)(SNYDER, TIMOTHY) (Entered: 07/05/2005) |
| 07/05/2005 | 7 | RESPONSE in Support re 6 First MOTION to Dismiss *or Transfer* filed by ADMINISTRATORS OF PENSION AND WELFARE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 WELFARE PLAN, PLAN ADMINISTRATOR OF PENSION & WELFARE PLANS, INSURANCE PLANS, AND HEALTH AND WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, INSURANCE PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION 74 PENSION PLAN, HEALTH AND WELFARE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN. (Attachments: # 1 Exhibit Affidavit of Scott Ernsberger# 2 Exhibit Unreported Cases Part One# 3 Exhibit Unreported Cases Part Two) (SNYDER, TIMOTHY) (Entered: 07/05/2005) |
| 07/16/2005 | 8 | RESPONSE to Motion re 6 First MOTION to Dismiss *or Transfer* filed by MARTHA JANE TOY. (Attachments: # 1 # 2)(HILDEBRAND, WILLIAM) (Entered: 07/16/2005) |
| 07/19/2005 | 9 | ORDER THAT DEFENDANTS' MOTION TO DISMISS IS DENIED WITHOUT PREJUDICE. LIMITED DISCOVERY SHALL CLOSE FRIDAY, AUGUST 26, 2005. DEFENDANTS MAY RE-FILE THE MOTION TO DISMISS NO LATER THAN FRIDAY, SEPTEMBER 2, 2005. PLAINTIFF SHALL RESPOND TO THE RE-FILED MOTION NO LATER THAN FRIDAY, SEPTEMBER 9, 2005 . SIGNED BY JUDGE BERLE M. SCHILLER ON 07/19/05. 07/19/05 ENTERED AND COPIES E-MAILED.(ac, ) (Entered: 07/19/2005) |
| 07/19/2005 | 10 | MOTION for Leave to File filed by ADMINISTRATORS OF PENSION AND WELFARE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 WELFARE PLAN, PLAN ADMINISTRATOR OF PENSION & WELFARE PLANS, INSURANCE PLANS, AND HEALTH AND WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, INSURANCE PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION 74 PENSION PLAN, HEALTH AND WELFARE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN.Defendants' Motion for Leave to File a Reply Brief in Support of Defendants' Motion to Dismiss or Transfer. (SNYDER, TIMOTHY) (Entered: 07/19/2005) |
| | | |

| 07/19/2005 | 11 | RESPONSE in Support re 10 MOTION for Leave to File filed by ADMINISTRATORS OF PENSION AND WELFARE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 WELFARE PLAN, PLAN ADMINISTRATOR OF PENSION & WELFARE PLANS, INSURANCE PLANS, AND HEALTH AND WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, INSURANCE PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION 74 PENSION PLAN, HEALTH AND WELFARE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN. (Attachments: # 1 Exhibit Unreported Case# 2 Text of Proposed Order Proposed Order# 3 Supplement Certificate of Service)(SNYDER, TIMOTHY) (Entered: 07/19/2005) |
| 07/20/2005 | 12 | ORDER THAT DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY BRIEF IS DENIED AS MOOT. DEFENDANT MAY RE-FILE ITS MOTIONS TO DISMISS IN ACCORDANCE WITH THIS COURT'S ORDER OF JULY 19, 2005. SIGNED BY JUDGE BERLE M. SCHILLER ON 07/20/05.07/21/05 ENTERED AND COPIES E-MAILED. (ac, ) (Entered: 07/21/2005) |
| 08/09/2005 | 13 | APPLICATION OF D. FON MUTTAMARA-WALKER, ESQUIRE TO PRACTICE IN THIS COURT BY ADMINISTRATORS OF PENSION AND WELFARE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 WELFARE PLAN, PLAN ADMINISTRATOR OF PENSION & WELFARE PLANS, INSURANCE PLANS, AND HEALTH AND WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, INSURANCE PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION 74 PENSION PLAN, HEALTH AND WELFARE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, STATEMENT, CERTIFICATE OF SERVICE. (ac, ) (Entered: 08/10/2005) |
| 08/11/2005 | 14 | NOTICE of Appearance by CURTIS J. CROWTHER on behalf of ADMINISTRATORS OF PENSION AND WELFARE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 WELFARE PLAN, PLAN ADMINISTRATOR OF PENSION & WELFARE PLANS, INSURANCE PLANS, AND HEALTH AND WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, INSURANCE PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION 74 PENSION PLAN, HEALTH AND WELFARE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN with Certificate of Service (CROWTHER, CURTIS) (FILED IN ERROR BY ATTORNEY; ATTORNEY RE-FILED CORRECT DOCUMENT) Modified on 8/12/2005 (np). (Entered: 08/11/2005) |

| | | |
|---|---|---|
| 08/11/2005 | 15 | NOTICE of Appearance by CURTIS J. CROWTHER on behalf of ADMINISTRATORS OF PENSION AND WELFARE PLANS, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 WELFARE PLAN, PLAN ADMINISTRATOR OF PENSION & WELFARE PLANS, INSURANCE PLANS, AND HEALTH AND WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, INSURANCE PLAN, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 74 PENSION PLAN, TRUSTEES OF PLUMBERS & PIPEFITTERS LOCAL UNION 74 PENSION PLAN, HEALTH AND WELFARE PLAN, LOCAL 74, WELFARE BENEFIT PLAN, LIFE INSURANCE PLAN, LOCAL 74, WELFARE BENEFIT PLAN with Certificate of Service (CROWTHER, CURTIS) (Entered: 08/11/2005) |
| 08/12/2005 | 16 | ORDER THAT THE APPLCIATION OF D. FON MUTTAMARA-WALKER, ESQUIRE TO PRACTICE IN THIS COURT ON BEHALF OF THE DEFENDANTS IS GRANTED. SIGNED BY JUDGE BERLE M. SCHILLER ON 08/12/05. 08/12/05 ENTERED AND COPIES MAILED AND FAXED.(ac, ) (Entered: 08/12/2005) |
| 08/23/2005 | 17 | ORDER THAT DEFENDANTS MAY RE-FILE THE MOTION TO DISMISS NO LATER THAN FRIDAY, 9/9/05. PLAINTIFF SHALL RESPOND TO THE RE-FILED MOTION NO LATER THAN FRIDAY, 9/16/05. SIGNED BY JUDGE BERLE M. SCHILLER ON 8/23/05. 8/23/05 ENTERED AND COPIES MAILED, E-MAILED.(fdc) (Entered: 08/23/2005) |
| 08/24/2005 | 18 | AMENDED ORDER THAT PARAGRAPH TWO OF THIS COURT'S ORDER OF AUGUST 23, 2005 IS AMENDED TO READ: "PLAINTIFFS MAY DEPOSE A 30(b)(6) WITNESS RELATED SOLELY TO THE INFORMATION CONTAINED IN PARAGRAPH ONE: THE DEPOSITION SHALL TAKE PLACE ON MONDAY, AUGUST 29, 2005, AT 9:00 A.M AT MR. CROWTHER'S OFFICES." COUNSEL FOR DEFENDANTS SHALL EXPEDITIOUSLY PRODUCE THE INFORMATION AND DOCUMENTS OUTLINED IN PARAGRAPH ONE OF THIS COURT'S ORDER OF AUGUST 23, 2005. SIGNED BY JUDGE BERLE M. SCHILLER ON 08/24/05. 08/24/05 ENTERED AND COPIES MAILED AND E-MAILED.(ac, ) (Entered: 08/24/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/25/2005 08:46:01 | | |
| PACER Login: | wh0665 | Client Code: | TOY |
| Description: | Docket Report | Search Criteria: | 2:05-cv-01814-BMS |
| Billable Pages: | 5 | Cost: | 0.40 |