## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

Martha Jane Toy, individually, and as Executrix and Personal
Representative of the Estate of Russell B. Toy, deceased, )

    Plaintiffs,

v.                                   C.A. No. 05-00760 (JJF)

Plumbers & Pipefitters Local Union No. 74 Pension Plan,
Trustees of Plumbers & Pipefitters Local Union No. 74 Pension
Plan, Health and Welfare Plan, Local 74, Welfare Benefit Plan,
Life Insurance Plan, Local 74, Welfare Benefit Plan, Life
Insurance Plan, Local 74, Insurance Plan, Administrators of
Pension and Welfare Plans, Trustees of Plumbers & Pipefitters
Local Union No. 74 Welfare Plan, Plan Administrator of Pension
& Welfare Plans, Insurance Plans, and Health and Welfare
Benefit Plan,

    Defendants.

---

### DEFENDANTS' REPLY BRIEF IN RESPONSE TO WILLIAM B. HILDEBRAND, ESQUIRE'S BRIEF IN OPPOSITION TO MOTION FOR ATTORNEY'S FEES UNDER 29 U.S.C. § 1132 (g)(1) AND/OR 28 U.S.C. § 1927

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
fmuttamara-walker@ycst.com
(302) 571-6600
(302) 571-1253/fax

*Attorneys for Defendants*

Dated: August 21, 2006

## TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDINGS ................................................................ 1

STATEMENT OF FACTS ................................................................................................ 4

INTRODUCTION AND SUMMARY OF ARGUMENT .......................................................... 10

ARGUMENT .................................................................................................................. 12

   I.     DEFENDANTS' MOTION FOR ATTORNEYS' FEES  SHOULD BE GRANTED... 12

      A.  Defendants' Motion For Attorney's Fees Was Timely Filed. ....................................... 12

      B.  Mr. Hildebrand Was Counsel Of Record In The Action
          Both In The Eastern District Of Pennsylvania And The District Of Delaware............. 13

      C.  Mr. Hildebrand Neither Confirms Nor Denies Defendants' Contention
          That He Is Able To Satisfy A Judgment For Attorney's Fees...................................... 14

      D.  Mr. Hildebrand Had An Obligation To Perform An Independent
          Investigation Into The Facts and Issues........................................................................ 14

      E.  This Honorable Court May Award Attorney's Fees Pursuant to 28 U.S.C. § 1927...... 16

CONCLUSION.............................................................................................................. 17

DB02:5466952.6

061011.1008

## TABLE OF AUTHORITIES

**Cases**

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
    278 F.3d 175 (3d Cir. 2002) ...................................................................................................... 16

*Nascone v. Spudnuts, Inc.*,
    735 F.2d 763 (3d Cir. 1984) ...................................................................................................... 12

**Statutes**

28 U.S.C. § 1291........................................................................................................................... 12

28 U.S.C. § 1404........................................................................................................................... 12

28 U.S.C. § 1406.............................................................................................................. 5, 12, 13

28 U.S.C. § 1920........................................................................................................................... 16

**Rules**

Fed. R. Civ. P. 54.................................................................................................................. 11, 13

DB02:5466952.6                                                                              061011.1008

## NATURE AND STAGE OF THE PROCEEDINGS[1]

This was an action arising out of the Employment Retirement Income Security Act of 1974 ("ERISA"). The instant action was originally commenced on April 20, 2005 when Martha Jane Toy, individually, and as Executrix and Personal Representative of the Estate of Russell B. Toy, deceased (collectively "Plaintiff"), filed a four count complaint in the Eastern District of Pennsylvania against Plumbers & Pipefitters Local Union No. 74 Pension Plan ("Pension Plan"), and Plumbers & Pipefitters Local Union No. 74 Welfare Plan ("Welfare Plan") (jointly "Funds" or "Plans") and the Trustees and Plan Administrators of the Funds (collectively "Trustees")[2] (the Funds and Trustees collectively referred to as "Defendants") alleging (1) wrongful denial of pension benefits under the Pension Fund; (2) wrongful denial of medical benefits under the Welfare Fund; (3) wrongful denial of life insurance benefits under the Welfare Fund; and (4) breach of fiduciary duty. (Complaint ¶¶ 8-25.)

This present action relates to another, separate case that was brought before and dismissed by the Eastern District of Pennsylvania ("Related Complaint"). The Related Complaint was filed on September 10, 2004 and included Richard Sigmond, Esquire ("Mr. Sigmond") as a named defendant. In an attempt to create venue where none existed, the Related Complaint claimed that Mr. Sigmond was the plan administrator even though counsel for Plaintiff knew that Mr. Sigmond was merely the attorney for the Funds. Mr. Sigmond is an attorney with an office located in Philadelphia, Pennsylvania. The Related Complaint was

---

[1] Defendants respectfully submit that this Court has been fully briefed on the nature and stage of the proceedings of this action. For purposes of replying to Mr. Hildebrand's opposition brief, Defendants will recite the most relevant proceedings. Defendants respectfully refer the Court to briefs in support of Defendants' Motion to Dismiss and for Partial Summary Judgment and Defendants' Motion for Attorneys Fees for a detailed summary of the nature and stage of the proceedings.

[2] The Trustees are designated as the Plan Administrator. (Complaint ¶ 7.)

dismissed, with prejudice, by the Eastern District of Pennsylvania during a status conference on

November 1, 2004 at which Plaintiff was represented by counsel. The only defendant that

Plaintiff had actually served with the Complaint at that time was Mr. Sigmond. Plaintiff, through

different counsel, appealed the dismissal of the Related Complaint to the Third Circuit Court of

Appeals. Through the mediation program established by the Third Circuit, the parties agreed

that Plaintiff would dismiss the appeal. In exchange, the Defendants agreed to toll the statute of

limitations from the date the Related Complaint was filed, September 10, 2004, and not raise the

doctrine of res judicata as a defense to any subsequent complaint.

Defendants did not agree, however, as Mr. Hildebrand contends in his Affidavit

of Counsel and his Brief in Opposition to Defendants' Motion for Attorney's Fees, "to permit

Plaintiff to pursue further proceedings regarding" the issue of jurisdiction. Aff. of Counsel at

para. 7; Hildebrand Br. in Opp. of Defs.' Mot. for Attorney's Fees at p. 3. In reality, counsel for

Defendants argued that jurisdiction was improper in Pennsylvania and contended that the only

reason Mr. Sigmond was named as a Defendant was to create jurisdiction. Mr. Hildebrand also

claims that the Agreement of Settlement of Appeal ("Settlement Agreement") allowed for

Plaintiff to re-file her Complaint in Pennsylvania. *Id.* In fact, the Settlement Agreement only

allowed for a tolling of the statute of limitations between September 10, 2004 and April 30, 2005

and did not specifically refer to refilling the action in any jurisdiction. While Mr. Hildebrand

views the Settlement Agreement as "a total victory for Plaintiff," *Id.*, the reality is that

Defendants viewed the Settlement Agreement as a non-event since the claim would be barred by

the applicable statute of limitations anyway and that Mr. Stull, as being the attorney in the case

that established the statute of limitations on ERISA actions in Delaware, knew this already.

2

Mr. Hildebrand also claims that the Settlement Agreement provided for further litigation on the jurisdictional issue. *Id.* The plain language of the Settlement Agreement does not support this contention. In reality, Mr. David Cline, Esquire, then-counsel for Plaintiff, had agreed at the status conference that Mr. Sigmond was not an appropriate defendant and that in light of that fact, the case should be dismissed because there were no other contacts with Pennsylvania. It appears only Mr. Hildebrand (and Mr. Stull) continued to believe that jurisdiction and venue could somehow be fabricated in Pennsylvania.

Thereafter, Plaintiff re-filed her Complaint in the Eastern District of Pennsylvania on April 20, 2005, ten (10) days before the expiration of the agreed upon tolling of the statute of limitations. Litigation ensued and the parties engaged in extensive discovery on the venue issue that encompassed nearly a decade of records from the Plans. On September 28, 2005, this action was transferred to the District of Delaware by order of the District Court for the Eastern District of Pennsylvania finding that Defendants did not have the requisite minimum contacts with Pennsylvania to confer jurisdiction and that venue was improper.

In the District of Delaware, the parties again participated in substantive motion practice, resulting in a July 21, 2006 Memorandum Opinion issued in Defendants' favor, dismissing Plaintiff's entire Complaint. (D.I. 47.) On July 26, 2006, this Honorable Court issued a Final Judgment in favor of Defendants and against Plaintiff on all of Plaintiff's claims. (D.I. 50.)

Thereafter, Defendants filed this instant Motion for Attorney's Fees on August 3, 2006 (D.I. 51) along with a brief in support of the Motion for Attorney's Fees (D.I. 52). Mr.

Hildebrand filed an Answering Brief in Opposition.[3] (D.I. 57.) This is Defendants' Reply to Mr. Hildebrand's Answering Brief.

## STATEMENT OF FACTS

Individual plaintiff, Martha J. Toy ("Toy"), is the widow of Russell B. Toy ("Russell"). (Complaint ¶ 3.) Russell was a resident of Delaware, was employed in Delaware and a member of the Plumbers & Pipefitters Local Union No. 74 ("Union") in Delaware. Toy continues to receive fifty percent (50%) of Russell's disability pension benefits on a monthly basis at her home in Hartley, Delaware. Mr. Stull is a Delaware attorney with an office in Wilmington, Delaware. Mr. Stull represented Russell during the entire benefits application and appeals process. Mr. Stull also, through his then office-mate who was a member of the Pennsylvania bar, brought the Related Complaint in the Eastern District of Pennsylvania on September 10, 2004 on behalf of the Plaintiff. The Pension Plan and the Welfare Plan are both found in Delaware. The Plan Administrator, GemGroup, the third party administrator of the Pension Plan and Welfare Plan, maintain an office in Claymont, Delaware. The individual Trustees all reside in Delaware. Mr. Sigmond, counsel to the Funds, is an attorney with an office located in Philadelphia, Pennsylvania. Mr. Stull knew that Mr. Sigmond was counsel to the Funds because Mr. Stull had been corresponding with Mr. Sigmond during the denial of benefits process and subsequent administrative appeal.

During the pendency of the appeal to the Third Circuit Court of Appeals, the parties participated in a mediation conference. The parties then agreed to the Settlement Agreement. The Settlement Agreement did not permit or authorize Plaintiff to pursue further proceedings regarding any issue relating to jurisdiction or venue, did not agree to allow Plaintiff

---

[3] Although Mr. Hildebrand signed and served the Answering Brief on his own, Mr. Stull

to re-file her Complaint in Pennsylvania, and only allowed for a tolling of the statute of limitations between September 10, 2004 and April 30, 2005. Mr. Hildebrand had requested counsel for Defendants to remand the case for purposes of litigating venue and jurisdiction in Pennsylvania in earlier correspondence, however, counsel for Defendants did not agree to a remand and the case was never remanded. There was obviously no agreement "to permit Plaintiff to pursue further proceedings regarding" the jurisdictional issue, otherwise, the case would have been remanded as Mr. Hildebrand had requested. Instead, because there was no such agreement to permit Plaintiff to re-litigate the jurisdictional issue, Plaintiff re-filed a new Complaint.

After Plaintiff re-filed her Complaint, Defendants filed a Motion to Dismiss on July 5, 2005 contending that the District Court for the Eastern District of Pennsylvania did not have jurisdiction and that venue was improper in Pennsylvania. The District Court for the Eastern District of Pennsylvania denied, without prejudice, Defendants' Motion to Dismiss and ordered, at the request of Plaintiff's Counsel, limited discovery on the issue of venue and jurisdiction. After proceeding through contentious and extensive discovery, Defendants filed a second Motion to Dismiss, contending that the facts (again) supported Defendants' position that the court did not have jurisdiction and venue was improper in Pennsylvania.

In conjunction with briefing on the second Motion to Dismiss, Plaintiff's Counsel specifically requested transfer of venue under 28 U.S.C. § 1406 in the event the court determined that venue was improper in the Eastern District of Pennsylvania as an alternative to outright dismissal of the case. As a result, the District Court for the Eastern District of Pennsylvania

---

apparently electronically filed the Answering Brief on Mr. Hildebrand's behalf.

transferred this action to the District of Delaware after concluding that it lacked jurisdiction over the case and that Pennsylvania was an improper venue.

Mr. Hildebrand claims that Defendants did not "prevail" in their Motion to Dismiss since it was "denied". In reality, Defendants, through their Motion to Dismiss, sought to have jurisdiction in Pennsylvania declared improper and requested dismissal of the action as a remedy for that improper jurisdiction. Dismissal was not the only remedy that would have resolved the issue. In fact, the court agreed to apply an alternative remedy requested by Plaintiffs' Counsel and transferred the action to an appropriate jurisdiction. The District Court for the Eastern District of Pennsylvania agreed with Defendants' position that Pennsylvania did not have jurisdiction and that venue was otherwise completely improper. Mr. Hildebrand also claims that Defendants did not "prevail" in their Motion for Leave to File a Reply brief. This contention is irrelevant since the court agreed with Defendants' substantive position that there was no jurisdiction in Pennsylvania and venue was improper. The court denied leave to file a reply brief as moot since Plaintiffs' answering brief (even without the aid of the reply brief) was insufficient for the court to find jurisdiction or venue in Pennsylvania. Basically, the Plaintiff could not set forth facts that supported even remotely minimum contacts with Pennsylvania that would justify jurisdiction and venue there in this case.

Mr. Hildebrand also repeatedly claims that he relied on Mr. Stull's July 26, 2005 letter in support of Plaintiff's contention that "substantial" contacts existed in Pennsylvania. Mr. Hildebrand's reliance, if true, is patently unreasonable.

First, the District Court for the Eastern District of Pennsylvania held in its Memorandum and Order that Plaintiff could not even show the mere minimum of contacts to establish jurisdiction in Pennsylvania. Additionally, the July 26, 2005 letter Mr. Hildebrand

6

claims he was relying on as support for the contention that substantial contacts existed referred to contacts the Union allegedly had with Pennsylvania. As discussed, *infra* in subsection D., the Union is not a party to this litigation and has never been a party. Thus, any contacts the Union may have with any other state is irrelevant to the issue of jurisdiction and venue as to the Plans. Any Pennsylvania employers contributing to the Pension Plan and the Welfare Plan did so for work performed in Delaware. The contributing employer's location was of no consequence. Likewise, simply because there were Union members, or even members of the Funds, who may have resided in Pennsylvania, this fact did not convey general jurisdiction and venue over the Funds in Pennsylvania. The case law on venue, as discussed in Defendants' Motion to Dismiss, is clear on what is required to confer venue in ERISA cases. Plaintiff failed miserably in presenting any facts that would have supported even the requisite minimum contacts.

Second, this action was filed on April 20, 2005. Mr. Stull's letter is dated July 26, 2005. It defies logic for Mr. Hildebrand to claim that he filed the action in good faith under a "bona fide" representation from Mr. Stull's July 26, 2005 letter, since the letter was not even written until more than three (3) months after Mr. Hildebrand re-filed the Complaint in Pennsylvania. Mr. Hildebrand did not file this action based on the information transmitted by Mr. Stull. Instead, by Mr. Hildebrand's own admission, he re-filed the action based on his own independent "research". *See* letter from Mr. Hildebrand, Esquire to Mr. Richard Sigmond, Esquire dated January 25, 2005 (attached to Aff. of Counsel as Exhibit C). In Mr. Hildebrand's January 25 letter, he informs Mr. Sigmond that his "research indicates that Pennsylvania is an appropriate forum to resolve this dispute." *Id.* Mr. Hildebrand failed to give any basis for the assertion that Pennsylvania was an appropriate forum, and to date, Mr. Hildebrand has never produced any evidence to support such a contention. Moreover, in response to the first Motion

to Dismiss filed in the action, Mr. Hildebrand claimed that the Plaintiff needed discovery to

establish jurisdiction and venue in Pennsylvania.  It seems disingenuous to contend on January

25, 2005 that Mr. Hildebrand's "research indicates that Pennsylvania is an appropriate forum"

and then claim in response to a Motion to Dismiss for Improper Venue that the same party

requires discovery to set forth any basis for such jurisdiction or venue.  However, that is exactly

what occurred in this case.

      Mr. Stull's July 26 letter, which Mr. Hildebrand claims to have relied upon in

satisfying himself that enough evidence existed to confer jurisdiction on the District Court for the

Eastern District of Pennsylvania, was written some six (6) months after Mr. Hildebrand's initial

letter to Mr. Sigmond.  Additionally, Mr. Stull's July 26 letter was written almost a month after

Defendants' first Motion to Dismiss filed on July 5, 2005.  Furthermore, on July 16, 2005, it was

Mr. Hildebrand that requested discovery in his response to Defendants' first Motion to Dismiss.

      Mr. Hildebrand requested discovery before he even received Mr. Stull's July 26

letter upon which he now asserts that he relied upon in satisfying himself that "substantial"

contacts existed in Pennsylvania to maintain jurisdiction and venue.  Apparently, Mr. Hildebrand

had no real basis for his conclusion that "substantial" contacts existed to confer jurisdiction in

the Eastern District of Pennsylvania when he wrote the letter of January 25, 2005 or when he re-

filed the action in the Eastern District of Pennsylvania on April 20, 2005.

      Mr. Hildebrand's "facts" and timeline also cause some confusion.  Mr.

Hildebrand contends that he was retained by Mr. Stull on March 23, 2005 "for the purpose of

determining whether Defendants had sufficient 'minimum contacts' with Pennsylvania to justify

suing them there."  Hildebrand's Br. in Opp. of Defs.' Mot. for Attorney's Fees at p. 3.

However, in Mr. Hildebrand's January 2005 letter, he informed Mr. Sigmond that his "research

                                          

indicate[d] that Pennsylvania is an appropriate forum to resolve this dispute." Letter from Mr.

Hildebrand to Mr. Sigmond dated January 25, 2005. It is inconsistent for Mr. Hildebrand to

contend that he was "retained" in March 2005 for the purposes of determining whether there

were minimum contacts, but insisted in January 2005 that his research indicated that

Pennsylvania was a proper forum, and to also assert that the basis for his belief that "substantial"

contacts existed was Mr. Stull's July 2005 letter. Mr. Hildebrand's timeline is simply

inconsistent and illogical.

      Ultimately, Mr. Hildebrand forced Defendants to engage in a discovery fishing

expedition regarding jurisdiction and venue in Pennsylvania. Mr. Hildebrand states that he

opposed Defendants' first Motion to Dismiss "arguing that dismissal was premature until the

parties had an opportunity to engage in discovery regarding the nature and extent of Defendants'

contacts with Pennsylvania." Hildebrand's Br. in Opp. of Defs.' Mot. for Attorney's Fees at p.

4. As stated, *supra*, if Mr. Hildebrand's "research" in January 2005 led him to the conclusion

that there were enough contacts to make Pennsylvania a proper forum, why did he insist on

discovery on this same issue in July 2005? Clearly, Mr. Hildebrand was the one pressing

discovery on an issue he apparently possessed no facts about and, despite claiming that he had

done "research" on the issue in January 2005, had no reasonable basis to conclude that

jurisdiction or venue was appropriate in Pennsylvania.

      Mr. Hildebrand also contends that he "never met with or spoke to Mrs. Toy,"

Hildebrand's Br. in Opp. of Defs.' Mot. for Attorney's Fees at p. 5; Aff. of Counsel at para. 12.,

                                                             

however, in Mr. Hildebrand's January 25 letter, he states, "I am representing Mrs. Toy, not Mr.
Stull," *see* letter from Mr. Hildebrand to Mr. Sigmond dated January 25, 2005.[4]

   Additionally, Mr. Hildebrand states that "[d]iscovery revealed that Defendants
had substantial contacts with Pennsylvania, making the assertion of jurisdiction in that forum
plausible." Hildebrand's Br. in Opp. of Defs.' Mot. for Attorney's Fees at p. 6. The reality is
actually the opposite of Mr. Hildebrand's contention. The District Court for the Eastern District
of Pennsylvania agreed with Defendants and concluded that Plaintiff did not even offer evidence
of minimum contacts, let alone substantial contacts, necessary to establish jurisdiction. Mr.
Hildebrand's attempt to convince this Court otherwise is appalling.

## INTRODUCTION AND SUMMARY OF ARGUMENT

   Defendants' Motion for Attorney's Fees seeks attorney's fees from John M. Stull,
Esquire ("Mr. Stull"), Law Offices of John M. Stull, Esquire, William B. Hildebrand, Esquire
("Mr. Hildebrand"), and Law Offices of William B. Hildebrand, L.L.C. under 29 U.S.C. §
1132(g)(1) and/or 28 U.S.C. § 1927. Mr. Hildebrand has filed a Brief in Opposition to
Defendants' Motion for Attorney's Fees contending (1) that "Defendants are not entitled to fees
for any actions that occurred in Pennsylvania," (2) that "attorney's fees should not be assessed
against an attorney who is not counsel-of-record in Delaware;" and (3) that "there is no factual or
legal basis for imposing sanctions against Pennsylvania counsel pursuant to 28 U.S.C. § 1927."
Mr. Hildebrand's arguments lack substantive and factual merit and must be rejected.

   Although this action has spanned across two jurisdictions, it is still only one
action. The attorneys have been the same and there has only been one final judgment in the

---

[4] Interestingly, the reference to the identity of his "client" was in response to complaints by
Defendants' counsel that Mr. Stull was bringing this action in Pennsylvania for an improper

action that triggers the right of Defendants, as the prevailing parties, to seek the recovery of attorney's fees under 29 U.S.C. § 1132(g)(1) and/or 28 U.S.C. § 1927. The events that have occurred in the District of Delaware are merely a continuation of the case that was originally commenced in the Eastern District of Pennsylvania. Contrary to Mr. Hildrebrand's assertion, Defendants are not requesting attorney's fees for the prior Third Circuit Appeal (or the first case in the Eastern District of Pennsylvania). Defendants' filed their motion within fourteen (14) days of a final judgment of this action pursuant to Fed. R. Civ. P. 54(d)(2)(B), and thus, the Motion for Attorney's Fees is not time-barred.[5]

Mr. Hildebrand contends that he is not "counsel-of-record" in Delaware, however, his Motion for Pro Hac Admission was granted on November 15, 2006 by this Court. (D.I. 39.) Defendants have continued to serve all pleadings on Mr. Hildebrand that have been filed, even though Defendants were only required to serve Mr. Stull as local counsel, during the pendency of the entire Delaware case.

Mr. Hildebrand has also failed to provide any evidence that he is financially unable to satisfy an award of fees against him. To the extent Mr. Hildebrand is denying his ability to satisfy a judgment, Defendants submit that Mr. Hildebrand should be required to be subjected to discovery on this issue.[6]

---

purpose – because the statute of limitations barred it in Delaware and Mr. Stull had failed to commence a timely action in Delaware.

[5] Fed. R. Civ. P. 54(2)(B) specifically provides that a claim for attorney's fees must be brought by motion within fourteen (14) days after entry of judgment. Rule 54(2)(E), however, excludes claims for attorney's fees and expenses under 28 U.S.C. § 1927 from the provisions of Fed. R. Civ. P. 54. Section 1927 does not provide a time period for bringing a motion for attorney's fees.

[6] Defendants had specifically requested in the Motion for Attorney's Fees that Defendants be authorized to engage in discovery on the ability to satisfy an award of attorney's fees if either Mr. Stull or Mr. Hildebrand denied that they or their firm were able to satisfy any award. While Mr. Hildebrand did not deny the statement, his contention that it was not proven warrants the

As outlined in Defendants Brief in Support of their Motion for Attorney's Fees, numerous legal and factual bases exist for the imposition of sanctions under 29 U.S.C. § 1132(g)(1) and/or 28 U.S.C. § 1927. Mr. Hildebrand was served with the same briefs, discovery, facts and law pertaining to the lack of contacts between Defendants and Pennsylvania and yet refused to voluntarily dismiss the action even though it was clearly barred by the Delaware statute of limitations. The reality is, Mr. Stull and Mr. Hildebrand were acting in concert to fabricate and manipulate venue and jurisdiction in Pennsylvania in order to cover up Mr. Stull's malpractice and failure to timely file this action in Delaware.

## ARGUMENT

### I.    DEFENDANTS' MOTION FOR ATTORNEYS' FEES SHOULD BE GRANTED

#### A.    Defendants' Motion For Attorney's Fees Was Timely Filed.

Mr. Hildebrand contends that Defendants are time-barred from pursuing a request for attorney's fees for the Third Circuit appeal. However, Defendants have not sought attorney's fees for the Third Circuit appeal or the original underlying Pennsylvania action. Defendants, through this Motion, are seeking attorney's fees only for the Eastern District of Pennsylvania action filed in April 2005 and later transferred to the District of Delaware. The judgment in the Eastern District of Pennsylvania transferring venue to Delaware was not a final judgment. *Nascone v. Spudnuts, Inc.*, 735 F.2d 763, 772-73 (3d Cir. 1984) ("orders granting or denying motions to transfer under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) are not immediately appealable under 28 U.S.C. § 1291 as collaterally final orders."). Accordingly, the time period

---

Court permitting Defendants to take discovery regarding Mr. Hildebrand's finances as well as those of his law firm.

provided under Fed. R. Civ. P. 54(2)(B) was not triggered until this Court entered the judgment in the case on the Motion to Dismiss.

Defendants were not required to pursue a request for attorney's fees in the Eastern District of Pennsylvania on a part of the action at the time of the transfer to the District of Delaware because there had not been a final order in the case and Defendants had not yet prevailed on the merits of the action. Defendants timely filed their Motion for Attorney's Fees after the Court entered judgment on July 21, 2006 and Final Judgment on July 26, 2006.

**B.    Mr. Hildebrand Was Counsel Of Record In The Action Both In The Eastern District Of Pennsylvania And The District Of Delaware.**

Mr. Hildebrand next contends that he was not counsel of record in the Delaware part of the action. Defendants are confused by this contention since this Court granted Mr. Hildebrand's Motion for Pro Hac Admission on November 15, 2005. Additionally, Mr. Hildebrand appears as "Of Counsel" on behalf of Plaintiff in the Court's July 21, 2006 Memorandum Opinion. Furthermore, Mr. Hildebrand was counsel of record when the action was in the Eastern District of Pennsylvania, and when the action was transferred to the District of Delaware. Mr. Hildebrand never sought to withdraw as counsel. Moreover, it was Mr. Hildebrand who requested that, instead of the case being dismissed by the Eastern District of Pennsylvania, that it be transferred to the District of Delaware pursuant to 28 U.S.C. § 1406. The transfer order did not absolve Mr. Hildebrand of his role as counsel for Plaintiff. Not only did Mr. Hildebrand not withdraw as counsel, Mr. Stull moved Mr. Hildebrand's *pro hac vice* admission pursuant to Local Rule 83.5 and attached a certification from Mr. Hildebrand with a conformed electronic signature.[7] Defendants have served, and continue to serve Mr. Hildebrand,

---

[7] After receiving Mr. Hildebrand's Answering Brief, counsel for the Defendants sent an email and a fax to Mr. Hildebrand expressing dismay at his contention that he was not involved in the

with all pleadings filed by Defendants. Mr. Stull, as Mr. Hildebrand's local counsel, is responsible for forwarding all other pleadings and filings to Mr. Hildebrand. Moreover, Defendants directed written correspondence to Mr. Hildebrand on October 6, 2005. Mr. Hildebrand never objected to his continued role as co-counsel for Plaintiff.

> **C.    Mr. Hildebrand Neither Confirms Nor Denies Defendants'
> Contention That He Is Able To Satisfy A Judgment For Attorney's
> Fees.**

Mr. Hildebrand also contends that he is "a sole practitioner and Defendants have no information regarding [his] finances." Hildebrand's Br. in Opp. of Defs.' Mot. For Attorney's Fees at p. 10. In this one and only statement concerning his financial wherewithal to satisfy a judgment against him, Mr. Hildebrand does not contend that he is financially unstable or unable to satisfy any judgment, rather only states that he is a sole practitioner. In their Brief in Support of their Motion for Attorney's Fees, Defendants requested: "[i]n the event Plaintiff's Counsel denies financial resources to satisfy an award of attorney's fees in this case, Defendants respectfully request that the Court permit discovery on the issue of the financial status of Plaintiff's Counsel." Defs.' Br. in Support of Mot. for Attorney's Fees at fn 13. Defendants respectfully renew their request that the Court permit discovery on this issue in the event the Court concludes that an award of attorney's fees is otherwise warranted and Mr. Hildebrand continues to assert that he is unable to satisfy a judgment against him for such attorney's fees.

> **D.    Mr. Hildebrand Had An Obligation To Perform An Independent
> Investigation Into The Facts and Issues.**

Mr. Hildebrand also contends that "[o]n July 26, 2005, Mr. Stull sent me a letter, indicating that Defendants had substantial contacts with Pennsylvania and therefore, jurisdiction

---

Delaware aspects of this case in light of the Motion for Admission Pro Hac Vice. Mr. Hildebrand did not respond to the inquiry.

14

in the Eastern District was proper." Aff. of Counsel at para. 8; Hildebrand's Br. In Op. of Defs.'
Mot. for Attorney's Fees at p.3. This letter is attached to Mr. Hildebrand's Affidavit of Counsel
at Exhibit F. Mr. Stull appears to have been transmitting a list of employment sites where
members of the Union worked. Defendants repeatedly informed Mr. Hildebrand that any Union
members working for employers outside the State of Delaware did so under collective bargaining
agreements, and those non-Delaware employers did not contribute to the Pension Plan or the
Welfare Plan. Moreover, on its face, the information provided by Mr. Stull pertained to
activities of the Union and not to the Pension Plan or the Welfare Plan that were the named
defendants in this action.

A plain reading of the Mr. Stull's letter clearly indicates that Mr. Stull was
transmitting a list of Union contacts, and not contacts for the Pension Plan or the Welfare Plan.
"In addition, I believe in your Toy file is a letter from Kathryn Toy (Mrs. Toy's mother-in-law)
listing names of Union members who she knows live in Pennsylvania." Letter from Mr. Stull to
Mr. Hildebrand dated July 26, 2006. The Union is not a named defendant to this action, and
contacts between the Union and any state are irrelevant to the issue of whether venue existed in
Pennsylvania to bring suit against the Pension Plan and the Welfare Plan. Mr. Hildebrand may
not blindly accept what his co-counsel informed him without reasonable, independent
investigation into the truth of the matter and use those facts to relieve him of any responsibility
or obligations in the case. Similarly, Mr. Hildebrand may not blindly accept the legal
conclusions of referring counsel that venue exists without actually making a reasonable
investigation of the facts and law supporting such conclusion. Blinders should not create a
defense to a claim for attorney's fees. Moreover, the timeline, and reliance upon Mr. Stull's
letter, asserted by Mr. Hildebrand are contradicted by the documents submitted by Mr.

15

Hildebrand including his January 2005 letter that states that he has "researched" the jurisdiction issue. Apparently, Mr. Hildebrand had not.

### E.    This Honorable Court May Award Attorney's Fees Pursuant to 28 U.S.C. § 1927.

Mr. Hildebrand states in his opposition brief, "[s]anctions are limited to the costs and expenses that result from the particular misconduct, and are limited to those which could be taxed under 28 U.S.C. § 1920." Mr. Hildebrand's Br. in Opp. of Defs.' Mot. for Attorney's Fees at p. 12-13. Mr. Hildebrand misleads the Court with this statement. The plain language of 28 U.S.C. § 1927 clearly allows for sanctions in the form of attorney's fees:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously <u>may be required by the court to satisfy personally the excess</u> costs, expenses, and <u>attorneys' fees</u> reasonably incurred because of such conduct.

28 U.S.C. § 1927 (emphasis added). Mr. Hildebrand cites to *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175 (3d Cir. 2002) as support for his contention that sanctions are limited only to costs and expenses. Mr. Hildebrand's Br. in Opp. of Defs.' Mot. for Attorney's Fees at p. 12-13. However, "<u>an award of fees</u> and costs pursuant to the court's inherent authority to control litigation will usually require a finding of bad faith." *In re Prudential*, 278 F.3d at 181 (emphasis added). Clearly, a court may award attorney's fees as a sanction under § 1927. In light of the conduct of Mr. Hildebrand, along with Mr. Stull, as described in Defendant's Motion for Attorney's Fees, bad faith warrants the award of fees in this case both for the Pennsylvania and the Delaware aspects of this case.

16

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendants' Brief in Support of Motion for Attorney's Fees, Defendants respectfully request that this Honorable Court award attorney's fees in favor of Defendants and against John M. Stull, Esquire, Law Offices of John M. Stull, Esquire, William B. Hildebrand, Esquire and Law Offices of William B. Hildebrand, L.L.C.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
(302) 571-1253/fax

*Attorneys for Defendants*

Dated: August 21, 2006

## CERTIFICATE OF SERVICE

I, D. Fon Muttamara-Walker, Esquire hereby certify that on this 21st day of

August, 2006, I caused to be electronically filed a true and correct copy of the foregoing

document with the Clerk of the Court using CM/ECF, which will send notification that such

filing is available for viewing and downloading to the following counsel of record:

> John M. Stull, Esq.
> 1300 North Market Street, Suite 700
> Wilmington, DE 19899

I further certify that on this 21st day of August, 2006, I caused a copy of the

foregoing document to be served by hand delivery on the above listed counsel of record and on

the following non-registered participant in the manner indicated below:

### BY FEDERAL EXPRESS

> William B. Hildebrand, Esq.
> The Law Offices of William B. Hildebrand, LLC
> 1040 N. Kings Hwy, Suite 601
> Cherry Hill, NJ 08034

> D. Fon Muttamara-Walker (No. 4646)
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19899-0391
> (302) 571-6600
> fmuttamara-walker@ycst.com
> *Attorneys for Defendants*