IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARTHA JANE TOY, Individually, And :
As Executrix And Personal            :
Representative Of The Estate Of      :
Russell B. Toy, Deceased,            :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :Civil Action No. 05-760-JJF
                                     :
PLUMBERS & PIPEFITTERS LOCAL UNION :
NO. 74 PENSION PLAN, TRUSTEES OF     :
PLUMBERS & PIPEFITTERS LOCAL UNION :
NO. 74 PENSION PLAN, HEALTH AND      :
WELFARE PLAN, LOCAL 74, WELFARE      :
BENEFIT PLAN, LIFE INSURANCE PLAN, :
LOCAL 74, INSURANCE PLAN, LOCAL 74,:
ADMINISTRATORS OF PENSION AND        :
WELFARE PLANS, TRUSTEES OF           :
PLUMBERS & PIPEFITTERS LOCAL UNION :
NO. 74 WELFARE PLAN, PLAN            :
ADMINISTRATOR OF PENSION WELFARE     :
PLANS, INSURANCE PLANS, AND HEALTH :
AND WELFARE BENEFIT PLAN,            :
                                     :
          Defendants.                :

_____

John M. Stull, Esquire, Wilmington, Delaware.
Of Counsel: William B. Hildebrand, Esquire of THE LAW OFFICES OF
WILLIAM B. HILDEBRAND, Cherry Hill, New Jersey.
Attorneys for Plaintiff.

Timothy J. Snyder, Esquire and Doungamon Fon Muttamara-Walker,
Esquire of YOUNG, CONAWAY, STARGATT, & TAYLOR, Wilmington,
Delaware.
Attorneys for Defendants.

_____

**MEMORANDUM OPINION**

July 23, 2007
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court are two Motions: Plaintiff's Motion For Rule 59 Reargument Of Memorandum And Order Entered July 21, 2006 To Dismiss Plaintiff's Complaint And Granting Defendants Motion For Summary Judgment (D.I. 54) and Defendant's Motion For Attorney's Fees Under 29 U.S.C. § 1132(g)(1) and 28 U.S.C. § 1927 (D.I. 51).  For the following reasons, both Motions will be denied.

## I. Background

Plaintiff filed her Complaint in the United States District Court for the Eastern District of Pennsylvania on September 10, 2004 (the "September 2004 complaint"), alleging a denial of pension, welfare and insurance benefits, and breach of Defendants' fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA").  That complaint was dismissed sua sponte by the District Court for lack of personal jurisdiction.  Following an Appellate mediation conference, Plaintiff refiled virtually the same complaint in the Eastern District of Pennsylvania on April 25, 2005 (the "April 2005 complaint").  The case was transferred to this Court on November 1, 2005, pursuant to 28 U.S.C. § 1406(a), because the District Court for the Eastern District of Pennsylvania determined that venue was improper there.  Defendants filed an Answer (D.I. 38) on November 7, 2005.  Defendants subsequently

2

filed a Motion To Dismiss And For Partial Summary Judgment (D.I. 41), which the Court granted in its Memorandum Opinion of July 21, 2006. (D.I. 47).

## II. Legal Standard

### A. Motion For Reconsideration

The purpose of granting motions for reconsideration is to correct manifest errors of law or fact, present newly discovered evidence, or to prevent manifest injustice. Harsco Corp. v. Zlotnicky, 779 F.2d 906, 909 (3d Cir. 1985). A court may grant a motion for reconsideration if the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

### B. Motion For Attorneys' Fees Pursuant To 29 U.S.C. § 1132(g)(1) and 28 U.S.C. § 1927

Pursuant to 29 U.S.C. § 1132(g)(1), a court may award reasonable attorneys' fees and costs in an action to recover benefits under the provisions of an ERISA plan. In considering such a request, Courts are to consider five factors: (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the

pension plan as a whole; and (5) the relative merits of the parties' positions. <u>Ursic v. Bethlehem Mines</u>, 719 F.2d 670, 673 (3d Cir. 1983).

Pursuant to 28 U.S.C. § 1927, a court also has "the authority and discretion to levy expenses, costs and fees against any attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously.'" <u>Murphy v. Hous. Auth. and Urban Redevelopment Agency of the City of Atlantic City</u>, 2002 U.S. App. LEXIS 21626, **3-4 (3d Cir. Oct. 16, 2002)(citing <u>Baker Industries, Inc. v. Valley Fair</u>, 764 F.2d 204, 208 (3d Cir. 1985)). "[T]he principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." <u>In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions</u>, 278 F.3d 175, 188 (3d Cir. 2002). To award attorneys' fees under § 1927, a court must find that "an attorney has (1) multiplied proceeding; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." <u>Id</u>.

**III. Discussion**

    A.   <u>Plaintiff's Motion For Reargument (D.I. 54)</u>

By her Motion, Plaintiff is requesting reargument of the Court's July 21, 2006 Memorandum And Order dismissing Plaintiff's complaint and granting Defendants' Motion For Summary Judgment

(D.I. 47).  However, beyond that, the Court is unable to discern which theory Plaintiff contends entitles her to reconsideration of the Court's decision.

To the extent that Plaintiff's Motion introduces "new" case law by presenting the Court with two cases not previously raised in her briefs,[1] the Court notes that these cases do not represent overlooked precedent, nor an intervening change in the law between the Court's July 21, 2006 Memorandum and Order and Plaintiff's Motion of August 4, 2006, as they were issued years before the Court's decision.

Further, the arguments in Plaintiff's motion, namely that Pennsylvania law should apply to the case and that Count IV seeks an equitable remedy, reiterate her earlier contentions on which the Court previously ruled.  In its July 21, 2006 Memorandum and Order, the Court determined that when a case is transferred to another venue for want of jurisdiction pursuant to 28 U.S.C. § 1406, the law of the transferee state, in this case Delaware, applies. (D.I. 47 at 4).  The Court then determined that Claims I, II and III were untimely because Plaintiff's cause of action had accrued more than one year before Plaintiff filed her

---

[1] McCoy v. Laborers Local No. 222 Pension Plan, 60 Fed. Appx. 396 (3d Cir. 2003), and Clarke v. Ford Motor Co., 343 F. Supp. 2d 714 (E.D. Wis. 2004).

5

original complaint.[2] Id at 6-7.  Finally, the Court determined

that Plaintiff was using Count IV not to obtain equitable relief,

but rather, to obtain a monetary judgment against Defendants. Id

at 9-10.  Plaintiff's motion for reargument presents nothing new

on these issues for the Court to consider.

Because Plaintiff has not identified an error of law or

fact, newly discovered evidence, or manifest injustice, and

because the Court does not believe it overlooked facts or

precedent that would alter the result of its decision, the Court

concludes that reconsideration is not warranted.  Accordingly,

the Court will deny the motion for reconsideration.

B.    Defendants' Motion For Attorney's Fees (D.I. 51)

By their motion for attorney's fees, Defendants seek to

recover the $84,771.30 allegedly spent in defending this action.[3]

Defendants contend that the Court should award attorney fees in

favor of Defendants and against Plaintiff's attorneys, John M.

Stull, Esquire ("Mr. Stull"), and William B. Hildebrand, Esquire

---

[2] Delaware's one-year statute of limitations covering
employment disputes governs Delaware ERISA disputes.  Syed v.
Hercules, Inc., 214 F.3d 155, 158-61 (3d Cir. 2000)(identifying
10 Del. C. § 8111 as the applicable statute of limitations on
claims for ERISA benefits).

[3] Defendants contend that they spent $63,128.20 in defending
this action in Pennsylvania, and an additional $21,643.10 in
defending this action in Delaware. (D.I. 52).

("Mr. Hildebrand") because of their conduct in this case.[4]

Mr. Stull is a Delaware attorney who has represented Plaintiff at all relevant stages of her ERISA claims, including the filing of the September 2004 and April 2005 complaints. When the case was transferred to Delaware, Mr. Stull became the attorney of record. Mr. Hildebrand, an attorney admitted in Pennsylvania and New Jersey, was first retained by Mr. Stull to appeal the dismissal of the September 2004 complaint. Mr. Hildebrand later assisted Mr. Stull in filing the April 2005 complaint, and submitted a request for admission pro hac vice in Delaware after the case was transferred from Pennsylvania. Mr. Stull has not responded to Defendants' Motion. Mr. Hildebrand has filed a response contending that it would be inappropriate to hold him liable for Defendants' attorneys' fees because he acted reasonably and in good faith throughout his involvement in this case.

---

[4]  In his Brief In Opposition To Defendants' Motion For Attorney's Fees, Mr. Hildebrand represented to the Court that "[m]y involvement in the case was limited to acting as local counsel while the case was pending in Pennsylvania. . . . After the case was transferred to Delaware, I had no further active involvement with the case." (D.I. 57).  The Court is troubled by this representation because Mr. Hildebrand submitted a pro hac vice request for admission to the Court on November 14, 2005, which was approved the following day.  Moreover, Mr. Hildebrand is listed as "of counsel" on all pleadings filed in Delaware. While the Court does not find that this misrepresentation, standing alone, justifies an award of attorneys fees against Mr. Hildebrand, the Court will consider Plaintiff's Delaware Counsel to include both Mr. Stull and Mr. Hildebrand.

1.    <u>Whether Attorneys Fees Are Warranted Pursuant To 29 U.S.C. § 1132(g)(1)</u>

Defendants contend that an award of attorneys' fees is warranted pursuant to 29 U.S.C. § 1132(g)(1) because: (1) venue was never proper in Pennsylvania, and Plaintiff's complaints were only filed there to circumvent Delaware's one-year statute of limitations for ERISA claims; and (2) Messrs. Stull and Hildebrand failed to voluntarily dismiss the case as soon as it was transferred to Delaware even though they knew Plaintiff's action was precluded by the governing statute of limitations.

It is unusual to award attorneys' fees and costs to a prevailing defendant. <u>Loving v. Pirelli Cable Corp., et al.</u>, 11 F. Supp. 2d 480, 495 (D. Del. 1998).  However, attorneys fees have been awarded pursuant to 29 U.S.C. § 1132(g)(1) to prevailing defendants when a Plaintiff files a clearly frivolous ERISA case. <u>See</u> <u>Monkelis v. Mobay Chem.</u>, 827 F.2d 937 (3d Cir. 1987).  The Court will consider both of Defendants' contentions to determine whether Messrs. Stull and Hildebrand pursued clearly frivolous claims.

a.    <u>Filing In Pennsylvania</u>

Defendants contend that when Mr. Stull filed the September 2004 complaint, he tried to "fabricate" jurisdiction in Pennsylvania by naming Pennsylvania attorney Robert Sigmund, Esquire, as a defendant despite having first-hand knowledge that Mr. Sigmund was only an administrator of the Pension Fund. (D.I.

52).  Defendants also contend that, in April 2005, when granted
leave to refile after Plaintiff's first complaint was dismissed
for lack of personal jurisdiction, Mr. Stull, now joined by Mr.
Hildebrand, simply omitted Mr. Sigmund as a defendant and refiled
"substantially the same grievances as were alleged in Plaintiff's
initial complaint" in the same improper venue. (D.I. 52).
Defendants contend that this was done exclusively to avoid the
statute of limitations of the proper forum, Delaware.

Defendants contend that the September 2004 complaint was
properly dismissed because the Eastern District of Pennsylvania
never had personal jurisdiction over Defendants, and therefore,
the filing of the April 2005 complaint in the same district,
naming the same Delaware parties, demonstrates that Mr. Stull and
Mr. Hildebrand acted in bad faith.  Defendants also cite Judge
Schiller's Memorandum and Order, transferring Plaintiff's second
action to Delaware after Plaintiff failed to establish sufficient
minimum contacts to support personal jurisdiction, as proof of
the bad faith and culpable conduct of Messrs. Stull and
Hildebrand. (D.I. 52 citing D.I. 37).

Plaintiff's September 2004 complaint was dismissed <u>sua
sponte</u> by the Eastern District of Pennsylvania court for lack of
personal jurisdiction.  Because no evidence was presented to the
court on the matter of jurisdiction, Messrs. Stull and Hildebrand
appealed the dismissal ruling.  At a March 17, 2005 mediation

9

conference, the parties made various concessions, and Plaintiff was ultimately provided a second chance to file her complaint. Following that conference, Messrs. Stull and Hildebrand filed the April 2005 complaint in the Eastern District of Pennsylvania.

While Messrs. Stull and Hildebrand may have chosen to file both of Plaintiff's complaints in the Eastern District of Pennsylvania to attempt to avoid Delaware's statute of limitations, the Court concludes that their decision was not clearly malicious.  In these circumstances, the Court is reluctant to find Messrs. Stull and Hildebrand culpable for taking a losing position in the litigation. See McPherson v. Employees' Pension Plan of Am. Re-Insurance Co., 33 F.3d 253, 257 (3d Cir. 1994).

Because the September 2004 complaint was dismissed without the benefit of any jurisdictional evidence, the Eastern District of Pennsylvania court allowed Messrs. Stull and Hildebrand the opportunity to conduct jurisdictional discovery.  When that discovery concluded, Messrs. Stull and Hildebrand alleged a series of contacts they believed supported jurisdiction in Pennsylvania.  Specifically, they alleged that: 1) forty-eight of the one-hundred thirty employers (37%) that contributed to the pension plan had Pennsylvania addresses, and a number of those forty-eight were located in the Eastern District of Pennsylvania; 2) the pension plan paid over three quarters of one million

dollars since 2000 to eleven Pennsylvania residents; 3) a number of prescription drug benefits were paid to Pennsylvania residents between 2002 and 2005; and 4) Defendants have, indirectly, paid medical benefits to eighty-eight Pennsylvania health care providers on behalf of pensioners. (See D.I. 31 at 8).

Ultimately, the Eastern District of Pennsylvania court determined that these contacts were not sufficient to establish personal jurisdiction over the action. (Id. at 11, 12). However, the Court concludes that this decision is insufficient to warrant the sanction of an award of attorneys' fees against Messrs. Stull and Hildebrand. Nothing precludes a plaintiff from attempting to avail herself of the longest statute of limitations, and therefore, the Court concludes that Messrs. Stull and Hildebrand did not act with bad faith or culpable conduct by filing Plaintiff's complaints in Pennsylvania and presenting those facts that they believed supported their position.

        b.    Not Dismissing The Case Once It Was
               Transferred To Delaware

Defendants also contend that Messrs. Stull and Hildebrand should have dismissed this case once it was transferred to Delaware. Defendants contend that Messrs. Stull and Hildebrand should have known that a transfer under § 1406 applies the transferee court's laws, and, therefore, Plaintiff's claims were barred by Delaware's one-year ERISA statute of limitations had expired.

In the Court's July 21, 2006 Memorandum and Order, the Court noted that the Third Circuit has not directly ruled on the question of which state's law applies when a case is transferred pursuant to 28 U.S.C. § 1406.  Thus, even though Messrs. Stull and Hildebrand advanced a weak argument that Pennsylvania law applied to this case, the Court cannot conclude that their position was patently invalid.  Additionally, because Plaintiff's position was not legally foreclosed in this circuit, the Court concludes that Messrs. Stull and Hildebrand did not act in bad faith by arguing for the application of Pennsylvania law.[5]  Thus, the Court concludes that an award of attorneys fees is not warranted for the refusal of Messrs. Stull and Hildebrand to dismiss the case once it was transferred to Delaware.

        2.   Whether Attorneys Fees Are Warranted Pursuant To
           28 U.S.C. § 1927

Because the Court does not find that the litigation decisions made by Messrs. Stull and Hildebrand were in bad faith, nor that the decisions were entirely meritless, their conduct does not rise to the level that would support an award under 28 U.S.C. § 1927.  Accordingly, the Court will deny this portion of Defendant's Motion For Attorneys Fees.

---

[5] The Court concludes that because neither the first nor fifth prongs of the Ursic test are satisfied, the Court need not to consider the remaining factors.

Case 1:05-cv-00760-JJF   Document 60   Filed 07/23/2007   Page 13 of 13

3.   <u>Summary</u>

After considering the evidence presented by the parties, the Court concludes that attorneys fees pursuant to 29 U.S.C. § 1132(g)(1) are not warranted because Mr. Stull and Mr. Hildebrand did not act in bad faith or with culpable conduct when they filed the April 2005 complaint in the Eastern District of Pennsylvania, nor when they advanced the argument that Pennsylvania law still applied once the action was transferred to Delaware.  Without the proof of the element of bad faith, the court concludes an award of attorneys' fees is not warranted. Accordingly, Defendants' Motion For Attorney's Fees Under 29 U.S.C. § 1132(g)(1) And/Or 28 U.S.C. § 1927 will be denied.

**IV. Conclusion**

For the reasons discussed the Court concludes that Plaintiff's Motion For Rule 59 Reargument Of Memorandum And Order Entered July 21, 2006 To Dismiss Plaintiff's Complaint And Granting Defendants Motion For Summary Judgment (D.I. 54) and Defendants' Motion For Attorneys Fees Under 29 U.S.C. § 1132(g)(1) And/Or 28 U.S.C. §1927 (D.I. 51) will be denied.

An appropriate Order will be entered.