```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE

MARTHA JANE TOY, Individually, And :
As Executrix And Personal          :
Representative Of The Estate Of    :
Russell B. Toy, Deceased,          :
                                   :
          Plaintiff,               :
                                   :
     v.                            : Civil Action No. 05-760-JJF
                                   :
PLUMBERS & PIPEFITTERS LOCAL UNION :
NO. 74 PENSION PLAN, TRUSTEES OF   :
PLUMBERS & PIPEFITTERS LOCAL UNION :
NO. 74 PENSION PLAN, HEALTH AND    :
WELFARE PLAN, LOCAL 74, WELFARE    :
BENEFIT PLAN, LIFE INSURANCE PLAN, :
LOCAL 74, INSURANCE PLAN, LOCAL 74,:
ADMINISTRATORS OF PENSION AND      :
WELFARE PLANS, TRUSTEES OF         :
PLUMBERS & PIPEFITTERS LOCAL UNION :
NO. 74 WELFARE PLAN, PLAN          :
ADMINISTRATOR OF PENSION WELFARE   :
PLANS, INSURANCE PLANS, AND HEALTH :
AND WELFARE BENEFIT PLAN,          :
                                   :
          Defendants.              :
```

William B. Hildebrand, Esquire of THE LAW OFFICES OF WILLIAM B. HILDEBRAND, Cherry Hill, New Jersey.
John M. Stull, Esquire, Wilmington, Delaware.
Attorneys for Plaintiff.

Timothy J. Snyder, Esquire and Doungamon Fon Muttamara-Walker, Esquire of YOUNG, CONAWAY, STARGATT, & TAYLOR, Wilmington, Delaware.
Attorneys for Defendants.

**OPINION**

August 11, 2009
Wilmington, Delaware.

Farnan *Joseph J Farnan J* District Judge.

The Third Circuit Court of Appeals remanded this Court's Order (D.I. 61) denying Defendants' Motion For Attorney's Fees Under 29 U.S.C. § 1132(g)(1) and 28 U.S.C. § 1927 (D.I. 51) with instructions to expressly reconsider its decision in light of all five factors set forth in Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983). For the following reasons, upon considering all five Ursic factors, the Court concludes again that Defendants' Motion should be denied.

## I. BACKGROUND

Plaintiff filed her Complaint in the United States District Court for the Eastern District of Pennsylvania on September 10, 2004 (the "September 2004 complaint"), alleging a denial of pension, welfare, and insurance benefits and breach of Defendants' fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). The district court dismissed the complaint sua sponte for lack of personal jurisdiction. Following an Appellate mediation conference, Plaintiff refiled virtually the same complaint in the Eastern District of Pennsylvania on April 25, 2005 (the "April 2005 complaint"). The case was transferred to this Court on November 1, 2005, pursuant to 28 U.S.C. § 1406(a), because the District Court for the Eastern District of Pennsylvania determined that venue was improper there. Defendants filed an Answer (D.I. 38)

on November 7, 2005. Defendants subsequently filed a Motion To Dismiss And For Partial Summary Judgment (D.I. 41), which the Court granted in its Memorandum Opinion of July 21, 2006. (D.I. 47.) After the Court entered judgment against Plaintiff on all counts, Defendants filed a Motion (D.I. 51) for attorneys' fees. Subsequently, Plaintiff filed a Motion to alter judgment and for reargument. (D.I. 54.) The Court denied both Defendants' and Plaintiff's motions. Both parties appealed to the Third Circuit. The Third Circuit affirmed the Court's ruling on Plaintiff's Motions and affirmed in part and remanded in part the Court's ruling on Defendants' Motion For Attorney's Fees. The remand directed the Court to reconsider Defendants' argument for attorneys' fees under 29 U.S.C. § 1132(g)(1) and weigh each of the five factors set forth in <u>Ursic v. Bethlehem Mines</u>, 719 F.2d 670, 673 (3d Cir. 1983).

The Court subsequently requested supplemental briefing from the parties on the issue of attorneys' fees. (<u>See</u> D.I. 69.) Neither party supplied such briefing nor requested that the Court take any additional action with regard to the instant Motion. Therefore, the Court will decide the Motion on the papers previously submitted.

## II. LEGAL STANDARD

Pursuant to 29 U.S.C. § 1132(g)(1), a court may award reasonable attorneys' fees and costs in an action to recover

benefits under the provisions of an ERISA plan. In considering such a request, Courts are to consider five factors: (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions. Ursic, 719 F.2d at 673.

### III. DECISION

By their Motion for attorneys' fees, Defendants seek to recover the $84,771.30 they allegedly spent in defending this action.[1] Defendants contend that the Court should award attorneys' fees in favor of Defendants and against Plaintiff's attorneys, John M. Stull, Esquire ("Mr. Stull") and William B. Hildebrand, Esquire ("Mr. Hildebrand"), because of their conduct in this case. Specifically, Defendants contend that Plaintiff's initial filings in Pennsylvania were frivolous because venue was not proper. (D.I. 52 at 15.) Moreover, Defendants contend that when the Eastern District of Pennsylvania transferred the case to this Court, Plaintiff should have dismissed the case because it was time barred under Delaware law. (Id.)

---

[1] Defendants contend that they spent $63,128.20 in defending this action in Pennsylvania, and an additional $21,643.10 in defending this action in Delaware. (See D.I. 52 at 10.)

4

Mr. Stull is a Delaware attorney who has represented Plaintiff in all relevant stages of this case, including the filing of the September 2004 and April 2005 complaints. When the case was transferred to Delaware, Mr. Stull became the attorney of record. Mr. Hildebrand, an attorney admitted in Pennsylvania and New Jersey, was first retained by Mr. Stull to appeal the dismissal of the September 2004 complaint. Mr. Hildebrand later assisted Mr. Stull in filing the April 2005 complaint, and submitted a request for admission pro hac vice in Delaware after the case was transferred from Pennsylvania. Mr. Stull has not responded to Defendants' Motion. Mr. Hildebrand has filed a response contending that it would be inappropriate to hold him liable for Defendants' attorneys' fees because he acted reasonably and in good faith throughout his involvement in this case.

Defendants contend that an award of attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1) is warranted because: (1) Messrs. Stull and Hildebrand acted in bad faith or were otherwise culpable because venue was never proper in Pennsylvania, and Plaintiff's complaints were only filed there to circumvent Delaware's one-year statute of limitations for ERISA claims; (2) Messrs. Stull and Hildebrand and their respective law firms are capable of satisfying an award of attorneys' fees; (3) an award of attorneys' fees will deter Messrs. Stull and Hildebrand from

filing meritless complaints in the future; (4) an award of attorneys' fees will conserve Defendants financial resources by deterring litigation; and (5) Messrs. Stull and Hildebrand failed to voluntarily dismiss the case as soon as it was transferred to Delaware even though they knew Plaintiff's action was precluded by the governing statute of limitations. (See D.I. 52 at 13-21.)

Attorneys' fees have been awarded pursuant to 29 U.S.C. § 1132(g)(1) to prevailing defendants when a plaintiff files a clearly frivolous ERISA case. See, e.g., Monkelis v. Mobay Chem., 827 F.2d 937 (3d Cir. 1987). The Court will consider Defendants' contentions and apply them to the factors outlined in Ursic to determine whether Messrs. Stull and Hildebrand pursued clearly frivolous claims.

### A. The Offending Parties' Culpability Or Bad Faith

As to the first Ursic factor, the Court notes that it considered this factor in its previous Memorandum Opinion (see D.I. 60 at 8-11) and found that Messrs. Skull and Hildebrand were not culpable nor did they act in bad faith. The Court will thus only summarize its analysis of this factor. Briefly, the Court is not persuaded that Plaintiff's filing in Pennsylvania was merely a bad faith attempt to circumvent the Delaware statute of limitations. While Messrs. Stull and Hildebrand may have chosen to file both of Plaintiff's complaints in the Eastern District of Pennsylvania in an attempt to avoid Delaware's statute of

limitations, the Court concludes that their decision was not in bad faith.  Though the Eastern District of Pennsylvania ultimately concluded that there was a lack of personal jurisdiction and improper venue, it did so only after granting Messrs. Stull and Hildebrand an opportunity for jurisdictional discovery.[2]  In these circumstances, the Court is reluctant to find Messrs. Stull and Hildebrand culpable for what amounts to merely taking a losing position in litigation.  See McPherson v. Employees' Pension Plan of Am. Re-Insurance Co., 33 F.3d 253, 257 (3d Cir. 1994) ("A party is not culpable merely because it has taken a position that did not prevail in litigation.").  The Court further notes that there is nothing that precludes a plaintiff from attempting to avail itself of the longest statute of limitations available.  Accordingly, because the Court cannot conclude that Messrs. Stull and Hildebrand acted in bad faith by

---

[2] When that discovery concluded, Messrs. Stull and Hildebrand alleged a series of contacts they believed supported jurisdiction in Pennsylvania.  Specifically, they alleged that: (1) forty-eight of the one-hundred thirty employers (37%) that contributed to the pension plan had Pennsylvania addresses, and a number of those forty-eight were located in the Eastern District of Pennsylvania; (2) the pension plan paid over three quarters of one million dollars since 2000 to eleven Pennsylvania residents; (3) a number of prescription drug benefits were paid to Pennsylvania residents between 2002 and 2005; and (4) Defendants have, indirectly, paid medical benefits to eighty-eight Pennsylvania health care providers on behalf of pensioners.  (See D.I. 31 at 8.)

7

filing Plaintiff's complaints in Pennsylvania, this <u>Ursic</u> factor does not support a fees award.

### B. The Ability Of The Offending Parties To Satisfy An Award Of Attorneys' Fees.

Under the second <u>Ursic</u> factor, the Court must examine the offending parties' ability to satisfy an award of attorneys' fees. <u>Ursic</u>, 719 F.2d at 673. In Defendants' Brief In Support Of Motion for Attorney's Fees, they do not introduce any evidence as to the ability of Messrs. Stull and Hildebrand to satisfy an award, but argue that either they or their respective law firms can satisfy an award. (D.I. 52 at 16-18.) As to this lack of evidence, the Court notes that following the Third Circuit's remand the Court requested supplemental briefing (D.I. 69) from both parties regarding attorneys' fees. Neither party submitted any briefing, nor did any party write to the Court explaining that such briefing was not needed. Therefore, no evidence is presently before the Court to conclude that Messrs. Stull and Hildebrand have, or do not have, the ability to satisfy an award of attorneys' fees. Accordingly, this <u>Ursic</u> factor does not effect the Court's analysis. <u>See</u> <u>Loving</u>, 11 F. Supp. 2d at 496 (concluding if neither party presents any evidence on the issue of ability to satisfy attorneys' fees, this factor neither weighs in favor of, nor against, an award of attorneys' fees and costs).

C.   **The Deterrent Effect Of An Award Of Attorneys' Fees Against The Offending Parties.**

The thrust of Defendants' argument under the third <u>Ursic</u> factor is that Messrs. Stull and Hildebrand filed a meritless Complaint and that an award of attorneys' fees would deter them from filing future meritless complaints.  Specifically, Defendants contend that Messrs. Stull and Hildebrand should have known that when a case is transferred pursuant to § 1406, the statute of limitations of the transferee forum applies.  (D.I. 52 at 15-16.)  Thus, Defendants maintain that Messrs. Stull and Hildebrand should have known at the time of the transfer that Plaintiff's claims were barred by Delaware's one-year ERISA statute of limitations and Messrs. Stull and Hildebrand, knowing this, should have dismissed the case at that time.  (<u>Id.</u> at 19.) The Court is unpersuaded that this consideration militates in favor of a fees award.  At the time of the April 2005 Pennsylvania Complaint, the Third Circuit had not directly ruled on the question of which forum's law applies when a case is transferred pursuant to § 1406.  It was not until the Third Circuit's review of this action that this Court's application of the transferee court's law was permitted.[3]  Accordingly, the

------

[3] The Third Circuit stated: "Although we have not specifically ruled on the issue, we find no fault with the district court's reliance on Supreme Court <u>dicta</u>, and guidance from our sister courts of appeals as well as our own analogous jurisprudence to determine which state's law applies when a case is transferred pursuant to 28 U.S.C. § 1406."  (D.I. 68, Opinion

Court cannot conclude that Messrs. Stull and Hildebrand's filed Complaint and subsequent argument for application of Pennsylvania law was meritless. In these circumstances, the proposed deterrent effect, if any, would be minimal and certainly not significant enough to weigh in favor of a fees award.

      D.    **The Benefit Conferred On Members Of The Pension Plan As A Whole.**

Under the fourth <u>Ursic</u> factor, Defendants admit that "no members of the pension plan would benefit directly from an award of attorney's fees," but that such an award would only allow these members to "indirectly benefit." (D.I. 52 at 19.) Specifically, Defendants argue that an award of attorneys' fees would benefit the other members of the pension plan by deterring other plan members from filing meritless suits. Defendants argue that this deterrence benefits the members because it would limit exposure of the Pension Plan and Welfare Plan to litigation costs and an "unnecessary depletion of . . . resources." (D.I. 52 at 19.) The Court is not persuaded. First, Defendants cite no authority supporting their "indirect benefit" theory of application of this <u>Ursic</u> factor. In fact, in discussing this factor, Defendants twice urge that the Court award fees even if it concludes that this factor does not actually support a fees award. (D.I. 52 at 19-20.) Second, and more important, as

---

at 4 (emphasis in original).)

10

explained above, the Court cannot conclude that Messrs. Stull and Hildebrand's April 2005 Complaint was meritless. (See supra Part III.A.) Any deterrence flowing from the awarding of attorneys' fees in this case would thus be minimal. Accordingly, the Court concludes that this factor does not weigh in favor of a fees award.

E.  **The Relative Merits Of The Parties' Positions.**

With regard to the relative merits of Messrs. Stull's and Hildebrand's arguments, Defendants contend that Messrs. Stull and Hildebrand should have dismissed this case once it was transferred to Delaware. As with the first Ursic factor, the Court notes that it considered this factor in its previous Memorandum Opinion and that its analysis remains unchanged. (See D.I. 60 at 11-12.) Specifically, as noted above, although the Third Circuit has confirmed that Messrs. Stull and Hildebrand were incorrect in urging that the Pennsylvania statute of limitations should apply to this action, the Court cannot conclude that their arguments were so substantially without merit as to warrant a fees award. Indeed, the Third Circuit noted that, prior to the appeal of this case, it had not yet specifically ruled upon the issue of which state's law applies when a case is transferred pursuant to 28 U.S.C. § 1406. (See D.I. 68, Opinion at 4.) Thus, at the time of transfer, the Court

11

cannot conclude that Messrs. Still and Hildebrand were under a clear obligation to voluntarily dismiss this action.

**IV. CONCLUSION**

Having determined that none of the <u>Ursic</u> factors weigh in favor of a fees award, the Court will deny Defendants' Motion For Attorney's Fees Under 29 U.S.C. § 1132(g)(1) (D.I. 51).

An appropriate Order will be entered.